McCORRISTON MILLER MUKAI MacKINNON LLP

ROBERT G. KLEIN          #1192-0
CHRISTOPHER J. COLE      #5781-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: 529-7300
Facsimile No.: 524-8293
E-mail: klein@m4law.com/cole@m4law.com

Attorneys for Kahala CCM Factors, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| N. HARWOOD STREET PARTNERS I, L.P., a Delaware limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al. <br><br> Defendants. | CIVIL NO. CV-02-00383 SOM/BMK (CONTRACT) <br><br> KAHALA CCM FACTORS, LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO SUBSTITUTE FOR PLAINTIFF N. HARWOOD STREET PARTNERS I, L.P. FILED ON SEPTEMBER 28, 2006; DECLARATION OF CHRISTOPHER J. COLE; EXHIBITS "2" - "5"; DECLARATION OF WILLIAM C. McCORRISTON; DECLARATION OF STACEY C. G. HEE; DECLARATION OF PAUL B. WONG; DECLARATION OF DAVID J. MINKIN; DECLARATION OF DONALD K. O. WONG; DECLARATION OF STEWART PRESSMAN; CERTIFICATE OF |

147576.2

|  | ) | SERVICE |
|---|---|---|
|  | ) |  |
|  | ) | **HEARING:** |
|  | ) |  |
|  | ) | Date:    October 10, 2006 |
|  | ) | Time:    2:45 p.m. |
| _____ | ) | Judge:  Barry M. Kurren |

### KAHALA CCM FACTORS, LLC'S REPLYMEMORANDUM INSUPPORT OF ITS MOTION TO SUBSTITUTE FOR PLAINTIFF N. HARWOOD STREET PARTNERS I, L.P. FILED ON SEPTEMBER 28, 2006

Kahala CCM Factors, LLC ("Kahala CCM") submits this Reply

Memorandum ("Reply") in support of its Motion to Substitute for Plaintiff N.

Harwood Street Partners I, L.P. ("N. Harwood") filed on September 28, 2006 (the

"Motion"), and in response to Defendant Finance Enterprises, Ltd.'s

("Enterprises") Memorandum in Opposition to the Motion, filed on October 4,

2006 ("Memo in Opp."), as follows.

I.    INTRODUCTION

Enterprises' Memo in Opp. does not raise any substantive argument in

opposition to the Motion; rather, it only raises an issue about the propriety of the

above-captioned law firm representing movant Kahala CCM.  No other party

opposes the Motion.  For this reason, as well as the legally sufficient grounds set

forth in the Motion, the Motion should be granted no matter what the Court

concludes about the propriety of Kahala CCM's current legal representation.

Kahala CCM should therefore be permitted to substitute as a party Plaintiff for N.

Harwood. Enterprises asserts that a disqualifying conflict of interest exists. This reply will demonstrate that the McCorriston law firm is <u>not</u> disqualified from representing Kahala CCM in this action. There is no direct or material adversity between the parties. Furthermore, this law firm has *no existing attorney-client relationship with Enterprises*. Any former representation of Enterprises or related parties is wholly unrelated to this matter.

II.    <u>FACTS</u>

    A.    <u>The Context of the Existing Litigation</u>[1]

    N. Harwood brought this action in June, 2002 to collect on certain loans made to late former Senator Hiram L. Fong, Sr., Rodney L. Fong, and Patsy N. Fong (collectively "Fongs"). <u>See</u> Complaint filed herein on 6/24/02; Amended Complaint filed herein on 2/3/03 and related exhibits. To secure these loans, the Fongs pledged certain shares of stock in Enterprises. <u>See</u> Exhibits 9-10, 22-25, 29-30 (pledge agreements and stock certificates). Enterprises and shareholders in Enterprises were joined as nominal defendants due to their rights of first refusal contained in the articles of incorporation.

    In February 2004 and December 2004, after obtaining necessary relief from bankruptcy stays to pursue foreclosure, N. Harwood filed unopposed motions for summary judgment, and obtained foreclosure decrees appointing Mr. Jay Suemori,

---

[1] Kahala CCM requests judicial notice of the pleadings and records on file in this action.

Esq. as Commissioner to conduct an auction sale of the Enterprises stock. <u>See</u>

"Plaintiff's Findings of Fact [Etc.]", filed on 2/3/04 (Rodney and Patsy Fong) and

12/1/04 (Counts I and III, re Sen. Fong debt), respectively. These decrees were

settled among all parties to the action, and were drafted so as to accommodate

Enterprises' and the other shareholder defendants' rights of first refusal. <u>Id.</u>

Kahala CCM asked the McCorriston firm to assist in the acquisition of the

Fong debt and, later, to substitute for N. Harwood in the present litigation after

acquiring the secured debt on September 1, 2006. <u>See</u> Exhibit 1 to Motion;

Stewart Pressman Declaration, attached. (Kahala CCM and its principals and

affiliates had used this law firm in prior unrelated real estate loan and bond

matters. <u>Id.</u>) This litigation is heading into its final phase. All that remains to be

done is to sell the collateral in satisfaction of the liquidated debt, and close this

long pending lawsuit.

B.    <u>McCorriston Formerly Represented Enterprises in Unrelated Matters</u>

The McCorriston firm did, in the past, represent both Mr. Wendell Pang, the

former Chief Executive Officer of Enterprises, *and* Enterprises, along with a host

of other tangential parties, in an unrelated lawsuit filed by Mahukona Properties **in**

**1990**. <u>Mahukona Properties, et al. v. Deryuen, et al.</u>, Civ. No. 90-0-00664 (1st Cir.

Ct.). <u>See</u> Exhibit 3. In addition, the McCorriston firm represented Enterprises in a

handful of isolated and unrelated foreclosure actions.  <u>See</u> Declaration of Donald
K.O. Wong.  All such matters have been closed.  <u>Id.</u>

In the <u>Mahukona</u> lawsuit, Ho'ohiki indicates that McCorriston lawyers first
appeared for Wendell Pang in August, 1993, and for Enterprises in October, 1993.
<u>See</u> Exhibit 3.  Final judgment was entered in September, 1994.  <u>Id.</u>  The attorney
allegedly involved in the representation according to Enterprises (<u>see</u> Jeffrey Lau
Declaration), William C. McCorriston, recalls nothing of this case.  <u>See</u>
Declaration of William C. McCorriston.  The primary attorneys involved were
William Meheula and Barry Sullivan, both of whom left the firm 12 years ago.  <u>Id.</u>

In a relatively few foreclosure matters, McCorriston represented Enterprises
because it had acquired a loan position from Finance Factors, a separate and
independent subsidiary for whom the law firm has handled foreclosure and
collections work.  <u>See</u> Declaration of Donald K.O. Wong.  All such matters have
been completed, and are now closed.  <u>Id.</u>

C.    <u>Stacey G. Hee was a Former Director, But Never a Lawyer for
      Enterprises</u>

Stacey G. Hee, a partner in the McCorriston firm, was once a director of
Enterprises, but <u>she resigned more than three years ago, on September 15, 2003.</u>
See Declaration of Stacey C. G. Hee, attached hereto.  Ms. Hee never performed
any legal services for Enterprises.  <u>Id.</u>  Ms. Hee did not communicate with Sam K.
Yee about this matter (Mr. Yee was Enterprises' counsel of record while Ms. Hee

was a director).  Id.  According to Ms. Hee, the boards of directors of Enterprises'

various subsidiaries met separately.  Id.  Ms. Hee did not receive any information

about this matter while she was a director.  Id.

    D.    **McCorriston Has Represented Finance Factors, Ltd., a Separate and Independent Financial Institution, in Collection Matters Not Related to this Matter.**

Attorneys of the McCorriston firm have represented Finance Factors, Ltd.

("Finance Factors") in various unrelated collections matters against individual

debtors who defaulted on their consumer loans.  Finance Factors is a Hawaii-

chartered depository financial services loan company with branches on all major

Hawaiian islands and Guam.  Finance Factors is strictly regulated by State and

federal authorities.  See Exhibit 5, attached; see also Haw. Rev. Stat. Chapter 412.

Finance Factors is not a party to this lawsuit or otherwise involved in this matter.

III.    LEGAL ARGUMENT

    A.    Applicable Legal Standards

Before this Court, attorneys are "governed by and shall observe the

standards of professional and ethical conduct required of members of the Hawai'i

State Bar."  LR 83.3.  These standards are set forth in the Hawaii Rules of

Professional Conduct ("HRPC").  Enterprises has not filed a motion to disqualify

this law firm, but its Memo in Opp. asks the Court to order disqualification of  the

entire McCorriston law firm in this matter.  "Because disqualification is a drastic

147576.2           5

measure, it is generally disfavored and should only be imposed when absolutely necessary." <u>Concat LP v. Unilever, PLC</u>, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2005) (citation omitted).

Under HRPC 1.7, which applies to <u>existing</u> clients, "a lawyer shall not represent a client if the representation of that client will be directly adverse to another client" unless the lawyer does not believe the representation will be adversely affected and both clients provide informed consent. Under HRPC 1.9, relating to <u>former</u> clients, a lawyer cannot represent a client in the <u>same</u> matter, or a "substantially related matter" which is materially adverse to the interests of the prior client. An alleged conflict of interest raised by opposing counsel "should be viewed with caution . . . for it can be misused as a technique of harassment." HRPC 1.7, comment 15.

     B.    <u>There is no Conflict Because the Interests of Enterprises and Kahala CCM are Not "Materially" or "Directly" Adverse in this Lawsuit.</u>

The sine qua non of a conflict of interest is that a material and direct adversity of interests exists between the clients or former clients. HRPC 1.7(a) ("directly adverse"); HRPC 1.9 ("materially adverse"). In this case, no direct or material adversity exists between Enterprises and Kahala CCM. Kahala CCM seeks to enter into the case as the successor plaintiff/creditor after the unopposed foreclosure decrees have already been settled. All that remains to be done is to sell

the stock.  This case is literally at the very eve of completion.  Any disqualification will delay and frustrate the proceedings.

The only alleged circumstance cited by Enterprises as an adversity of interests is its unsupported assertion that "Kahala CCM and related entities, including Kahala Capital Advisors, LLC, are actively engaged in attempts to acquire shares of [Enterprises].  Enterprises is a privately held corporation, with most or all of the stock owned by family members of the founders of the company.  Accordingly, Finance Enterprises views the respective interests of the parties to be 'adverse' and 'in conflict' . . .."  <u>See</u> Memo in Opp., at p. 2.  Enterprises cites no evidence for these assertions.  Virtually all of the factual "evidence" submitted by Attorney Lau in his declaration is hearsay not within any recognized exception to the Federal Rules of Evidence and should be either stricken or disregarded.

In any case, these alleged or assumed "interests", if they truly exist, are not enough to constitute a "direct" or "material" adversity of interests for several reasons.  First, Kahala CCM retained the McCorriston firm to first acquire and then collect on the subject debt, and substitute into the lawsuit to that end.  Enterprises is not a co-debtor, guarantor, or surety.  Enterprises does not even occupy the position of a junior creditor in this matter, but was merely joined as a nominal defendant due to its rights of first refusal in the collateral.

147576.2

Second, even assuming *arguendo* that Kahala CCM is interested in bidding on the collateral, Enterprises' right of first refusal is fully preserved in the final foreclosure decrees. Kahala CCM has no interest in denying or impairing Enterprises' right of first refusal, nor could it do so even if it wished. The foreclosure decrees were settled long before Kahala CCM succeeded to the Plaintiff's interests herein. Thus, any conflict of interest that may once have been a theoretical possibility never arose and cannot arise in the future. Cf. Wong v. Fong, 60 Haw. 601, 604-607 (1979) (conflict of interest "dissipated" and no harm occurred when the litigation in which the lawyer represented the complaining client was settled).

Third, if the perceived adversity lies in the alleged fact that Kahala CCM and Enterprises are both interested in acquiring the same collateral, any such adversity is shared with the entire universe of potential bidders, i.e. the general public, and is merely a "competitive" or "general" adversity, insufficient to create a conflict of interest under HRPC 1.7 or 1.9. See comment 3 to HRPC 1.7 ("simultaneous representation in unrelated matters of clients whose interests are only generally adverse, such as competing economic enterprises, does not require consent of the respective clients. Paragraph (a) only applies when the

representation of one client would be *directly adverse* to the other.") (emphasis added); 1.9(a), 1.9(b)(1).[2]

Finally, because the existing matter does not relate even remotely to any matter that the firm formerly handled in the past for Enterprises, there is no risk that any client confidences could be used or disclosed.

C.   McCorriston Does Not Currently Represent Enterprises, and Never Represented Enterprises in a Substantially Related Matter

McCorriston does not currently represent Enterprises in any matter.  See Declaration of Donald Wong.  Thirteen (13) years ago, the firm appeared for Enterprises, Wendell Pang, and other parties, in a lawsuit filed in 1990 and in which judgment was entered less than a year thereafter.  The lawyers who primarily handled that matter left the firm 12 years ago.  See Declaration of William C. McCorriston.  The remaining attorneys at the firm do not recall the details of the matter, but it does not appear to be substantially related in any way to this case.  Id.  Most of the entities involved in the lawsuit have been dissolved, expired or canceled.  See Cole Declaration, Exhibit 5.

Similarly, none of the handful of foreclosure matters which happened to involve Enterprises due to an assignment of the note and mortgage is substantially

---

[2] Kahala CCM observes that Enterprises' counsel sits on the board of directors of Enterprises, and purports to represent not only the corporation but also dozens of shareholders, officers and directors in this matter.  If Kahala CCM's alleged interest in acquiring the shares creates a "direct" or "material" adversity of interests vis-à-vis Enterprises (and Kahala CCM maintains that it does not), then Enterprises' counsel of record faces a much more severe conflict of interest himself, for which he must obtain the necessary client consents and authorizations.

related to this case.  See Declaration of Donald Wong.  All such matters involved individual consumer loans secured by residential mortages, and they have all been concluded.  Id.  Under these circumstances, no disqualifying conflict of interest exists.

> **D.    McCorriston's Representation of Finance Factors Does not Create a Conflict of Interest**

Some McCorriston lawyers – including Donald Wong, Paul Wong, and David Minkin – have represented Finance Factors, Ltd., a Hawaii-chartered depository financial loan services institution in various unrelated foreclosure and collection suits.  See Declarations, attached.

Finance Factors is a subsidiary of Enterprises.  The well-established general rule is that the representation of a subsidiary, even concurrently adverse, does not equate with representation of the parent corporation for conflict purposes.  See Brooklyn Navy Yard Cogenration Partners, L.P. v. Superior Court, 60 Cal. App. 4th 248, 255-258, 70 Cal. Rptr. 2d 419, 423-425 (1997) (discussing ABA Comm. on Ethics and Prof. Responsibility, Formal Op. 95-390 (1995)), copy attached hereto as Exhibit 2 for the court's convenience.  See also 3 Mallen & Smith, Legal Malpractice § 25.5 at p. 758 (2006) ("A recurring situation concerns the relationship between a parent and its subsidiary.  Analysis based upon the premise that the corporations are distinct legal entitles should enable representation adversely to the one that is not a client."); 9 Fletcher Cycl. Corp. § 4216.60 (2006)

("An attorney representing a subsidiary corporation does not also represent the parent. . . . Parent and subsidiary corporations should not be treated as one entity for conflict purposes where no evidence is submitted to demonstrate that dominion of parent over subsidiary is so complete as to rebut the presumption that they are separate and distinct legal entities.").

The narrow exception is where the subsidiary and parent are essentially "alter egos" of each other. Brooklyn Navy, 60 Cal. App. 4th at 257, 70 Cal. Rptr. 2d at 424. Finance Factors is not Enterprises' "alter ego", either in general or with respect to the legal representations at hand. By law, Finance Factors cannot be inadequately capitalized. Finance Factors reported assets in excess of $650 million as of 12/31/05. See Exhibit 4, attached. All corporate formalities appear to have been observed, and the separate legal existence of Finance Factors must be, and by all accounts is, fully respected. See Hee Decl.; Haw. Rev. Stat. § 412:3-107 (financial institution boards of directors must meet at least quarterly); 412:3-109 (requiring that financial institutions keep scrupulous records).

Moreover, there is no indication that Enterprises supervised the rendition of legal services to Finance Factors. To the contrary, Finance Factors personnel administered the loans and communicated information to McCorriston germane to the individual transactions involved. See Declaration of Donald Wong. Even in those few cases where Finance Factors assigned the note and mortgage to

147576.2                                    11

Enterprises, Finance Factors continued to administer the loan and communicate with the law firm at the subsidiary level.  <u>Id.</u>  The very nature of these matters (collections against individual debtors with residential mortgages) counsels against treating Enterprises as Finance Factors' "alter ego" for conflict purposes.

      E.    <u>Stacey Hee's Former Directorship Creates no Conflict</u>

Stacey Hee resigned as a director of Enterprises more than three years ago. <u>See</u> Hee Decl., attached.  She has never represented or performed legal services for Enterprises, either before, during or after she held her position as director.  <u>Id.</u> Furthermore, Ms. Hee did not receive any confidential information pertinent to this action in her capacity as director.  <u>Id.</u>  Accordingly, there is no basis upon which to find that her former role as a director creates a conflict of interest that would preclude McCorriston from taking on clients whose interests are or might be adverse.

      F.    <u>Any Disqualification Should not be Imputed to the Entire Firm</u>

Assuming, *arguendo*, that there is a problem with one or more of the attorneys in this firm, the client should not be made to suffer by losing its choice of counsel in this matter.  Neither Donald Wong, Paul Wong, David Minkin, nor Stacey Hee are involved in this matter.  The attorneys of record for Kahala CCM in this action (Robert Klein and Christopher Cole) do not now represent nor have they

ever represented Enterprises or Finance Factors.  As the Ninth Circuit Court of

Appeals has stated:

> The vicarious disqualification of an entire firm can work harsh and
> unjust results, particularly in today's legal world where lawyers
> change associations more freely than in the past.  A rule that
> automatically disqualifies a firm in all cases substantially related to
> the tainted lawyer's former representation could work a serious
> hardship for the lawyer, the firm and the firm's clients.  An
> automatic disqualification rule would make firms be understandably
> more reluctant to hire mid-career lawyers, who would find
> themselves cast adrift as "Typhoid Marys," and clients would find
> their choice of counsel substantially diminished, particularly in
> specialized areas of law.  Such a rule also raises the specter of abuse:
> A motion to disqualify a law firm can be a powerful litigation tactic
> to deny an opposing party's counsel of choice.

In re County of Los Angeles, 223 F.3d 990, 996 (9th Cir. 2000).  See also HRPC

1.9, comment 3 ("If the concept of imputation were applied with unqualified rigor,

the result would be radical curtailment of the opportunity of lawyers to move from

one practice setting to another and of the opportunity of clients to change

counsel.").

　　　　This reasoning applies perforce to this case and in the small "island" legal

community here in Honolulu.  If the circumstances of this case could justify

disqualification, then the range of choices of counsel for clients would be

drastically diminished, and local businesses like Enterprises with a broad range of

subsidiary operations and long-term presence in the State could monopolize legal

talent and gain an unfair advantage.

147576.2                                    13

IV.    <u>CONCLUSION</u>

For all of these reasons and those set forth in the Motion, Kahala CCM

Factors, LLC respectfully requests that the Court grant the instant Motion in its

entirety and refrain from disqualifying the McCorriston firm.

DATED:  Honolulu, Hawaii, _____ OCT - 9 2006 _____.


ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for
Kahala CCM Factors, LLC