CIVIL NO. 90-1124-04

Of Counsel:

CARLSMITH BALL WICHMAN MURRAY
    CASE MUKAI & ICHIKI

GARY G. GRIMMER          1769-0
KATHERINE G. LEONARD     5576-0
2200 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii  96813
(808) 523-2500

O'MELVENY & MYERS

JOSEPH M. MALKIN
Embarcadero Center West
275 Battery Street
San Francisco, California  94111-3305
(415) 984-8700

Attorneys for Plaintiffs

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1992 DEC 30  PM 3 21

—— K. TANAKA ——
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROSITA G. LEONG, individually; )<br>ROSITA C. YEE, individually )<br>and as trustee of the VICTOR )<br>S.W. YEE TRUST, SYLVIA J. YEE )<br>TRUST, and HELENA H.L. YEE )<br>TRUST; ROBERT W. SMYTHE, JR., )<br>individually; and JUNETTA )<br>DerYUEN, individually, as )<br>personal representative of the)<br>ESTATE OF FRANK DerYUEN, and )<br>as trustee of the FRANK )<br>DerYUEN TRUST, )<br> )<br>                Plaintiffs, )<br> )<br>    vs. )<br> )<br>MAHUKONA PROPERTIES, a Hawaii )<br>limited partnership; FINANCE )<br>ENTERPRISES, LIMITED, a Hawaii)<br>corporation; FINANCE FACTORS )<br>LIMITED, a Hawaii corporation;)<br>FINANCE REALTY COMPANY, )<br>LIMITED, a Hawaii corporation;)<br>KEHENA BEACH, INC., a Hawaii )<br>corporation; MAHOLA, INC., a ) | CIVIL NO. 90-0664-03<br>(Contract)<br><br>VERIFIED THIRD AMENDED<br>COMPLAINT; DEMAND FOR<br>JURY TRIAL; SUMMONS<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>(caption continued on<br>following page) |

EXHIBIT " 7 "

Hawaii corporation; AHUALOA )
PROPERTIES, a Hawaii limited )
partnership; WAIWAI, INC., a )
Hawaii corporation; AHUALOA )
DEVELOPMENT, INC., a Hawaii )
corporation; WAIMEA KONA )
PROPERTIES, a Hawaii limited )
partnership; YWS, INC., a )
Hawaii corporation; WAIPONO, )
INC., a Hawaii corporation; )
WAIPIO TERRACE, INC., a Hawaii)
corporation; MAUNAHALE )
DEVELOPMENT CORPORATION, a )
Hawaii corporation; PACIFIC )
LOAN HOLDINGS, LTD., a Hawaii )
corporation; MUN ON CHUN, an )
individual; WENDELL K.K. PANG,)
an individual; WELLINGTON B.H.)
CHU, an individual; KATHLEEN )
C. CHING, an individual; )
RUSSELL L. CHING, an )
individual; TRINITY )
PROPERTIES, LTD., a Hawaii )
corporation; and DOES I )
through XX, )
                               )
          Defendants.          )
_____)
                               )
MAHOLA, INC., a Hawaii         )    CIVIL NO. 90-1124-04
corporation, individually      )    (Contract)
and as general partner of      )
MAHUKONA PROPERTIES, a Hawaii  )
limited partnership, AHUALOA   )
DEVELOPMENT, INC. and WAIWAI,  )
INC., Hawaii corporations,     )
individually, and as general   )
partners of AHUALOA            )
PROPERTIES, a Hawaii limited   )
partnership,                   )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
JUNETTA DerYUEN, individually,)
as personal representative of )
the estate of FRANK DerYUEN    )
and as co-trustee of the FRANK)
DerYUEN Trust, ROBERT W.       )    (caption continued on
SMYTHE, JR., ROSITA CHANG      )    following page)

2

YEE and ROSITA LEONG,                )
                                     )
                Defendants.          )
_____     )

             Plaintiffs allege as follows:

                        PARTIES

A.   Nominal Defendant

        1.   Defendant Mahukona Properties (Mahukona) is, and at
all times mentioned herein was, a Hawaii limited partnership with
its principal place of business in Honolulu.

B.   Plaintiffs

        2.   Plaintiff Rosita G. Leong is, and at all material
times was, a Hawaii resident.  She has been a limited partner of
record of Mahukona since 1973.

        3.   Plaintiff Rosita C. Yee is, and at all times
mentioned herein was, a Hawaii resident.  Individually and as
trustee of the Victor S.W. Yee Trust, the Sylvia J. Yee Trust and
the Helena H.L. Yee Trust, she has been a limited partner of
record or beneficially of Mahukona since 1974.

        4.   Plaintiff Robert W. Smythe, Jr. is, and at all
times mentioned herein was, a Hawaii resident.  He has been a
limited partner of record or beneficially of Mahukona since its
formation in 1971.

        5.   Plaintiff Junetta DerYuen is, and at all material
times was, a Hawaii resident.  Individually and/or as the person-
al representative of her deceased husband, Frank DerYuen, and/or
as trustee of the Frank DerYuen Trust, she is a limited partner

                            3

of record or beneficially of Mahukona, as devolved on her by operation of law from Frank DerYuen, who died on July 23, 1984. Frank DerYuen was a limited partner of record of Mahukona from 1973 until his death.

C.    Finance Defendants

6.    Defendant Finance Enterprises, Limited (Enterprises) is, and at all material times was, a Hawaii corporation. Enterprises is a holding company that directly or indirectly owns and controls all of the Finance companies.  The Finance companies include, but are not limited to, the defendants identified in paragraphs 7 through 19 below.

7.    Defendant Finance Factors Limited (Factors) is, and at all times mentioned herein was, a Hawaii corporation.

8.    Defendant Finance Realty Company, Limited (Realty) is, and at all times mentioned herein was, a Hawaii corporation.

9.    Defendant Kehena Beach, Inc. is, and at all material times was, a Hawaii corporation.  From 1971 through 1984, it was the general partner of Mahukona.

10.    Defendant Mahola, Inc. is, and at all material times was, a Hawaii corporation.  Since 1984, it has acted as the general partner of Mahukona.

11.    Defendant Ahualoa Properties is, and at all material times was, a Hawaii limited partnership with its principal place of business in Honolulu.

12.    Defendant Waiwai, Inc. is, and at all material times was, a Hawaii corporation.  It is the co-general partner of

4

Ahualoa Properties.  Since 1980 Waiwai, Inc. has acted as the general partner of Waimea Kona Properties limited partnership.

13.  Defendant Ahualoa Development, Inc. is, and at all material times was, a Hawaii corporation.  It is the co-general partner of Ahualoa Properties.

14.  Defendant Waimea Kona Properties (Waimea Kona) is, and at all material times was, a Hawaii limited partnership with its principal place of business in Honolulu.

15.  Defendant YWS, Inc. is, and at all material times was, a Hawaii corporation.  It was the general partner of Waimea Kona until at least 1979.

16.  Defendant Waipono, Inc. is, and at all material times was, a Hawaii corporation.

17.  Defendant Waipio Terrace, Inc. is, and at all material times was, a Hawaii corporation.

18.  Defendant Maunahale Development Corporation is, and at all material times was, a Hawaii corporation.

19.  Defendant Pacific Loan Holdings, Ltd. is, and at all material times was, a Hawaii corporation.

20.  Defendant Mun On Chun (Chun) is, and at all material times was, a Hawaii resident.  Since 1984 he has been an officer and director of Mahola, which has acted as the general partner of Mahukona, and prior to that was an officer and director of Kehena Beach, the original general partner of Mahukona. Chun is, and at all material times was, the Vice Chairman of the Board of Directors of Enterprises, Factors, and Realty, and a

5

member of the Executive Committee of those companies, among other positions that he holds and has held with the Finance companies. He and the other members of the Executive Committee of Enterprises control all of the Finance companies.

21. Defendant Wendell K.K. Pang (Pang) is, and at all material times was, a Hawaii resident. Since 1984 he has been an officer and director of Mahola, which has acted as the general partner of Mahukona, and prior to that was an officer and director of Kehena Beach, the original general partner of Mahukona. He is, and at all material times was, a member of the Board of Directors of Enterprises and Realty, and a member of the Executive Committee of those companies, among other positions that he holds and has held with the Finance companies. He and the other members of the Executive Committee of Enterprises control all of the Finance companies.

22. Defendant Wellington B.H. Chu (Chu) is, and at all material times was, a Hawaii resident. Since 1984 he has been an officer and director of Mahola, which has acted as the general partner of Mahukona, and prior to that was an officer and director of Kehena Beach, the original general partner of Mahukona.

23. Enterprises and all of the Finance companies are, and at all material times were, controlled by an Executive Committee comprised of representatives of the six families that founded the Finance companies. The members of the Executive Committee, who include defendants Chun and Pang, together own,

and at all material times owned, virtually all of the stock of Enterprises.

24.    There is such a unity of interest between Enterprises and the other Finance companies and between the members of the Executive Committee and the Finance companies that the separate personalities of the corporations no longer exists.  The Finance companies are run by the Executive Committee members as if they were one company with complete disregard for any separate corporate identities.

25.    The members of the Executive Committee have at all material times managed and operated Enterprises and the Finance companies and intermingled the assets of each to suit their convenience.  They have at all material times completely controlled and dominated each of the Fiance companies as to finances, policy and business practices such that the Finance companies have no separate minds, wills or existences of their own.

26.    Enterprises, Factors, Realty, Kehena Beach, Inc., Mahola, Inc., Ahualoa Properties, Waiwai, Inc., Ahualoa Development, Inc., Waimea Kona, YWS, Inc., Waipono, Inc., Waipio Terrace, Inc., Maunahale Development Corporation, Pacific Loan Holdings, Ltd., Chun, Pang and Chu are collectively referred to herein as the Finance Defendants.

D.    <u>Other Defendants</u>

27.    Defendant Kathleen C. Ching (K. Ching) is, and at all material times was, a Hawaii resident.

28.  Defendant Russell L. Ching (R. Ching) is, and at all material times was, a Hawaii resident.  R. Ching is an attorney at law licensed to practice in the State of Hawaii and, from about 1974 to the present, he has served as attorney for Mahukona and the Finance Defendants.  R. Ching is the husband of defendant K. Ching.

29.  Defendant Trinity Properties, Ltd. (Trinity) is, and since 1987 has been, a Hawaii corporation, licensed to conduct a real estate brokerage business.  At all material times, defendant Pang was the principal broker for Trinity.

30.  Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does I-XX, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

<u>NATURE OF THE ACTION</u>

31.  This is a derivative action pursuant to H.R.S. § 452D-1001 (the Uniform Limited Partnership Act (1985) (Modified)) and H.R.C.P. Rule 23.1 brought to enforce the rights of Mahukona. At all times mentioned herein, and at the time of the transactions complained of, plaintiffs were limited partners of record or beneficially of Mahukona.

32.  Plaintiffs did not make any effort to secure action from the general partner in instituting and prosecuting this or any similar action on behalf of Mahukona since any such effort would have been futile in that both the original and the

8

present purported general partner are owned, dominated and controlled by the Finance Defendants, which have treated Mahukona as if it were their wholly-owned subsidiary and have acted without regard for the rights of the limited partners. All of the claims brought on behalf of Mahukona are for wrongs committed by the Finance Defendants and others with the active involvement of the Finance Defendants. Nevertheless, the general partner has been aware of the ultimate facts and claims since at least March 1990 when the original complaint was filed in this action.

33. Plaintiffs have not made demand on the body of limited partners of Mahukona because such demand would have been futile. By law and the terms of the Mahukona partnership agreement, management and control of Mahukona resides in the general partner. Moreover, the Finance Defendants own and/or control a majority of the limited partnership interests.

<u>FIRST CAUSE OF ACTION</u>
(BREACH OF FIDUCIARY DUTY AGAINST THE FINANCE DEFENDANTS)

34. Plaintiffs repeat and incorporate each of the allegations set forth in paragraphs 1 through 33, inclusive, as though fully set forth.

35. As the general partner or officers and directors of the general partner of Mahukona, each of the Finance Defendants owed Mahukona and its limited partners a fiduciary duty in the management of the partnership's finances and affairs.

36. The Finance Defendants, pursuant to a plan and conspiracy whose purpose is to benefit the Finance Defendants at the expense of Mahukona, acquired control of Mahukona by acquir-

ing control of Kehena Beach, Inc., the original general partner of Mahukona, and by later substituting Mahola, Inc., wholly owned by the Finance Defendants, as the general partner without obtaining the consent of all the limited partners as required by Hawaii law, and without disclosing their true motive and intent.

37. After acquiring control of Mahukona, the Finance Defendants operated Mahukona as an instrumentality of the Finance companies in order to obtain a preferred return on their investment in Mahukona for the Finance companies and in order to divert profits from Mahukona to the Finance Defendants.

38. The Finance Defendants have conducted and continue to conduct the management, supervision, handling and direction of the affairs of Mahukona primarily for the benefit of the Finance Defendants, and have conducted and continue to conduct the affairs of Mahukona in such a manner as to integrate and coordinate them with and into the affairs of the Finance Defendants, without regard to whether or not such integration and coordination was or was not beneficial to the interests of Mahukona.

39. Whenever situations arose in which the interests of Mahukona and the Finance Defendants were in conflict, determinations and decisions were made by individual defendants who were the officers and directors of the Finance companies, so that the interests of the Finance Defendants would be fully protected and benefitted while the interests of Mahukona would be prejudiced.

40. The breaches of fiduciary duty to Mahukona by the Finance Defendants included, but are not limited to, the following:

a. The Finance Defendants have used Mahukona as a conduit for the movement of money to and from various of the Finance companies. Money has been moved into and out of Mahukona for no apparent reason related to the business of Mahukona.

b. The Finance Defendants have caused various of the Finance companies to advance monies to Mahukona disguised as third-party loans rather than advances from the general partner. These advances were made to appear to be arms'-length, bona fide loans when they were actually additional capital contributions by the general partner.

c. The Finance Defendants have caused Mahukona to accrue and pay 12 percent "interest" to the Finance companies on these purported "loans." They have further caused Mahukona to agree to additional "loans" from the Finance companies to "pay" the accrued "interest," thus in effect compounding the "interest" on these purported "loans." The accruals and payments of purported "interest" are, in fact, a preferred return or a compounded preferred return on the general partner's investment in Mahukona. By labelling these accruals and payments "interest," the Finance Defendants enabled the Finance companies to receive their return prior to the limited partners of Mahukona receiving any return on or of their investment.

11

d.  The Finance Defendants have caused Mahukona to pay or accrue excessive expenses, including fees to accountants and attorneys who were also the accountants and attorneys of the other Finance companies, and charges for "services" from the Finance companies.

e.  Immediately after taking control of Mahukona in 1974, the Finance Defendants caused Mahukona to cease issuing audited financial statements in order to avoid having to make detailed financial and other disclosures to the limited partners that might have allowed the limited partners to understand what was going on in Mahukona.

f.  In 1975 the Finance Defendants proposed amendments to the Mahukona limited partnership agreement that, among other things, would have substituted Mahola, Inc. for Kehena Beach, Inc. as the general partner.  The Finance Defendants told the limited partners that this change was necessary to comply with Internal Revenue Service regulations and that Mahola, Inc. would have a capitalization of at least $700,000, most of it in assets other than its interest in Mahukona, in order to assure favorable tax treatment of Mahukona.  The Finance Defendants also told the limited partners that the amendments would be effective in June 1975.  The Finance Defendants did not substitute Mahola, Inc. for Kehena Beach, Inc. until 1984.  When Mahola, Inc. became the general partner its capitalization was only about $250,000, consisting almost entirely of its interest in Mahukona.

12

g.  From 1979 to 1989, the Finance Defendants caused Mahukona to cease holding annual meetings and to cease providing the limited partners with an annual report.

h.  In 1987 the Finance Defendants transferred approximately 400 acres of Mahukona land (Parcel 17) to Ahualoa Properties, another limited partnership dominated and controlled by the Finance Defendants.  The claimed purpose of this transfer was to facilitate the development of Parcel 17.  The transfer was concealed for at least three years.  The deed was not recorded and the transfer was not recorded on the books of Ahualoa Properties until 1990.  The transfer was not recorded on the books of Mahuknoa.  As recorded on Ahualoa Properties' books, the transfer was for less than fair market value.  The Finance Defendants also concealed the fact that under the Ahualoa Properties limited partnership agreement, the two Finance companies acting as general partners, Waiwai, Inc. and Ahualoa Development, Inc., would receive 15 percent of any profit from the development of the Mahukona land, thus diminishing the profit participation of the limited partners in Mahukona and giving the Finance Defendants an additional 15 percent of the appreciation in value of Parcel 17.

i.  In 1989 the Finance Defendants sold approximately 232 acres of Mahukona land (Parcel 11).  In making this sale, the Finance Defendants completely disregarded the interests of the limited partners of Mahukona, considering instead only their own interests.  The sale was for less than fair market

13

value.  In the sale, the Finance Defendants negotiated valuable golf use privileges, which they concealed from the limited partners of Mahukona.  Upon the closing of the sale of Parcel 11, the Finance Defendants caused these golf use privileges to be immediately assigned to Enterprises for the use and benefit of the Finance Defendants.

j.  In connection with the sale of Parcel 11, the Finance Defendants wrongfully caused Mahukona to pay purported sales "commissions" and a "property management fee" totalling more than $1 million to the Finance Defendants and the wife of their attorney.  In fact, no such "commissions" or "property management fee" was properly due on the sale of Parcel 11.

k.  In connection with the sale of Parcel 11, the Finance Defendants caused Mahukona to pay $8,200,000 to certain of the Finance Defendants as payments of purportedly accrued "interest" on "loans."  These payments were nothing more than preferred returns to the Finance Defendants.  The net effect of all of the payments the Finance Defendants directed Mahukona to make to themselves and their friends was that the limited partners of Mahukona received no portion of the proceeds of the sale of Parcel 11, but had to report a taxable gain on the sale.

l.  The Finance Defendants caused Mahukona to make the final principal payment on the original purchase money mortgage before it was due in order to benefit one of the other Finance companies, Waipono, Inc. in a transaction with one of the limited partners of Mahukona.  The early payoff was made by

Mahukona with money advanced by the Finance Defendants as a purported "loan" bearing "interest" at the rate of 12 percent per annum. The effect of the early payoff was to cause Mahukona to incur additional interest expense, as the mortgage paid off bore interest at the rate of 10 percent per annum.

        m. The Finance Defendants caused Mahukona not to hold an annual meeting in 1992 and not to provide the limited partners with an annual report or financial statements for 1991.

        41. To ascertain what profits have been fraudulently diverted to the Finance Defendants and their friends and what expenses have been fraudulently charged to Mahukona will require a complicated accounting.

        42. As a direct and proximate result of the breaches of fiduciary duty by the Finance Defendants, Mahukona has been damaged in an amount to be proved at trial, but which plaintiffs believe is at least $30 million.

        43. The breaches of fiduciary duty by the Finance Defendants were intentional, malicious and fraudulent, entitling Mahukona to an award of punitive damages in the amount of $75 million.

SECOND CAUSE OF ACTION

(MISMANAGEMENT AGAINST THE FINANCE DEFENDANTS)

        44. Plaintiffs repeat and incorporate each of the allegations set forth in paragraphs 1 through 33, inclusive, and 35 through 43, inclusive, as though fully set forth.

        45. As the general partner or officers and directors of the general partner of Mahukona, each of the Finance Defen-

15

dants owed Mahukona a duty of care in the management of the partnership's finances and affairs.

46. Each of the Finance Defendants breached this duty of care by managing the affairs of Mahukona carelessly and negligently, and in a manner that did not preserve and maximize the value of the land owned by Mahukona for the benefit of the partnership.

47. As a direct and proximate result of the mismanagement by the Finance Defendants, Mahukona has been damaged in an amount to be proved at trial, but which plaintiffs believe is at least $30 million.

<u>THIRD CAUSE OF ACTION</u>
(FRAUD AGAINST THE FINANCE DEFENDANTS, KATHLEEN C. CHING, RUSSELL L. CHING AND TRINITY PROPERTIES, LTD.)

48. Plaintiffs repeat and incorporate each of the allegations set forth in paragraphs 1 through 33, inclusive, and 35 through 43, inclusive, as though fully set forth.

49. On or about August 10, 1989, defendant Mahola, Inc., at the direction and under the control of the other Finance Defendants, and purporting to act on behalf of Mahukona, sold approximately 232 acres of land owned by Mahukona, known as Parcel 11, to a third party, Chalon International of Hawaii, Inc. (Chalon). In connection with the sale, the Finance Defendants caused Mahukona to pay the following amounts from the sale proceeds as purported sales commissions and a property management fee:

$601,250.00 "commission" to defendant K. Ching, sales-

person from defendant Trinity;

$313,750.00 "commission" to defendant Realty; and

$ 92,500.00 "property management fee" to defendant Chu.

50.   In directing these payments, and pursuant to a plan and conspiracy whose purpose is to benefit the Finance Defendants and their friends at the expense of Mahukona, the Finance Defendants, defendant K. Ching, defendant R. Ching and defendant Trinity made the following express and implied representations:

a.   Defendant K. Ching, a licensed real estate salesperson at defendant Trinity, was responsible for bringing Chalon to the transaction in January 1989, and thus was entitled to a commission as the selling agent.

b.   Defendant Realty, a licensed real estate brokerage, had a written listing agreement with Mahukona, represented Mahukona in the transaction, and thus was entitled to a commission as the listing agent.

c.   Mahukona had a pre-existing written agreement with defendant Chu to pay him a "property management fee" of one percent on the sale of any land owned by Mahukona.

51.   In fact, each of these representations was false and was known to the Finance Defendants and defendants K. Ching, R. Ching, and Trinity to be false at the time made.

52.   The true facts are:

17

a.   Chalon approached Mahukona without any real estate broker in December 1988.  On or about December 8, 1988, David Shibata (Shibata), a law partner of defendant R. Ching, approached defendant R. Ching, whom Shibata knew to represent the Finance Defendants and their affiliates.  Acting at the request of his client, Chalon, Shibata asked defendant R. Ching if Mahukona would be interested in selling Parcel 11.  Shibata made the same inquiry of defendant R. Ching on or about December 19, 1988.  On or about January 3, 1989, Shibata provided defendant R. Ching with a draft form of purchase offer on behalf of Chalon, and defendant R. Ching returned a revised draft a day or two later.  Defendant R. Ching acted as the attorney for Mahukona and the Finance Defendants throughout the transaction in negotiating the terms of the sale of Parcel 11 to Chalon.

b.   On or about January 11, 1989, defendant Pang, acting for defendants K. Ching and Trinity, and with knowledge of the prior contact by Chalon, purported to "register" Chalon as a prospective purchaser of Parcel 11 with defendants Chu and Realty.

c.   Defendant K. Ching never met, spoke to or communicated in any way with anyone employed by Chalon and was never authorized by Chalon to represent it.  Other than purport-edly "registering" Chalon as a prospective purchaser of Parcel 11, defendant K. Ching never did anything in connection with the sale of Parcel 11 to Chalon.

18

d.   Defendant Realty never represented Mahukona in the sale of Parcel 11 to Chalon.   Rather, Mahukona was represented by its attorney, defendant R. Ching, and by defendant Pang, a corporate officer of the purported general partner of Mahukona, defendant Mahola, Inc.

e.   The only "agreement" defendant Chu had concerning the proceeds of any land sale was with his employer, defendant Realty.   That agreement was not in writing, as is required by law to entitle defendant Chu, a licensed real estate broker, to any commission.   Moreover, defendant Chu procured neither a listing of Parcel 11 nor the sale of Parcel 11.

53.   Mahukona made the payments listed in paragraph 49 above at the direction of the Finance Defendants and in reasonable reliance on their representations and the representations of defendants K. Ching, R. Ching and Trinity that the payments were properly due.

54.   As a direct and proximate result of the intentional misrepresentations of the Finance Defendants and defendants K. Ching, R. Ching and Trinity, Mahukona has been damaged in the amount of $1,017,500.00 plus interest at the maximum rate allowed by law from August 11, 1989, the date the payments were made, to the date of repayment by the Finance Defendants and defendants K. Ching, R. Ching and Trinity.

55.   In making the misrepresentations set forth above, the Finance Defendants and defendants K. Ching, R. Ching and Trinity acted intentionally, maliciously and fraudulently, enti-

19

tling Mahukona to an award of punitive damages in the amount of $5 million.

### FOURTH CAUSE OF ACTION
#### (BREACH OF FIDUCIARY DUTY AGAINST RUSSELL L. CHING)

56. Plaintiffs repeat and incorporate each of the allegations set forth in paragraphs 1 through 33, inclusive, 35 through 43, inclusive, and 49 through 55, inclusive, as though fully set forth.

57. As the attorney for Mahukona, defendant R. Ching owed Mahukona a fiduciary duty.

58. Defendant R. Ching breached his fiduciary duty by taking the information about Chalon's interest in Parcel 11 and converting it to his own use for the profit of his wife, defendant K. Ching, to the detriment of Mahukona.

59. As a direct and proximate result of defendant R. Ching's breach of fiduciary duty, Mahukona has been damaged in the amount of $621,500.00 plus interest at the maximum rate allowed by law from August 11, 1989, the date the payment was made, to defendant K. Ching, to the date of repayment.

60. Defendant R. Ching's conduct in breaching his fiduciary duty to Mahukona was intentional, malicious and fraudulent, entitling Mahukona to an award of punitive damages.

### FIFTH CAUSE OF ACTION
#### (DECLARATORY RELIEF AGAINST THE FINANCE DEFENDANTS)

61. Plaintiffs repeat and incorporate each of the allegations set forth in paragraphs 1 through 33, inclusive, 35

through 43, inclusive, 45 through 47, inclusive, and 49 through 55, inclusive, as though fully set forth.

62. An actual controversy has arisen and now exists between plaintiffs, Mahukona and the Finance Defendants concerning their respective rights and duties in that plaintiffs contend:

a. Adherence to the fiction of the separate existence of the Finance Defendants and Mahukona as entities distinct from one another would permit an abuse of the corporate privilege, sanction fraud and promote injustice.

b. Any purported "loans" from the Finance Defendants to Mahukona for legitimate expenses of Mahukona are actually additional capital contributions by the general partner. Any deed of trust securing purported "loans" from the Finance Defendants should be cancelled.

c. The charge for accrued "interest" on the books of Mahukona should be reversed and the $8,200,000 in "accrued interest" already paid to the Finance Defendants should be returned to Mahukona, together with interest at the maximum rate allowed by law from August 10, 1989 to the date repaid.

63. The Finance Defendants dispute all these contentions.

64. Plaintiffs desire a judicial determination of the rights and duties of Mahukona and the Finance Defendants, and a declaration as to which party's contentions are correct.

21

65.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that Mahukona may ascertain its rights and duties.

WHEREFORE, plaintiffs pray judgment as follows:

1.  On the first cause of action, for an award of damages to Mahukona from the Finance Defendants in an amount to be determined at trial, but which plaintiffs believe to be at least $30 million, plus prejudgment interest at the maximum rate allowed by law;

2.  On the first cause of action, for an award of punitive damages to Mahukona from the Finance Defendants in the amount of $75 million;

3.  On the first cause of action, for an order that the transfer of Parcel 17 from Mahukona to Ahualoa Properties is null and void;

4.  On the second cause of action, for an award of damages to Mahukona from the Finance Defendants in an amount to be determined at trial, but which plaintiffs believe to be at least $30 million, plus prejudgment interest at the maximum rate allowed by law;

5.  On the first and second causes of action, for an order that the Finance Defendants provide Mahukona and each of the limited partners a complete accounting of all monies advanced to or by Mahukona and spent by Mahukona and a complete accounting for all profits and losses of Mahukona from 1974 to the present;

6. On the third cause of action, for an award of damages to Mahukona from the Finance Defendants and defendants K. Ching, R. Ching and Trinity in the amount of $1,017,500, plus interest from August 11, 1989 at the maximum rate allowed by law;

7. On the third cause of action, for an award of punitive damages to Mahukona from the Finance Defendants and defendants K. Ching, R. Ching and Trinity in the amount of $5 million;

8. On the fourth cause of action, for an award of damages to Mahukona from defendant R. Ching in the amount of $621,500, plus interest from August 11, 1989 at the maximum rate allowed by law;

9. On the fourth cause of action, for an award of punitive damages to Mahukona from defendant R. Ching in the amount of $3 million;

10. On the fifth cause of action for a declaration that:

a. Adherence to the fiction of the separate existence of the Finance Defendants and Mahukona as entities distinct from one another would permit an abuse of the corporate privilege, sanction fraud and promote injustice;

b. Any purported "loans" from the Finance Defendants to Mahukona for legitimate expenses of Mahukona are actually additional capital contributions by the general partner;

c. Any deed of trust securing purported "loans" from the Finance Defendants to Mahukona should be cancelled;

     d.   The charge for accrued "interest" on the books of Mahukona should be reversed and the $8,200,000 in "interest" already paid to the Finance Defendants should be returned to Mahukona, together with interest at the maximum rate allowed by law from August 10, 1989;

     11.   For attorneys' fees incurred herein;

     12.   For all other costs of suit incurred herein; and

     13.   For such other and further relief as the court may deem just and proper.

     DATED:  Honolulu, Hawaii, December 7, 1992.


GARY G. GRIMMER
KATHERINE G. LEONARD


JOSEPH M. MALKIN

Attorneys for Plaintiffs

<u>VERIFICATION</u>

STATE OF HAWAII       )
                           )    SS
COUNTY OF HONOLULU    )

      ROSITA C. YEE being duly sworn, deposes and says:

      I am one of the plaintiffs in the above-entitled action.  I have read the foregoing Verified Third Amended Complaint and know the contents thereof.  Except for the allegations contained in paragraph 3, which are true of my own personal knowledge, I am informed and believe that the matters set forth therein are true.

                                      _____
                                      Rosita C. Yee

Subscribed and sworn to before me this 11th day of November, 1992.

L.S.    _____
Notary Public, State of Hawaii
My commission expires: 11-29-93

<u>VERIFICATION</u>

STATE OF HAWAII       )
                            )   SS
COUNTY OF HONOLULU   )

       JUNETTA DerYUEN, being duly sworn, deposes and says:

       I am one of the plaintiffs in the above-entitled action. I have read the foregoing Verified Third Amended Complaint and know the contents thereof. Except for the allegations contained in paragraph 5, which are true of my own personal knowedge, I am informed and believe that the matters set forth therein are true.

                                        _____
                                         Junetta DerYuen

Subscribed and sworn to before me
this 11th day of November, 1992.

L.S.

_____
Notary Public, State of Hawaii
My commission expires: 11-24-93

<u>VERIFICATION</u>

STATE OF HAWAII            )
                          )    SS
COUNTY OF HONOLULU         )

     ROBERT W. SMYTHE, JR., being duly sworn, deposes and
says:

     I am one of the plaintiffs in the above-entitled
action.  I have read the foregoing Verified Third Amended Com-
plaint and know the contents thereof.  Except for the allegations
contained in paragraph 4, which are true of my own personal
knowedge, I am informed and believe that the matters set forth
therein are true.

_____
      Robert W. Smythe, Jr.

Subscribed and sworn to before me
this 11th day of November, 1992.

L.S.

_____
Notary Public, State of Hawaii
My commission expires: 11-29-93

VERIFICATION

STATE OF HAWAII            )
                          )    SS
COUNTY OF HONOLULU         )

    ROSITA G. LEONG being duly sworn, deposes and says:

    I am one of the plaintiffs in the above-entitled action.  I have read the foregoing Verified Third Amended Complaint and know the contents thereof.  Except for the allegations contained in paragraph 2, which are true of my own personal knowledge, I am informed and believe that the matters set forth therein are true.


_____
Rosita G. Leong

Subscribed and sworn to before me
this 11th day of November, 1992.

L.S.

_____
Notary Public, State of Hawaii
My commission expires: 11-29-93

FINANCE REALTY COMPANY,              )
LIMITED, a Hawaii corporation;)
KEHENA BEACH, INC., a Hawaii         )
corporation; MAHOLA, INC., a         )
Hawaii corporation; AHUALOA          )
PROPERTIES, a Hawaii limited         )
partnership; WAIWAI, INC., a         )
Hawaii corporation; AHUALOA          )
DEVELOPMENT, INC., a Hawaii          )
corporation; WAIMEA KONA             )
PROPERTIES, a Hawaii limited         )
partnership; YWS, INC., a            )
Hawaii corporation; WAIPONO,         )
INC., a Hawaii corporation;          )
WAIPIO TERRACE, INC., a Hawaii)
corporation; MAUNAHALE               )
DEVELOPMENT CORPORATION, a           )
Hawaii corporation; PACIFIC          )
LOAN HOLDINGS, LTD., a Hawaii )
corporation; MUN ON CHUN, an         )
individual; WENDELL K.K. PANG,)
an individual; WELLINGTON B.H.)
CHU, an individual; KATHLEEN         )
C. CHING, an individual;             )
RUSSELL L. CHING, an                 )
individual; TRINITY                  )
PROPERTIES, LTD., a Hawaii           )
corporation; and DOES I              )
through XX,                          )
                                     )
            Defendants.              )
_____ )
                                     )
MAHOLA, INC., a Hawaii               )    CIVIL NO. 90-1124-04
corporation, individually           )    (Contract)
and as general partner of            )
MAHUKONA PROPERTIES, a Hawaii )
limited partnership, AHUALOA         )
DEVELOPMENT, INC. and WAIWAI, )
INC., Hawaii corporations,           )
individually, and as general )
partners of AHUALOA                  )
PROPERTIES, a Hawaii limited         )
partnership,                         )
                                     )
            Plaintiffs,              )
                                     )    (caption continued on
      vs.                            )    following page)
                                     )

JUNETTA DerYUEN, individually,)
as personal representative of )
the estate of FRANK DerYUEN )
and as co-trustee of the FRANK)
DerYUEN Trust, ROBERT W.       )
SMYTHE, JR., ROSITA CHANG YEE )
and ROSITA LEONG,              )
                               )
                Defendants.    )
                               )

---

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, Carlsmith Ball Wichman Murray Case Mukai & Ichiki and O'Melveny & Myers, hereby demand trial by jury on all issues triable herein.

DATED:  Honolulu, Hawaii _December 9, 1997_.

GARY G. GRIMMER
KATHERINE G. LEONARD
and
JOSEPH M. MALKIN

**Attorneys for Plaintiffs**

3.

demand.summons

Of Counsel:

CARLSMITH BALL WICHMAN MURRAY
   CASE MUKAI & ICHIKI

GARY G. GRIMMER          1769-0
KATHERINE G. LEONARD     5576-0
2200 Pacific Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Tel. No. (808) 523-2500

O'MELVENY & MEYERS

JOSEPH M. MALKIN
Embarcadero Center West
275 Battery Street
San Francisco, California  94111-3305
Tel. No. (415) 984-8700

Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| ROSITA G. LEONG, individually;)<br>ROSITA C. YEE, individually  )<br>and as trustee of the VICTOR  )<br>S.W. YEE TRUST, SYLVIA J. YEE )<br>TRUST, and HELENA H.L. YEE    )<br>TRUST; ROBERT W. SMYTHE, JR., )<br>individually; and JUNETTA     )<br>DerYUEN, individually, as     )<br>personal representative of the)<br>ESTATE OF FRANK DerYUEN, and  )<br>as trustee of the FRANK       )<br>DerYUEN TRUST,                 )<br>                               )<br>         Plaintiffs,     )<br>                               )<br>   vs.                       )<br>                               )<br>MAHUKONA PROPERTIES, a Hawaii )<br>limited partnership; FINANCE  )<br>ENTERPRISES, LIMITED, a Hawaii)<br>corporation; FINANCE FACTORS  )<br>LIMITED, a Hawaii corporation;) | CIVIL NO. 90-0664-03<br>(Contract)<br><br>SUMMONS |

```
FINANCE REALTY COMPANY,          )
LIMITED, a Hawaii corporation; )
KEHENA BEACH, INC., a Hawaii     )
corporation; MAHOLA, INC., a     )
Hawaii corporation; AHUALOA      )
PROPERTIES, a Hawaii limited     )
partnership; WAIWAI, INC., a     )
Hawaii corporation; AHUALOA      )
DEVELOPMENT, INC., a Hawaii      )
corporation; WAIMEA KONA         )
PROPERTIES, a Hawaii limited     )
partnership; YWS, INC., a        )
Hawaii corporation; WAIPONO,     )
INC., a Hawaii corporation;      )
WAIPIO TERRACE, INC., a Hawaii)
corporation; MAUNAHALE           )
DEVELOPMENT CORPORATION, a       )
Hawaii corporation; PACIFIC      )
LOAN HOLDINGS, LTD., a Hawaii )
corporation; MUN ON CHUN, an     )
individual; WENDELL K.K. PANG,)
an individual; WELLINGTON B.H.)
CHU, an individual; KATHLEEN     )
C. CHING, an individual;         )
RUSSELL L. CHING, an             )
individual; TRINITY              )
PROPERTIES, LTD., a Hawaii       )
corporation; and DOES I          )
through XX,                      )
                                 )
              Defendants.        )
                                 )
_____)
                                 )
MAHOLA, INC., a Hawaii           )    CIVIL NO. 90-1124-04
corporation, individually        )    (Contract)
and as general partner of        )
MAHUKONA PROPERTIES, a Hawaii )
limited partnership, AHUALOA     )
DEVELOPMENT, INC. and WAIWAI, )
INC., Hawaii corporations,       )
individually, and as general     )
partners of AHUALOA              )
PROPERTIES, a Hawaii limited     )
partnership,                     )
                                 )
              Plaintiffs,        )
                                 )    (caption continued on
        vs.                      )    following page)
                                 )
```

demand.summons                    2.

```
JUNETTA DerYUEN, individually,)
as personal representative of )
the estate of FRANK DerYUEN   )
and as co-trustee of the FRANK)
DerYUEN Trust, ROBERT W.      )
SMYTHE, JR., ROSITA CHANG YEE )
and ROSITA LEONG,             )
                              )
                Defendants.   )
_____)
```

<u>SUMMONS</u>

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon plaintiffs' attorney, whose address is stated above, an answer to the verified third amended complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty-day time limit, judgment by default will be taken against you for the relief demanded in the verified third amended complaint.


Issued: ___DEC 3 0 1992___        M. TANAKA

                        CLERK OF THE ABOVE-ENTITLED COURT

demand.summons                    3.