IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS<br>HIRAM L. FONG, SR., et al.<br><br>        Defendants. | CIVIL NO. CV-02-00383 SOM/BMK<br>(CONTRACT)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

At the status conference on September 29, 2006 at 9:00 a.m., Defendants Marvin Allan Fong, et al. (numerous, hereinafter referred to as the "Marvin Fong Defendants"), represented by Jeffrey D. Lau, Esq., stated to the Court that issues may exist concerning the amount that Plaintiff Kahala CCM Factors, LLC ("Kahala CCM") is entitled to credit bid on the collateral at the auction sale scheduled for November 1, 2006 at noon before Commissioner Jay T. Suemori. See Declaration of Robert G. Klein, attached, at ¶5. No details were shared with the parties or the Court as to the nature or basis for the Marvin Fong Defendants' assertion, but it may have to do with the per diem interest rate set out therein. Id. at ¶6.

56564/147302.3

The foreclosure decrees, attached hereto as Exhibits 1 and 2 to the Declaration of Robert G. Klein (hereinafter, the "Judgments"), establish the sums that Kahala CCM is entitled to credit-bid on the collateral. See Ex. 1, at pp. 8-9 (¶2); pp. 11-12 (¶7); Ex. 2, at pp. 10-11 (¶¶2-4); pp. 14-15 (¶9). Those amounts have been calculated and are set forth in the body of the instant motion. The Judgments were signed by counsel for the Marvin Fong Defendants, were entered in 2004, and are now final. All rights of appeal have long since expired.[1]

The Judgments are binding on the parties to this case under the doctrines of res judicata and collateral estoppel. See Albano v. Norwest Fin. Hawaii, Inc., 244 F.3d 1061 (9th Cir. 2001) (foreclosure decree bars Truth in Lending Act rescission claim under doctrine of res judicata); Community Bank of Homestead v. Torcise, 162 F.3d 1084 (11th Cir. 1998) (reversing district court ruling that pre- and post-judgment interest rates in foreclosure decree violated Florida and federal bankruptcy law where the debtor was collaterally estopped by state court foreclosure decree). Any issue about the proper interest rate to be applied is determined by the Judgments.[2]

---

[1] This Court certified the Judgments as final pursuant to Rule 54(b), see Exhibit 1 at p. 8, Exhibit 2 at p. 10, thus they are entitled to res judicata effect. Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519 (9th Cir.1987); In re Lindsay, 59 F.3d 942, 951-2 (9th Cir. 1995). Even if the Judgments were not so certified, foreclosure decrees have long been accorded the status of final judgments. Ray v. Law, 7 U.S. 179, 2 L.Ed. 104 (1805).

[2] The Ninth Circuit has approved the use of a contract rate for post-judgment interest in a foreclosure decree. Citicorp Real Estate v. Smith, 155 F.3d 1097 (9th Cir. 1998).

147302.3                                2

For obvious reasons, it is important for Kahala CCM to know in advance the amount it shall be entitled to credit bid at the auction. The Judgments are clear and binding. In any event, there is no just reason to depart from their terms. To be certain, however, all interested parties should be required to "speak now or forever hold their peace" on the matter. Otherwise, unnecessary confusion, delay and expense would ensue if interested parties could sit back and allow Kahala CCM to credit-bid on the collateral, only to later raise issues at the confirmation hearing that could have, and properly should have, been raised before the auction.

Therefore, this Court should set a deadline for any party, including the Marvin Fong Defendants, to show cause why Kahala CCM is allegedly not entitled to credit bid in the amounts set forth in this motion, which are determined pursuant to the express terms of the Judgments. Because of the impending foreclosure auction, Kahala CCM respectfully requests that the Court set an appropriate deadline for showing cause, so as to be heard and determined prior to the auction.

DATED: Honolulu, Hawaii, October 24, 2006.

    /s/ Robert G. Klein
ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for Plaintiff
Kahala CCM Factors, LLC