ORIGINAL

LYONS, BRANDT, COOK & HIRAMATSU
ATTORNEYS AT LAW
A LAW CORPORATION

GEORGE W. BRANDT #1181
BEVERLY LYNNE K. HIRAMATSU #1772
841 Bishop Street, Suite 1800
Honolulu, Hawaii 96813
Phone: (808) 524-7030
Facsimile: (808) 533-3011
E-mail: gbrandt@lbchlaw.com
       bhiramatsu@lbchlaw.com

Attorneys for Plaintiff
N. HARWOOD STREET PARTNERS I, L.P.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 3 2004

at __ o'clock and __ min __ M
WALTER A.Y.H. CHINN, CLERK

LODGED

JAN 1 6 2004

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

See revisions made by court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| N. HARWOOD STREET PARTNERS I, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 SOM/BMK<br>(CONTRACT)<br><br>PLAINTIFF'S FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS RODNEY LEONG FONG, ALSO KNOWN AS RODNEY L. FONG AND PATSY NAKANO FONG, ALSO KNOWN AS PATSY N. FONG FILED ON OCTOBER 1, 2003<br><br>No Hearing: |

EXHIBIT "1"

PLAINTIFF'S FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS RODNEY LEONG FONG, ALSO KNOWN AS RODNEY L. FONG AND PATSY NAKANO FONG, ALSO KNOWN AS PATSY N. FONG FILED ON OCTOBER 1, 2003

The Plaintiff N. Harwood Street Partners I, L.P.'S Motion For Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong, and Patsy Nakano Fong, also known as Patsy N. Fong, having been filed on October 1, 2003, no opposition thereto having been filed, the parties having entered into a Stipulation to Dismiss Claims Seeking Foreclosure of Market City Shares Owned by Rodney and Patsy Fong, filed herein on January 14, 2004, the Supplemental Declaration of William H. Douning attached as Exhibit "1" to the Declaration of Beverly Lynne K. Hiramatsu having been filed herein on January 16, 2004, and the Court having considered the evidence produced and having been fully advised in the premises, finds as follows:

## FINDINGS OF FACT

1. Plaintiff N. HARWOOD STREET PARTNERS I, L.P. ("Plaintiff") is a Texas limited partnership with its principal place of business in Dallas, Texas.

2. Defendant RODNEY LEONG FONG, also known as Rodney L. Fong and Rodney Fong ("Rodney Fong") is a resident of the State of Hawaii.

3. Defendant PATSY NAKANO FONG, also known as Patsy N. Fong ("Patsy Fong") is a resident of the State of Hawaii.

4. None of the other Defendants in this case is a resident of, or has his, her or its principal place of business in, Texas.

5. On or about December 14, 1993, the Bank of Honolulu ("Bank") made a commercial loan in the principal amount of FIVE HUNDRED FIFTY-FIVE THOUSAND AND NO/100 DOLLARS ($555,000.00) to Rodney Fong and Patsy Fong, which loan was evidenced by that certain Promissory Note which was made, executed and delivered to the Bank by Rodney Fong and Patsy Fong ("Note").

6. By Change in Terms Agreements dated December 19, 1994, December 20, 1995, January 24, 1997, December 29, 1997, December 31, 1998, March 26, 1999, December 30, 1999, March 8, 2000 and July 27, 2000, the Note was amended by extending the term of said Note and adjusting the interest rate thereunder.

7. The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for the Bank, assigned the Note to Plaintiff, as endorsed on said Note.

8. At the time of the execution and delivery of the Note, as part of the same transaction, and for the purpose of securing payment of the Note, Rodney Fong and Patsy Fong made, executed and delivered to the Bank that certain

Consumer Pledge Agreement dated December 14, 1993 ("Pledge Agreement"), covering and granting the Bank a security interest in and to 1,092 shares of Finance Enterprises, Ltd. ("Enterprises"), owned by Rodney Fong, and 92 shares of Market City, Ltd., 36 shares of which are owned by Patsy Fong and 56 shares of which are owned by Rodney Fong.

9. To assure a perfected security interest in all the collateral covered by the Pledge Agreement, Rodney Fong and Patsy Fong delivered to the Bank the following: (a) Enterprises Stock Certificates Nos. 65, 107 and 205 for 660, 210 and 222 shares, respectively, all in the name of Rodney Fong, together with an Irrevocable Stock or Bond Power for the shares represented by each such certificate, (b) Market City, Ltd. ("Market City") Stock Certificates Nos. 92, 108, 180, 200, 0229, and 0246 for 10, 10, 10, 10, 8 and 8 shares respectively, all in the name of Rodney Fong, together with an Irrevocable Stock or Bond Power for the shares represented by each such certificate; and (c) Market City Stock Certificates Nos. 181, 0201, 0230, and 0247 for 10, 10, 8 and 8 shares, respectively, all in the name of Patsy Fong, together with an Irrevocable Stock or Bond Power for the shares represented by each such certificate. The above-referenced Enterprises stock certificates in the name of Rodney Fong are collectively referred to as the "Shares".

10. The FDIC, as Receiver for the Bank, assigned the Bank's security interest in the Shares to Plaintiff by a separate Assignment of Security Interest in Stock as to each of the Shares, all dated March 20, 2001 and delivered the Shares and the stock powers relating thereto to Plaintiff.

11. Rodney Fong and Patsy Fong have defaulted in the observance and the performance of the terms, covenants and conditions set forth in the Note and the Pledge Agreement in that they failed, neglected, and refused to make payments as required under the Note and are consequently in default thereunder.

12. Notwithstanding due and proper demand made upon Rodney Fong and Patsy Fong for payment of the amounts due and owing to Plaintiff pursuant to the Note and the Pledge Agreement, Rodney Fong and Patsy Fong continue to fail, neglect, and refuse to pay the sums due and owing to Plaintiff.

13. Pursuant to the terms of the Note and the notice provided to Rodney Fong and Patsy Fong on January 9, 2002, the interest under the Note was increased to a default rate of twenty-four percent (24%) per annum beginning on January 22, 2002.

14. Plaintiff is and continues to be the holder of the Note and the assignee of the Bank's interest in the Pledge Agreement and the Shares and as of January 13, 2004, Rodney Fong and Patsy Fong are indebted to Plaintiff in the following amounts:

|  |  |
|---|---|
| Principal: | $531,918.00 |
| Accrued Interest through 1/13/04 | 4,834.83 |
| Total: | $536,752.83 |

The total sum, together with interest at the default rate of twenty-four percent (24%) per annum with a current per diem interest rate of $349.75, plus late charges, attorneys' fees and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized, are valid liens on the Shares.

15. By reason of the facts above set forth and alleged, Plaintiff is entitled to the foreclosure of its security interest in the Shares and the sale of the Shares.

16. Plaintiff has incurred, and will continue to incur, other fees, costs and expenses in connection with this matter, which fees, costs and expenses will be shown at the hearing on the confirmation of the sale of Shares.

17. Enterprises and one or more Defendants owning shares of Enterprises may claim an interest in, or rights in or to, the Enterprises Shares in that the Articles of Incorporation of Enterprises provides that no stock shall be transferred to any person without first offering the stock for sale by written notice to the corporation at the same price and on the same terms as would govern upon a transfer to such other person.

18. There is no just reason for delay in entering a final judgment in favor of Plaintiff and against Defendants Rodney Fong and Patsy Fong.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. Section 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a).

3. There is now due and owing to Plaintiff the sum of $536,752.83 as of January 13, 2004, with interest accruing at the rate of $349.75 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the Note and Pledge Agreement, including interest, costs, expenses, late charges, other charges and attorneys' fees as the Court shall determine.

4. Plaintiff has a valid, perfected, security interest in the Shares.

5. Plaintiff is entitled to have its security interest in the Shares foreclosed and to have the Shares sold in a manner provided by law and in the Pledge Agreement.

6. Plaintiff is entitled to judgment against Rodney Fong and Patsy Fong as a matter of law on Count II of its Amended Complaint.

7. This Court expressly directs that final judgment shall be entered as to Plaintiff and against Rodney Fong and Patsy Fong as to Count II of the Amended Complaint as there is no just reason for delay.

<u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS RODNEY LEONG FONG, ALSO KNOWN AS RODNEY L. FONG AND PATSY NAKANO FONG, ALSO KNOWN AS PATSY N. FONG</u>

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiff's Motion for Summary Judgment Against Defendants Rodney Leong Fong, Also Known As Rodney L. Fong And Patsy Nakano Fong, Also Known As Patsy N. Fong, is hereby granted and Summary Judgment and Interlocutory Decree of Foreclosure in favor of Plaintiff and against Defendants Rodney Fong and Patsy Fong is hereby entered.

2. Defendants Rodney Fong and Patsy Fong are in default under the Note and Pledge Agreement. There is due and unpaid to Plaintiff the sum of $536,752.83 as of January 13, 2004, with interest accruing at the rate of $349.75 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the Note and Pledge Agreement held by Plaintiff, including interest, costs, expenses, late fees, other charges and attorneys' fees as the Court shall determine at a subsequent hearing, all sums to be paid at the date of closing of the sale hereinafter authorized.

All sums that are due or will become due to Plaintiff are valid liens upon the Shares.

3. The security interests held by Plaintiff in the Shares shall be and are hereby foreclosed as prayed, and the Shares shall be sold as authorized by law and under the provisions of the Pledge Agreement, or by way of public or private sale. The sale shall not be final until approved and confirmed by the Court.

4. _____JAY T. SUEMORI_____, whose address is ___Suite 801, Davies Pacific Center, 841 Bishop Street Honolulu, Hawaii 96813_____ and whose telephone number is (808) ___532-1711___ is hereby appointed as Commissioner by this Court and as such Commissioner shall henceforth hold all equitable and legal title to the Shares, and is hereby authorized and directed to take possession of the Shares, to collect dividends, and to sell the Shares in a commercially reasonable manner, in a manner consistent with applicable federal and state securities laws by private sale or by public sale. The Commissioner must advertise the sale of the shares in a newspaper of general circulation on Oahu to the same extent as if he were selling real property in a foreclosure action. ∧In accordance with the provisions of the Pledge Agreement, if the Commissioner is unable, or believes that he or she is unable, to sell the Shares in an open market transaction or a public sale without registration under federal or state laws, then the Commissioner may make a private sale to one or more persons, or to a restricted group of persons. In the event of a private sale, pursuant to 28 U.S.C. § 2004, the Commissioner must comply with 28 U.S.C. § 2001. ∧No bond shall be required of the Commissioner. The Commissioner shall be awarded a reasonable fee as Commissioner in an amount to be subsequently determined by

9

*See revisions made by court*

and which shall be calculated at $135.00 per hour for all hours reasonably worked. the Court. The Commissioner's fees and costs shall be deemed to be secured by Plaintiff's security interest in the Shares. In the event the person appointed in this order refuses or becomes unable to act as Commissioner, the Court shall appoint another person to serve as Commissioner, without further notice or hearing.

5. The Commissioner shall hold all proceeds of sale of the Shares to the credit of this cause subject to the directions of this Court. A further hearing shall be held in the action to consider confirmation of the foreclosure sale. At the hearing, the court shall hear proof of the claim of any other party and shall determine the priority among the claims of the parties besides Plaintiff. At the hearing, the Court will also allow an auction by accepting bids, the first of which must be at least one hundred five percent (105%) of the purchase price for which confirmation is being sought. Anyone may open the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person had, or could have, negotiated or bid previously. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded. With respect to the Enterprises Shares, any confirmation shall be subject to the right of Enterprises to purchase the Enterprises Shares at the same price and on the same terms, and if Enterprises declines to exercise such right, to the rights of the shareholders of Enterprises to purchase the Enterprises Shares at the same price and on the same terms. The Court shall determine the amount of

10

*See revisions made by court*

the fee of the Commissioner and the amount of the attorneys' fees and costs of Plaintiff and shall direct the final payment of the proceeds of the foreclosure sale. Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting of receipts, expenses and distributions.

6. Defendants Rodney Fong and Patsy Fong, and all defendant parties hereto, and all persons claiming by, through or under said parties, will be perpetually barred of and from any and all right, title and interest in the Shares or any part thereof upon the closing of the sale herein authorized.

7. Plaintiff and all other parties are hereby authorized to purchase the Shares at the foreclosure sale. The selected party purchasing at private sale or the successful bidder at any auction shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful negotiated or bid price. This payment shall be in cash, money order, by cashier's check or by certified check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt ("credit bid"). Prior to bidding or negotiation, any person not hereby authorized to credit bid must show the Commissioner such person's present ability to make the required down payment in such form immediately upon the termination of negotiations or the close of the bidding. At the Court's discretion, the 10% down payment may be

11

forfeited in full or in part if the purchaser shall fail to pay the balance of the purchase price as hereinafter set forth. In no event shall the purchaser be liable for damages greater than the forfeiture of the 10% down payment. The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale, provided that if Plaintiff is the purchaser of the Shares at the foreclosure sale, said purchaser may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt. The Commissioner may require that the sale close through an escrow, even if the purchaser does not require one. All costs of closing, including without limitation the costs of conveyance and escrow fees, shall be the responsibility of and paid by the purchaser.

8.  The Commissioner shall receive and collect any dividends, and exercise any rights, attributable to the Shares and shall hold any dividends or other income or profits from the Shares subject to further order of this Court regarding distribution.

DATED: Honolulu, Hawaii, FEB 0 3 2004

**SUSAN OKI MOLLWAY**
JUDGE OF THE ABOVE ENTITLED COURT

---

Civil No. CV-02-00383, N. Harwood Street Partners I, L.P. vs.. Fong, et al.; Plaintiff's Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion For Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong and Patsy Nakano Fong, also known as Patsy N. Fong Filed On October 1, 2003

Approved As To Form

_____
SAM K. YEE
Attorney for Defendants Finance Enterprises, Ltd.; Marvin Allan Fong, as Trustee; Sandra Y. Y. Au Fong, as Trustee; Merie Ellen Fong Gushi; Emily Mitchell; Leonard K. K. Fong, as Trustee; Ellen Lee Fong, as Trustee; Dale S. N. Fong, Individually and as Custodian; Linda L. Fong; Glen S. W. Fong; Jeffrey S. C. Fong; Keith S. K. Fong; Rodney S. O. Fong; Pearl L. Fong, as Trustee; Deborah B. J. Fong Yee; Jonathan Y. C. Fong; Susan B. L. Fong Takashima; Valerie B. L. FONG Asari, Individually and as Custodian; Winton Tong, as Trustee; Clifford Marshall Tong; Jonathan Warren Tong; Mark Lex Tong; Jason Roberto Tong; Kelly Tong; Del Associates; 1570 Alewa Limited Partnership; and SAI Investment Company

_____
HARRISON P. CHUNG
Attorney for Defendants Hiram L. Fong, aka Hiram L. Fong, Sr.; Ellyn Lo Fong, aka Ellyn L. Fong, Individually and as Trustee of the Ellyn Lo Fong Revocable Trust dated 3/24/93

---

Civil No. CV-02-00383, N. Harwood Street Partners I, L.P. vs.. Fong, et al.; Plaintiff's Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion For Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong and Patsy Nakano Fong, also known as Patsy N. Fong Filed On October 1, 2003

13

_____
JEAN MALIA ORQUE-LEE, ESQ.
Attorney for Defendants Rodney Long
Fong, aka Rodney L. Fong and Rodney
Fong; Patsy Nakano Fong, aka Patsy N.
Fong

Civil No. CV-02-00383, N. Harwood Street Partners I, L.P. vs.. Fong, et al.; Plaintiff's Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion For Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong and Patsy Nakano Fong, also known as Patsy N. Fong Filed On October 1, 2003