LYONS, BRANDT, COOK & HIRAMATSU
ATTORNEYS AT LAW
A LAW CORPORATION

GEORGE W. BRANDT #1181
BEVERLY LYNNE K. HIRAMATSU #1772
841 Bishop Street, Suite 1800
Honolulu, Hawaii 96813
Phone: (808) 524-7030
Facsimile: (808) 533-3011
E-mail: gbrandt@lbchlaw.com
        bhiramatsu@lbchlaw.com

Attorneys for Plaintiff
N. HARWOOD STREET PARTNERS I, L.P.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 0 1 2004

at 4 o'clock and 11 min. P.M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| N. HARWOOD STREET PARTNERS I, L.P., a Delaware limited partnership, <br><br> Plaintiff, <br><br> vs. <br><br> HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al., <br><br> Defendants. | CIVIL NO. CV-02-00383 SOM/BMK (CONTRACT) <br><br> PLAINTIFF'S FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I AND III OF THE AMENDED COMPLAINT FILED HEREIN ON FEBRUARY 3, 2003, FILED SEPTEMBER 20, 2004 <br><br> No Hearing: |

EXHIBIT "2"

PLAINTIFF'S FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNTS I AND III OF THE AMENDED COMPLAINT
FILED HEREIN ON FEBRUARY 3, 2003, FILED SEPTEMBER 20, 2004

The Plaintiff N. Harwood Street Partners I, L.P.'s Motion For Summary Judgment as to Counts I and III of the Amended Complaint Filed herein on February 3, 2003, having been filed on September 20, 2004, no opposition thereto having been filed, and the Court having considered the evidence produced and having been fully advised in the premises, finds as follows:

## FINDINGS OF FACT

1. Plaintiff N. HARWOOD STREET PARTNERS I, L.P. ("Plaintiff") is a Texas limited partnership with its principal place of business in Dallas, Texas.

2. Defendant HIRAM LEONG FONG, also known as Hiram L. Fong and Hiram L. Fong, Sr. ("Fong Sr.") was a resident of the State of Hawaii until his death on August 18, 2004.

3. None of the other Defendants in this case is a resident of, or has his, her or its principal place of business in, Texas.

4. On or about January 26, 1994, the Bank of Honolulu ("Bank") made a commercial loan in the principal amount of FIVE HUNDRED NINETY THOUSAND AND NO/100 DOLLARS ($590,000.00) to Fong Sr., which loan

was evidenced by that certain Promissory Note dated January 26, 1994 ("January 26 Note") which was made, executed and delivered to the Bank by Fong Sr.

5. By Change in Terms Agreements dated February 17, 1995, February 7, 1996, January 24, 1997, December 29, 1997, March 17, 1999, December 30, 1999 and July 5, 2000, respectively, the January 26 Note was amended by extending the term of the January 26 Note and adjusting the interest rate thereunder.

6. At the time of the execution and delivery of the January 26 Note, as part of the same transaction, and for the purpose of securing payment of the January 26 Note, Defendant Hiram Fong Jr. ("Fong Jr.") made, executed and delivered to the Bank that certain Consumer Pledge Agreement dated January 26, 1994 ("Fong Jr. Pledge Agreement") covering and granting the Bank a security interest in and to 630 shares of Finance Enterprises, Ltd. ("Enterprises") owned by Fong Jr. and represented by Stock Certificates Nos. 109 and 139. Pursuant to Fong Jr.'s Pledge Agreement, Fong Jr. granted to the Bank a security interest in the collateral described therein to secure the indebtedness evidenced by the January 26 Note and all other indebtedness for which Fong Sr. is responsible in connection with said indebtedness.

7. To assure Plaintiff a perfected security interest in all the collateral covered by Fong Jr.'s Pledge Agreement, Fong Jr. delivered to the Bank

3

Enterprises Stock Certificates No. 109 and 139, representing 486 and 144 shares, respectively, all in the name of Hiram L. Fong Jr. ("Fong Jr.'s Shares"), together with an Irrevocable Stock or Bond Power for the shares represented by each such certificate.

8. On or about January 27, 1994, the Bank made a commercial loan in the principal amount of TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00) to Fong Sr., which loan was evidenced by that certain Promissory Note dated January 27, 1994 ("January 27 Note") which was made, executed and delivered to the Bank by Fong Sr.

9. By Change in Terms Agreement dated February 17, 1995, the January 27 Note was amended by extending the term of the January 27 Note and adjusting the interest rate thereunder.

10. At the time of the execution and delivery of the January 27 Note, as part of the same transaction, and for the purpose of securing payment of the January 27 Note, Defendant Ellyn Fong, as Trustee of the Ellyn Lo Fong Revocable Trust dated 3/24/93 ("Trustee"), made, executed and delivered to the Bank that certain Commercial Pledge Agreement dated January 27, 1994 (Trustee's Pledge Agreement") covering and granting the Bank a security interest in and to 241 shares of Enterprises, owned by Trustee. Pursuant to Trustee's Pledge Agreement, Trustee granted to Bank a security interest in the collateral described

therein to secure the indebtedness evidenced by the January 27 Note and all other indebtedness for which Fong Sr. is responsible under any other instruments, agreements, and documents, whether then or thereafter existing, executed in connection with said indebtedness.

11. To assure a perfected security interest in all the collateral covered by Trustee's Pledge Agreement, Trustee delivered to the Bank Enterprises Stock Certificate No. 238, representing 241 Enterprise shares, all in the name of Trustee ("Trustee's Shares"), together with an Irrevocable Stock or Bond Power for the shares represented by such certificate.

12. On or about February 7, 1996, Fong Sr. renewed the indebtedness under the January 27 Note by a Promissory Note dated February 7, 1996 in the principal amount of $189,950.54 ("Renewed January 27 Note") which was made, executed and delivered to the Bank of Honolulu.

13. By Change in Terms Agreements dated January 24, 1997, December 29, 1997, March 17, 1999, December 30, 1999 and July 5, 2000, the Renewed January 27 Note was amended by extending the term of the Renewed January 27 Note and adjusting the interest rate thereunder.

14. The Federal Deposit Insurance Corporation ("FDIC"), as Receiver for the Bank, assigned the January 26 Note and the Renewed January 27 Note to Plaintiff, as endorsed on said Notes.

15. The FDIC, as Receiver for the Bank, assigned the Bank's security interest in Fong Jr.'s Shares and in Trustee's Shares to Plaintiff by those certain Assignments of Security Interest in Stock dated March 20, 2001 and delivered said Shares and the stock powers relating thereto to Plaintiff.

16. Fong Sr. has defaulted in the observance and the performance of the terms, covenants and conditions set forth in the January 26 Note, the January 27 Note, and the Renewed January 27 Note in that he failed, neglected, and refused to make payments as required under the January 26 Note and the January 27 Note, as renewed by the Renewed January 27 Note, and is consequently in default thereunder.

17. Notwithstanding due and proper demand made upon Fong Sr. for payment of the amounts due and owing to Plaintiff pursuant to the January 26 Note and the January 27 Note as renewed by the Renewed January 27 Note, Fong Sr. continues to fail, neglect, and refuse to make the payments due and owing to Plaintiff.

18. Pursuant to the terms of the January 26 Note and the January 27 Note as renewed by the Renewed January 27 Note, and the notice provided to Fong Sr. on January 9, 2002, the interest under the January 26 Note and the interest under the January 27 Note as renewed by the Renewed January 27 Note, was

increased to a default rate of twenty-four percent (24%) per annum beginning on January 22, 2002.

19. Plaintiff is and continues to be the holder of the January 26 Note and the assignee of the Bank's interest in Fong Jr.'s Shares and as of September 17, 2004, Fong Sr. is indebted to Plaintiff in the following amounts pursuant to the January 26 Note:

| | |
|---|---|
| Principal: | $526,470.02 |
| Accrued Interest through 9/17/04 | 294,810.31 |
| Total: | $821,280.33 |

The total sum, together with interest at the default rate of twenty-four percent (24%) per annum with a current per diem interest rate of $346.17, plus late charges, attorneys' fees and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized, are valid liens on Fong Jr's Shares.

20. Plaintiff is and continues to be the holder of the Renewed January 27 Note and the assignee of the Bank's interest in Trustee's Shares and as of September 17, 2004, Fong Sr. is indebted to Plaintiff in the following amounts pursuant to the January 27 Note as renewed by the Renewed January 27 Note:

| | |
|---|---|
| Principal: | $138,448.30 |
| Accrued Interest through 9/17/04 | 79,736.71 |
| Total: | $218,185.01 |

The total sum, together with interest at the default rate of twenty-four percent (24%) per annum with a current per diem interest rate of $91.03, plus late charges, attorneys' fees and such other and further amounts and charges as may be proper and allowed, until the closing of the sale herein authorized, are valid liens on Fong Jr.'s Shares and the Trustee's Shares (collectively "Shares").

21. By reason of the facts above set forth and alleged, Plaintiff is entitled to the foreclosure of its security interest in the Shares and the sale of the Shares.

22. Plaintiff has incurred, and will continue to incur, other fees, costs and expenses in connection with this matter.

23. Enterprises and one or more Defendants owning shares of Enterprises may claim an interest in, or rights in or to, the Shares in that the Articles of Incorporation of Enterprises provides that no stock shall be transferred to any person without first offering the stock for sale by written notice to the corporation at the same price and on the same terms as would govern upon a transfer to such other person.

24. There is no just reason for delay in entering a final judgment in favor of Plaintiff and against Defendant Fong Sr. and the present owners of the Shares.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction under 28 U.S.C. Section 1332 in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a).

3. There is now due and owing to Plaintiff the sum of $821,280.33 as of September 17, 2004, with interest accruing at the rate of $346.17 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the January 26 Note and Fong Jr. Pledge Agreement, including interest, costs, expenses, late charges, other charges and attorneys' fees as the Court shall determine.

4. There is now due and owing to Plaintiff the sum of $218,185.01 as of September 17, 2004, with interest accruing at the rate of $91.03 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the January 27 Note as renewed by the Renewed January 27 Note and Trustee's Pledge Agreement, including interest, costs, expenses, late charges, other charges and attorneys' fees as the Court shall determine.

5. Plaintiff has a valid, perfected, security interest in the Shares.

6. Plaintiff is entitled to have its security interest in the Shares foreclosed and to have the Shares sold in a manner provided by law and in the Fong Jr. Pledge Agreement and Trustee's Pledge Agreement.

7. Plaintiff is entitled to judgment against Fong Sr. and the present owners of the Shares as a matter of law on Counts I and III of its Amended Complaint.

8. This Court expressly directs that final judgment shall be entered as to Plaintiff and against Fong Sr. and the owners of the Shares as to Counts I and III of the Amended Complaint as there is no just reason for delay.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AS TO
COUNTS I AND III OF THE AMENDED COMPLAINT
<u>FILED HEREIN ON FEBRUARY 3, 2003, FILED SEPTEMBER 20, 2004</u>

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Plaintiff's Motion for Summary Judgment as to Counts I and III of the Amended Complaint Filed herein on February 3, 2003, having been filed on September 20, 2004, is hereby granted and Summary Judgment and Interlocutory Decree of Foreclosure in favor of Plaintiff and against Defendants is hereby entered.

2. Defendant Fong Sr. is in default under the January 26 Note and Fong Jr. Pledge Agreement. As of September 17, 2004, there is due and unpaid to Plaintiff under the January 26 Note the sum of $821,280.33, with interest accruing

at the rate of $346.17 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the January 26 Note and Fong Jr. Pledge Agreement held by Plaintiff, including interest, costs, expenses, late fees, other charges and attorneys' fees as the Court shall determine at a subsequent hearing, all sums to be paid at the date of closing of the sale hereinafter authorized.

    3.    Defendant Fong Sr. is in default under the January 27 Note as renewed by the Renewed January 27 Note and Trustee's Pledge Agreement. As of September 17, 2004, there is due and unpaid to Plaintiff under the provisions of the January 27 Note as renewed by the Renewed January 27 Note the sum of $218,185.01, with interest accruing at the rate of $91.03 per day and late charges, together with other amounts as the Court shall subsequently determine to be lawfully chargeable under the provisions of the January 27 Note as renewed by the Renewed January 27 Note and Trustee's Pledge Agreement held by Plaintiff, including interest, costs, expenses, late fees, other charges and attorneys' fees as the Court shall determine at a subsequent hearing, all sums to be paid at the date of closing of the sale hereinafter authorized.

    4.    All sums that are due or will become due to Plaintiff pursuant to the January 26 Note and January 27 Note as renewed by the Renewed January 27 Note are valid liens upon the Shares.

5. The security interests held by Plaintiff in the Shares shall be and are hereby foreclosed as prayed, and the Shares shall be sold as authorized by law and under the provisions of the respective Fong Jr. Pledge Agreement and Trustee's Pledge Agreement, or by way of public or private sale. The sale shall not be final until approved and confirmed by the Court.

6. Jay T. Suemori, whose address is Suite 801, Davies Pacific Center, 841 Bishop Street, Honolulu, Hawaii 96813 and whose telephone number is (808) 532-1711 is hereby appointed as Commissioner by this Court and as such Commissioner shall henceforth hold all equitable and legal title to the Shares, and is hereby authorized and directed to take possession of the Shares, to collect dividends, and to sell the Shares in a commercially reasonable manner, in a manner consistent with applicable federal and state securities laws by private sale or by public sale. The commissioner must advertise the sale of the Shares in a newspaper of general circulation on Oahu to the same extent as if he were selling real property in a foreclosure action. In accordance with the provisions of Fong Jr. Pledge Agreement and Trustee's Pledge Agreement, if the Commissioner is unable, or believes that he or she is unable, to sell the Shares in an open market transaction or a public sale without registration under federal or state laws, then the Commissioner may make a private sale to one or more persons, or to a restricted group of persons. In the event of a private sale, pursuant to 28 U.S.C. § 2004, the

Commissioner must comply with 28 U.S.C. § 2001. No bond shall be required of the Commissioner. The Commissioner shall be awarded a reasonable fee as Commissioner in an amount to be subsequently determined by the Court and which shall be calculated at $135.00 per hour for all hours reasonably worked. The Commissioner's fees and costs shall be deemed to be secured by Plaintiff's security interest in the Shares. In the event the person appointed in this order refuses or becomes unable to act as Commissioner, the Court shall appoint another person to serve as Commissioner, without further notice or hearing.

7. The Commissioner shall hold all proceeds of sale of the Shares to the credit of this cause subject to the directions of this Court. A further hearing shall be held in the action to consider confirmation of the foreclosure sale. At the hearing, the court shall hear proof of the claim of any other party and shall determine the priority among the claims of the parties besides Plaintiff. At the hearing, the Court will also allow an auction by accepting bids, the first of which must be at least one hundred five percent (105%) of the purchase price for which confirmation is being sought. Anyone may open the auction by bidding, including all parties to this action and any other interested person, whether or not any such party or interested person had, or could have, negotiated or bid previously. The Court reserves jurisdiction to determine the party or parties to whom any surplus shall be awarded. With respect to the Shares, any confirmation shall be subject to

the right of Enterprises to purchase the Shares at the same price and on the same terms, and if Enterprises declines to exercise such right, to the rights of the shareholders of Enterprises to purchase the Shares at the same price and on the same terms. The Court shall determine the amount of the fee of the Commissioner and the amount of the attorneys' fees and costs of Plaintiff and shall direct the final payment of the proceeds of the foreclosure sale. Upon distribution of the sale proceeds according to the directions of the Court, the Commissioner shall file an accurate accounting of receipts, expenses and distributions.

8.  All defendant parties hereto, and all persons claiming by, through or under said parties, will be perpetually barred of and from any and all right, title and interest in the Shares or any part thereof upon the closing of the sale herein authorized.

9.  Plaintiff and all other parties are hereby authorized to purchase the Shares at the foreclosure sale. The selected party purchasing at private sale or the successful bidder at any auction shall make a down payment to the Commissioner in an amount not less than ten percent (10%) of the highest successful negotiated or bid price. This payment shall be in cash, money order, by cashier's check or by certified check, provided that Plaintiff may satisfy the down payment by way of offset up to the amount of its secured debt ("credit bid"). Prior to bidding or negotiation, any person not hereby authorized to credit bid must show

the Commissioner such person's present ability to make the required down payment in such form immediately upon the termination of negotiations or the close of the bidding. At the Court's discretion, the 10% down payment may be forfeited in full or in part if the purchaser shall fail to pay the balance of the purchase price as hereinafter set forth. In no event shall the purchaser be liable for damages greater than the forfeiture of the 10% down payment. The balance of the purchase price shall be paid to the Commissioner upon approval and confirmation of the sale, provided that if Plaintiff is the purchaser of the Shares at the foreclosure sale, said purchaser may satisfy the balance of the purchase price by way of offset up to the amount of its secured debt. The Commissioner may require that the sale close through an escrow, even if the purchaser does not require one. All costs of closing, including without limitation the costs of conveyance and escrow fees, shall be the responsibility of and paid by the purchaser.

10. The Commissioner shall receive and collect any dividends, and exercise any rights, attributable to the Shares and shall hold any dividends or other income or profits from the Shares subject to further order of this Court regarding distribution.

DATED: Honolulu, Hawaii, __NOV 29 2004__.

SUSAN OKI MOLLWAY
------
JUDGE OF THE ABOVE ENTITLED COURT

---

Civil No. CV-02-00383, N. Harwood Street Partners I, L.P. vs.. Fong, et al.; Plaintiff's Findings Of Fact, Conclusions Of Law, Order Granting Plaintiff's Motion For Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong and Patsy Nakano Fong, also known as Patsy N. Fong Filed On October 1, 2003