Of Counsel:
OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
Attorneys at Law
A Law Corporation

JEFFREY DANIEL LAU   2157-0
KURT K. LEONG          5577-0
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii  96813
E-mail: jlau@ollon.com
Telephone:  533-3999
Facsimile:  533-0144

Attorneys for Defendants
FINANCE ENTERPRISES, LTD., et. al.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| N. HARWOOD STREET PARTNERS I, L.P. a Delaware limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 HG-BMK (Contract)<br><br>**DEFENDANT FINANCE ENTERPRISES, LTD.'S RESPONSE TO PLAINTIFF KAHALA CCM FACTORS, LLC'S MOTION FOR AN ORDER SETTING DEADLINE FOR ANY INTERESTED PARTY TO SHOW CAUSE WHY KAHALA CCM FACTORS, LLC IS ALLEGEDLY NOT ENTITLED TO CREDIT BID ON THE COLLATERAL IN THE AMOUNTS SET BY THE EXPRESS TERMS OF THE FORECLOSURE DECREES, FILED OCTOBER 24, 2006**<br><br>Date:   October 27, 2006<br>Time:   2:30 pm.<br>Judge:  Hon. Barry M. Kurren |

**DEFENDANT FINANCE ENTERPRISES, LTD.'S RESPONSE TO PLAINTIFF KAHALA CCM FACTORS, LLC'S MOTION FOR AN ORDER SETTING DEADLINE FOR ANY INTERESTED PARTY TO SHOW CAUSE WHY KAHALA CCM FACTORS, LLC IS ALLEGEDLY NOT ENTITLED TO CREDIT BID ON THE COLLATERAL IN THE AMOUNTS SET BY THE EXPRESS TERMS OF THE FORECLOSURE DECREES, FILED OCTOBER 24, 2006**

Comes now, Defendant FINANCE ENTERPRISES, LTD. (hereinafter "FE" or "Finance Enterprises"), and hereby submits its Response to PLAINTIFF KAHALA CCM FACTORS, LLC'S MOTION FOR AN ORDER SETTING DEADLINE FOR ANY INTERESTED PARTY TO SHOW CAUSE WHY KAHALA CCM FACTORS, LLC IS ALLEGEDLY NOT ENTITLED TO CREDIT BID ON THE COLLATERAL IN THE AMOUNTS SET BY THE EXPRESS TERMS OF THE FORECLOSURE DECREES, filed herein on October 24, 2006.

There are several issues that need to be resolved or clarified before the auction can proceed.

First, it is not quite clear how many shares of FE stock are being auctioned. FE has received conflicting notices that initially stated that 92 shares of Market City, Ltd. stock and 1,092 shares of FE stock would be auctioned. Then another notice was received that stated that 1,963 shares of FE stock would be auctioned.

Second, there are 3 promissory notes involved in this matter, with different amounts owed and different collateral for each. The first note was made by Rodney and Patsy Fong and is secured by 1,092 shares of FE stock (the

"Rodney Fong Note"). The second note was made by Hiram Fong, Sr., and secured by 630 shares of FE stock owned by Hiram Fong, Jr. The third note was made by Hiram Fong, Sr., and secured by 241 shares of FE stock owned by Ellyn Fong. None of the Rodney Fong or Hiram Fong Notes were cross-collateralized. Therefore, a creditor can only credit bid the amount owed on the Rodney Fong Note for the stock that secures that note and the same holds true for each of the Hiram Fong Notes for the stock that secures each of those notes. To the extent that the sales proceeds from the respective stock collateral exceed the debt that it secures, the surplus would presumably belong to the bankruptcy estates of the respective debtors (Rodney Fong and Hiram Fong, Sr.). Therefore, FE does not believe that the Commissioner can sell all of the stock as one block, but instead the stock needs to be auctioned as three separate blocks of shares, and the Commissioner's notice should be amended.

Third, although the orders granting foreclosure for the Rodney Fong Note and the Hiram Fong Notes each provided the outstanding debt at the time, those payoffs need to be updated and clarified. Otherwise the Commissioner and other interested parties would not know how much KAHALA CCM is entitled to credit bid, and other bidders or potential bidders may be put at a disadvantage, or discouraged from bidding. There are several sub-issues that affect the payoffs.

The first sub-issue affecting the payoffs is that the Rodney Fong Note has been paid down, and this paydown is not reflected in the alleged payoffs

submitted by KAHALA CCM.  As set forth in the 2/3/04 Judgment,[1] the Rodney Fong Note was secured not only by 1,092 shares of FE stock, but was also secured by 92 shares of Market City, Ltd (36 shares owned by Patsy Fong and 56 shares owned by Rodney Fong).  Upon information and belief, the Market City, Ltd. stock was liquidated, thereby reducing the amount of the debt.  Unless this paydown is accounted for, the Commissioner and other parties will not know how much KAHALA CCM can credit bid.

The second sub-issue affecting the payoffs is the interest rate.  KAHALA CCM calculates the updated payoffs at the 24 percent (24%) default rate, which would maximize the amount that it can credit bid.  However, FE questions the application of this default rate in this particular case on two bases.

The first objection to application of the default rate is that it would be akin to granting liquidated damages to KAHALA CCM.  It is well established that liquidated damages may be allowable if intended to compensate the creditor for costs incident to a default, or if actual damages are not calculable.  However, liquidated damages are not enforceable if they serve merely to penalize the borrower for defaulting.  *See, e.g.,* Gomez v. Pagaduan, 1 Haw. App. 70, 613 P.2d 658 (1980) (liquidated damages are enforceable only if there is a reasonable relation between the amount retained and actual damages); In re Oahu Cabinets, 12 B.R. 160 (D. Haw. 1981) (liquidated damages enforceable

---

[1] The "2/3/04 Judgment" refers to "Plaintiff's Findings of Fact, Conclusions of Law, Order [etc.]", filed herein on February 3, 2004, and attached as Exhibit "1" to KAHALA CCM's Motion.

where anticipated damages in the event of breach are difficult to ascertain, the parties mutually intend to liquidate the damages in advance, the liquidated damages are reasonable and proportionate, and are not intended as a penalty); In re Holiday Mart, 9 B.R. 99 (D. Haw. 1981) (liquidated damages enforceable where at the time the contract was made actual damages would be difficult to estimate, and the liquidated damages would appear to be a reasonable pre-estimate of actual damages).  In this case, even if, assuming *arguendo*, application of the default rate was appropriate back in 2004 when the judgments were entered, it is not reasonable to presume that the parties intended or contemplated that it would take another two years to conduct the auction, and that the 24 percent default would continue indefinitely.  The result would be to reward a Plaintiff for delaying the auction.  Moreover, in this case KAHALA CCM just recently acquired the interests of the prior Plaintiff and came into this action, and has therefore sustained little or no costs or damages as a result of the borrowers' default under the promissory notes.

  The second objection to the application of the default rate is that, since Judgments have been entered on the promissory notes, and the security interests have been foreclosed, the post-judgment interest rate should apply, rather than the interest rate set forth in the promissory notes.

  The final issue that needs to be clarified or resolved before the auction takes place is the procedure for FE and/or its stockholders to exercise their right of first refusal.  FE's Articles of Incorporation contain a stock transfer restriction,

which basically provides that before any stock can be sold, FE and its stockholders have an option or right of first refusal to purchase the stock at the same price and on the same terms. Given the fact that the auction sale is subject to confirmation, FE submits that the following procedure should be followed:

    1.   The auction is held and the FE stock is sold to the highest bidder, subject to court confirmation. At the confirmation hearing the Court will confirm the sale to the highest bidder, subject to the rights of first refusal of FE and its shareholders.

    2.   Once the Court's confirmation order is filed, FE has 15 days to match the confirmed price. If FE doesn't match, the shareholders of FE have another 15 days to match the confirmed price

In light of the foregoing, FINANCE ENTERPRISES respectfully requests that the Court require that the Commissioner and other interested parties clarify or resolve the above issues before allowing the auction to proceed.

    Dated:   Honolulu, Hawaii, October 27, 2006.

| | |
|---|---|
| Of Counsel:<br>OLIVER, LAU, LAWHN,<br>  OGAWA & NAKAMURA |   _/s/ Kurt K. Leong_<br>JEFFREY DANIEL LAU<br>KURT K. LEONG<br>Attorneys for Defendant<br>FINANCE ENTERPRISES |