Of Counsel:
NING LILLY & JONES

| | |
|---|---|
| KE-CHING NING | 1940 |
| STEPHEN A. JONES | 2957 |
| MICHAEL A. LILLY | 1681 |

707 Richards Street, Suite 700
Honolulu, Hawaii 96813
Telephone: (808) 528-1100; Fax: (808) 531-2415
E-mail: Stevejones@nljlaw.com
lau-wd-response

Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>    Defendants. | CIVIL NO. CV-02-00383 HG-BMK<br>(Contract)<br><br>DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S STATEMENT OF POSITION RE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS 1570 ALEWA LIMITED PARTNERSHIP, MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94, FILED NOVEMBER 13, 2006; DECLARATION OF STEPHEN A. JONES; DECLARATION OF |

ORIGINAL

|  |  |
|---|---|
| ) | DEANE P. LEONG; EXHIBITS "A-- |
| ) | B"; CERTIFICATE OF SERVICE |
| ) | |
| ) | |
| ) | **Hearing:** |
| ) | **Date:** December 1, 2006 |
| ) | **Time:** 2:00 p.m. |
| ) | **Judge:** Hon. Barry M. Kurren |
| ) | |

DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S
STATEMENT OF POSITION RE JEFFREY LAU'S MOTION TO
WITHDRAW AS COUNSEL FOR DEFENDANTS 1570 ALEWA
LIMITED PARTNERSHIP, MARVIN ALLAN FONG, AS TRUSTEE FOR
THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT
DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y.
AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE
TRUST AGREEMENT DATED 5/9/94, FILED NOVEMBER 13, 2006

Jeffrey Lau and his law firm purported, until recently, to represent Defendant 1570 ALEWA LIMITED PARTNERSHIP ("Alewa") as well as various other parties, including Defendant Finance Enterprises, Ltd.

Although Mr. Lau had no authorization from Alewa or some of the other Defendants to represent them, he appears to have somehow taken over this multiple-client representation from Sam Yee in mid-2005. Astonishingly, Mr. Yee did not obtain authorization from Alewa (or some of the other clients) to assign their representation to Mr. Lau.

Compounding the problem, it appears that Mr. Lau is himself an officer and director of Finance Enterprises, and Sam Yee is an officer. See, Finance Enterprises, Ltd.'s Annual Statement for 2006 attached hereto as Exhibit "A".

These capacities themselves place Mr. Yee and Mr. Lau in a position of conflicted roles.

Undersigned counsel for Alewa recently appeared in this case after learning of Mr. Lau's activities. The record is very disturbing to Alewa, revealing that various positions and claims (including not only litigation positions but also settlement matters) were put forward by Mr. Yee and/or Mr. Lau, without any disclosure to or authorization by Alewa (or some of the other co-clients whom Mr. Yee and Mr. Lau were purporting to represent). There is a serious adversity of interest as between 1570 Alewa and some members of Finance Enterprises management including Mr. Yee (Declaration of Deanne Leong, attached); and there is a legally impermissible conflict of interest in Mr. Lau purporting to represent one client (Finance Enterprises) against a former client (1570 Alewa) in the same case.

Mr. Lau has been clearly advised that he cannot continue to represent one client (Finance Enterprises) against another client or former client (Alewa) in this case. See, Letter of Steve Jones dated November 16, 2006, attached hereto as Exhibit "B".

Mr. Lau's attempt to withdraw only from representing Alewa, is therefore not well taken. He cannot continue to represent Finance Enterprises in this case either. Under Rules 1.7 and 1.9 of the Hawaii Rules of Professional Conduct, Mr.

3

Lau and his firm must withdraw from representing either Finance Enterprises or Alewa in this matter.

Under Rule 1.7[1], Mr. Lau should never have undertaken this multiple-client representation in the first place; there has been no meaningful disclosure or consultation concerning conflict issues.

---

[1] Rule 1.7 states:
> (a) A Lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after consultation.
> (b) A Lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

And see, Comment 1

> *Loyalty to a Client:*
> [1] Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. The lawyer should adopt reasonable procedures, appropriate for the size and type of firm and practice, to determine in both litigation and non-litigation matters the parties and issues involved and to determine whether there are actual or potential conflicts of interest

Under Rule 1.9[2], even if Mr. Lau now considers Alewa to be his "former client" (which seems to be the thrust of Mr. Lau's current motion to withdraw), he cannot continue to represent Finance Enterprises in this case. Alewa's interests are adverse to Finance Enterprises interests. Mr. Lau must withdraw from representing either of them.

Alewa reserves all claims against Finance Enterprises, Mr. Yee and Mr. Lau. In the meantime, Alewa respectfully submits that Mr. Lau and his firm must

---

[2] Rule 1.9 states:
    (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
    (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.
        (1) whose interests are materially adverse to that person; and
        (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation.
    (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
        (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
        (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

withdraw from further representation of both Alewa and Finance Enterprises in this matter.

DATED: Honolulu, Hawaii, *November 21, 2006*.

_____
KE-CHING NING
STEPHEN A. JONES
MICHAEL A. LILLY
Appearing Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP