STARN • O'TOOLE • MARCUS & FISHER
A Law Corporation

TERENCE J. O'TOOLE 1209-0
Suite 1900, Pacific Guardian Center
Makai Tower, 733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 537-6100

Attorney for Defendants
MARVIN ALLAN FONG, as Trustee for
the Marvin Allan Fong Revocable Trust
Agreement Dated 5/9/94 and for Nathan
Allan Fong, and SANDRA Y.Y. AU FONG,
as Trustee of the Sandra Y.Y. Au Fong
Revocable Trust Agreement Dated 5/9/94

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 ~~HG~~ SOM-BMK<br>(Contract)<br><br>DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S STATEMENT OF POSITION RE MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS 1570 ALEWA LIMITED PARTNERSHIP, MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST |

60430


|   | AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94, FILED NOVEMBER 13, 2006; DECLARATION OF MARVIN ALLAN FONG; DECLARATION OF SANDRA Y.Y. AU FONG; DECLARATION OF TERENCE J. O'TOOLE; EXHIBITS "A"-"B"; CERTIFICATE OF SERVICE |
|---|---|
|   | **Hearing:** <br> Date:   December 1, 2006 <br> Time:   2:00 p.m. <br> Judge:  Hon. Barry M. Kurren |

DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S STATEMENT OF POSITION RE JEFFREY LAU'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS 1570 ALEWA LIMITED PARTNERSHIP, MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94, FILED NOVEMBER 13, 2006

Until recently, Jeffrey Lau and his law firm purported to represent Defendants MARVIN ALLAN FONG, As Trustee For The Marvin Allan Fong Revocable Trust Agreement Dated 5/9/94 And For Nathan Allan Fong, and SANDRA Y.Y. AU FONG, As Trustee Of The Sandra Y.Y. Au Fong Revocable

Trust Agreement Dated 5/9/94 (collectively the "Fongs") as well as various other parties, including Defendant Finance Enterprises, Ltd. ("Finance Enterprises").

As more fully set forth herein, Mr. Lau and his firm were never authorized by the Fongs to represent them. Furthermore, Mr. Lau and his firm have an inherent conflict of interest in continuing to represent Finance Enterprises.

First, the Fongs join in Defendant 1570 Alewa Limited Partnership's Statement of Position in this matter.

Second, and with respect to Mr. Lau's representation of the Fongs, Mr. Lau had no authorization from the Fongs to represent them. It appears that Mr. Lau took over their representation from attorney Sam Yee in mid-2005. Neither, Mr. Yee nor Mr. Lau obtained authorization from the Fongs to assign their representation to Mr. Lau.

Third, Mr. Lau is an officer and director of Finance Enterprises[1] which squarely places Mr. Lau in a conflict of interest position *vis a vis* the Fongs.

Specifically, the Fongs, together with Defendant 1570 Alewa Limited Partnership and others, are shareholders in Finance Enterprises. These defendants and other Finance Enterprises' shareholders are engaged in a dispute with Finance Enterprises regarding their stockholder rights, including their rights of refusal concerning purchases of Finance Enterprises' stock. Another area of dispute

---

[1] *See* Finance Enterprises, Ltd.'s Annual Statement for 2006 attached hereto as Exhibit "A".

concerns the actions of certain corporate insiders which evaded or subverted Finance Enterprises' own rights of refusal. Sam Yee and Jeff Lau have hopeless conflicts of interest as to these matters.

Mr. Lau has now been expressly advised that he cannot continue to represent Finance Enterprises. *See* Letter of Terry O'Toole dated November 16, 2006, attached hereto as Exhibit "B".

Mr. Lau's attempt to partially withdraw in the current matter does not resolve his overall ethical conflict. Under Rules 1.7 and 1.9 of the Hawaii Rules of Professional Conduct, Mr. Lau and his firm must withdraw from representing Finance Enterprises and the Fongs in this matter.

Mr. Lau should never have undertaken this multiple-client representation in the first place: there was no meaningful disclosure or consultation as required by Rule 1.7.[2]

---

[2] Rule 1.7 states:
    (a) A Lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
        (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
        (2) each client consents after consultation.
    (b) A Lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
        (1) the lawyer reasonably believes the representation will not be adversely affected; and
        (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Furthermore, under Rule 1.9[3], Mr. Lau and his firm cannot continue to represent Finance Enterprises in this case since the Fongs' interests are adverse to Finance Enterprises interests as to the stockholder rights of refusal.

The Fongs respectfully submit that Mr. Lau and his firm must withdraw from further representation of both the Fongs and Finance Enterprises in this matter and should they fail to do so, that this Court should order their withdrawal.

---

And see, Comment 1
> *Loyalty to a Client:*
> [1] Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. The lawyer should adopt reasonable procedures, appropriate for the size and type of firm and practice, to determine in both litigation and non-litigation matters the parties and issues involved and to determine whether there are actual or potential
> conflicts of interest

[3] Rule 1.9 states:
> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.
>> (1) whose interests are materially adverse to that person; and
>> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client consents after consultation.
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>> (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
>> (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

DATED:   Honolulu, Hawaii, November 22, 2006.

*/s/ Terence J. O'Toole*
TERENCE J. O'TOOLE
Attorney for Defendants
MARVIN ALLAN FONG, as Trustee for
the Marvin Allan Fong Revocable Trust
Agreement Dated 5/9/94 and for Nathan
Allan Fong, and SANDRA Y.Y. AU
FONG, as Trustee of the Sandra Y.Y. Au
Fong Revocable Trust Agreement Dated
5/9/94