IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS<br>HIRAM L. FONG, SR., et al.<br><br>   Defendants. | CIVIL NO. CV-02-00383 SOM/BMK<br>(CONTRACT)<br><br>MEMORANDUM IN SUPPORT<br>OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

This is a lawsuit to recover on debts owed by Hiram L. Fong, Sr., Ellyn Lo Fong, Rodney L. Fong and Patsy N. Fong (collectively, the "Fongs" or "Debtors") that were secured by 1,963 shares of common stock in Defendant Finance Enterprises, Ltd. ("Enterprises") identified in the complaint (the "Shares").  The debt was formerly held by the predecessor in interest of Plaintiff Kahala CCM Factors, LLC ("Plaintiff"), N. Harwood Street Partners I, LP, who had obtained Rule 54(b)-certified final foreclosure decrees (adopted by reference in this motion and hereinafter referred to collectively as the "Judgments").  Plaintiff was substituted in place of N. Harwood on Plaintiff's motion.

56564/150166.2

II.   DISCUSSION

    A.   Applicable Legal Standards

In this case, Hawaii law provides the rule of decision.  28 U.S.C. § 1652. Under Hawaii law, a court's "authority to confirm a judicial sale is a matter of equitable discretion." Hoge v. Kane II, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983).  "In exercising its discretion, the court should act in the interest of fairness and prudence and with just regard for the rights of all concerned and the stability of judicial sales." Id.  The exercise of discretion by the lower court judge will not be disturbed on appeal except for abuse. Costa Brent v. Staveris Dev. Corp., 7 Haw. App. 40, 45, 741 P.2d 722, 726 (1987).  Where the court permits overbidding at a confirmation hearing, it should allow the original winning bidder to participate in further bidding and confirm the sale at the highest price received. In re Estate of Lawrence, 45 Haw. 199, 205 (1961).

    B.   Procedures Set Forth in the Foreclosure Judgments

The Judgments provided that, following the auction, the Court would hold a hearing to: (1) consider confirmation of the auction sale; (2) hear proofs of claim and determine priority among claimants besides the Plaintiff; and (3) entertain a further auction by accepting overbids at a minimum starting bid of 105% of the foreclosure sale price. See 2/3/04 Judgment, at pp. 10-11; 12/1/04 Judgment, at p. 13.  Under the Judgments "any confirmation shall be subject to the right of

Enterprises to purchase the Shares at the same price and on the same terms, and if Enterprises declines to exercise such right, to the rights of the shareholders of Enterprises to purchase the Shares at the same price and on the same terms." See 2/3/04 Judgment at p. 11; 12/1/04 Judgment, at pp. 13-14.

    C.    This Court Should Approve the Commissioner's Report and Confirm the Sale

On November 1, 2006, pursuant to the Judgments and after duly publishing notices in the newspaper, Commissioner Jay T. Suemori held a public auction of the Shares at which Plaintiff was the successful winning bidder. See Declaration of Christopher J. Cole, Exhibit 1 (Commissioner's Report). Plaintiff requests that this Court approve the Commissioner's Report with one minor amendment: that the Commissioner's Report should have noted that Plaintiff made a cash down payment of $12,115.72 to Mr. Suemori on November 1, 2006 toward the purchase of the Shares as he had directed. See id., Exhibit 2.

    D.    The Court Should Award Plaintiff's Attorneys' Fees and Costs

Plaintiff is entitled to legal fees and costs under the Judgments and pursuant to 28 U.S.C. § 1652 (state law as rule of decision), and applicable state law, including but not limited to the provisions of Haw. Rev. Stat. §§ 607-9 (costs), 607-14 (suits on a promissory note with a fees provision), 651-123 (application of proceeds of sale of personal property under writ of attachment or execution to

satisfy attorneys' fees), and/or 667-10 (creditor's right to deduct expenses associated with foreclosure on lien against real or personal property).

Legal fees and costs incurred by the law firm of Lyons Brandt Cook & Hiramatsu on behalf of Plaintiff's predecessor in interest are set forth in detail in the attached Exhibit 3 (invoices) in the total sum of $99,645.54.

The amount of the legal fees and costs incurred by this law firm on behalf of Plaintiff currently stand in excess $75,000.  See Cole Decl., attached.  These fees and costs are subject to further substantiation inasmuch as they will continue to accrue up to the time when they need to be determined by the Court for purposes of awarding fees and costs to Plaintiff and, if necessary, for ascertaining the final credit bid sum Plaintiff is entitled to apply should it be the winning bidder.

E.  Plaintiff is Entitled to Credit Bid Toward the Purchase of Shares

If there is no overbid at the hearing on this motion, or if after receiving such overbid, Plaintiff ends up as the winning bidder for any or all lots of the shares of stock in Finance Enterprises that are the subject of this action, then Plaintiff is entitled to apply toward the purchase price the entire amount of its secured debt under the Judgments.  Although Plaintiff's current bid was fixed at the auction on November 1, 2006, its secured debt (and thus the amount Plaintiff is entitled to credit-bid toward the purchase of shares at the bid price) continues to grow over time due to additional sums accrued and ongoing for per diem interest, attorneys'

150166.2                                           4

fees, costs and charges.  See 2/6/04 Judgment, at pp. 6, 12; 12/4/04 Judgment, at pp. 7-8, 15.  Plaintiff believes it will have ample credit to support all of its bids at the hearing, but will be ready, willing and able to make up any shortfall at that time.  Plaintiff can provide a statement of the estimated amount of its credit bid once the hearing date is established.  With leave of this Court, Plaintiff plans to submit a supplemental statement of its estimated credit bid at such later date.

    F.  <u>This Court Should Approve Procedures for Exercising Rights of Refusal, but any Dispute Concerning Same Should not Delay Confirmation</u>

Plaintiff proposes that the Court approve procedures for rights of refusal set forth in the Appendix A to this Motion.  Plaintiff met and conferred with the other parties over these proposed procedures, and incorporated comments received from counsel in finalizing same.  See Cole Decl., Exhibits 4 and 5.

III.  <u>CONCLUSION</u>

Plaintiff respectfully requests that the Court grant this motion in its entirety.

DATED:  Honolulu, Hawaii, DEC 1 3 2006 .

/s/ *signature*

ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for Plaintiff
Kahala CCM Factors, LLC