# OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
ATTORNEYS AT LAW ▾ A LAW CORPORATION

JEFFREY DANIEL LAU
ROY T. OGAWA
REID A. NAKAMURA
A. DEBBIE JEW
MICHAEL F. O'CONNOR

600 OCEAN VIEW CENTER • 707 RICHARDS STREET
HONOLULU, HAWAII 96813

P.O. BOX 2690
HONOLULU, HI 96803-2690

TELEPHONE (808) 533-3999
FACSIMILE (808) 533-0144

KURT K. LEONG
KEN OHARA

Of Counsel:
JASON F. OLIVER
JAMES H. LAWHN
RICHARD A. ING

December 4, 2006

Christopher J. Cole, Esq.
McCorriston Miller Mukai MacKinnon
P.O. Box 2800
Honolulu, HI 96803-2800

Re:   N. Harwood Street Partners I. L.P vs. Hiram L. Fong,
       Civil No. CV02-00383 SOM-BMK

Dear Mr. Cole:

As you know, we represent Finance Enterprises, Ltd. ("FE"), and certain shareholders. We are in receipt of your faxed "Proposed Procedures for Exercise of Rights of First Refusal Re: Shares of Stock of Finance Enterprises, Ltd.," which we received on Friday, December 1, 2006. We understand from your fax, as well as your representations in Court, that you intend to append these proposed procedures to your Motion to Confirm, which you intend to file early this week. This is obviously short notice for FE and its shareholders to respond. In addition, as you know, our law firm intends to withdraw from representation. However, to expedite this matter, these are our preliminary comments, which may be subject to revision, depending upon the feedback from our clients, as well as the feedback from substituting counsel.

First, as you know, the rights of first refusal are based upon and governed by FE's Articles of Incorporation, which establishes certain time frames for FE and its shareholders to exercise their respective rights of first refusal. Your Proposed Procedures shorten those time frames considerably. As a general guideline, the Proposed Procedures must adhere to the procedures set forth in the Articles of Incorporation.

Paragraph 1.1(a) of your Proposed Procedures proposes that FE must give notice in open court at the Confirmation Hearing if it intends to exercise its right of first refusal. This is unacceptable. The Articles provide that the stock must be offered for sale by written notice to FE at the same price and on the same terms as the intended purchaser, and that FE has <u>15 days</u> to exercise its right. The 15 day election period should not start running until the Court enters its Order confirming the sale. Such a provision is especially necessary if the bidding is re-opened at the Confirmation Hearing. If the bidding is reopened and the sale prices increase, it is unfair to require FE to make a snap decision at the Confirmation Hearing as to whether to exercise its right of first refusal, and would also violate the express provisions of the Articles.

EXHIBIT "J"

OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
ATTORNEYS AT LAW - A LAW CORPORATION

Christopher J. Cole, Esq.
December 4, 2006
Page 2

Similarly, if FE does not exercise its right of first refusal, the Articles provide that the stock shall be offered for sale by written notice to the shareholders, and the shareholders shall have another 15 days after receipt of the written offer to exercise their right of first refusal. Your attempt to unilaterally and arbitrarily reduce this time period to 10 days after the Confirmation Hearing is unacceptable.

We also object to the unreasonably short period of time (5 days after the Confirmation Hearing) that you have proposed for FE and its shareholders to consummate the purchase. Foreclosure orders typically will allow a buyer 30 days from the entry of the Order confirming sale in which to close the purchase. There is no reason to shorten this time period so drastically, other than to discourage exercise of the rights of first refusal, and/or cause a party that exercises its right of first refusal to lose the sale due to the unnecessarily stringent timeline.

In the same vein, there is no reason to circumvent FRCP Rule 6(a), regarding calculation of time periods, as set forth in Paragraph 1.1(f) of your Proposed Procedures. FRCP Rule 6 implicitly recognizes that when the parties are subjected to short time periods, it is unfair and unrealistic to count weekends and holidays in calculating deadlines. Accordingly, Paragraph 1.1(f) should be deleted.

Finally, we object to the condition you have proposed in Paragraph 1.1(a), suggesting that FE's right to purchase the shares is subject to some unspecified restrictions set forth by statute, contract, or regulation. If you believe there is such a restriction, it should be disclosed to all parties now, rather than "hiding the ball."

Please revise your Proposed Procedures pursuant to the above comments before submitting to the Court. As noted above, we are providing you these preliminary comments on very short notice, and we reserve the right to modify and/or supplement these comments, depending upon the feedback from our clients, as well as the feedback from substituting counsel.

Please do not hesitate to call to discuss this matter further. Thank you for your attention to this matter.

Very truly yours,

OLIVER, LAU, LAWHN, OGAWA & NAKAMURA
Attorneys at Law, A Law Corporation

Kurt K. Leong

1412-016 (41491)
cc:    Clients