AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF __HAWAII__

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, | **SUBPOENA IN A CIVIL CASE** |
| Plaintiff, | CASE NUMBER: 02 00383 SOM BMK |
| vs. | |
| HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., ET AL., | |
| Defendants. | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 8 2006

at ____ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

TO:   N. Harwood Street Partners I, L.P., c/o Lyons Brandt Cook & Hiramatsu, George W. Brandt, Esq., 841 Bishop Street, Suite 1800, Honolulu, HI, 96813

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law Offices of Reuben S.F. Wong<br>1164 Bishop Street, Suite 1005, Honolulu, Hawaii 96813 | January 5, 2007, 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Schedule 1 attached hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Law Offices of Reuben S.F. Wong<br>1164 Bishop Street, Suite 1005, Honolulu, Hawaii 96813 | January 5, 2007, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Finance Enterprises, Inc. | December 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Reuben S. F. Wong, Esq.
1164 Bishop Street, Suite 1005, Honolulu, Hawaii 96813    TEL: (808) 531-3526

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**ORIGINAL**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | December 27, 2006 | 841 Bishop Street, Suite 1800<br>Honolulu, HI 96813 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| N. Harwood Street Partners I, L.P. through George W. Brandt, Esq. of Lyons Brandt Cook & Hiramatsu | Through Candice Coatney, assistant to George W. Brandt, Esq., and authorized to accept service for George W. Brandt, Esq. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DANIEL H. TOYAMA | CIVIL PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on December 27, 2006
DATE

SIGNATURE OF SERVER

1665 Hoohai Street
Pearl City, HI 96782
ADDRESS OF SERVER
Phone: 808-222-6012

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## SCHEDULE 1

Any and all documents, including without limitation all correspondence, which state, refer to, relate to, or constitute in whole or in part the consideration, price, and/or other value given by Plaintiff KAHALA CCM FACTORS, LLC, its members, or any of its or their affiliates (including without limitation, Contrarian Funds, LLC and Contrarian Capital Management, LLC), or received by N. Harwood Street Partners I, L.P., any of its partners, or any of its or their affiliates (including without limitation, Treadstone USA, Inc.), for the claims listed in Schedule A to the Evidence of Transfer of Claims filed herein on or about September 28, 2006 as Exhibit 1 to the Declaration of Bradley E. Smith, which Schedule A is attached hereto or for any such claim or claims, including, without limitation, that certain Sale and Assignment Agreement dated September 1, 2006 as referenced in said Evidence of Transfer of Claims, any agreements collateral thereto such as, without limitation, "side" agreements, and any and all drafts thereof.

1602242.1

08/01/2008 10:48 FAX  208 828 1877      CONTRARIAN CAPITAL                    ☒004/005

09/01/2006 10 05 FAX                    KRAMER LEVIN NAFTALIS                 ☒011/013

## Schedule A

| Debtor | Case Number | Creditor | Type of Claim | Proof of Claim Amt. |
|---|---|---|---|---|
| Hiram Leong Fong and Ellyn Lo Fong | 03-00674 | N. Harwood Street Partners I, L.P. | Secured | $197,661.89 |
| Hiram Leong Fong and Ellyn Lo Fong | 03-00674 | N. Harwood Street Partners I, L.P. | Secured | $658,135.30 |
| Hiram Leong Fong and Ellyn Lo Fong | 03-00674 | N. Harwood Street Partners I, L.P. | Unsecured | $567,118.02 |
| Hiram Leong Fong and Ellyn Lo Fong | 03-00674 | N. Harwood Street Partners I, L.P. | Unsecured | $1,362,184.87 |
| Rodney Leong Fong and Patsy Nakano Fong | 05-04104 | N. Harwood Street Partners I, L.P. | Secured | $760,243.08 |

Initials:
Seller _NHF_
Buyer _____

10