9483
LAW OFFICES OF REUBEN S.F. WONG

| | |
|---|---|
| REUBEN S.F. WONG | #638-0 |
| DELWYN H.W. WONG | #7170-0 |
| COLETTE L. HONDA | #7597-0 |

Suite 1006, Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 531-3526
Facsimile: (808) 531-3522

Attorneys for Defendant
 FINANCE ENTERPRISES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 05 2007

at 3 o'clock and 30 min P__
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>HIRAM L. FONG, ALSO KNOWN<br>AS HIRAM L. FONG, SR., ET AL.,<br><br>          Defendants. | CIVIL NO. CV-02-00383 SOM BMK<br>(Contract)<br><br>DEFENDANT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF KAHALA CCM FACTORS, LLC'S EX PARTE MOTION TO ADVANCE AND SHORTEN TIME FOR HEARING ON PLAINTIFF KAHALA CCM FACTORS, LLC'S MOTION FOR AN ORDER APPROVING REPORT OF COMMISSIONER AND CONFIRMING THE SALE OF COLLATERAL (1,963 SHARES OF STOCK IN FINANCE ENTERPRISES, LTD.) AT PUBLIC AUCTION; DECLARATION OF REUBEN S.F. WONG; CERTIFICATE OF SERVICE |

**ORIGINAL**

DEFENDANT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF KAHALA CCM FACTORS, LLC'S
EX PARTE MOTION TO ADVANCE AND SHORTEN TIME FOR HEARING ON
PLAINTIFF KAHALA CCM FACTORS, LLC'S MOTION FOR AN ORDER
APPROVING REPORT OF COMMISSIONER AND
CONFIRMING THE SALE OF COLLATERAL (1,963 SHARES OF STOCK IN
FINANCE ENTERPRISES, LTD.) AT PUBLIC AUCTION

I.  INTRODUCTION

Plaintiff Kahala CCM Factors, LLC's Ex Parte Motion to Advance and Shorten Time for Hearing on Plaintiff Kahala CCM Factors, LLC's Motion for Order Approving Report of Commissioner and Confirming Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction (hereinafter "EPM to Shorten Time") should be denied.  Any order shortening time will unduly prejudice the right of first refusal of Defendant Finance Enterprises, Ltd.

II.  ARGUMENT

Plaintiff Kahala's EPM Motion to Shorten Time is an inappropriate motion to bring at this time since it is a motion which should have been filed at even date with Plaintiff's Motion for Order Confirming Report of Commissioner, Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.), at Public Auction, filed (hereinafter "Motion to Confirm").  If the timing of the sale was truly "of the essence," then it was incumbent upon Plaintiff Kahala to file the instant motion contemporaneously with the filing of the Motion to Confirm.  It is patently obvious that Plaintiff Kahala's EPM Motion to Shorten Time filed now is intended to prejudice Defendant Finance Enterprises, Ltd. (hereinafter "FE") by preventing FE's newly retained counsel an opportunity to review documents requested of Kahala in FE's First Request for

2

Production of Documents and to otherwise inhibit FE from exercising its right of first refusal.

The record will reflect that FE's prior counsel was compelled to withdraw on December 14, 2006. Accordingly, present counsel for FE has had less than a month to familiarize themselves with the facts of the case, including the files and records in this foreclosure action, and the files and records in the related bankruptcy action - - both of which cases contained pleadings which extended back for two (2) years. In the meantime, present counsel was compelled to respond to a discovery request made upon FE by the owner of the shares to be sold, namely, Ronald Kotoshirodo, as Trustee in Case No. 03-00674 regarding the Estate of Hiram Leong Fong, Sr. and Ellyn Lo Fong.

Present counsel is now in the process of preparing a response to Plaintiff Kahala's underlying Motion to Confirm Sale. The sale is unusual in one important respect: unlike ordinary foreclosure sales, the collateral to be sold is encumbered by a first right of refusal in favor of FE. Accordingly, it is incumbent that FE be given the information necessary to determine the appropriate price at which FE should be entitled to exercise its right of first refusal. Accordingly, present counsel has requested of former Plaintiff and Party-in-Interest N. Harwood and Plaintiff Kahala CCM, via letter request and Request for Production of Documents, respectively, information regarding the transfer of stocks from N. Harwood to Kahala CCM. Plaintiff Kahala CCM's Response to FE's Request for Production of Documents is due by January 25, 2007. Meanwhile, the attorney for former Plaintiff N. Harwood has already refused to disclose the requested documents,

based upon her belief that the requested documents were not "relevant", among other reasons.

It is clear that granting Plaintiff Kahala's EPM to Shorten Time will unduly prejudice FE's ability to fully and fairly exercise its right of first refusal by preventing FE's counsel from receiving and reviewing information regarding the transfer of stocks -- information to which FE and its counsel are fully entitled. By contrast, Plaintiff Kahala has failed to show any valid reason why the sale in question should be conducted in such a hurried fashion. Nor has Plaintiff Kahala given any explanation as to how it would be prejudiced if the hearing on its Motion to Confirm were scheduled in due course. Clearly, the EPM to Shorten Time is intended to unduly inhibit FE from exercising its right of first refusal.

For the reasons cited above, Plaintiff's Ex Parte Motion must be denied. Furthermore in the exercise of equitable jurisdiction, FE asks that the court reaffirm that Plaintiff Kahala or any winning bidder's rights are fully subject to the right of first refusal, and assure that those rights are enforced.

DATED: Honolulu, Hawaii, _____ JAN 0 5 2007 _____

REUBEN S.F. WONG
DELWYN H.W. WONG
COLETTE L. HONDA
Attorneys for Defendant
Finance Enterprises, Ltd.