# File a Motion:



<u>03-00674 Hiram Leong Fong and Ellyn Lo Fong</u> **CASE CONVERTED on 12/18/2003**

Type: bk                     Chapter: 7 v              Office: 1 (Honolulu)
Judge: RJF                   Assets: y                 Case Flag: CONVERTED,
                                                       NODISCH, Assets

## U.S. Bankruptcy Court

### District of Hawaii

Notice of Electronic Filing

The following transaction was received from Guben, Jerrold K. entered on 1/5/2007 at 4:08 PM HST
and filed on 1/5/2007
**Case Name:**        Hiram Leong Fong and Ellyn Lo Fong
**Case Number:**      <u>03-00674</u>
**Document Number:** <u>465</u>

**Docket Text:**
Motion to Authorize Sale *(Sell Assets of the Estate Free and Clear of All Liens and Encumbrances and
Proposed Bidding Instructions); Memorandum of Law; Exhibit A)*. Filed by Jerrold K. Guben on behalf
of Ronald K. Kotoshirodo. (Guben, Jerrold)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\sherrie\Fong. Trustee's Motion to Sell Assets.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1018307671 [Date=1/5/2007] [FileNumber=1355554-0]
[761dbb261e9ea62817b808600651053bd08462557452a359834ae449c9d00a37ffbe
a8b698895b1341b7b9a867e0e1eb0b0e7a10acf1b040e7c70cd9a0609e40]]

**03-00674 Notice will be electronically mailed to:**

Keith S. Agena      ksagena@lawcsilc.com

Paul D. Alston      palston@ahfi.com, gpadayhag@ahfi.com;spaupe@ahfi.com

Curtis Ching      USTPRegion15.HI.ECF@usdoj.gov

Harrison P. Chung      bkr@hpclaw.com, hpchawaii@msn.com

William J. Deeley      wjd@deeleykingpang.com, lfw@deeleykingpang.com

Jerrold K. Guben      jkg@roplaw.com, julie@roplaw.com

Stephen A. Jones      brcy@nljlaw.com

*Exhibit A*

Dennis W. King    dwk@deeleykingpang.com, mmm@deeleykingpang.com

Ronald K. Kotoshirodo    rkotoshirodo@hawaii.rr.com,
kimyoshida@hawaii.rr.com;HI08@ecfcbis.com;rkotoshirodo@ecf.epiqsystems.com

Edquon Lee    elee@lbchlaw.com, kjenkins@lbchlaw.com

Kurt K. Leong    kleong@ollon.com

Ke-Ching Ning    brcy@nljlaw.com

Office of the U.S. Trustee    ustpregion15.hi.ecf@usdoj.gov

Andrew D. Smith    asmith@ahfi.com, tcolman@ahfi.com;llk@ahfi.com

Susan Tius    Stius@rmhawaii.com

Thomas J. Wong    tjwong@dnslwc.com

Theodore D.C. Young    tyoung@cades.com

## 03-00674 Notice will not be electronically mailed to:

Sidney K. Ayabe
1001 Bishop St.
Pauahi Tower, Ste. 2500
Honolulu, HI 96813

Wesley Y.S. Chang
55 Merchant St., Suite 2800
Honolulu, HI 96813

Christopher J. Cole
Five Waterfront Pl., 4th Flr.
500 Ala Moana Blvd.
Honolulu, HI 96813

Howard M.S. Hu
1132 Bishop Street, Suite 301
Honolulu, HI 96813

William S. Hunt
Alston Hunt Floyd & Ing
1001 Bishop St., Fl. 18
Honolulu, HI 96813

Gail M. Kang
Ayabe, Chong, Nishimoto, Sia & Nakamura
Pauahi Tower, Suite 2500
1001 Bishop St.

Honolulu, HI 96813

Robert G. Klein
Five Waterfront Pl., 4th Flr.
500 Ala Moana Blvd.
Honolulu, HI 96813

Gayle J. Lau
Office of The U. S. Trustee
1132 Bishop Street, Suite 602
Honolulu, HI 96813
USTPRegion15.hi.ecf@usdoj.gov

Reinwald O'Connor & Playdon
733 Bishop Street, Suite 2400
Honolulu, HI 96813

Dale H. Schofield
1515 S. W. fifth Avenue, Ste. 1020
Portland, OR 97201

Wesley Tengan
,

Brad Y.C. Wong
55 Merchant St., Suite 2800
Honolulu, HI 96813

Sam K. Yee
Finance Factors
1164 Bishop Street, Suite 498
Honolulu, HI 96813

REINWALD O'CONNOR & PLAYDON LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
Pacific Guardian Center
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-8350
jkg@roplaw.com

Attorney for Chapter 7 Trustee
RONALD K. KOTOSHIRODO

ELECTRONIC FILING
Filed:  1/19/07

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HIRAM LEONG FONG, SR.<br>and ELLYN LO FONG,<br><br>          Debtor. | Case No. 03-00674<br>(Chapter 7)<br><br>_Hearing:_<br>Date:<br>Time:<br>Judge:   Honorable Robert J. Faris |

## MOTION TO SELL ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES AND PROPOSED BIDDING INSTRUCTIONS

Ronald K. Kotoshirodo, the Chapter 7 Trustee of the Estate of Hiram Leong Fong, Sr. and Ellyn Lo Fong, hereby moves this Court for authority to sell 2,789 shares of Finance Enterprises, Ltd., free and clear of all liens and encumbrances, to TFC Holding, Bank Holding Corporation, a bank holding company, on behalf of Tomato Bank (hereinafter "Tomato Bank") for $1,100.00

182704

per share, with a minimum sale of 2,500 shares to be purchased.  See Exhibit A.

The allowed liens and encumbrances will be transferred to the sales proceeds to the

same extent and amount that the lienholders held in the pledged shares, as

determined by this Court.

The Trustee proposes the following bidding procedures:

1.    The Trustee will offer all of the Estate's 2,789 Finance

Enterprise's shares, with an initial bid of $1,100.00 per share from Tomato Bank.

The recommended offer is conditioned on the Trustee selling a minimum of 2,500

Finance Enterprises, Ltd.'s shares.  The Trustee will not accept bids which provide

for the sale of less than all of the Estate's shares, to be determined by the Court.

2.    Tomato Bank will be entitled to a five percent (5%) break-up

fee if the Court confirms a sale to a party other than Tomato Bank, on the

conditions and contingencies as set forth in Exhibit A.

3.    The initial overbid to the Tomato Bank offer of $1,100.00 per

share must include a five percent (5%) "break-up" fee or $55.00 per share and the

5% "topping price" or $55.00 per share for an initial overbid of $1,210 per share.

4.    After the initial overbid of $1,210.00 per share, each successive

overbid or "topping bid" must be at least 5% over the current bid.

5.    All of the shares are subject to a stock transfer restriction, as

described in the Memorandum in Support of this Motion.  The confirmed bidder

takes all FE shares subject to the stock transfer restrictions and the confirmed

bidder is solely responsible for complying with the applicable FE stock transfer restrictions. The acknowledgement recognition of FE's applicable stock's transfer restrictions must be in evidenced writing or on the court record at the time of the court's confirmation of the successful bids.

The Court will accept the second highest bid as the "back-up" bid, which may be accepted by the Trustee as the winning bid without further notice, hearing or auction.

This Motion is made pursuant to 11 U.S.C. § 363(b), § 363(f), § 363(m), Rule 6004, F.R.Bk.P. and LBR 6004-1, the attached Memorandum, and the files and pleadings in this case.

DATED: Honolulu, Hawaii, January 5, 2007.

JERROLD K. GUBEN
Attorney for Trustee,
RONALD K. KOTOSHIRODO

REINWALD O'CONNOR & PLAYDON LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN    3107-0
Pacific Guardian Center
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
jkg@roplaw.com

Attorney for Chapter 7 Trustee
RONALD K. KOTOSHIRODO

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HIRAM LEONG FONG, SR.<br>and ELLYN LO FONG,<br><br>          Debtor. | Case No. 03-00674<br>(Chapter 7)<br><br>*Hearing:*<br>Date:<br>Time:<br>Judge:   Honorable Robert J. Faris |

## MEMORANDUM OF LAW;
## EXHIBIT A

Ronald K. Kotoshirodo, the Chapter 7 Trustee of the Estate of Hiram Leong Fong, Sr. and Ellyn Lo Fong, submits this Memorandum in Support of his Motion to Sell 2,789 shares of Finance Enterprises, Ltd. stock, free and clear of all liens and encumbrances, but subject to the issuer-mandated stock transfer restrictions. The Trustee has received an offer to purchase the Estate's Finance

Enterprise's 2,789 shares from TFC Holding Corporation, a Bank Holding Company, on behalf of Tomato Bank (hereinafter "Tomato Bank") and submits the Tomato Bank bid of $1,100 per share with a 5% "break-up" fee in favor of Tomato Bank, and 5% minimum overbid for all subsequent bids after the initial "over bid" of $1,210.00 per share for the Estate's Finance Enterprises, Ltd. ("FE") stock. Each subsequent "over bid" will be at least 5% over the current bid. See Exhibit A.

The Trustee seeks to sell the Estate's interest in the 2,789 shares, free and clear of all liens, with a minimum sale of 2,500 shares, but subject to the issuer-imposed stock transfer restrictions. The secured creditors' allowed claims will be transferred to the sales proceeds, to the same extent and amount as the secured creditors had in the FE shares prior to the sale.

## I.    BACKGROUND

On March 7, 2003, Hiram Leong Fong, Sr. and Ellyn Lo Fong filed for Chapter 11 relief. Thereafter, the case was converted to Chapter 7 and Ronald K. Kotoshirodo was designated the Trustee.

At the time of the filing, the Debtor scheduled 2,789 shares of Finance Enterprises, Ltd. ("FE") stock. The FE stock was pledged to various creditors as follows:

182704

2

| Finance Enterprises Stock Certificate Number | No. of Shares | Secured Party |
|---|---|---|
| 236 | 413 | Finance Enterprises |
| 237 | 341 | Trustee |
| 238 | 241 | North Harwood |
| 283 | 376 | Trustee |
| 284 | 265 | WAMCO |
| 285 | 376 | Trustee |
| 286 | 264 | WAMCO |
| 302 | 230 | Trustee |
| 303 | 283 | Finance Enterprises |

Two creditors, North Harwood, by this Court's order of July 9, 2004, and WAMCO, by this Court's order of September 22, 2004, have modified the automatic stay, to commence to foreclose on their collateral and liquidate their claims against the Estate.

In the case of North Harwood, formal foreclosure proceedings have been commenced in the United States District Court for the District of Hawaii and an auction conducted in North Harwood Street Partners I, L.P. v. Fong, Civil No. 02-00383 (D. Hawaii). The court-appointed foreclosure commissioner, Mr. Jay Suemori, has conducted an auction of North Harwood's 241 shares of FE owned by the Fong Estate, pledged to North Harwood Street Partners. A Motion to Confirm the Sale of Collateral has been filed and a hearing is scheduled for February 6, 2007. After the District Court scheduled a February 6, 2007 hearing to confirm the sale, the creditor moved to accelerate the February 6, 2007 hearing to a date to be determined.

The Trustee has not been informed if WAMCO has commenced foreclosure proceedings based on the Court's order modifying the stay on the pledged stock. The Trustee has not been notified of any foreclosure sale of the 529 shares of FE stock pledged to WAMCO.

The Estate has received an offer to purchase the Estate's 2,789 shares of FE stock for $1,100.00 per share, all cash, _provided that the Estate can sell Tomato Bank a minimum of 2,500 FE shares_. The Trustee is able to satisfy the conditions of Tomato Bank to sell a minimum of 2,500 shares, free and clear of all liens and encumbrances, but subject to the right of first refusal, if Trustee is allowed to sell all 2,789 shares of FE, free and clear of all liens. The liens of the secured creditors will be transferred to the sales proceeds to the same extent and amount as the secured creditor had at the time of the sale.

The Trustee submits that he is allowed to sell the Estate's 2,789 FE shares free and clear of liens and encumbrances under § 363(f)(3) and until a court confirms a foreclosure sale or the Estate's loses its right to redeem pursuant to § 490:9-623, H.R.S. The Estate's FE shares pledged to North Harwood Street and WAMCO, which were the subject of orders modifying the automatic stay, are property of the bankruptcy estate, which can be sold by the Trustee, until a foreclosure sale has been confirmed or the Estate's right of redemption is terminated pursuant to § 490:9-623, H.R.S.

## II.    ARGUMENT

A.    THE TRUSTEE MAY SELL ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PROVIDED THAT THE SALES PRICE IS EQUAL TO THE ECONOMIC VALUE OF THE PROPERTY BEING SOLD.

Section 363(f)(3) of the Code provides that a trustee may sell assets of the Estate free and clear of all liens if the sales price is equal to or greater than the aggregate economic value of the liens on such property.

The majority of courts interpreting § 363(f)(3) have adopted the "economic value" approach and the leading case supporting "economic value" approach is In re Beker Industries Corp., 63 B.R. 474 (Bankr.S.D.N.Y. 1986). In Beker Industries, a chapter 11 debtor sought to sell real property free and clear of all liens for less than the total face amount of the claims secured by the liens based on sections 363(f)(3) or 363(f)(5). The Beker Industries court granted the motion. It concluded that the term "value" had the same meaning in section 363(f)(3) as in section 506(a). Section 506(a) states that a creditor's claim is a secured claim "to the extent of the *value* of such creditor's interest in the estate's interest in such property..."

The Beker Industries court acknowledged that the House and Senate report issued in connection with the Bankruptcy Reform Act of 1978 described section 363(f) as permitting "[t]he trustee... to sell free and clear if... the sale price of the property is greater than the amount secured by the lien..." However, the

182704

5

Beker Industries court stated that it was not persuaded that, in making the foregoing statement, the authors of the reports had "focused on the distinction between value and amount."

Moreover, the Beker Industries court reasoned that interpreting "value" to mean the economic value of a secured claim (rather than the face amount of the lien) was more consistent with other provisions of the Bankruptcy Code. For example, the Beker Industries court noted, adequate protection, as defined by section 361, only protects a secured creditor's claim to the extent it is secured by property with an "economic value" equal to the sales price.

Other cases construing "value" to mean the secured creditors' interest in the collateral is the "economic value" of the collateral for section 363(f)(3) purposes, not the face amount of the liens because the creditors are entitled to only the "economic value" of the property, are Matter of WPRV-TV, Inc., 143 B.R. 315, 320 (D.P.R. 1991), vacated on other grounds, 165 B.R. 1 (1992), rev'd on other grounds, 983 F.2d 336 (1st Cir. 1993); In re Collins, 180 B.R. 447, 450-452 (Bankr.E.D.Va. 1995); In re Milford Group, Inc., 150 B.R. 904, 906 (Bankr.M.D.Pa. 1992); In re Oneida Lake Dev., Inc., 114 B.R. 352, 356-357 (Bankr.N.D.N.Y. 1990); In re Terrace Gardens Park Partnership, 96 B.R. 707, 712-716 (Bankr.W.D.Tex. 1989). In re WBO Partnership, 189 B.R. 97, 105-06 (Bankr.E.D.Va. 1995).

The Trustee proposes to sell the Estate's FE shares at open auction, the only means of determining the value of the FE shares, as defined in 11 U.S.C. § 506(a). The sale of the 2,789 shares at $1,100.00, per share, will yield the Estate $3,067,000.00, an amount in excess of the "face amount" of the allowed claims against the Estate's 2,789 shares.

The sale of all of the Estate's FE 2,789 shares, or a minimum of 2,500 shares, may create a "control premium" in excess of a sale of the FE stock certificate by certificate or just the Trustee's unencumbered shares. On that basis, the Trustee should be allowed to proceed pursuant to § 363(f)(3) to sell the Estate's 2,789 FE shares, for a minimum amount of $1,100.00 per share, subject to overbidding.

B.    THE TRUSTEE RETAINS AN INTEREST IN ASSETS WHICH HAVE BEEN SUBJECT TO A MODIFICATION OF THE STAY.

During the case, this Court granted WAMCO and North Harwood orders modifying the automatic stay. However, even though this court has modified the stay, until the secured creditors actually foreclose on the pledged collateral, the collateral remains property of the Estate.

In In re Catalano, 279 F.3d 682 (9[th]Cir. 2001), the Ninth Circuit found that an order modifying the automatic stay did not extinguish the estate's interest in

the property and the modification of the stay was not equivalent to an abandonment of the property. The Ninth Circuit panel in <u>Catalano</u> wrote:

> Further, Catalano misapprehends the portent of §
> 362. The filing of a bankruptcy petition creates a
> bankruptcy estate comprised of the debtor's legal or
> equitable interests in property wherever located and by
> whomever held.  11 U.S.C. § 541(a); <u>Hong Kong &
> Shanghai Banking Corp., Ltd. v. Simon (In re Simon)</u>,
> 153 F.3d 991, 996 (9th Cir. 1998).  As a result, "the
> district court in which the bankruptcy case is commenced
> obtains exclusive in rem jurisdiction over all of the
> property in the estate."  With the filing of a bankruptcy
> petition, a self-executing automatic stay is imposed
> which "enjoins the commencement or continuation of
> any judicial, administrative, or other proceedings against
> the debtor, enforcement of prior judgments, perfection of
> liens, and any act to collect, assess or recover a claim
> against the debtor that arose before the commencement
> of the case." <u>Gruntz v. County of Los Angeles (In re
> Gruntz)</u>, 202 F.3d 1074, 1081-82 (9th Cir. 2000) (en
> banc) (internal quotations omitted).  When a bankruptcy
> court lifts, or modifies, the automatic stay, it merely
> removes or modifies the injunction prohibiting collection
> actions against the debtor or the debtor's property.
> Although the property may pass from the control of the
> estate, that does not mean that the estate's interest in the
> property is extinguished. <u>See Jim Walter Homes, Inc. v.
> Saylors (In re Saylors)</u>, 869 F.2d 1434, 1437 (11th Cir.
> 1989)."  Relief from an automatic stay entitles the
> creditor to realize its security interest ...in the property,
> but all proceeds in excess of the creditor's interest must
> be returned to the trustee." <u>Nebel v. Richardson (In re
> Nebel)</u>, 175 B.R. 306, 312 (Bankr. Neb. 1994) (citing
> <u>Killebrew v. Brewer (In re Killebrew)</u>, 888 F.2d 1516,
> 1520 (5th Cir. 1989)).  Thus, an order lifting the
> automatic stay by itself does not release the estate's
> interest in the property and "the act of lifting the
> automatic stay is not analogous to an abandonment of the

property." Nebel. 175 B.R. at 311 (citing In re Ridgemont Apartment Assocs., 105 B.R. 738, 741 (Bankr. N.D. Ga. 1989)).

See also In re Brook Valley IV, Joint Venture, 347 B.R. 662 (8th Cir. BAP 2006).

In this case, the secured creditors have modified the stay, but have not completed the foreclosure process and the Estate retains an interest in the pledged FE stock.

Applicable non-bankruptcy law, § 490:9-623, H.R.S.[1] (formerly § 490:9-506 (repealed), allows the Trustee to redeem the Estate's collateral before the secured creditor's disposition of the collateral. At this time, North Harwood's 241 shares are the subject to a District Court motion to confirm, scheduled for a hearing on February 6, 2007, or earlier if the District Court grants Kahala's Ex Parte motion to accelerate the February 6, 2007 confirmation hearing. See In re Leverette, 118 B.R. 407 (Bankr. D.S.C. 1990) (§ 9-506). (Debtor had right to

---

[1] § 490:9-623, H.R.S. Right to redeem collateral:

    (a) A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral.

    (b) To redeem collateral, a person shall tender:

        (1) Fulfillment of all obligations secured by the collateral; and

        (2) The reasonable expenses and attorney's fees described in section 490:9-615(a)(1).

    (c) A redemption may occur at any time before a secured party:

        (1) Has collected collateral under section 490:9-607;

        (2) Has disposed of collateral or entered into a contract for its disposition under section 490:9-610; or

        (3) Has accepted collateral in full or partial satisfaction of the obligation it secures under section 490:9-622. [L 2000, c 241, § 1].

redeem repossessed collateral until the secured creditors had disposed of the collateral).

To protect the Estate's right to redeem, before the Estate's right of redemption is terminated by the secured creditors compliance with § 490:9-623, the Trustee has moved this Court for a hearing on this Motion on an expedited basis, so that the Estate preserves its right to redeem its interest in the FE shares, which have been pledged to third parties.

Even though the 241 shares pledged to North Harwood and the 529 shares pledged to WAMCO have been the subject of this Court's Orders modifying the stay, the Estate retained the right to redeem the shares until the secured creditors satisfied the requirements of § 490:9-623 and terminated the Estate's right of redemption. This sale will allow the Estate to redeem the shares pledged to third parties.

C.    PROCEDURES FOR THE BIDDING OF THE ESTATE'S FINANCE ENTERPRISES' SHARES.

The Trustee has received an offer from Tomato Bank to purchase the Estate's 2,789 shares of FE stock at $1,100.00 per share, provided that the Estate can sell a minimum of 2,500 FE shares.

The Trustee has arranged the following bidding procedures and implementation of the right of first refusal.[2]

1.    The Trustee will offer all of the Estate's 2,789 FE shares for an initial bid of $1,100.00 per share, from Tomato Bank. The Trustee will not accept bids for less than all of the Estate's 2,789 FE shares, or the amount this court will allow the Trustee to sell. The Trustee will not sell the Estate's shares by lots less than the entire amount.

2.    Tomato Bank will be entitled to a five percent (5%) "break-up" fee if the Court confirms a sale to a party other than Tomato Bank, as per the provisions in Exhibit A.

3.    The initial overbid of the Tomato Bank offer of $1,100.00 per share, must include a five percent (5%) "break-up" fee of $55.00 per share and the 5% "topping price" or $55.00 per share of or an initial bid of $1,210 per share.

4.    After the initial "overbid" of $110.00 per share over the $1,100.00 per share, each successive overbid will be 5% over the current bid.

5.    The all cash price must be paid within three (3) business days after the entry of a final, non-appealable order, Rule 8002, F.R.Bk.P.

---

[2] Under In re Joshua Slocum, Ltd., 99 B.R. 261, 265 (Bankr.E.D.Pa. 1989); In re Blue Coal Corp., 59 B.R. 157, 162 (Bankr E.D.Pa. 1986); In re Susquehanna Chemical Corp., 92 F.Supp. 917, 919 (M.D.Pa. 1950), the Tomato Bank offer is the Trustee's "recommended bid," which is subject to overbidding.

6.    The purchaser must then comply with the issuer-established "right of first refusal," as per the stock transfer restrictions.[3]   The successful purchaser is solely responsible for complying with the applicable stock transfer restrictions and all bidders must recognize in writing or on the court record that the successful bidder accepts responsibility for complying with the FE stock transfer restrictions.  Finance Enterprises, or the shareholders, must purchase all or none of the 2,789 shares sold by the Trustee, FE, or its shareholders must purchase the offered shares subject to the order confirming the sale of the FE stock.

7.    The second highest bid may be deemed the "back up" bid and accepted by the Trustee without further notice, hearing or auction of the 2,789 shares.

## III.    CONCLUSION

Ronald K. Kotoshirodo, the Chapter 7 Trustee of the Estate of Hiram Leong Fong, Sr. and Ellyn Lo Fong, requests this Court approve and confirm an order to sell 2,789 FE shares of the Finance Enterprises, Ltd. stock, or a minimum

---

[3] The restriction provides:

These securities have not been registered under the Securities Act of 1933 or under Chapter 485, Hawaii Revised Statutes.  They may not be sold or offered for sale in the absence of effective registration statements, as to these securities under that Act and Chapter, or an opinion or counsel satisfactory to the Corporation that such registration is not required.  The transfer of these securities is subject to the restrictions set forth in Article IV of the Articles of Incorporation of the Corporation.

of 2,500 shares to TFC Holding Corporation, or Tomato Bank for $1,100.00 per share subject to the following auction procedures and stock transfer restrictions.

(1)    Tomato Bank will be entitled to a five percent (5%) break-up fee, or $55.00 per share;

(2)    the initial overbid must include five percent (5%) "break-up" fee and a five percent (5%) "topping bid" for an initial overbid of $110.00 per share;

(3)    each subsequent bid must be at least 5% over the highest bid;

(4)    the Trustee will not accept bids for less than 2,789 shares, or the number of shares to be sold, as determined by this Court. The Trustee will not accept bids for less than all of the Estate's available shares.

(5)    the successful bidder must pay to the Trustee, all cash, within three business days after the entry of the order confirming the sale, as per Rule 8002, F.R.Bk.P., the amount approved as the successful bid.

(6)    the successful bidder is solely responsible for complying with FE's imposed right of first refusal and must acknowledge the bidder's recognition of the FE stock transfer restrictions, in writing or on the court record.

(6)    The sale will be free and clear of all liens and encumbrances, and all valid liens and encumbrances will be transferred to the sales proceeds in the

13

amount and extent that the secured creditors had in the shares, as determined by this Court.

(7)    The sale will be approved pursuant to 11 U.S.C. § 363(m).

DATED:  Honolulu, Hawaii,  January 5, 2007.

JERROLD K. GUBEN
Attorney for Trustee,
RONALD K. KOTOSHIRODO

01/03/2007  14:51    626-363-9300       INTERBUSINESS BANK                    PAGE  02

*808 - 545 - 7100*

December 28, 2006

Ronald K. Kotoshirodo, Trustee
c/o Jerrold K. Guben, Esq.
Reinwald O'Connor & Playdon LLP
733 Bishop Street, Suite 2400
Honolulu, HI 96813

> Re:   **Shares of Finance Enterprises, Ltd.**

Dear Mr. Kotoshirodo:     *TFC holding, Bank holding company for Tomatoban?)*
                                                    *SL*

Tomato Bank ("Buyer") hereby agrees to purchase the Estate's 2,789 shares of Finance Enterprises, Ltd. ("FE") stock free and clear of all encumbrances, pursuant to Section 363 of the Bankruptcy Code, for a price of $1,100.00 per share, in cash. This offer is subject only to the following:

(1)   <u>Break-up Fee</u>. Trustee agrees to pay a five percent (5%) break-up fee in the event that the Trustee sells the shares to a party other than Buyer before or during the hearing relative to this motion for the approval of this agreement as provided hereinbelow.

(2)   <u>Overbid</u>. The Trustee will agree to a five percent (5%) overbid requirement plus 5% break-up fee. The initial overbid shall be at $1,210.00, including the 5% break-up fee and a 5% "topping bid". Subsequent overbids must be at least 5% over the current bid.

(3)   <u>Bankruptcy Court Approval</u>. The Agreement and bidding procedures are subject to the approval of the United States Bankruptcy Court. Trustee agrees to file the motion seeking Bankruptcy Court approval no later than two (2) business days after the Trustee countersigns this offer. Trustee will take all steps to obtain a hearing as per the Local Bankruptcy Rules at a time that will make it possible to fully perform this Agreement.

(4)   The agreements contained in paragraphs 1 and 2 above are made in consideration of the fact that Buyer has agreed to move forward with no due diligence and no contingency other than court approval.

(5)   Buyer shall consummate the purchase on the terms stated above as long as Trustee can deliver a minimum of 2,500 shares. If the Bankruptcy Court approves the sale of less than 2,500 shares, and the Buyer elects not to proceed with such sale for less than 2500 shares the 5% break-up fee shall not be due from Trustee or paid to Buyer.

(6)   Closing shall be not more than eleven (11) calendar days after the entry of the Court's Order approving this Agreement so long as no appeal is pending.

*Exhibit A*

Ronald K. Kotoshirodo, Trustee
c/o Jerrold K. Guben, Esq.
Reinwald O'Connor & Playdon LLP
December _____, 2006
Page 2

Please sign below to confirm this Agreement.

Very truly yours,

TOMATO BANK / TFC holdig

By _____

Its _____

AGREED AND ACCEPTED:

RONALD K. KOTOSHIRODO
Trustee of the Estate of Hiram L Fong, Sr.
and Ellyn Lon Fong

Dated: _____