STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

| | |
|---|---|
| TERENCE J. O'TOOLE | 1209-0 |
| STEPHANIE E.W. THOMPSON | 8399-0 |

Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 537-6100

Attorneys for Defendants
MARVIN ALLAN FONG, as Trustee
for the Marvin Allan Fong Revocable
Trust Agreement Dated 5/9/94 and for
Nathan Allan Fong, and SANDRA
Y.Y. AU FONG, as Trustee of the
Sandra Y.Y. Au Fong Revocable
Trust Agreement Dated 5/9/94

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>          Defendants. | CIVIL NO. CV-02-00383 HG-BMK (Contract)<br><br>DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER APPROVING THE REPORT OF THE COMMISSIONER AND CONFIRMING THE SALE OF |

|  | COLLATERAL (1,963 SHARES OF STOCK IN FINANCE ENTERPRISES, LTD.) AT PUBLIC AUCTION, FILED DEC. 12, 2006<br>**Hearing:**<br>Date:   January 12, 2007<br>Time:   2:00 p.m.<br>Judge:  Hon. Barry M. Kurren |
|---|---|

DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE
MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT
DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA
Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG
REVOCABLE TRUST AGREEMENT DATED 5/9/94'S
MEMORANDUM IN RESPONSE
TO PLAINTIFF'S MOTION FOR AN ORDER APPROVING THE
REPORT OF THE COMMISSIONER AND CONFIRMING THE
SALE OF COLLATERAL (1,963 SHARES OF STOCK IN FINANCE
ENTERPRISES, LTD.) AT PUBLIC AUCTION, FILED DEC. 12, 2006

Defendants MARVIN ALLAN FONG, As Trustee For The Marvin Allan Fong Revocable Trust Agreement Dated 5/9/94 And For Nathan Allan Fong, and SANDRA Y.Y. AU FONG, As Trustee Of The Sandra Y.Y. Au Fong Revocable Trust Agreement Dated 5/9/94 (collectively the "Fongs") hereby respond to Plaintiff KAHALA CCM FACTORS, LLC'S Motion for an Order Approving Report of Commissioner and Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction, (the "Motion"), filed Dec. 13, 2006, as follows:

I. **INTRODUCTION**

This proceeding involves the sale of 1,963 shares of Finance Enterprises Ltd. ("FEL") at a commissioner's sale on November 1, 2006. In the interest of judicial economy, the Fongs adopt and incorporate by reference the arguments and factual assertions of Defendant 1570 Alewa Limited Partnership's ("1570 Alewa") Memorandum in Response to the Motion filed in the above-entitled case. The Fongs do not object to the Commissioner's Report as to the disputed value of overlapping shares as determined by the Court, but do object to and maintain that, insofar as any right of refusal issues may arise, FEL (and at least one "insider") should not be allowed to exercise any such right as they have acted with "unclean hands" and in bad faith.

II. **DISCUSSION**

Specifically, the Fongs assert that issues remain regarding the discrepancies in the overlap of shares by the proposed Bankruptcy sale, for which confirmation is pending, and the Foreclosure sale, which occurred on November 1, 2006 and for which confirmation is presently sought before this Court. As more clearly set forth in 1570 Alewa's Response, an overlap of shares exists involving some of the shares sold at the Commissioner's sale.

Second, an issue exists involving the issue of "first rights of refusal" in relation to these shares. Pursuant to FEL's Articles of Incorporation, a share of stock by a shareholder must first be offered to the company (FEL) and then to the other shareholders. In principle, the right-of-refusal as set forth by the Commissioner in his report is not objectionable. However, the Fongs maintain and assert that FEL and at least one insider, have forfeited their rights-of-refusal through the doctrine of "unclean hands." Therefore the Fongs strongly object to any attempt by FEL and/or the insider to exercise any right-of-refusal as to the shares at issue; and, the Fongs otherwise reserve any and all rights with respect to that issue.

### III. CONCLUSION

The Fongs adopt and incorporate by reference the arguments and factual assertions set forth by 1570 Alewa Response. Additionally, the Fongs support the Commissioner's Report insofar as the necessary adjustments regarding the overlapping shares are made and approved by the Court, and insofar as FEL and the insider do not exercise any rights of refusal regarding these shares.

DATED:   Honolulu, Hawaii, January 19, 2007.

      /s/ Stephanie E.W. Thompson
TERENCE J. O'TOOLE
STEPHANIE E.W. THOMPSON
Attorneys for Defendants
MARVIN ALLAN FONG, as
Trustee for the Marvin Allan Fong
Revocable Trust Agreement Dated
5/9/94 and for Nathan Allan Fong,
and SANDRA Y.Y. AU FONG, as
Trustee of the Sandra Y.Y. Au
Fong Revocable Trust Agreement
Dated 5/9/94

*Kahala CCM Factors, LLM v. Hiram Leong Fong, et. al.,* Civil No. CV-02-00383 HG-BMK; DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER APPROVING THE REPORT OF THE COMMISSIONER AND CONFIRMING THE SALE OF COLLATERAL (1,963 SHARES OF STOCK IN FINANCE ENTERPRISES, LTD.) AT PUBLIC AUCTION, FILED DEC. 12, 2006