LAW OFFICE OF HARRISON P. CHUNG
HARRISON P. CHUNG          2685
Union Plaza
1136 Union Mall, Suite 206
Honolulu, Hawaii 96813-2711
Tel. (808) 523-3311/Fax (808) 531-1339
Email:  hpchawaii@hotmail.com
Attorney for Defendants RODNEY FONG
and PATSY FONG.

RUSH MOORE LLP
A Limited Liability Law Partnership
SUSAN TIUS          2873-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813-3862
Tel. (808) 521-0406/Fax (808) 521-0497
Email: Stius@rmhawaii.com
Attorney for SANDRA J. LOOMIS, TRUSTEE


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| KAHALA CCM FACTORS, LLC, ) | CIVIL No. 02-00383 SOM/BMK |
| ) | (Contract) |
| Plaintiff, ) | |
| ) | DEFENDANTS RODNEY FONG'S |
| vs. ) | AND PATSY FONG'S OPPOSITION |
| ) | TO PLAINTIFF KAHALA CCM |
| HIRAM L. FONG, ALSO KNOWN ) | FACTORS, LLC'S MOTION FOR |
| AS HIRAM L. FONG, SR., et al. ) | ORDER APPROVING REPORT OF |
| ) | COMMISSIONER AND |
| Defendants. ) | CONFIRMING SALE OF |
| ) | COLLATERAL; EXHIBITS A & B |
| ) | |
| ) | Hearing Date:  Feb. 06, 2007 |
| ) | Time:  09:30 a.m. |
| _____ ) | Judge:  Hon. Susan Oki Mollway |

DEFENDANTS RODNEY FONG'S AND PATSY FONG'S
OPPOSITION TO PLAINTIFF KAHALA CCM FACTORS, LLC'S
MOTION FOR ORDER APPROVING REPORT OF
COMMISSIONER AND CONFIRMING SALE OF COLLATERAL

Defendants RODNEY FONG and PATSY FONG, the debtors in Bankruptcy Case No. 05-04104 in the United States Bankruptcy Court, District of Hawaii, and SANDRA J. LOOMIS, Bankruptcy Trustee in said Bankruptcy Case No. 05-04104 with Rodney Fong and Patsy Fong as the debtors, by and through their undersigned attorneys, oppose "Plaintiff Kahala CCM Factors, LCC's Motion For An Order Approving Report Of Commissioner And Confirming The Sale Of Collateral (1,963 Shares Of Stock in Finance Enterprises, Ltd.) At Public Auction" filed December 13, 2006 ("Motion To Confirm Sale"), as follows:

1.      On February 6, 2006, the United States Bankruptcy Court, District of Hawaii, will conduct a hearing on Bankruptcy Trustee Sandra Loomis' "Motion To Approve Sale Free And Clear Of Liens And Encumbrances Pursuant To Stock Purchase Agreement" filed January 17, 2007 in Bankruptcy Case No. 05-04104 with Rodney Fong and Patsy Fong as the debtors.  Attached hereto as Exhibit A and incorporated herein is a true and correct copy of said Motion. Defendants Rodney Fong and Patsy Fong hereby request that this Honorable Court take judicial notice of said Motion.  Attached hereto as Exhibit B and incorporated herein is a true and correct copy of a Notice Of Hearing on said Motion. Defendants Rodney Fong and Patsy Fong hereby request that this Honorable Court

take judicial notice of said Notice Of Hearing.

The Trustee's Motion seeks to sell 1,367 shares of Finance Enterprise owned by Rodney Fong and Patsy Fong which is significantly more than the subject 1,092 shares owned by Rodney Fong and Patsy Fong that are the subject of Plaintiff's Motion To Confirm Sale. The Trustee's Motion establishes a mechanism to try to achieve the highest and best price for all of said 1,367 shares of Finance Enterprise stock which is in the best interests of all parties and creditors in said Bankruptcy Case No. 05-04104.

Accordingly, this Honorable Court should allow the Bankruptcy Court to proceed with the Trustee's sale of said 1,367 shares of Finance Enterprise stock owned by Rodney Fong and Patsy Fong.

2.   Notwithstanding the modification of the automatic stays in said Bankruptcy Case No. 05-04104 with Rodney Fong and Patsy Fong as the joint debtors, the Bankruptcy Court retains its jurisdiction over property of the debtors' estates pursuant to Bankruptcy Code Section 541(a), codified in 11 U.S.C. Section 541(a). <u>Catalano v. Commissioner Of Internal Revenue</u>, 279 F.3d 682 (9th Cir. 2002)(Order modifying the automatic stay did not extinguish the bankruptcy estate's interest in the subject property).

3.   The debtors' estates of Rodney Fong and Patsy Fong in

Bankruptcy Case No. 05-04104, with Sandra Loomis as Bankruptcy Trustee, retained the non-bankruptcy right to redeem its interest in the 1,092 shares of Finance Enterprise that are being foreclosed on by Plaintiff Kahala Capital, pursuant to the provisions of Hawaii Revised Statutes Section 490:9-623. See In re Johnson, 38 B.R. 234 (Bankr. M.D. Fla. 2005)(Right to redeem collateral may be exercised at any time before the secured party disposes of or enters into a contract for its disposition) and In re Robinson, 285 B.R. 732 (Bankr. W.D. Okla. 2002)(Right to redeem must be made in accordance with state law, by fulfillment of all obligations secured by the collateral).

    4.    This Honorable Court's "Order Granting Plaintiff Kahala CCM Factors, LLC's Motion For An Order Setting Deadline For Any Interested Party To Show Cause Why Kahala CCM Factors, LLC Is Allegedly Not Entitled To Credit Bid On The Collateral In The Amounts Set By The Express Terms Of The Foreclosure Decrees, Filed On October 24, 2006" specifically stated:

> "The auction scheduled for November 1, 2006 at noon of the collateral consisting of 1,963 shares of stock in Finance Enterprises, Ltd. shall proceed as scheduled on three separate lots." Order, p.2.

Accordingly, this Honorable Court should consider whether or not to confirm the auction price for **each** of the three separate lots: Lot 1 consisting of 1,092 shares of Finance Enterprises stock owned by Defendants Rodney Fong and Patsy Fong; Lot 2 consisting of 630 shares of Finance Enterprises stock owned by

Hiram Fong, Jr.; and Lot 3 consisting of 241 shares of Finance Enterprises stock owned by the late Ellyn Lo Fong as Trustee of the Ellyn Fong Revocable Living Trust dated March 24, 1993.

    5.    It is not clear whether Plaintiff Kahala CCM Factor's credit bid for said 1,092 shares of Finance Enterprise stock owned by Rodney and Patsy Fong accounted for the approximately $214,544.00 in sales proceeds from the prior sale of shares of stock in Market City Limited owned by Rodney and Patsy Fong that were liquidated by the original plaintiff N. Harwood Street Partners I, L.P. The exact amount of said credit bid which should reflect the prior payment of accrued interest of about $214,544.00 and the actual bid price should be clearly defined and detailed.

    6.    The attorneys' fees and costs requested by Plaintiff Kahala CCM Factor should be reviewed by this Honorable Court, or the Bankruptcy Court, to determine the amount of reasonable and necessary attorneys' fees and

///

costs that are properly associated with a pure collection lawsuit and liquidation of collateral. Fees and costs attributable to any other matters should not be allowed as collection fees and costs.

DATED: HONOLULU, HAWAII; January 19, 2007.

/S/  HARRISON P. CHUNG
HARRISON P. CHUNG
Attorney for Defendants RODNEY FONG
and PATSY FONG

And

SUSAN TIUS
Attorney for SANDRA J. LOOMIS, Trustee