**View Mail**

**Previous** | **Next** | **INBOX**

Reply    Reply All    Forward    Delete    Move message to...

Go To Page...

**Show Full Headers** | **Printer View** | **Add Sender To Address Book**

**From**: BKECF_LiveDB@hib.uscourts.gov
SpamShield Pro Actions...

**To**: cmecf@hib.uscourts.gov

**Subject**: 05-04104 Motion to Approve Sale Outside the Ordinary Course

**Date**: Wed 01/17/07 06:26 PM

**Attachments**

| Name | Type | Save | View |
|---|---|---|---|
| Message | text/html | Save | |

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* **You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. Bankruptcy Court

## District of Hawaii

Notice of Electronic Filing

The following transaction was received from Tius, Susan entered on 1/17/2007 at 4:26 PM HST and filed on 1/17/2007

**Case Name:**    Rodney Leong Fong and Patsy Nakano Fong
**Case Number:**    05-04104
**Document Number:** 126

**Docket Text:**
Motion to Approve Sale Outside the Ordinary Course of Business (1,367 shares of Finance Enterprises, Ltd.) *Free and Clear of Liens and Encumbrances Pursuant to Stock Purchase Agreement, Memorandum in Support of Motion; Exhibit "A"*. Filed by Trustee Sandra J. Loomis. (Tius, Susan)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\Wpdata\STius\SALE\Stock\FONG R sjl StockPurchAgrmt-MtnMemoEx 1-17-07.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1018307671 [Date=1/17/2007] [FileNumber=1358970-0
] [76249ca12d0e93796392dfdedae00c66787c78ae9ac2ca92cb345356d4f812deaa0
ec231f3c3e81797e30bb933af429a97bcf58845d4227539c705e7080b29a9]]

**05-04104 Notice will be electronically mailed to:**

Harrison P. Chung     bkr@hpclaw.com, hpchawaii@msn.com

Edquon Lee     elee@lbchlaw.com, kjenkins@lbchlaw.com

Sandra J. Loomis     sjloomis@hawaiiantel.net, hi05@ecfcbis.com

# EXHIBIT A

Office of the U.S. Trustee    ustpregion15.hi.ecf@usdoj.gov

Tom E. Roesser    troesser@carlsmith.com, ldouglas-wong@carlsmith.com;ltaniguchi@carlsmith.com;cimai@carlsmith.com

Susan Tius    Stius@rmhawaii.com

**05-04104 Notice will not be electronically mailed to:**

Sidney K. Ayabe
1001 Bishop St.
Pauahi Tower, Ste. 2500
Honolulu, HI 96813

George W. Brandt
841 Bishop St., Ste. 1800
Honolulu, HI 96813

Christopher J. Cole
Five Waterfront Pl., 4th Flr.
500 Ala Moana Blvd.
Honolulu, HI 96813

Beverly Lynne K. Hiramatsu
Lyons Brandt Cook & Hiramatsu
1800 Davies Pacific Center
841 Bishop Street
Honolulu, HI 96813

Gayle J. Lau
Office of The U. S. Trustee
1132 Bishop Street, Suite 602
Honolulu, HI 96813
USTPRegion15.hi.ecf@usdoj.gov

Denis Leong
Damon Key Leong Kupchak Hastert
1001 Bishop St., Ste. 1600
Honolulu, HI 96813

| Reply | Reply All | Forward | Delete | Move message to... |

**Previous** | **Next** | **INBOX**

Copyright © Everyone.net(TM) All Rights Reserved. Terms of Service. Privacy Policy.



# EXHIBIT A

```
RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS   2873-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii  96813-3862
Tel. No. 521-0406
Fax No. 521-0497
Email: Stius@rmhawaii.com

Attorney for SANDRA J. LOOMIS, Trustee
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>RODNEY LEONG FONG and<br>PATSY NAKANO FONG,<br><br>        Debtors. | ) Case No. 05-04104<br>) (Chapter 7)<br>)<br>) MOTION TO APPROVE SALE FREE AND<br>) CLEAR OF LIENS AND ENCUMBRANCES<br>) PURSUANT TO STOCK PURCHASE<br>) AGREEMENT; MEMORANDUM IN<br>) SUPPORT OF MOTION; EXHIBIT "A"<br>)<br>) Date:<br>) Time:<br>) Judge: Honorable Robert J. Faris |

MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS
AND ENCUMBRANCES PURSUANT TO STOCK PURCHASE AGREEMENT

      SANDRA J. LOOMIS ("Trustee"), Trustee of the Estate of RODNEY LEONG FONG ("Debtor Rodney") and PATSY NAKANO FONG (collectively "Debtors Rodney and Patsy"), the above-named Debtors, moves this Court for an Order approving the Trustee's sale of the Estate's 275 unencumbered shares of FINANCE ENTERPRISES, LTD. ("FEL") (the "Unencumbered Sale Property"), and 1,092 encumbered shares of FEL (the "Encumbered Sale Property"), to TFC Holding, Bank Holding Corporation, a bank holding company,

# EXHIBIT A

on behalf of TOMATO BANK ("Buyer"), for the total purchase price of $1,503,700.00, that is, $1,100.00 per share, pursuant to the terms of a Stock Purchase Agreement (the "Purchase Agreement") dated January 17, 2007 attached as Exhibit "A" to the Memorandum in Support of Motion submitted herewith.

The basic terms of the Purchase Agreement, for which the Trustee seeks approval, are as follows:

1.   The sale shall be free and clear of liens and encumbrances, with the same to transfer and attach to the sales proceeds to the extent of validity, priority and amount thereof.

2.   The sale is subject to overbidding by a qualified buyer at the time of hearing on the Trustee's Motion to approve the Agreement.  Any overbidder, at the time of the bidding, in order to qualify to bid, must:  (1) agree to sign a Stock Purchase Agreement on the herein terms, except the purchase price will be the amount approved by the Court; (2) deposit 10% of his/her bid amount with the Trustee; and (3) provide evidence of an ability to promptly pay the balance at Closing to the Trustee. Buyer may participate in the bidding without making any deposit. Kahala CCM Factors LLC ("Kahala") also may participate in the bidding without making a deposit.  Further, Kahala, pursuant to an Order entered on November 3, 3006 in the pending foreclosure lawsuit covering the Encumbered Sale Property entitled <u>N. Harwood Street Partners I, L.P. v. Hiram L. Fong, et al.</u>, Civil No. 02-00383, in the United States District Court for the District of Hawaii ("USDC Lawsuit"), which authorizes Kahala to credit bid at

EXHIBIT A

the Commissioner's auction, shall be allowed a credit bid in the amount of $894,547.08 plus such other amounts as are determined to be owed to it in the USDC Lawsuit.  An initial overbid must be at least one hundred ten percent (110%) of the purchase price, i.e., $1,654,070.00, with bidding thereafter in unrestricted increments.

      3.    Buyer, if it is not the successful high bidder, will receive a breakup fee of five percent (5%) per share of the difference between $1,210 per share and the Court approved bid per share.

      4.    Buyer agrees to be bound by the terms of and procedures for closing of the purchase and sale of the 1,092 shares of Encumbered Sale Property which are set forth in the Court Order (the "USDC Foreclosure Order") entered on February 3, 2004 in the USDC Lawsuit.  A hearing to confirm the Commissioner's auction sale of the 1,092 shares of Encumbered Sale Property for $1,097,460.00 to Kahala is scheduled for February 6, 2007 in the USDC Lawsuit.  Pursuant to the terms of the USDC Foreclosure Order, Seller and Buyer will request reopening of the bidding to approve Buyer's offer of $1,503,700.00, which exceeds Kahala's foreclosure bid by more than 105%.

      5.    Buyer acknowledges and agrees to be bound by the transfer restrictions under the Articles of Incorporation of FEL.

# EXHIBIT A

The Trustee further requests that the Court specifically include a finding that there shall not be a ten day stay from entry of the Order granting this Motion.

This Motion is based upon Bankruptcy Code § 363(b) and (f), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 6004-1, the Memorandum in Support of Motion filed herewith, and such other and further matters as may be presented herein.

DATED:  Honolulu, Hawaii, January 17, 2007.

/s/Susan Tius
SUSAN TIUS
Attorney for SANDRA J. LOOMIS,
 Trustee

# EXHIBIT A

```
              UNITED STATES BANKRUPTCY COURT

                    DISTRICT OF HAWAII
```

| | |
|---|---|
| In re ) | Case No. 05-04104 |
| ) | (Chapter 7) |
| RODNEY LEONG FONG and PATSY ) | |
| NAKANO FONG, ) | |
| ) | |
| Debtors. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Judge: Honorable Robert J. Faris |

MEMORANDUM IN SUPPORT OF MOTION; EXHIBIT "A"

SANDRA J. LOOMIS ("Trustee"), Trustee of the Estate of RODNEY LEONG FONG ("Debtor Rodney") and PATSY NAKANO FONG (collectively "Debtors Rodney and Patsy"), the above-named Debtors, submits this Memorandum in support of the Motion to Approve Sale Free and Clear of Liens and Encumbrances Pursuant to Stock Purchase Agreement filed herewith.

Background

On October 14, 2005, the Debtors filed a petition under Chapter 7. The Trustee is the Successor Trustee appointed in the case.

The Estate's assets include 275 unencumbered shares of FINANCE ENTERPRISES, LTD. ("FEL") (the "Unencumbered Sale Property"). The Unencumbered Sale Property is evidenced by Certificate No. 287 for 59 shares issued to Debtor Rodney and Certificate No. 328 (replacing Certificate No. 24) for 216 shares issued to the Debtors Rodney and Patsy.

The Estate's assets also include a total of 1,092 encumbered shares of FEL (the "Encumbered Sale Property") issued

# EXHIBIT A

to Debtor Rodney.  The Encumbered Sale Property is evidenced by Certificate No. 65 for 660 shares, Certificate No. 107 for 210 shares and Certificate No. 205 for 222 shares.  The Unencumbered Sale Property and the Encumbered Sale Property are hereafter collectively referred to as the "Sale Property."

N. Harwood Street Partners I, L.P. ("Harwood") filed a secured Proof of Claim herein on August 8, 2006 evidencing a loan secured by the Encumbered Sale Property which it held at the commencement of the case in the then amount of $760,243.08.  Subsequently, Harwood assigned the loan to Kahala CCM Factors LLC ("Kahala").  Harwood and Kahala have not complied herein with the requirements of Rule 3001(e) of the Federal Rules of Bankruptcy Procedure regarding transfer of the claim.

Harwood, by Order entered herein on April 13, 2006, obtained relief from the stay to proceed with a pending foreclosure lawsuit covering the Encumbered Sale Property entitled <u>N. Harwood Street Partners I, L.P. v. Hiram L. Fong, et al.</u>, Civ. No. 02-00383, in the United States District Court for the District of Hawaii ("USDC Lawsuit").  A Court Order (the "USDC Foreclosure Order") was entered on February 3, 2004 in the USDC Lawsuit which provides, among other things, that the Encumbered Sale Property shall be auctioned by the Commissioner appointed thereunder, subject to confirmation at a hearing at which reopening of the auction will be allowed if there is a bid at least one hundred five percent (105%) of the purchase price for which confirmation is being sought.  The Encumbered Sale

# EXHIBIT A

Property was sold at the Commissioner's auction for $1,097,460.00 to Kahala, who is the successor and assign of the Plaintiff's interests in the USDC Lawsuit.  A hearing is scheduled for February 6, 2007 in the USDC Lawsuit to consider confirmation of Kahala's bid for the Encumbered Sale Property.  Pursuant to the terms of the USDC Foreclosure Order, bidding will be reopened if there is an overbid of at least $1,152,333.00.  Kahala, at the time of the Commissioner's auction, did not dispute that Kahala's bid exceeded the amount of its credit bid and that there was a cash component to the bid.  In fact, prior to the auction, Kahala obtained an "Order Granting Plaintiff Kahala CCM Factors, LLC's Motion for And Order Setting Deadline for Any Interested Party to Show Cause Why Kahala CCM Factors, LLC is Allegedly Not Entitled to Credit Bid on the Collateral in the Amounts Set by the Express Terms of the Foreclosure Decrees" entered on November 3, 2006 in the USDC Lawsuit which provides that, as of November 1, 2006, the Debtor Rodney, on the subject loan, owes Kahala a total of principal and interest of $894,547.08.  The allocation of the amounts Kahala claims as the credit portion of its bid is unclear from the documentation that Kahala has filed in the USDC Lawsuit seeking confirmation of its bid.  The Trustee is entitled to receive the surplus cash portion of the confirmed bid.

   The Trustee has agreed to sell the Sale Property to TFC Holding, Bank Holding Corporation, a bank holding company, on behalf of TOMATO BANK ("Buyer") for One Thousand One Hundred Dollars and no/100 ($1,100.00) per share, for a total of One

# EXHIBIT A

Million Five Hundred Three Thousand Seven Hundred Dollars and no/100 ($1,503,700) (the "Purchase Price"), pursuant to the terms of a Stock Purchase Agreement ("Agreement") dated January 17, 2007, a copy of which is attached hereto as Exhibit "A".

The basic terms of the agreement are:

1.  Buyer agrees to purchase and Seller agrees to sell, all right, title, and interest of Seller in and to the Sale Property, including the right to dividends for periods from and after transfer of the Sale Property, for consideration of One Thousand One Hundred Dollars and no/100 ($1,100.00) per share, for a total of One Million Five Hundred Three Thousand Seven Hundred Dollars and no/100 ($1,503,700) (the "Purchase Price"). Seller retains the right to any dividends owed for periods prior to transfer of the Sale Property.

2.  The sale shall be free and clear of liens and encumbrances, with the same to transfer and attach to the sales proceeds to the extent of validity, priority and amount thereof.

3.  The sale is subject to overbidding by a qualified buyer at the time of hearing on the Trustee's Motion to approve this Purchase Agreement. Any overbidder, at the time of the bidding, in order to qualify to bid, must: (1) agree to sign a Stock Purchase Agreement on the herein terms, except the purchase price will be the amount approved by the Court; (2) deposit 10% of his/her bid amount with the Trustee; and (3) provide evidence of an ability to promptly pay the balance at closing to the Trustee. Buyer may participate in the bidding without making any

EXHIBIT A

deposit. Kahala may participate in the bidding without making any deposit and shall have a credit bid in the amount of $894,547.08 plus such other amounts, if any, as are determined to be owed to it in the USDC Lawsuit. An initial overbid must be at least one hundred ten percent (110%) of the purchase price, i.e., $1,210 per share for a total of $1,654,070.00 (for both the Encumbered Sale Property and Unencumbered Sale Property), with bidding thereafter in unrestricted increments.

   4.   Buyer, if it is not the successful high bidder, will receive a breakup fee of five percent (5%) per share of the difference between $1,210 per share and the Court approved bid per share.

   5.   Buyer agrees to be bound by the terms of and procedures for closing of the purchase and sale of the 1,092 shares of Encumbered Sale Property which are set forth in the USDC Foreclosure Order.

   6.   Buyer further acknowledges and agrees to be bound by the transfer restrictions under the Articles of Incorporation of FEL.

   7.   The Purchase Agreement is subject to Bankruptcy Court approval.

   Argument

   Entry of an Order modifying the automatic stay does not extinguish the bankruptcy estate's legal and equitable interest in debtor's property. Relief from the automatic stay entitles the creditor to realize its security interest in the property,

but all proceeds in excess of the creditor's interest must be returned to the trustee. <u>In re Catalano</u>, 279 F.3d 682, 686-87 (9th Cir.2001).

The bankruptcy estate, under applicable non-bankruptcy law, may redeem collateral after fulfillment of all obligations secured by the collateral. Hawaii Revised Statutes, as amended, § 490:9-623.

The bankruptcy estate may sell property of the Estate, free and clear of liens and encumbrances, if the sales price is equal to or greater than the aggregate economic value of the liens on the property. 11 U.S.C. § 363(f)(3).

In the instant case, it is undisputed that the Trustee may sell the 275 shares of Unencumbered Sale Property to realize the Estate's equity therein, subject to the transfer restrictions set forth in FEL Articles of Incorporation.

Further, the Trustee is entitled to realize the Estate's equity in the 1,092 shares of Encumbered Sale Property through a sale free and clear of Kahala's lien, which lien, as of November 1, 2006, was held to be in the amount of $894,547.08 plus such other amounts as are determined to be owed to it in the USDC Lawsuit. Kahala, at the Commissioner's auction, bid $1,097,460.00 for these shares. Kahala has moved for confirmation of its bid at a hearing to be held on February 6, 2007 in the USDC Lawsuit. The Trustee, prior to that hearing, seeks approval of this Agreement by this Court. This Agreement provides for a purchase price which exceeds the amount needed to

EXHIBIT A

satisfy the 105% overbid requirement to reopen the bidding at the time of the USDC Lawsuit confirmation hearing.  Since the Agreement provides for payment of a purchase price that is sufficient to satisfy the amounts due to Kahala under its loan with surplus to the Estate, it is appropriate that the bidding for the Encumbered Sale Property take place before this Court, with the sole bid at the USDC Lawsuit confirmation hearing being the purchase price approved by this Court for the Encumbered Sale Property.

Kahala will be fully paid on all amounts owed to it and the excess proceeds will be paid to the benefit of the Estate and its creditors, including the substantial tax claims which will result from sale of the Sale Property.

Based on the foregoing circumstances, the Trustee, in her business judgment, believes that approval of the Agreement is in the best interest of the Estate and the Trustee requests that, subject to any overbidding, the Court grant the Motion and approve the sale and authorize the Trustee to take such acts as a reasonably necessary to effectuate the terms of the sale.

It is further requested that the Court find that it is appropriate under the facts of this case, that there shall not be a ten day stay from entry of the Order granting the Motion.

DATED:  Honolulu, Hawaii, January 17, 2007.

> /s/Susan Tius
> SUSAN TIUS
> Attorney for SANDRA J. LOOMIS,
>  Trustee

EXHIBIT A

## STOCK PURCHASE AGREEMENT

THIS STOCK PURCHASE AGREEMENT ("Agreement") is made and entered into and is effective as of  January 17 , 2007 (the "Effective Date"), by and between SANDRA J. LOOMIS ("Seller"), the Bankruptcy Trustee appointed in the Chapter 7 case entitled In re Rodney Leong Fong ("Debtor Rodney") and Patsy Nakano Fong (collectively "Debtors Rodney and Patsy"), Case No. 05-04104, in the United States Bankruptcy Court, District of Hawaii, and TFC HOLDING, BANK HOLDING CORPORATION, a bank holding corporation, on behalf of Tomato Bank or its Assignee ("Buyer").

## R E C I T A L S:

A.  Seller is the owner of a total of 275 unencumbered shares of FINANCE ENTERPRISES, LTD. ("FEL") (the "Unencumbered Sale Property"). The Unencumbered Sale Property is evidenced by Certificate No. 287 for 59 shares issued to Debtor Rodney and Certificate No. 328 (replacing Certificate No. 24) for 216 shares issued to the Debtors Rodney and Patsy.

B.  Seller is the owner of a total of 1,092 encumbered shares of FEL (the "Encumbered Sale Property") issued to Debtor Rodney. The Encumbered Sale Property is evidenced by Certificate No. 65 for 660 shares, Certificate No. 107 for 210 shares and Certificate No. 205 for 222 shares. The Unencumbered Sale Property and the Encumbered Sale Property are hereafter collectively referred to as the "Sale Property."

C.  There is a pending foreclosure lawsuit covering the Encumbered Sale Property entitled N. Harwood Street Partners I, L.P. v. Hiram L. Fong, et al., Civ. No. 02-00383, in the United States District Court for the District of Hawaii ("USDC Lawsuit"). A Court Order (the "USDC Foreclosure Order") was entered on February 3, 2004 in the USDC Lawsuit which provides, among other things, that the Encumbered Sale Property shall be auctioned by the Commissioner appointed thereunder, subject to confirmation at a hearing at which reopening of the auction will be allowed if there is a bid at least one hundred five percent (105%) of the purchase price for which confirmation is being sought. The Encumbered Sale Property was sold at the Commissioner's auction for $1,097,460.00. to Kahala CCM Factors LLC ("Kahala"), who is the successor and assign of the Plaintiff's interests in the USDC lawsuit. A hearing is scheduled for February 6, 2007 in the USDC lawsuit to consider confirmation of Kahala's bid for the Encumbered Sale Property. Pursuant to the terms of the USDC Foreclosure Order, bidding will be reopened if there is an overbid of at least $1,152,333.00. Kahala, at the time of the Commissioner's auction, did not dispute that Kahala's bid exceeded the amount of its credit bid and that there was a cash component to the bid. The allocation of the amounts Kahala claims as the credit portion of its bid is unclear from the documentation which Kahala has filed in the USDC lawsuit. The Trustee is entitled to receive the surplus cash portion of the confirmed bid.

D.  Seller desires to sell to Buyer, and Buyer desires to buy from Seller, the Sale Property (as defined herein), upon the terms and conditions and subject to the limitations set forth herein.

EXHIBIT "A"


E. The Sale Property is subject to transfer restrictions described in Article IV, Paragraph No. 5 of the Articles of Incorporation of FEL which is attached hereto as Exhibit "A".

NOW, THEREFORE, in consideration of the mutual representations, warranties, covenants, and agreements of the parties hereinafter set forth, the parties hereto agree as follows:

1. **Purchase and Sale of Sale Property**. Upon the terms and subject to the conditions of this Agreement, Buyer agrees to purchase, accept, and acquire from Seller, and Seller agrees to sell, transfer, assign, convey, and deliver to Buyer, at the Closing (as defined herein), all right, title, and interest of Seller in and to the Sale Property, including the right to dividends for periods from and after transfer of the Sale Property. Seller retains the right to any dividends owed for periods prior to transfer of the Sale Property. The purchase and sale of the Encumbered Sale Property is free and clear of encumbrances pursuant to Section 363 of the Bankruptcy Code, with the same to transfer and attach to the sales proceeds, except that Buyer acknowledges and agrees to be bound by the transfer restrictions under the Articles of Incorporation of FEL as to both the Encumbered and Unencumbered Sale Property.

2. **Price and Payment**. The total consideration payable by Buyer to Seller is One Thousand One Hundred Dollars and no/100 ($1,100.00) per share, for a total of One Million Five Hundred Three Thousand Seven Hundred Dollars and no/100 ($1,503,700) (the "Purchase Price").

3. **Representations of Seller**. Seller makes no representations except that: (1) Seller is the lawful owner of the Sale Property and, subject to Bankruptcy Court approval, has good right to sell and transfer the same to Buyer, (2) Certificate Nos. 287 and 328 are in the possession of Seller's General Counsel, Susan Tius, Esq., of Rush Moore LLP, and (3) Certificate Nos. 65, 107 and 205 allegedly are in the possession of Kahala or the Commissioner.

4. **Conditions to Obligations of Each of the Parties**. The respective obligations of each of the parties hereto to consummate the transactions contemplated hereby shall be subject to approval of this Agreement by the Bankruptcy Court and the transfer restrictions set forth in the Articles of Incorporation of FEL.

5. **Overbidding and Break-Up Fee**. Buyer acknowledges and agrees that this Agreement and the purchase and sale of the Sale Property is subject to Court approval at a hearing to be held in the Debtors' bankruptcy case. Buyer further acknowledges and agrees that the purchase and sale is subject to overbidding, by interested, qualified third parties, to be conducted at the time of the Court hearing on the Trustee's Motion to approve this Agreement. Any overbidder, at the time of the bidding, in order to qualify to bid, must: (1) agree to sign a Stock Purchase Agreement on the herein terms, except the purchase price will be the amount approved by the Court; (2) deposit 10% of his/her bid amount with the Trustee; and (3) provide evidence of an ability to promptly pay the balance at Closing to the Trustee. Buyer may participate in the bidding without making any deposit. Kahala may participate in the bidding without making a deposit and, pursuant to an Order entered on November 3, 3006 in the USDC

# EXHIBIT A

lawsuit allowing Kahala to credit bid at the Commissioner's auction, shall have a credit bid in the amount of $894,547.08 plus such other amounts as are determined to be owed to it in the USDC lawsuit.

An initial overbid must be at least one hundred ten percent (110%) of the purchase price, i.e., $1,654,070.00, with bidding thereafter in unrestricted increments. Buyer, if it is not the successful high bidder, will receive a breakup fee of five percent per share (5%) of the difference between $1,210 per share and the Court approved bid per share.

6. **Closing**.

    **6.1** **The Closing**. The closing of the purchase and sale of the Unencumbered Sale Property shall take place eleven calendar days after the entry of a Bankruptcy Court Order approving this Agreement, subject to there being no pending appeal or tolling motion arising from the Order. The terms of and procedures for closing of the purchase and sale of the Encumbered Sale Property shall be in accordance with the USDC Foreclosure Order, including, at the time of the confirmation hearing and reopening of the bidding, that Buyer will bid and pay the purchase price approved by the Bankruptcy Court, subject to there being no pending appeal of tolling motion arising from the confirmation Order.

    **6.2** **Actions at the Closing**. At the Closing, Buyer and Seller shall take the following actions, in addition to such other actions as may otherwise be required under this Agreement:

        (a) **Payment of Purchase Price**. Buyer for the Unencumbered Stock shall pay to Seller the Purchase Price. Buyer for the Encumbered Stock shall make payment through the Commissioner appointed under the USDC Foreclosure Order.

        (b) **Conveyance Instruments**. Seller for the Unencumbered Stock shall deliver to Buyer the Sale Property with such quitclaim bill of sale, assignments, and other instruments of conveyance and transfer to effect the quitclaim to Buyer of the Sale Property. Buyer for the Encumbered Stock, in addition to Seller's aforementioned transfer documentation, shall receive transfer documentation from the Commissioner appointed under the USDC Foreclosure Order.

7. **Rejection or Overbid**. This Agreement shall immediately terminate upon the earlier of: (i) rejection of this Agreement by the Bankruptcy Court; or (ii) acceptance by the Bankruptcy Court of a successful overbid of the Purchase Price.

8. **Miscellaneous**.

    **8.1** **Entire Agreement; Amendment**. This Agreement, including the Exhibit and the documents referred to herein, and the other certificates, agreements, and other instruments to be executed and delivered by the parties in connection with the transactions contemplated hereby, constitute all of the promises, agreements,

# EXHIBIT A

conditions, understandings, warranties and representations between the parties hereto with respect to the transactions contemplated hereby and thereby, and supersede all prior agreements, arrangements and understandings between the parties hereto, whether written, oral or otherwise. There are no promises, agreements, conditions, understandings, warranties or representations, oral or written, express or implied, between the parties hereto concerning the subject matter hereof or thereof except as set forth herein and therein. No amendment, modification, or alteration of the terms or provisions of this Agreement shall be binding unless the same shall be in writing and duly executed by the parties hereto.

8.2   **Parties Bound by Agreement; Successors and Assigns**. The terms, conditions, and obligations of this Agreement shall inure to the benefit of and be binding upon the parties hereto and the respective successors and permitted assigns thereof. Without the prior written consent of the other party, neither party hereto may assign or transfer all or any portion of its rights, duties and obligations hereunder and any attempt to do so without such consent shall be null and void except Buyer is permitted to assign its rights under this Agreement to Buyer's affiliate; *provided*, *however*, that no assignment by either of the parties hereto of any of its rights, interests or obligations hereunder shall relieve such party of its obligations under this Agreement.

8.3   **Counterparts**. This is the complete Agreement between the parties. There are no other agreements either written or oral, excepting those as contained in this Agreement as executed by both parties. Any changes to this Agreement must be executed in writing by all parties to this Agreement. This Agreement may be signed in counterparts, and facsimile signatures shall be accepted as original signatures, and be of equal effect as an original signature.

8.4   **Headings**. The headings of the Sections and paragraphs of this Agreement are inserted for convenience only and shall not be deemed to constitute part of this Agreement or to affect the construction hereof.

8.5   **Waiver**. No waiver of any provision of this Agreement shall be valid unless in writing and signed by the party against whom that waiver is sought to be enforced. No failure or delay on the part of either of the parties hereto in exercising any right, power or privilege hereunder, and no course of dealing between the parties hereto, shall operate as a waiver of any right, power or privilege hereunder.

8.6   **Expenses**. Seller and Buyer shall each pay all costs and expenses incurred by it or on its behalf in connection with this Agreement and the transactions contemplated hereby, including fees and expenses of its own financial consultants, accountants, and counsel.

EXHIBIT A

8.7 **Notices**. Any notice, request, instruction, or other communication to be given hereunder by any party hereto to any other party hereto shall be in writing and delivered personally or sent by facsimile, overnight commercial courier or registered or certified mail, postage prepaid:

>     If to Seller to:      SANDRA J. LOOMIS, TRUSTEE
>                           P. O. Box 240937
>                           Honolulu, Hawaii 96824
>
>     with a copy to:       SUSAN TIUS, ESQ.
>                           Rush Moore LLP
>                           737 Bishop Street, Suite 2400
>                           Honolulu, Hawaii 96813
>                           Fax No. (808) 521-0497
>
>     If to Buyer to:       TFC HOLDING, BANK HOLDING
>                           CORPORATION, a bank holding
>                           corporation, on behalf of Tomato Bank
>                           or its Assignee
>                           c/o Lex Smith, Esq.
>                           999 Bishop Street, Suite 2600
>                           Honolulu, Hawaii 96813

or at such other address for a party as shall be specified by like notice. Notices shall be deemed given upon the earliest of: (i) receipt; (ii) conformed facsimile transmission; (iii) one (1) day after delivery to an overnight commercial courier; or (iv) three (3) days after deposit in U.S. mail.

8.8 **Governing Law**. This Agreement shall be construed in accordance with and governed by the laws of the State of Hawaii and all claims or disputes under this Agreement shall be brought in the United States Bankruptcy Court, District of Hawaii.

8.9. **Severability**. Should any clause, sentence, paragraph, subsection, Section or Article of this Agreement be judicially declared to be invalid, unenforceable or void, such decision will not have the effect of invalidating or voiding the remainder of this Agreement, and the parties hereto agree that the part or parts of this Agreement so held to be invalid, unenforceable or void will be deemed to have been stricken and effectiveness as if such stricken part or parts had never been included herein.

8.10 **Remedies**. The parties hereto agree that the covenants and obligations contained in this Agreement and the documents referred to herein relate to special, unique and extraordinary matters and that a violation of any of the terms hereof or thereof would cause irreparable injury in an amount which would be impossible to estimate or determine and for which any remedy at law would be

# EXHIBIT A

inadequate. As such, the parties hereto agree that if either of the parties hereto fails or refuses to fulfill any of its obligations under this Agreement or any of the documents referred to herein or to make any payment or deliver any instrument required hereunder or thereunder, then the other party shall have the remedy of specific performance, which remedy shall be cumulative and nonexclusive and shall be in addition to any other rights and remedies otherwise available under any other contract or at law or in equity and to which such party might be entitled.

8.11 **Authority of the Seller.** Notwithstanding anything to the contrary contained herein, SANDRA J. LOOMIS is acting solely in her capacity as the Trustee and not individually, and SANDRA J. LOOMIS shall have no personal liability in connection with this Agreement or any other agreement, document or transaction between Buyer and Seller.

IN WITNESS WHEREOF, each of the parties hereto has duly executed this Agreement as of the date first above written.

**BUYER**

TFC HOLDING, BANK HOLDING CORPORATION, a bank holding corporation, Tomato Bank or its Assignee

By: _____

Its Chairman/CEO

**SELLER**

_____
SANDRA J. LOOMIS, acting as the duly appointed Chapter 7 Bankruptcy Trustee in Case No. 05-04104, In re Rodney Leong Fong and Patsy Nakano Fong

-6-

EXHIBIT A