# LYONS, BRANDT, COOK & HIRAMATSU

SAMUEL A.B. LYONS
GEORGE W. BRANDT
THOMAS E. COOK
BEVERLY LYNNE K. HIRAMATSU
JEFFREY A. GRISWOLD
BRADFORD F.K. BLISS
STEVEN Y. OTAGURO
STEFAN M. REINKE
PAUL R. GRABLE
EDQUON LEE
BONNIE L. MOORE
MALIA E. SCHRECK
BRIANNE L. ORNELLAS

ATTORNEYS AT LAW
A LAW CORPORATION
1800 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813
TELEPHONE: (808) 524-7030
FACSIMILE: (808) 533-3011

December 29, 2006

Reuben Wong, Esq.
1164 Bishop Street, Ste. 1005
Honolulu, HI 96813

RE"   Kahala CCM Factors, LLC. v. Fong, et al., Case No. 02-00383

Dear Reuben:

As I mentioned in our telephone conversation yesterday, our office is not authorized to accept service for N. Harwood Street Partners I, L.P. ("Harwood"). As I understand it, the individual seeking to effect service on Harwood, appeared at our office asking for George Brandt. George was out of town so his assistant signed for him, believing that she was accepting service for George. She did not intend to accept service for Harwood and would not, and could not, have done so since no one in our office has been authorized to accept service for Harwood. Accordingly, I am returning the check and subpoena herewith.

I had asked you to withdraw the subpoena on the following grounds:

1.   The information that you seek, the purchase price paid by Kahala CCM Factors, LLC ("Kahala") for the claims described in the subpoena, is not relevant to any of the issues in the above-captioned lawsuit, and is not likely to result in the discovery of any relevant information.

2.   My client, who is no longer a party to the lawsuit, is a Texas limited partnership with its office, and all of its representatives, located in Texas and the information that you seek is obtainable from Kahala, which is a party to the lawsuit.

3.   The information that you seek is the subject of confidentiality provisions and my client is contractually prohibited from providing the information.

I also mentioned that I was asking you to withdraw the subpoena because I

**EXHIBIT "B"**

Reuben Wong, Esq.
December 29, 2006
Page 2

wanted to avoid the cost of having to file for a protective order. You declined to withdraw the subpoena, stating that relevance was not a condition to discovery, that although the information was obtainable from Kahala, you were entitled to get the same information from another source because you did not trust Kahala to provide you with accurate information, and that if the information was confidential, we should file a motion for a protective order.

In addition to the failure to properly serve Harwood, and pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, please consider this letter written notice of Harwood's objection to the inspection or copying of any of the documents described in the subpoena for the reasons set forth above. While I understand that you are obligated to zealously represent your client, you and your client also have an obligation to take reasonable steps to avoid imposing undue burden or expense on Harwood and seeking information that cannot possibly be relevant and that is easily obtainable from a party is not, in my view, reasonable. I hope that you will reconsider your position.

Very truly yours,

Beverly Lynne K. Hiramatsu

BLKH:ah

Enclosures

cc:   William Douning, via email