IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, ) | CIVIL NO. CV-02-00383 SOM/BMK |
| ) | (CONTRACT) |
| Plaintiff, ) | |
| ) | DECLARATION OF |
| vs. ) | CHRISTOPHER J. COLE |
| ) | |
| HIRAM L. FONG, ALSO KNOWN AS ) | |
| HIRAM L. FONG, SR., et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DECLARATION OF CHRISTOPHER J. COLE

CHRISTOPHER J. COLE hereby declares that:

1. I am an attorney licensed to practice law in the United States District Court for the State of Hawaii, and am a partner of the law firm of McCorriston Miller Mukai MacKinnon LLP, attorneys for Plaintiff Kahala CCM Factors, LLC ("Plaintiff" or "Kahala").

2. I make this declaration upon my own personal knowledge and am competent to testify to all matters set forth herein, and submit the same in support of Plaintiff Kahala CCM Factors, LLC's Reply Memorandum in Support of It's Motion for an Order Approving Report of Commissioner and Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction filed December 13, 2006 attached hereto and made a part hereof by reference.

56564/154399.1

3. Attached hereto as Exhibit 6 and made a part hereof by reference is a true and correct copy of Plaintiff's Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment Against Defendants Rodney Leong Fong, also known as Rodney L. Fong and Patsy Nakano Fong, also known as Patsy N. Fong, Filed on October 1, 2003, filed on February 3, 2004.

4. Attached hereto as Exhibit 7 and made a part hereof by reference is a true and correct copy of Plaintiff's Findings of Fact, Conclusions of Law, Order Granting Plaintiff's Motion for Summary Judgment as to Counts I and III of the Amended Complaint Filed Herein on February 3, 2003, Filed September 20, 2004, filed on December 1, 2004.

5. Attached hereto as Exhibit 8 and made a part hereof by reference is a true and correct copy of the Amended Complaint; filed on February 3, 2003.

6. Attached hereto as Exhibit 9 and made a part hereof by reference is a true and correct copy of the Order Granting Secured Creditor N. Harwood Street Partners I, L.P.'s Motion to Modify Stay to Permit Prosecution of Claims for Foreclosure of Security Interest in Debtors' Property in Pending Suit: 11 U.S.C. § 362(d) Filed on January 5, 2006; received by the United States Bankruptcy Court on April 3, 2006 and signed by the Judge on April 13, 2006.

7. Attached hereto as Exhibit 10 and made a part hereof by reference is a true and correct copy of the Order Granting Secure Creditor N. Harwood Street

Partners I, L.P.'s Motion for Relief from Automatic Stay to Permit Prosecution of Claims for Foreclosure of Security Interest in Co-Debtor Ellyn Fong's Property in Pending Suit: 11 U.S.C. § 362(d) Filed on May 21, 2004, received by the United States Bankruptcy Court on June 23, 2004 and signed by the Judge on July 9, 2004.

8. Attached hereto as Exhibit 11 and made a part hereof by reference is a true and correct copy of the Order Granting N. Harwood Street Partners I, L.P.'s Motion for Relief filed with the Bankruptcy Court on January 7, 2003.

9. Attached hereto as Exhibit 12 and made a part hereof by reference is a true and correct copy of the Order Granting Plaintiff Kahala CCM Factors, LLC's Motion for an Order Setting Deadline for Any Interested Party to Show Cause Why Kahala CCM Factors, LLC is Allegedly not Entitled to Credit Bid on the Collateral in the Amounts Set by the Express Terms of the Foreclosure Decrees, Filed on October 24, 2006, filed on November 3, 2006.

10. Attached hereto as Exhibit 13 and made a part hereof by reference is a true and correct copy of the Order Granting Kahala CCM Factors, LLC's Motion to Substitute for Plaintiff N. Harwood Street Partners I, L.P., Filed September 28, 2006, filed on November 29, 2006.

11. Attached hereto as Exhibit 14 and made a part hereof by reference is a true and correct copy of the Ex Parte Motion for Rule 2004 Examination and

Request for Production of Documents from Finance Enterprises, Ltd., dated November 22, 2006.

12. Attached hereto as Exhibit 15 and made a part hereof by reference is a true and correct copy of the declaration of Bradley E. Smith and Exhibit 12 filed on 1/19/07 in In re Hiram Leong Fong, Sr., BK No. 03-00674 (Bankr. D. Haw.).

13. I attended the auction sale conducted by Commissioner Jay T. Suemori pursuant to the foreclosure decrees on November 1, 2006 at or about noon in the basement of the Davies Pacific Center. Also attending the auction were Jeffrey Daniel Lau, Esq. counsel of record for Finance Enterprises, Ltd. and (at the time) for several other shareholder defendants in this action; Susan Tius, Esq., counsel for Sandra Loomis, trustee of Rodney and Patsy Fong's bankruptcy estate and for the bankruptcy trustee of Hiram Fong, Jr.'s estate; Jerrold Guben, Esq., counsel for Ron Kotoshirodo, also present, bankruptcy trustee for the estate of Hiram Fong, Sr. and Ellyn Fong; an individual later identified to me as Hiram L. Fong, Jr.; and Stewart Pressman, Robert G. Klein, and myself, counsel for Kahala.

14. Commissioner Suemori explained to those present that he would be selling the shares in three lots of 1,092, 630 and 241 shares, and that all were subject to rights of refusal (said announcement having been requested by Mr. Lau).

15. Robert G. Klein bid on behalf of Kahala. In making his bids, Mr. Klein stated whether Kahala's bids were supported 100% by credits which we had

then estimated, or partially by credits estimated through 11/1/06 and partially cash. The only bid that was estimated as part-cash at the time was the bid on the 1,092 shares of stock, because we estimated a secured debt credit less than 100% of the bid made. The bid amounts were made as reported in Commission Suemori's 11/16/06 report (attached as Exhibit 1 to this motion). No other bids were made.

16. Mr. Lau then stated that Commissioner Suemori should make Kahala pay 10% of the estimated "cash" portion of the bid for the 1,092 shares as a down payment. Commissioner Suemori so directed Kahala. Ms. Tius said she had not decided whether to abandon certain shares, and thus did not know what position she would take as to whom to pay any surplus proceeds on the 1,092 share lot. Ms. Tius inquired about Commissioner Suemori's fees, and he provided an estimate. Commissioner Suemori closed the bidding, and the auction concluded.

17. No one present at the auction objected to the conduct of the auction, lack of notice, Kahala's right to credit-bid on the stock, or on any other matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Honolulu, Hawaii this 26th day of January, 2007.

_____
CHRISTOPHER J. COLE