IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, ) | CIVIL NO. CV-02-00383 SOM BMK |
| ) | (Contract) |
| Plaintiff, ) | |
| ) | DEFENDANT FINANCE |
| vs. ) | ENTERPRISES, LTD.'S |
| ) | MEMORANDUM IN SUPPORT OF |
| HIRAM L. FONG, ALSO KNOWN ) | MOTION |
| AS HIRAM L. FONG, SR., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF MOTION

By this Motion, Defendant FINANCE ENTERPRISES, LTD. ("FE") seeks an order compelling Plaintiff KAHALA CCM FACTORS ("Kahala") to provide complete and proper responses to FE's First Request for Production of Documents to Plaintiff Kahala ("First Request"), respectively, served December 26, 2006.

### I.   INTRODUCTION

Pursuant to its First Request, Defendant FE seeks to compel Plaintiff Kahala to produce evidence of "consideration, price, and/or other value given by Plaintiff KAHALA CCM FACTORS, LLC, its members, or any of its affiliates (including without limitation, Contrarian Funds, LLC and Contrarian Capital Management,

LLC), or received by N. Harwood Street Partners I, LP, any of its partners, or any of its or their affiliates (including without limitation, Treadstone USA, Inc.) for the claims listed in Schedule A to the Evidence of Transfer of Claims filed herein on or about September 28, 2006 as Exhibit 1 to the Declaration of Bradley E. Smith, or for any such claim or claims, including, without limitation, that certain Sale and Transfer Assignment Agreement dated September 1, 2006 as references in said Evidence of Transfer of Claims, any agreements collateral thereto such as, without limitation, "side" agreements, and any and all drafts thereof."

FE is entitled to such discovery under Rules 34 and 37 of the Federal Rules of Civil Procedure. However, Plaintiff has willfully failed to furnish requested discovery, electing instead to be completely non-responsive to FE's specific Requests for Production, despite repeated requests by Defendant to provide the requested discovery. See Exhibit "B", correspondence from Reuben S.F. Wong to Robert G. Klein, Esq., dated January 5, 2007; Exhibit "C", correspondence from Reuben S.F. Wong to Robert G. Klein, Esq., dated January 9, 2007. As of the date of this Motion, no response or any other communication has been forthcoming from Kahala or its attorneys.

Plaintiff's complete refusal to respond to the outstanding requests is contrary to Rule 26 of the Federal Rules of Civil Procedure, which provide for the liberal

discovery of all information relevant to the claims and/or defenses asserted in an action and exists, at least in part, to avoid hearings by ambush.

## II.  ARGUMENT

Fed.R.Civ.P. Rule 26 governs Plaintiff's responses to the First Request. Pursuant to Rule 26, FE is entitled to obtain any non-privileged information that is either relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).[1] Rule 26 specifically provides that "[r]elevant information need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

"Relevance for discovery purposes is broadly and liberally construed. A request for discovery is considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." 6 James W. Moore, *Moore's Federal Practice* ¶ 26.41[1], at 26-86 (3d ed. 2000) (*footnotes omitted*); *accord Herbert v. Lando*, 441 U.S. 153, 177 (1979) (broad and liberal treatment accorded to depositions and discovery rules); *In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980) (*citations omitted*) ("Discovery must be accorded a broad and liberal scope in order to provide both parties with information essential to the

---

[1] "Relevant evidence," as defined by the Federal Rules of Evidence, "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. Rule 401.

proper litigation of all relevant facts, to eliminate surprise, and to promote settlement."); *Lothspeich v. Sam Fong*, 6 Haw. App. 118, 122, 711 P.2d 1310, 1314 (1985) (*citation omitted*) ("Relevancy, within the area of discovery, has a broader meaning than in the field of evidence.").

The information and documents contained in the outstanding requests are clearly relevant to the claims and defenses asserted in this matter. Plaintiff's continued refusal to comply with Fed.R.Civ.P. Rule 26 will only prejudice Defendant and impede a fair hearing. Plaintiff should not be allowed to have their hearing by ambush.

Plaintiff has willfully refused to disclose the amount paid to Harwood to acquire Plaintiff's interest in 1,963 shares of FE. Discovery of such information is freely discoverable under Fed.R.Civ.P. Rule 34, since such information is both relevant and reasonably calculated to lead to the discovery of admissible evidence under Fed.R.Civ.P. Rule 26(b). Plaintiff has never given any reason or justification for its refusal to disclose the requested information. Apparently, Plaintiff feels that it may freely ignore the Federal Rules of Civil Procedure at its own discretion.

## III. CONCLUSION

Based on the foregoing, Plaintiff should be ordered to provide all documents responsive to the First Request including but not limited to that certain Sale and Transfer Assignment Agreement dated September 1, 2006.

Plaintiff should not be allowed to continue to play hide the ball, or to have a trial by ambush against Defendant. Further, Defendant requests that the hearing on Plaintiff Kahala's Motion for An Order Approving Report of Commissioner, Confirming the Sale of Collateral (1,963 Shares of Stock of Finance Enterprises, Ltd.) at Public Auction, filed on December 13, 2006, be continued until at least ten (10) days after such time as Plaintiff Kahala provides Defendant with the information requested, and that this Honorable Court issue such other and further relief as is deemed necessary.

DATED: Honolulu, Hawaii, JAN 29 2007 _____

_____
REUBEN S.F. WONG
DELWYN H.W. WONG
COLETTE L. HONDA
Attorneys for Defendant
  Finance Enterprises, Ltd.