McCORRISTON MILLER MUKAI MacKINNON LLP

ROBERT G. KLEIN            #1192-0
CHRISTOPHER J. COLE        #5781-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813
Telephone No.: 529-7300
Facsimile No.: 524-8293
E-mail:  klein@m4law.com/cole@m4law.com

Attorneys for Plaintiff
Kahala CCM Factors, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS<br>HIRAM L. FONG, SR., et al.<br><br>　　　　Defendants. | CIVIL NO. CV-02-00383 SOM/BMK<br>(CONTRACT)<br><br>PLAINTIFF KAHALA CCM<br>FACTORS, LLC'S<br>MEMORANDUM IN<br>OPPOSITION TO DEFENDANT<br>FINANCE ENTERPRISES, LTD.'S<br>EX PARTE MOTION TO<br>SHORTEN TIME TO HEAR<br>MOTION TO COMPEL<br>DISCOVERY FROM PLAINTIFF<br>KAHALA CCM FACTORS, LLC<br>FILED JANUARY 30, 2007;<br>DECLARATION OF<br>CHRISTOPHER J. COLE;<br>EXHIBITS 1-3; CERTIFICATE OF<br>SERVICE |

PLAINTIFF KAHALA CCM FACTORS, LLC'S
MEMORANDUM IN OPPOSITION TO DEFENDANT
FINANCE ENTERPRISES, LTD.'S EX PARTE MOTION TO
SHORTEN TIME TO HEAR MOTION TO COMPEL DISCOVERY FROM
PLAINTIFF KAHALA CCM FACTORS, LLC FILED JANUARY 30, 2007

Defendant Finance Enterprises, Ltd.'s ex parte motion to shorten time to hear its motion against Plaintiff Kahala CCM Factors, LLC ("Plaintiff") to compel discovery filed on January 30, 2007 is without merit and should be denied.

First, the motion falsely represents to the court that Plaintiff's discovery response was due on 1/25/07 under Fed. R. Civ. P. 34(b). In fact, as counsel should well know, it was due on 1/29/07 because the original request was served by mail. See attached Certificate of Service (Exhibit 1). By operation of Rule 6, three (3) additional days are added to the period in which Plaintiff had to respond. From 12/26/06 + 33 days is 1/28/07 (a Sunday), so the response was due on Monday, 1/29/07. Plaintiff served timely written objections to Finance Enterprises' discovery request yesterday morning (January 29, 2007). See docket entry showing certificate of service filed at 9:27 a.m. on 1/29/07 (Exhibit 2).

Second, the subject discovery requests seek irrelevant and privileged information. See Objections, attached as Exhibit 3. The grounds for the Plaintiff's objections to the Request (Exhibit 3) included the following:

> 1. The Request seeks confidential business information and/or trade secrets privileged under Fed. R. Evid. 501 (privileges determined by state law where state law provides the rule of decision), Haw. R. Evid. 508, inasmuch as the information

sought by the Request constitutes "information . . . that (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy";

2. Enterprises already possesses adequate information concerning the current fair market value of its own stock;

3. Discovery is not permitted under Fed. R. Civ. P. 26(b) because there are no live claims or defenses remaining in this action to be adjudicated as to which the Request may pertain, inasmuch as this Court has already entered final foreclosure decree judgments certified pursuant to Rule 54(c) in February, 2004 and December, 2004;

4. The only discovery arguably permissible at this juncture concerning the foreclosure sale would be discovery in aid of execution on the aforementioned judgments under FRCP 69(a), which is only available for the use of "the judgment creditor or a successor in interest when that interest appears of record." Enterprises is not a judgment creditor or a successor in interest within the meaning of FRCP 69(a);

5. The definitions and instructions of the Request purport to impose obligations beyond or contrary to those set forth in the Federal Rules of Civil Procedure; and

6. The Request is overbroad, vague and ambiguous, unnecessary, unduly burdensome and seeks the production of irrelevant documents protected by the attorney-client privilege, work product privilege, trade secret privilege, and/or other applicable privileges.

See Exhibit 3, adopted herein by reference. That Finance Enterprises purports to be so keen to acquire the requested information in advance of

the confirmation hearing is itself evidence of the information's economic value and therefore its entitlement to trade secret status under Haw. Rev. Stat. § 482B-1. Plaintiff reserves the right to file, within a reasonable and **adequate** time frame, an appropriate legal brief to more fully articulate and support its objections to the discovery responses if meeting and conferring does not avoid the need for the Court's involvement.

Third, Finance Enterprises has not certified in its motion to compel or the subject ex parte motion that it has met and conferred with Plaintiff's counsel, or attempted to do so, as is required under Rules 26 and 37 and local rule. Its letters dated 1/5/07 and 1/9/07 were not efforts to meet and confer, but rather demands that Plaintiff forego the benefit of the 33 days it is entitled to under applicable rules of civil procedure to respond to Finance Enterprises' discovery request.

Fourth, despite claiming that "time was of the essence", Finance Enterprises failed to file a motion to shorten the 33-day period Plaintiff had to respond to the discovery requests (Finance Enterprises also should not have served by mail if time was truly "of the essence"). Finance Enterprises' delay does not entitle it to force inadequate time-frames on Plaintiff.

Fifth, Finance Enterprises could not have possibly attempted to meet and confer in good faith when it prematurely filed this motion more than 24 hours *after* Plaintiff had already served its objections and filed its certificate of service with

the court. If Finance Enterprises (erroneously) believed that Plaintiff's responses were overdue, then counsel should have picked up the phone to inquire as to the status of the response. At a minimum, Finance Enterprises should have waited to review and consider the Plaintiff's objections before misrepresenting to the court that the discovery was already in default.

Finally, Finance Enterprises failed to serve these discovery responses until the day after Christmas, 2006. Plaintiff had previously moved to substitute for N. Harwood in September, 2006, and the auction was advertised in September and October, 2006 and ultimately held on November 1, 2006, with counsel for Finance Enterprises in attendance. If the requested information was truly so urgent, then Finance Enterprises should have started this process earlier. Plaintiff should not have its right to a full opportunity to support and brief its objections to the baseless discovery request prejudiced by Finance Enterprises' own sloth and delay.

In conclusion, the court should deny Finance Enterprises' ex parte motion and order Finance Enterprises to meet and confer.

DATED: Honolulu, Hawaii, _____JAN 3 0 2007_____.

ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for Plaintiff
Kahala CCM Factors, LLC