McCORRISTON MILLER MUKAI MacKINNON LLP

ROBERT G. KLEIN           #1192-0
CHRISTOPHER J. COLE       #5781-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: 529-7300
Facsimile No.: 524-8293
E-mail: klein@m4law.com/cole@m4law.com

Attorneys for Plaintiff
Kahala CCM Factors, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, | ) CIVIL NO. CV-02-00383 SOM/BMK<br>) (CONTRACT)<br>)<br>) PLAINTIFF KAHALA CCM<br>) FACTORS, LLC'S OBJECTIONS<br>) TO DEFENDANT FINANCE<br>) ENTERPRISES, INC.'S FIRST<br>) REQUEST FOR PRODUCTION<br>) OF DOCUMENTS TO PLAINTIFF<br>) KAHALA CCM FACTORS, LLC<br>) |
| Plaintiff, | |
| vs. | |
| HIRAM L. FONG, ALSO KNOWN AS<br>HIRAM L. FONG, SR., et al. | |
| Defendants. | |

PLAINTIFF KAHALA CCM FACTORS, LLC'S
OBJECTIONS TO DEFENDANT FINANCE
ENTERPRISES, INC.'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF KAHALA CCM FACTORS, LLC

Plaintiff Kahala CCM Factors, LLC ("Plaintiff"), by and through its

undersigned counsel and pursuant to the Federal Rules of Civil Procedure, objects

56564/153625.2                    EXHIBIT " 3 "

to "Defendant Finance Enterprises, Inc.'s [sic] First Request for Production of Documents to Plaintiff Kahala CCM Factors, LLC" (hereinafter, the "Request").

The Request sought production of the following documents:

"Any and all documents, including without limitation all correspondence, which state, refer to, or constitute in whole or in part the consideration, price, and/or other value given by Plaintiff KAHALA CCM FACTORS, LLC, its members, or any of its affiliates (including without limitation, Contrarian Funds, LLC and Contrarian Capital Management, LLC), or received by N. Harwood Street Partners I, L.P., any of its partners, or any of its or their affiliates (including without limitation Treadstone USA, Inc.), for the claims listed in Schedule A to the Evidence of Transfer of Claims filed herein on or about September 28, 2006 as Exhibit 1 to the Declaration of Bradley E. Smith, or for any such claim or claims, including, without limitation, that certain Sale and Assignment Agreement dated September 1, 2006 as referenced in said Evidence of Transfer of Claims, any agreements collateral thereto such as, without limitation, 'side' agreements, and any and all drafts thereof." The grounds for the Plaintiff's objection to the Request include the following:

    1.    The Request seeks confidential business information and/or trade secrets privileged under Fed. R. Evid. 501 (privileges determined by state law where state law provides the rule of decision), Haw. R. Evid.

508, inasmuch as the information sought by the Request constitutes "information . . . that (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy";

2. Enterprises already possesses adequate information concerning the current fair market value of its own stock;

3. Discovery is not permitted under Fed. R. Civ. P. 26(b) because there are no live claims or defenses remaining in this action to be adjudicated as to which the Request may pertain, inasmuch as this Court has already entered final foreclosure decree judgments certified pursuant to Rule 54(c) in February, 2004 and December, 2004;

4. The only discovery arguably permissible at this juncture concerning the foreclosure sale would be discovery in aid of execution on the aforementioned judgments under FRCP 69(a), which is only available for the use of "the judgment creditor or a successor in interest when that interest appears of record." Enterprises is not a judgment creditor or a successor in interest within the meaning of FRCP 69(a);

5.  The definitions and instructions of the Request purport to impose obligations beyond or contrary to those set forth in the Federal Rules of Civil Procedure; and

6.  The Request is overbroad, vague and ambiguous, unnecessary, unduly burdensome and seeks the production of irrelevant documents protected by the attorney-client privilege, work product privilege, trade secret privilege, and/or other applicable privileges.

DATED: Honolulu, Hawaii, _____ JAN 2 9 2007 _____.

_____
ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for Plaintiff
Kahala CCM Factors, LLC