IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, ) | CIVIL NO. CV-02-00383 SOM BMK |
| ) | (Contract) |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION; |
| ) | |
| HIRAM L. FONG, ALSO KNOWN ) | |
| AS HIRAM L. FONG, SR., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.      INTRODUCTION.

Defendant Finance Enterprises, Ltd. (hereinafter "Finance Enterprises") hereby moves this Honorable Court to quash that certain Subpoena issued in this matter dated January 29, 2007 ("Subpoena"), issued against James H. Wright, Esq. ("Wright"), who is a director of Finance Enterprises, but not a party to this action. This Court should quash the Subpoena for the following reasons: (1) the Subpoena fails to allow a reasonable time for compliance; (2) the information requested is privileged and/or otherwise protected from disclosure; and (3) the Subpoena imposes an undue burden because the documents sought are not relevant to the issues before this Court.

II. APPLICABLE LAW

    A. <u>Finance Enterprises Has Standing To Oppose The Subpoena</u>

At the outset, it should be noted that Finance Enterprises has standing to oppose the instant Subpoena, since Finance Enterprises has an interest in the subject matter of the documents requested under the subpoena. In <u>Estey & Associates, Inc. v. McCulloch Corp</u>. 39 Fed.R.Serv.2d 1074 (D.Or. 1984), a District Court in the 9th Circuit ruled that a party, although not the person to whom the subpoena was directed, had standing to oppose the subpoena, where the party has a personal right or privilege in respect to the subject matter of the subpoena. <u>Id</u>.

In this case, Finance Enterprises unquestionably has an interest in the subject matter of the subpoena since the requested documents all pertain to Finance Enterprises or were generated by Finance Enterprises' agents. In particular, the Subpoena seeks: (1) documents which pertain to Finance Enterprises' right of first refusal to purchase the shares that are in dispute in this case; (2) documents which pertain to any purchases within the last six months by officer(s) or director(s) of Finance Enterprises as to shares in the corporation or promissory notes secured by shares in the corporation; (3) documents which pertain to disclosures by Finance Enterprises' attorneys concerning any actual or potential conflicts; and (4) documents which pertain to indemnification by Finance Enterprises of certain of its attorneys.

B.  The Subpoena Fails to Allow a Reasonable Time for Compliance

Under the Federal Rules, the court by which a subpoena was issued shall quash or modify the subpoena if it fails to allow "a reasonable time for compliance." See Fed.R.Civ.P. Rule 45(c)(3)(A)(i). The Federal Rules also provide that a person commanded to produce and permit inspection and copying may serve upon the issuing party a written objection within 14 days after service of the subpoena. See Fed.R.Civ.P. Rule 45(c)(2)(B). Courts have thus generally read these two rules in conjunction to one another in holding that the minimum "reasonable time for compliance" is 14 days. For example, in Vaughan Furniture Co. Inc. v. Featureline Mfg. 156 F.R.D. 123 (M.D.N.C. 1984), the Court found that two days was not sufficient time to comply with the subpoena. In Mann v. University of Cincinnati 824 F. Supp. 1190 (S.D. Ohio 1993), the Court held that the issuance of a subpoena on one week's notice was unreasonable and in violation of Fed.R.Civ.P. 45(c)(2)(B).

In this case the Subpoena issued on January 29, 2007, has a scheduled return date of February 2, 2007 - - an unreasonable turn-around time of only four (4) days! Attorneys do not have unlimited discretion to issue subpoenas with deadlines for production set for less than 14 days. Id.

The time for compliance requested under the instant Subpoena is particularly unreasonable in that it requests a production of documents. Under the Federal

3

Rules, a <u>party</u> served with a request for documents is generally required to provide "a written response within <u>30 days</u> after the service of the request." Fed.R.Civ.P. Rule 34(b) (Emphasis added). In this case, demand is made upon Wright - - a <u>nonparty</u> - - to produce documents within <u>a mere 4 days</u>. Clearly, the Federal Rules were not intended to allow an issuing party to demand compliance by a nonparty within 4 days, when the same request, if made upon a party to the action, would have 30 days to comply. If this tactic were allowable, then all requests for production of documents (on parties and nonparties alike) would be made by way of a subpoena duces tecum, thereby rendering Fed.R.Civ.P. Rule 34 and its 30 day compliance period totally irrelevant. This abusive reading of the Federal Rules is patently unreasonable and should not be recognized by this Court. Considering the significant financial stakes involved in this case and the complexity of these proceedings, which overlap and are intertwined with the proceedings in 3 separate bankruptcy actions, the requested time for compliance is simply unreasonable.

C.   <u>The Information Requested is Privileged and/or Protected</u>.

The Subpoena seeks information relating to any actual or potential conflicts of interest involving certain attorneys for Finance Enterprises, and information relating to any indemnification of such attorneys. Clearly, this type of information is protected under the attorney-client privilege. The issuing party attempts to circumvent the attorney-client privilege by narrowing the request to "non-privileged" documents in an effort to "sanitize" the request. But this exercise

4

is clearly a sham. The information requested relates to work performed by Finance Enterprises' present and former counsel, and contain matters of attorney-client privilege, attorney work product, and corporate communications, all of which are valid grounds of privilege. See Fed.R.Civ.P. Rule 43(c)(3)(B)(i) (subpoena may be quashed or modified if it requires disclosure of a trade secret or other confidential research, development, or commercial information). See also Estey & Associates, Inc. v. McCulloch Corp, Fed.R.Serv.2d. 1074 (D.Or. 1984) (subpoena quashed where defendant claimed documents sought by subpoena to nonparties contained trade information that might be harmful to defendant if disclosed to competitors and party issuing subpoena made no showing of necessity).

  D. <u>The Subpoena Imposes an Undue Burden Because the Documents Sought are Not Relevant to the Issues Before This Court</u>.

Federal courts have quashed subpoenas that seek information that is irrelevant to the proceedings before the court as imposing an undue burden. The subpoena may only seek information relevant to the pending action, not simply that which is of interest to the party serving the subpoena. See <u>Ghandi v. Police Dept. of Detroit</u> 77 F.R.D. 115 (D.C.Mich. 1977).

The matter before this Court involves a Motion to Confirm a Commissioners' Sale of stocks and other issues relating to those stocks. Meanwhile, items 3 and 4 of the Subpoena seek: documents which pertain to disclosures by Finance Enterprises' attorneys concerning any actual or potential

conflicts; and documents which pertain to indemnification by Finance Enterprises of Finance Enterprises certain of its attorneys. Such matters have absolutely on the motion to confirm. As such, the instant Subpoena should be quashed because it imposes an undue burden, in that the matters sought are irrelevant to the proceedings before this Court.

The Subpoena also violates the limits of discovery set forth in Fed.R.Civ.P. Rule 26(b) because the information sought is not "relevant to the claim or defense of any party". Id. In the proceedings before this Court, there are no claims against Finance Enterprises made by 1570 Alewa Limited Partnership, the issuing party, nor are there any claims against 1570 Alewa Limited Partnership made by Finance Enterprises. Accordingly, the information requested in the Subpoena has no bearing to any claim or defense of any party in this action. 1570 Alewa Limited Partnership appears to merely be engaging in a "fishing expedition", having failed to make any showing of need for these documents, nor given any rationale for the unreasonably short compliance time.

III. CONCLUSION

For all the foregoing reasons, this Court should quash Petitioner's Subpoena Duces Tecum filed on January 29, 2007. Good cause exists for the issuance of a protective order under Fed.R.Civ.P. Rule 45(c) preventing and precluding the issuing party from seeking those documents covered by the January 29, 2007

Subpoena Duces Tecum. The Court should also award Defendant its costs and reasonable attorneys' fees.

DATED: Honolulu, Hawaii, _____FEB 01 2007_____

Respectively submitted,

_____
REUBEN S.F. WONG
DELWYN H.W. WONG
COLETTE L. HONDA
Attorneys for Defendant
 Finance Enterprises, Ltd.