9523
LAW OFFICES OF REUBEN S.F. WONG

REUBEN S.F. WONG          #638-0
DELWYN H.W. WONG          #7170-0
COLETTE L. HONDA          #7597-0
Suite 1006, Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 531-3526
Facsimile: (808) 531-3522

Attorneys for Defendant
 FINANCE ENTERPRISES, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 6 2007

at \_\_\_ o'clock and \_\_\_ min \_\_M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, ) | CIVIL NO. CV-02-00383 SOM BMK |
| ) | (Contract) |
| Plaintiff, ) | |
| ) | DECLARATION OF DANIEL B.T. |
| vs. ) | LAU |
| ) | |
| HIRAM L. FONG, ALSO KNOWN ) | |
| AS HIRAM L. FONG, SR., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

DECLARATION OF DANIEL B.T. LAU

DANIEL B.T. LAU declares as follows:

1. That he is one of the early founders of Finance Enterprises, Ltd.

ORIGINAL

2.    That he, together with the other founders, caused the incorporation of Finance Enterprises, Ltd. and he has personal knowledge of the shareholders' intent in 1976 when the right of first refusal was incorporated into the company's Articles of Incorporation.

3.    That it was the intent of the shareholders in 1976:

a.    To preclude any outsider from obtaining shares in the company, until the company or all of its shareholders refused to buy any available shares, at the "same price" and at the "same terms" offered to any prospective outside buyer.

b.    That with respect to the shareholders' right of first refusal, if one or more shareholders declined to exercise such right of first refusal, then the available shares would be offered to the other shareholder(s) that wished to purchase the shares.

c.    That this process would be repeated until members of the original founders' families had a chance to purchase as much of the available shares as they wished, before the prospective outside buyer could acquire shares.

d.    If after 15 days following delivery of proper notice to all the shareholders, there remain available shares that the shareholders collectively did not purchase, then such shares would be available for sale to the prospective

outside buyer at the "same price" and at the "same terms" first offered to the company and its shareholders.

      e.     That the language in the Articles of Incorporation relating to "proportion" of ownership was intended to apply where two or more shareholders are vying to exercise their respective rights of first refusal as to the same group of available shares. In such case, the 1976 shareholders' intent was to allow each shareholder to purchase "in proportion" to its existing ownership interest in the company.

DATED: Honolulu, Hawaii, *February 6, 2007*

*/s/ Daniel B.T. Lau*
DANIEL B.T. LAU