Of Counsel:
NING LILLY & JONES

| | |
|---|---|
| STEPHEN A. JONES | 2957 |
| MICHAEL A. LILLY | 1681 |
| JILL D. RAZNOV | 8011 |

707 Richards Street, Suite 700
Honolulu, Hawaii 96813
Telephone: (808) 528-1100; Fax: (808) 531-2415
E-mail: Stevejones@nljlaw.com

quash-wright-opp

Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 HG-BMK<br>(Contract)<br><br>DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S MEMORANDUM IN OPPOSITION TO DEFENDANT FINANCE ENTERPRISES, LTD.'S MOTION TO QUASH SUBPOENA ISSUED TO JAMES H. WRIGHT, ESQ. DATED JANUARY 29, 2007 AND FOR A PROTECTIVE ORDER, FILED FEBRUARY 1, 2007; DECLARATION OF STEPHEN A. JONES; EXHIBITS "A-F"; CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>**Date:** March 9, 2007<br>**Time:** 3:00 p.m.<br>**Judge:** Hon. Barry M. Kurren |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 16 2007
at 3 o'clock and 40 min. P M
SUE BEITIA, CLERK

ORIGINAL

DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S
MEMORANDUM IN OPPOSITION TO DEFENDANT
FINANCE ENTERPRISES, LTD.'S MOTION TO QUASH
SUBPOENA ISSUED TO JAMES H. WRIGHT, ESQ. DATED JANUARY
29, 2007 AND FOR A PROTECTIVE ORDER, FILED FEBRUARY 1, 2007

Defendant 1570 Alewa Limited Partnership ("Alewa"), by and through its undersigned attorneys, respectfully opposes Defendant Finance Enterprises Ltd.'s ("FEL") instant Motion to Quash the Subpoena to James H. Wright, Esq. and For a Protective Order ("Motion to Quash").

FEL has not sustained its burden to show that it is entitled to such relief. Its Motion to Quash should be denied.

I. **BACKGROUND.**

On January 29, 2007, Alewa noticed the oral deposition of James Wright, which was scheduled to take place on February 2, 2007. Exhibit "A" hereto. On the same date, Alewa served Mr. Wright with a Subpoena commanding him to appear on the date indicated for an oral deposition regarding this case and to produce and permit the copying of certain documents ("Subpoena"). Exhibit "B" hereto. The Subpoena was expressly and unambiguously limited to "*non-privileged* documents".[1]

---

[1] The subpoena called for production of "[A]ll *non-privileged* documents in your possession which refer or pertain to":

    1. FEL's "right of refusal" to purchase any of the FEL shares which are the subject of this case.

1

James Wright is a director of FEL, and is a highly relevant witness in this case. Significantly, Mr. Wright had no opposition to the Subpoena and had no objection to attending his deposition on February 2, 2007 as scheduled. Declaration of Stephen A. Jones ("Jones Declaration").

On February 1, 2007, FEL served its Motion to Quash, giving three reasons for its requested relief: "(1) the Subpoena fails to allow a reasonable time for compliance; (2) the information requested is privileged and/or otherwise protected from disclosure; and (3) the Subpoena imposes an undue burden because the documents sought are not relevant to the issues before this Court." Memorandum in Support of Motion to Quash ("Memorandum"), pg. 1.

On February 2, 2007, FEL's attorney, Reuben Wong ("Mr. Wong") stated that he would need more time to review the subpoenaed documents to determine what (if anything) was privileged. Exhibit "C" hereto, Letter of February 2, 2007 from Stephen A. Jones, Esq. to Mr. Wong; Jones Declaration.

2. Any purchases within the past six months by any FEL officer(s) or director(s), of: (a) FEL Shares[; and/or] (b) Promissory note(s) secured by FEL shares[.]

3. Disclosures by Sam Yee or Jeffrey Lau concerning actual or potential conflicts of interest in this case.

4. FEL's indemnification of Sam Yee or Jeffrey Lau with respect to their activities in this case.

Id. at Exhibit "B" hereto (emphasis added).

> This follows up on our conversation this morning. You stated that you needed more time to review Mr. Wright's documents to look for privileged materials. Although I don't think his oral deposition necessarily needs to wait for that to be done . . . I will nevertheless postpone the deposition to give you this opportunity.

Exhibit "C" hereto. As of today's date, Mr. Wright's attorney, George Van Buren, has advised that Mr. Wong has not yet reviewed the subpoenaed documents. Id.

## II.  ARGUMENT.

### A. The Subpoena Allowed a Reasonable Time and the Witness Had No Objection; In Any Event, a Reasonable Time Has Now Passed.

FEL cites no authority in support of its assertion that courts generally read the following two rules "in conjunction to one another in holding that the minimum reasonable time for compliance [with a subpoena]' is 14 days." Memorandum, pg. 3 (*relying on* FRCP, Rule 45(c)(3)(A)(i) authorizing a court to quash or modify a subpoena if it "fails to allow reasonable time for compliance", and FRCP, Rule 45(c)(2)(B), providing for written objection to the subpoena). In arriving at this conclusion FEL simply ignores the additional language of Rule 45(c)(2)(B):

> a person commanded to produce and permit inspection and coping may, within 14 days after service of the subpoena **or before the time specified for compliance if such time is less than 14 days after service, serve . . . written objection . . .**

(Emphases added). This highlighted language illustrates: (i) that 14 days is not an ironclad gestation period for subpoenas, and (ii) it is generally the objection of the subpoenaed party (the witness) which is of concern.

3

In this case, the subpoenaed witness had no objection to the scheduling. A non-witness's (FEL) objection based on scheduling is entitled to much less weight. Given Mr. Wong's failure to use the additional time gained by FEL's Motion to review the documents which he claimed he needed to review, FEL's objection smacks of delay tactics.

Neither <u>Vaughan Furniture Co. Inc. v. Featureline Mfg., Inc.</u>, 156 F.R.D. 123, 126 (M.D.N.C. 1994) (two days was insufficient time to comply with subpoena where "nothing else [was] appearing" in support of that time-frame)[2] nor <u>Mann v. University of Cincinnati</u>, 824 F.Supp. 1190, 1202 (S.D.Ohio 1993) (issuance of subpoena on one week's notice was unreasonable where "there was no urgency justifying such short notice", and a discovery deadline had not yet been set), the two cases upon which FEL relies, support its implausible proposition that anything less than 14 days notice is automatically unreasonable, nor could they, in view of the plain language of FRCP, Rule 45(c)(2)(B). In fact, <u>Mann v. University of Cincinnati</u> recognized that, while the language of FRCP, Rule 45(c)(2)(B) "does not give the attorney unfettered discretion to issue a subpoena for production in less than 14 days . . . **<u>there may be exigent circumstances requiring such action in an unusual case</u>**." 824 F.Supp. at 1201, n. 6 (emphases added); <u>see also</u> 28

---

[2] In <u>Vaughan Furniture Co. Inc.</u>, the court, "rather than quashing the subpoena and forcing defendants to go through extra costs and expenses of service" (156 F.R.D. at 126), instead, merely extended the time for compliance. <u>Id.</u>

4

USCA Federal Rules of Civil Procedure 45, Practice Commentaries, § C45-10:

> There is no specific time period set forth in Rule 45 for when the subpoena is returnable, i.e., for the notice time the recipient must be given before compliance is called for. The bar understands the rule to be that a 'reasonable' time must be allowed, and the 1991 amendment makes no change on that front . . . . What is reasonable is not defined. It depends on the circumstances. Some lawyers try to give at least 10 days notice time as a rule of thumb, giving less only when it is unavoidable. Others report using five days as a general standard . . . There are instances when notice of only a day or two will be possible . . . Whether any of these shortened return times is 'reasonable' depends on the context . . .

FEL's Motion provides no specific explanation (much less evidence) why the return time on the Subpoena was unreasonable. As noted above, the witness himself had no problem with the scheduling. FEL merely asserts generalities concerning "the significant financial stakes involved in this case" and "the complexity of these proceedings". Memorandum, pg. 4. FEL did not assert that the time allotted to meet the Subpoena's requirements was inadequate, nor could it make that assertion since the witness had no objection.

In any event, the initial timing argument is now moot because the deposition has been continued. Exhibits "C" and "D" hereto, Letters of February 2, 2007 from Stephen A. Jones, Esq. to Mr. Wong and all counsel. FEL has now gained several weeks of additional time, which is more than adequate. Under any measure, a "reasonable time" has now elapsed.

5

B. **The Requested Documents Are Not Privileged Or Otherwise Protected From Disclosure; FEL Has Not Made The Required Showing To Support Its Objections And Therefore, Has Not Sustained Its Burden.**

FEL's substantive objection to the subpoena is based on its wholly unsupported assertion that the subpoenaed documents are "privileged". This objection is wildly off the mark.

*First:* The plain language of the Subpoena calls for the production of only "**non-privileged** documents". FEL simply ignores this limiting language and (without any support or evidence) calls it a "sham".

*Second:* To the extent FEL's "privilege" objection relates to the activities and communications of Sam Yee and Jeffrey Lau, FEL ignores the fact that those gentlemen purported to represent *Alewa* (among others) in this case.[3] Their activities in this case are not "privileged" from their own client, Alewa. While FEL may now wish to act as if it alone can have access to the disclosures and indemnifications of Mr. Yee and Mr. Lau in this case, the fact is that those attorneys also represented (or at least purported to represent) Alewa as well. They have no "privilege" to withhold information from Alewa concerning this case. "A

---

[3] See Withdrawal and Substitution of Counsel, filed July 29, 2005 in the United States District Court for the District of Hawaii, Civil No. CV-02-00383, wherein Sam Yee represented to the Court his withdrawal "as counsel of record for Defendants Finance Enterprises, Ltd. [and] . . . 1570 Alewa Limited Partnership", and Jeffrey Daniel Lau entered his appearance; see also Exhibit "E" hereto, October 30, 2006 Email from Sam Yee, Esq. to Stephen A. Jones, Esq., acknowledging his representation of Alewa in this matter.

6

lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Hawaii Rules of Professional Conduct, Rule 1.4 (a). Under the "joint defense privilege" communications to a common lawyer are not privileged where former co-clients are involved in subsequent adverse proceedings. Restatement (Third) of Law Governing Law § 75 (2000).[4]

Despite repeated demand, Mr. Yee has continually refused to disclose to Alewa whether FEL is indemnifying him for his activities in this case.[5] Alewa, of

---

[4]

> (2) **<u>Unless the co-clients have agreed otherwise, a communication . . . [between two or more persons jointly represented by the same lawyer that relates to matters of common interest] is not privileged as between the co-clients in a subsequent adverse proceeding between them.</u>**

Id. (emphases added); see also comment (d) ("[I]n a subsequent proceeding in which former co-clients are adverse, one of them may not invoke the attorney-client privilege against the other with respect to communications involving either of them during the co-client relationship."); Hawaii Rules of Evidence, Rule 503 (d)(6) ("There is no privilege under this rule: . . . . (6) *Joint Clients*. As to a communication relevant to a matter of common interest between two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between any of the clients".); Nicole Garsombke, A Tragedy of the Common: The Common Interest Rule, Its Common Misuses, and an Uncommon Solution, 40 Ga. L. Rev. 615, 645 (2006) ("all communications and work product related to the transaction are discoverable in subsequent litigation" between former co-clients.). Moreover, former co-clients need not become legal adversaries; it is enough that their interests are factually adverse. Ashcraft & Gerel v. Shaw, 728 A.2d 798, 813 (Md. Ct. App. 1999).

[5] See Exhibit "F", Letters of November 13, 2006 (with enclosure) and January 30, 2007 from Stephen A. Jones, Esq. to Sam Yee, Esq.

7

course, has a right to know whether Messrs. Yee and Lau are being indemnified and/or otherwise influenced by a co-client (FEL) with conflicted and adverse interests.

With respect to any such "privilege" assertion, FEL has the burden, and it plainly cannot meet it here as to Messrs. Yee and Lau. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and which] appears reasonably calculated to lead to the discovery of admissible evidence." FRCP, Rule 26 (b)(1). "The proponent of a privilege bears the burden of establishing it." Boston Auction Co., Ltd. v. Western Farm Credit Bank, 925 F.Supp. 1478, 1480 (D. Hawai`i 1996) (citing e.g., Weil v. Investment/Indicators, Research & Mgmt., Inc., 647 F.2d 18, 25 (9th Cir.1981)).[6]

"Under Hawaii law, privileges are to be construed narrowly." Id. at 1481.

> Because the privilege works to suppress otherwise relevant evidence, the limitations which restrict the scope of its operation . . . must be assiduously heeded. E. v. E., 76 Misc.2d 2, 349 N.Y.S.2d 623 (1973). **An ipse dixit claim of privilege is insufficient.** Proper practice

---

[6] [T]he party asserting the lawyer-client privilege must prove that:

> (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

Boston Auction Co., Ltd., 925 F.Supp. at 1480-81 (quoting Sapp v. Wong, 62 Haw. 34, 38, 609 P.2d 137, 140 (1980) (citing 8 Wigmore, Evidence § 2292 (McNaughton Rev.1961)).

8

requires preliminary judicial inquiry into the existence and validity of the privilege and **<u>the burden of establishing the privilege rests on the claimant.</u>** United States v. Gurtner, 474 F.2d 297 (9th Cir. 1973). Sapp v. Wong, 62 Haw. at 38, 609 P.2d at 140 (additional citations omitted; emphases added)). "Put another way, the privilege 'must be strictly limited to the purpose for which it exists.'" DiCenzo v. Izawa, 68 Haw. 528, 535, 723 P.2d 171, 175 (1986) (quoting Dike v. Dike, 448 P.2d 490, 496 (1968)).

FEL asserts, without providing one scintilla of foundation or proof, that Alewa's Subpoena request for "all non-privileged documents" was an "attempt[] to circumvent the attorney-client privilege . . . in an effort to 'sanitize' the request . . . But this exercise is clearly a sham." Memorandum, pgs. 4-5. FEL's assertion, that "[c]learly this type of information ["relating to any actual or potential conflicts of interest involving certain attorneys for Finance Enterprises, and information relating to any indemnification of such attorneys" (Id. at pg. 4)] is protected under the attorney client privilege" (Id.), is not only conclusory and unsupported, it is insupportable; these two attorneys claimed to represent *Alewa* (and others) in this case, and their activities cannot possibly be "privileged" from Alewa. FEL cannot sustain its burden as to this claim of "privilege".[7]

---

[7] FEL also asserts that, "the information requested relates to work performed by Finance Enterprises' present and former counsel, and contain matters of attorney-client privilege, attorney work product, and corporate communications, all of which are valid grounds of privilege" (Memorandum, pg. 5), but, again, fails to provide any specific descriptions, examples, or support for these objections. The

9

Because a claim of privilege is narrowly applied and the limitations which restrict the scope of its operation assiduously heeded, FEL must do much more than make bare and conclusory objections as to the two categories of documents it asserts are privileged;[8] c.f. FRCP, Rule 45 (d)(2) ("When information subject to a subpoena is withheld on a claim that it is privileged . . . the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.").

FEL has plainly not met its burden of expressly setting forth and describing the nature of the particular documents it claims are privileged. It cannot possibly meet that burden, in any case, because Alewa (whom Yee and Lau purported to represent as ***counsel of record in this case***) is entitled to this information.

### C. **The Subpoena Does Not Impose An Undue Burden; The Documents Alewa Seeks Are Entirely Relevant To The Issues Before This Court.**

FEL next objects on the basis that the information sought imposes an undue

---

case upon which it relies, Estey & Associates, Inc. v. McCulloch Corp., 39 Fed.R.Serv.2d 1074 (D.Or. 1984), had to do with a motion to quash based on trade information, which is not a privilege claimed by FEL herein.

[8] FEL's Memorandum (at pg. 4) objects, on privilege grounds, to Alewa's requests for information "relating to any actual or potential conflicts of interest involving certain attorneys [Sam Yee and Jeffrey Lau] for Finance Enterprises, and information relating to any indemnification of such attorneys". As noted above, these two attorneys represented not only FEL, but also ***Alewa*** and other parties.

10

burden because it is supposedly "irrelevant".[9] Significantly, the party to whom the subpoena is directed (Mr. Wright) does not feel that it is an undue burden. FEL is trying to assert a burden that the witness himself does not assert.

FEL also argues that the Subpoena "violates the limits of discovery" (Memorandum, pg. 6) because it is not "relevant to the claim or defense of any party" pursuant to FRCP, Rule 26(b)(1). Id. Again, FEL provides only a selective reading of the rules. Pursuant to FRCP, Rule 26(b)(1), information is discoverable

---

[9] "Lack of relevance" does not necessarily lead to a finding of undue burden in any event. Neither FRCP, Rule 26(c) nor Rule 45(c)(3)(A)(iv) treat these two concepts as interchangeable or related, and in fact, neither Rule deals with relevance at all, which is a concept applicable to the general scope of discovery under Rule 26(b)(1). Ghandi v. Police Dept. of City of Detroit, 74 F.R.D. 115 (D.C. Mich. 1977), upon which FEL relies, does not support FEL's arguments. Therein, the F.B.I., a non-party, claimed that the plaintiffs' subpoena was burdensome because it would be time consuming, as it requested voluminous materials, some of which, it also argued were, apparently, irrelevant. Id. at 124. The court found that the subpoena was not sufficiently harmful as to require quashing it, but modified it instead "to reflect the fact that it cannot be used to seek voluminous information of interest to the plaintiffs but of little or no relevance to the pending action." Id. The F.B.I.'s relevance objections seemed to concern issues of access to government information, which the court found should be resolved by a Freedom of Information Act action rather than through a subpoena duces tecum. Id.

Of additional note here is the court's pronouncement, in *dicta*, that "[o]bjections as to relevance, when appropriate, are more properly raised by the service of objections upon the deposing party [by written objection to inspection or copying] . . . than by a . . . motion to quash." Ghandi v. Police Dept. of City of Detroit, 74 F.R.D. at 124, n. 9 (*relying on former FRCP, Rule 45*) (citing 5A Moore's Federal Practice P 45.05(2) at 45-44 (1975)). "This procedure gives the deposing party the opportunity to decide whether he will seek a court order to compel the production of the documents or whether, upon reflection, the documents are really necessary to the prosecution of his suit." Id.

11

if it is not only "relevant to the claim or defense of any party" but also if it appears "reasonably calculated to lead to the discovery of admissible evidence."

In Hawaii, the standard for relevance is very broad. French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 99 P.3d 1046 (2004) ("[t]he [HRCP], like the federal procedural rules, reflect a basic philosophy that a party to a civil action should be entitled to the disclosure of all relevant information in the possession of another person prior to trial, unless the information is privileged." Id. at 477, 1061 (quoting Wakabayashi v. Hertz Corp., 66 Haw. 265, 275, 660 P.2d 1309, 1315 (1983)); see also Lothspeich v. Sam Fong, 6 Haw.App. 118, 132, 711 P.2d 1310, 1314 (1985) ("Relevancy, within the area of discovery, has a broader meaning than in the field of evidence." (citing 4 Moore's Fed. Prac. ¶ 26.56[1] (2d ed. 1984)).

This case involves FEL stock, FEL stockholders, purchases of FEL stock, asserted "rights of refusal" under FEL's articles, attorneys' fee claims, and other issues. FEL itself asserts "the complexity of these proceedings, which overlap and are intertwined with the proceedings in 3 separate bankruptcy actions". Memorandum, pg. 4

The information sought in the Subpoena is relevant to the claims and defenses in this case. Alewa's interests were, until recently, represented by lawyers with undisclosed and overwhelming conflicts of interest.[10]

---

[10] See Defendant 1570 Alewa Limited Partnership's Statement of Position Re

## D. <u>A Protective Order Is Not Warranted Here.</u>

FEL's additional request, for "the issuance of a protective order under Fed.R.Civ.P. Rule 45(c)" (Memorandum, pgs. 6-7), is not supported by its arguments nor sanctioned under the cited Federal Rule, which only authorizes a court to quash or modify a subpoena for the specific causes enumerated. FRCP 45(c)(3)(A-B). Although FRCP, Rule 26(c) authorizes a court to issue a protective order, FEL has not complied with this rule; it has not submitted a certification of its good faith attempt to confer with the other parties in an effort to resolve the dispute without court action. Id.[11]

Additionally, FEL has not sustained its burden to support imposition of a

---

Jeffrey Lau's Motion to Withdraw as Counsel for Defendants 1570 Alewa Limited Partnership, et al., Filed November 13, 2006, filed November 21, 2006:

> Although Mr. Lau had no authorization from Alewa or some of the other Defendants to represent them, he appears to have somehow taken over this multiple-client representation from Sam Yee in mid-2005. Astonishingly, Mr. Yee did not obtain authorization from Alewa (or some of the other clients) to assign their representation to Mr. Lau.
>
> Compounding the problem, it appears that Mr. Lau is himself an officer and director of Finance Enterprises, and Sam Yee is an officer. See, Finance Enterprises, Ltd.'s Annual Statement for 2006 attached hereto as Exhibit "A". These capacities themselves place Mr. Yee and Mr. Lau in a position of conflicted roles.

[11] Alewa's lawyer spoke with FEL's lawyer (Mr. Wong) while walking back from Court on February 2, 2007. Jones Declaration. At that time, Mr. Wong stated that he wanted more time to review Mr. Wright's documents to see what, if anything, was privileged. Id.; Exhibit "C" hereto. As of today, Mr. Wright's attorney has advised that Mr. Wong has not yet done so. Jones Declaration.

13

protective order here.

> When moving for a protective order to limit discovery, the movant must establish good cause by demonstrating the specific evidence of the harm that would result. The burden is on the movant to establish that a protective order should be granted, or that a subpoena duces tecum should be quashed. Furthermore, a party seeking a protective order prohibiting deposition testimony or document production must establish good cause and a specific need for protection, as opposed to simply making conclusory or speculative statements. The moving party has a heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify such an order.

Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 21 (D.D.C. 2005) (internal citations and quotations omitted) ("Good cause exists under Fed.R.Civ.P. 26(c) when justice requires the protection of a person from annoyance, embarrassment, oppression, or undue burden or expense." Id. at n. 1).

FEL has not stated what specific harm will result from production of the requested information. FEL's conclusory assertion of "good cause" (Memorandum, pg. 6) is insufficient to justify such relief where it has neglected to demonstrate specific evidence of harm or a specific need for protection. Therefore, FEL's request for a protective order should be denied.

### III. CONCLUSION.

For all of the foregoing reasons, FEL's Motion should be denied. It has not sustained its burden to justify quashing the Subpoena to Mr. Wright nor to impose a protective order. In particular, FEL's unsupported argument that the Yee and

Lau materials should be withheld from Alewa on a "privilege" basis borders on frivolity, given that Messrs. Yee and Lau purported to represent *Alewa* in this case.

DATED:   Honolulu, Hawaii, February 16, 2007.

STEPHEN A. JONES
MICHAEL A. LILLY
JILL D. RAZNOV
Appearing Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP