Of Counsel:
NING LILLY & JONES

KE-CHING NING        1940
STEPHEN A. JONES     2957
MICHAEL A. LILLY     1681
707 Richards Street, Suite 700
Honolulu, Hawaii 96813
Telephone: (808) 528-1100; Fax: (808) 531-2415
E-mail: Stevejones@nljlaw.com
FINANCE ENTERPRISES-wright-oral
Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, | ) CIVIL NO. CV-02-00383 HG-BMK<br>) (Contract)<br>) |
| Plaintiff, | ) |
| vs. | ) DEFENDANT 1570 ALEWA<br>) LIMITED PARTNERSHIP'S<br>) NOTICE OF TAKING DEPOSITION |
| HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al., | ) UPON ORAL EXAMINATION;<br>) EXHIBIT "A"<br>)<br>) [JAMES H. WRIGHT, ESQ.] |
| Defendants. | )<br>)<br>) |

DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S
NOTICE OF TAKING DEPOSITION UPON ORAL EXAMINATION


EXHIBIT A

TO: ROBERT G. KLEIN, ESQ.
CHRISTOPHER J. COLE, ESQ.
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813

Attorneys for Plaintiff
Kahala CCM Factors, LLC

PLEASE TAKE NOTICE that Defendant 1570 ALEWA LIMITED PARTNERSHIP will take the oral deposition of the following individual at the offices of Ning Lilly and Jones, 707 Richards Street, Suite 700, Honolulu, Hawai'i 96813, on the dates and at the times indicated below:

| NAME AND ADDRESS | DATE AND TIME |
|---|---|
| JAMES H. WRIGHT, ESQ.<br>Law Office of James H. Wright<br>745 Fort Street Mall, Suite 1925<br>Honolulu, HI 96813 | February 2, 2007 @ 9:30 a.m. |

These depositions will be taken in accordance with the provisions of Rule 30 of the Federal Rules of Civil Procedure before a court reporter who is authorized to administer oaths in the state of Hawai'i.

The depositions will be taken for the purpose of discovery and/or for use as evidence at the trial of this action.

Said deponent will be required to bring with him to produce at said deposition the documents enumerated in Exhibit "1" of the Subpoena Duces Tecum attached hereto as Exhibit "A"

2

The oral examinations shall continue from day to day until completed. You are invited to attend and cross-examine the witnesses.

DATED: Honolulu, Hawaii, January 29, 2007

_____
KE-CHING NING
STEPHEN A. JONES
MICHAEL A. LILLY
Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

KAHALA CCM FACTORS, LLC

V.

HIRAM LEONG FONG, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV-02-00383 HG-BMK

TO: JAMES H. WRIGHT, ESQ.
Law Office of James H. Wright
745 Fort Street Mall, Suite 1925
Honolulu, HI 96813

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Ning Lilly & Jones, 707 Richards Street, Suite 700, Honolulu, HI 96813 | February 2, 2007 @ 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "1" attached hereto

| PLACE | DATE AND TIME |
| --- | --- |
| Ning Lilly & Jones, 707 Richards Street, Suite 700, Honolulu, HI 96813 | February 2, 2007 @ 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Defendant 1570 Alewa Limited Partnership    DATE    January 29, 2007

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen A. Jones  Ning Lilly & Jones, 707 Richards Street, Suite 700, Honolulu, HI 96813
Phone: (808) 528-1100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT " A "

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____      _____
                    DATE                                          SIGNATURE OF SERVER

                                                                  _____
                                                                  ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENTS TO BE PRODUCED

Please produce the documents listed below. For the purpose of this subpoena, "Document" means information recorded on paper, in computer or electronic form (including e-mails), and/or information stored in any other retrievable form or medium; and "FEL" means Finance Enterprises Ltd.

1. All non-privileged documents in your possession which refer or pertain to FEL's "right of refusal" to purchase any of the FEL shares which are the subject of this case.

2. All non-privileged documents in your possession which refer or pertain to any purchases within the past six months by any FEL officer(s) or director(s), of:

    (a) FEL shares
    (b) Promissory note(s) secured by FEL shares

3. All non-privileged documents in your possession which refer or pertain to disclosures by Sam Yee or Jeffrey Lau concerning actual or potential conflicts of interest in this case.

4. All non-privileged documents in your possession which refer or pertain to FEL's indemnification of Sam Yee or Jeffrey Lau with respect to their activities in this case.

HIBIT " 1 "