# Stephen Jones

| | |
|---|---|
| From: | Sam Yee [SamY@financefactors.com] |
| Sent: | Monday, October 30, 2006 3:35 PM |
| To: | Stephen Jones; 'wchang@lowysc.com' |
| Cc: | 'sidney.ayabe@hawadvocate.com'; Jeffrey Lau (E-mail); 'dreber@goodsill.com' |
| Subject: | FW: N. Harwood Matter v. Fong |
| Importance: | High |



3898_001.pdf (64 KB)

Messer Jones & Chang:

    This afternoon I received two similar letters from your clients, 1570 Alewa LP, Marvin Fong and Sandy Fong regarding my purported representation of them in the above referenced matter. I responded that I did not represent your clients in the above proceeding. However, after reviewing my files, I realized that I had made an error.

    In response to the North Harwood complaint for foreclosure, I had sent the enclosed communication to the shareholders regarding representing them to safeguard the rights of first refusal set forth in the Articles of FE. The lawsuit did not assert any claims for relief against either FE or its shareholders. I entered an appearance for the shareholders who consented to my representation, including 1570 Alewa, Marvin and Sandy Fong and NVC limited partnership. The shareholders did not pay any legal expenses. The focus during my representation was on preserving the rights of first refusal for both FE and its shareholders.

    Due to the Fong bankruptcy filings, little progress occurred in the prosecution of the above case. My representation ceased when the law firm of Oliver, Lau, Lawhn, Ogawa and Nakamura substituted in as counsel for FE and the shareholders on July 29, 2005.

```
> -----Original Message-----
> From:   FFLHRCL1@financefactors.com
> [mailto:FFLHRCL1@financefactors.com]
> Sent:   Monday, October 30, 2006 1:15 PM
> To: samy@financefactors.com
> Subject:  N. Harwood Matter
> Importance:   High
>
> <<3898_001.pdf>>
```

Confidentiality Statement
This message and/or attachments may be a confidential communication or may be privileged, confidential, or otherwise protected. If you are not the intended recipient, you are
notified that (i) you have received this message and/or attachments in error, and (ii) any review, dissemination, distribution, or copying of this message and/or attachments is strictly
prohibited. If you have received this message and/or attachments in error, please (i) notify
sender by e-mail or to report the error by telephone call at (808) 548-4907, and (ii) immediately
delete this message and all its attachments. Thank you.



EXHIBIT "E"

1



# FINANCE ENTERPRISES, LTD.
*Serving the Finance Factors Family*

Date: October 1, 2002

To: Shareholders of Finance Enterprises, Ltd.

From: Sam Yee, Senior Vice President and General Counsel

Re: N. Harwood Street Partners v. Hiram Fong et al.
Civil No. CV02-00383 HG-BMK
United States District Court, Hawaii

Dear Shareholder:

The above referenced lawsuit is a foreclosure collection action filed against Senator Hiram Fong and others based on loans purportedly made by Bank of Honolulu. The plaintiff is a Texas based limited partnership that acquired these loans from the Federal Deposit Insurance Corporation (FDIC) after the FDIC took over the Bank of Honolulu. Enclosed is a copy of the complaint.

Among the collateral sought to be foreclosed upon are 1,333 shares of Finance Enterprises stock. The Articles of Incorporation of Finance Enterprises provides that, with limited exceptions, before any stock can be transferred, first the Company and second the shareholders of the Company must be given rights of first refusal to acquire the stock upon the same terms as the proposed transfer to the outside party.

As a result of the right of first refusal, Finance Enterprises has been named as a defendant party in the lawsuit. The plaintiff also intends to name all of Finance Enterprises' shareholders for the same reason.

I am representing the Company in the lawsuit to ensure that the right of first refusal is given full effect. If you wish, I can also represent you because with respect to the right of first refusal, the interests of the Company and the shareholders are not in conflict. Please indicate your desire and consent to have me represent you by signing the enclosed copy of this letter and returning your signed original to me.

To avoid any additional expense in the lawsuit, as well as possible inconvenience to you, I recommend that also authorize me to accept service on your behalf. If you wish to do so, please indicate by signing the copy of this letter.

1164 Bishop Street • Honolulu, Hawaii 96813-2810 • Telephone: (808) 548-3311 • Facsimile: (808) 548-5148

Finance Enterprises Shareholders
October 1, 2002
Page 2

We hope that the lawsuit can be resolved without the Finance Enterprises stock actually being sold at foreclosure.

We will keep you apprised of developments in the lawsuit.

Sincerely,

*[signature]*

Sam K. Yee
Senior Vice President and General Counsel

P.S.   A Stamped Addressed Return Envelope is enclosed for your use.

I HEREBY AUTHORIZE AND CONSENT TO REPRESENTATION
IN THE ABOVE MENTIONED LAWSUIT BY SAM K. YEE, SENIOR
VICE PRESIDENT AND GENERAL COUNSEL OF FINANCE ENTERPRISES, LTD.

_____
Name:
Date:

I HEREBY AUTHORIZE SAM K. YEE, SENIOR VICE PRESIDENT AND
GENERAL COUNSEL OF FINANCE ENTERPRISES, LTD. TO
ACCEPT SERVICE OF PROCESS FOR ME IN THE ABOVE MENTIONED LAWSUIT

_____
Name:
Date: