ORIGINAL

JUDITH ANN PAVEY 2173
Suite 907, Century Square
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808)528-5200
Fax: (808)531-5316
Email: paveyaallc@aol.com

Attorney for Defendant
NVC LIMITED PARTNERSHIP

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 2 2007

at 3 o'clock and 35 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al., <br><br> Defendants. | CIVIL NO. CV-02-00383 SOM BMK (Contract) <br><br> NOTICE OF MOTION; DEFENDANT NVC LIMITED PARTNERSHIP'S MOTION FOR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF JUDITH ANN PAVEY; EXHIBITS "1"-"4"; CERTIFICATE OF SERVICE <br><br> Hearing Date: _____ <br> Time: _____ <br> Judge: _____ |

## NOTICE OF MOTION

TO:  GEORGE W. BRANDT, ESQ.
 BEVERLY LYNNE K. HIRAMATSU, ESQ.
 Lyons Brandt Cook & Hiramatsu
 1800 Davies Pacific Center
 841 Bishop Street
 Honolulu, Hawaii 96813

 Attorneys for former Plaintiff
 N. HARWOOD STREET PARTNERS I, L.P.

ROBERT G. KLEIN, ESQ.
CHRISTOPHER J. COLE, ESQ.
McCorriston Miller Mukai MacKinnon LLP
4th Floor, Five Waterfront Plaza
500 Ala Moana Boulevard
Honolulu, Hawaii 96813

Attorneys for Plaintiff
 KAHALA CCM FACTORS, LLC

JEFFREY DANIEL LAU, ESQ.
KURT K. LEONG, ESQ.
Oliver Lau Lawhn Ogawa & Nakamura
600 Ocean View Center
707 Richard Street
Honolulu, Hawaii 96813

Attorneys for Certain Defendants

STEPHEN A. JONES, ESQ.
KE-CHING NING, ESQ.
MICHAEL A. LILY, ESQ.
Ning Lily & Jones
707 Richards Street
Suite 700
Honolulu, Hawaii 96813

Attorneys for Defendant
 1570 ALEWA LIMITED PARTNERSHIP

STEVEN L. CHING, ESQ.
DAVID M.K. LUM, ESQ.
Char Sakamoto Ishii Lum & Ching
850 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
 SAI INVESTMENT COMPANY

HARRISON P. CHUNG, ESQ.
Law Office of Harrison P. Chung
1136 Union Mall
Suite 206
Honolulu, Hawaii 96813

Attorney for Defendants
 HIRAM LEONG FONG aka HIRAM L. FONG and
 HIRAM L. FONG, SR., Individually and as Trustee of
 the Hiram Leong Fong Revocable Trust dated 03/17/93,
 ELLYN LO FONG aka ELLYN L. FONG, Individually and
 as Trustee of Ellyn Lo Fong Revocable Trust dated 03/24/93,
 RODNEY LEONG FONG, aka RODNEY L. FONG and
 RODNEY FONG, Individually and as Trustee for Chelsea Tree
 Fong, Forest Wind Fong, Shama Rain Fong and Ski Hiram Fong,
 and PATSY NAKANO FONG, aka PATSY N. FONG

REUBEN S.F. WONG, ESQ.
DELWYN H.W. WONG, ESQ.
COLETTE L. HONDA, ESQ.
Law Offices of Reuben S.F. Wong
1006 Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
 FINANCE ENTERPRISES, LTD.

TERRENCE J. O'TOOLE, ESQ.
Starn O'Toole Marcus & Fisher
1900 Makai Tower
Pacific Guardian Center
733 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
 MARVIN ALLAN FONG, as Trustee for the
 Marvin Allan Fong Revocable Trust Agreement
 dated 05/09/94 and as Receiver for Nathan Allan Fong,
 Sandra Y.Y. Au Fong, as Trustee of the Sandra Y.Y. Au
 Fong Revocable Trust Agreement dated 05/09/94

JERROLD K. GUBEN, ESQ.
Reinwald O'Connor & Playdon
24th Floor, Makai Tower
733 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
 RONALD KOTOSHIRODO

JAY T. SUEMORI, ESQ.
Dandar Suemori
801 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Commissioner

SHERMAN S. HEE, ESQ.
850 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813

Defendant

LEX R. SMITH, ESQ.
Kobayashi Sugita & Goda
2500 First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813

Attorney for TFC Holdings

SUSAN TIUS, ESQ.
Rush Moore LLP
2400 Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
 SANDRA LOOMIS

NOTICE IS HEREBY GIVEN that Defendant NVC Limited Partnership's Motion for Temporary Restraining Order will be heard before the Honorable _____ _____, U.S. Magistrate Judge, in his/her courtroom in the United States District Courthouse Building, 300 Ala Moana Boulevard, Honolulu, Hawaii 96813, at_____ \_\_\_\_.m., on _____, 2007, or as soon thereafter as counsel may be heard.

FEB 2 2 2007

DATED: Honolulu, Hawaii, _____.

_____
JUDITH ANN PAVEY
Attorney for Defendant
NVC LIMITED PARTNERSHIP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAHALA CCM FACTORS, LLC, | ) | CIVIL NO. CV-02-00383 SOM BMK |
| | ) | (Contract) |
| Plaintiff, | ) | |
| | ) | DEFENDANT NVC LIMITED |
| vs. | ) | PARTNERSHIP'S MOTION FOR |
| | ) | TEMPORARY RESTRAINING |
| HIRAM LEONG FONG, ALSO KNOWN | ) | ORDER |
| AS HIRAM L. FONG, SR., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

DEFENDANT NVC LIMITED PARTNERSHIP'S
MOTION FOR TEMPORARY RESTRAINING ORDER

Defendant NVC LIMITED PARTNERSHIP, (hereinafter "NVC"), hereby moves this Honorable Court for a temporary restraining order enjoining Defendant FINANCE ENTERPRISES, LTD. (hereinafter "FE"), from exercising a right of first refusal to purchase any stock at issue and/or from taking any further action with regard to such exercise, including entering into any financial obligation for funding such an exercise in the following cases:

1) <u>In re Hiram Leong Fong and Ellyn Lo Fong</u>, Case No. 03-00674, United States Bankruptcy Court, District of Hawaii;

2) <u>In re Rodney Leong Fong, et al.</u>, Case No. 05-04104, United States Bankruptcy Court, District of Hawaii; and

3) <u>NVC Limited Partnership, etc. v. Finance Enteprises, Ltd, etc.</u>, S.P. No. 07-1-0047 (EEH);

4) <u>Finance Enterprises, Ltd. v. Joel N. Pahk, et al.</u>, Civil No. 07-1-0201-02 (VSM);

for the following reasons:

1. The majority of Defendant FE's Board of Directors has a conflict of interest and, therefore, the Board cannot lawfully authorize Plaintiff to exercise a right of first refusal;

2. Such an exercise serves no corporate or shareholder purpose, it would take from the company much needed resources (millions of dollars when shareholders have not received one penny from the company in dividends since 1995!), with the sole result being to ensure the continuation of present management;

3. Such exercise is not for any proper corporate purpose;

4. Management has illegally obstructed Defendant NVC's efforts to hold a shareholders meeting to elect a representative board of directors and, at the present time, there is no director representing Defendant NVC's interest; and, therefore, any exercise of the right would be void; and /or FE has waived its right to exercise by preventing shareholders from an election of directors to which they are entitled as a matter of law and contract;

5. Management has kept secret from Defendant NVC information to which all shareholders, including Defendant FE, have an absolute right, that is not proprietary to management and without which no decision can be made regarding the impact of such an exercise on the company and its shareholders;

6. Management's interests in entrenching itself are adverse to Defendant NVC's interest and to Defendant FE's interests, and entrenching management is the only reason an exercise of the company's right of first refusal would occur and, as such, would be improper;

7. Management has engaged in self-dealing and has usurped corporate opportunities for its own personal benefit;

8. Upon information and belief, Management has failed to truthfully inform the existing Board of Directors of the above;

9. Management's intent is to undermine all of the existing sales of stock pending in State and Federal Court, sales that are in Defendant NVC's interest;

10. Defendant NVC and Defendant FE will be irreparably harmed if management is allowed to exercise Defendant FE's right of first refusal because: (1) The majority of Defendant FE's Board of Directors has a conflict of interest with respect to this matter and, therefore, cannot lawfully act with respect to this matter or authorize Defendant FE to exercise a right of first refusal; (2) TFC Holding ("TFC") has agreed to purchase in excess of a thousand of Finance Enterprises share in a private sale, a bankruptcy case and a civil forfeiture action reference above, to which the purported first right of refusal applies. Should Defendant FE be allowed to exercise a right of first refusal under these circumstances, such exercise could well adversely impact the sale of these shares to TFC and/or otherwise "chill" that transactions such that TFC withdraws from the transaction; (3) Defendant NVC has wanted to sell its shares to the company for nearly 10 years, yet Defendant FE's management has refused to negotiate in good faith for the purchase of said interest and has never offered to buy out Defendant NVC. Rather, Defendant FE's management has consistently insisted that Finance Enterprises shares are worth far less than what TFC has now offered to pay; (5) Defendant NVC is also in negotiations to sell its interest in Defendant FE company to TFC and if Defendant FE is permitted to undermine the instant purchase agreements, Defendant NVC's bargaining position will be irreparably harmed;

11.    Defendant FE is acting in bad faith, in an oppressive manner toward shareholders, including Defendant NVC, and is self-dealing and in breach of its fiduciary duties thereto;

12.    Defendant NVC submits the issue presented herein is a matter of State law. It is scheduled for hearing by Judge Eden Elizabeth Hifo, Circuit Court Judge, on an application for emergency temporary restraining order hearing today, February 22, 2007 at 2:30 p.m. in S.P. No. 07-1-0047(EEH).

13.    An emergency exists because Intervenor had been informed that Defendant FE purported to exercise a right of first refusal at least as to some of the stock blocks yesterday, Wednesday, February 21, 2007.

This Motion is made pursuant to Federal Rules of Civil Procedure, Rule 65 and is based upon the records and files herein, the evidence submitted and to be submitted in connection with this Motion, and the Memorandum in Support attached hereto.

DATED: Honolulu, Hawaii, _____.


                                    _____
                                    JUDITH ANN PAVEY
                                    Attorney for Defendant
                                    NVC LIMITED PARTNERSHIP