STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

| | |
|---|---|
| TERENCE J. O'TOOLE | 1209-0 |
| STEPHANIE E.W. THOMPSON | 8399-0 |

Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 537-6100

Attorneys for Defendants
MARVIN ALLAN FONG, as Trustee for
the Marvin Allan Fong Revocable Trust
Agreement Dated 5/9/94 and for Nathan
Allan Fong, and SANDRA Y.Y. AU FONG,
as Trustee of the Sandra Y.Y. Au Fong
Revocable Trust Agreement Dated 5/9/94

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 SOM-BMK (Contract)<br><br>DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S MEMORANDUM IN RESPONSE TO DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S EMERGENCY MOTION TO COMPEL FINANCE ENTERPRISES LTD TO PRODUCE FINANCIAL INFORMATION TO ITS |

SHAREHOLDERS, FILED FEB. 23, 2007, CERTIFICATE OF SERVICE.

**Hearing:**
Date:   February 23, 2007
Time:   3:00 p.m.
Judge:  Hon. Susan Oki Mollway

DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S MEMORANDUM IN RESPONSE TO DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S EMERGENCY MOTION TO COMPEL FINANCE ENTERPRISES LTD TO PRODUCE FINANCIAL INFORMATION TO ITS SHAREHOLDERS, FILED FEB. 23, 2007

Defendants MARVIN ALLAN FONG, As Trustee For The Marvin Allan Fong Revocable Trust Agreement Dated 5/9/94 And For Nathan Allan Fong, and SANDRA Y.Y. AU FONG, As Trustee Of The Sandra Y.Y. Au Fong Revocable Trust Agreement Dated 5/9/94 (collectively the "Fongs") hereby respond to Defendant 1570 ALEWA LIMITED PARTNERSHIP'S Motion to Compel Finance Enterprises, Ltd. ("FEL") to Produce Financial Information to its Shareholders as follows:

**I.   INTRODUCTION**

On February 22, 2007, this Court issued an order granting in part and denying in part Kahala CCM Factors, LLC's ("Kahala CCM") Motion for an Order

of the Court Approving Report of Commissioner and Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction ("Order").  At issue were FEL's rights of first refusal as set forth in its Articles of Incorporation.  In this Order, the Court specifically provided for an expedited process wherein issues regarding these shares and the closing deadlines may be asserted.  *See Order,* ¶ 11.  Pursuant to the Articles of Incorporation, should FEL choose not to exercise its rights of refusal within fifteen days, this right then falls to the stockholders of the corporation.  *See Articles of Incorporation for Finance Enterprises, Ltd.,* Art. IV, ¶ 4, attached hereto as Exhibit "A".  To adequately asses the value of the company in its decision to exercise their rights of refusal pursuant to the lots of stock at issue, the stockholders need pertinent financial information.  The Fongs join in Defendant 1570 Limited Partnership's motion to compel FEL to produce financial information and respectfully request that this Court issue an Order compelling FEL to produce all relevant financial information., In the interest of judicial economy, the Fongs adopt and incorporate by reference the arguments and factual assertions of Defendant 1570 Alewa Limited Partnership's ("1570 Alewa") Emergency Motion.

## II.   DISCUSSION

### A.   The Shareholders Have a Right to the Financial Information.

Under Hawai`i law, a shareholder's right to inspect corporate business documents encompasses "every book and every record in which the corporate business appears."[1] *In re Kam*, 29 Haw. at ---, 1926 WL 3052 at *2 (Haw. 1926). The shareholder need not "specify what particular books and records he wishes to inspect." *Id.* Additionally the requesting shareholder need not state the purpose for which the request is being made. *Young v. Williams*, 28 Haw. 68, ---, 1924 WL 2908 at *5 (Haw. 1926) (explaining that "'[t]he law presumes . . . that the list [of corporate documents] is desired for a proper purpose, and he who denies this has the burden of clearly and explicitly averring and proving that he is right." (citations an internal quotations omitted).   Any refusal of the directors to provide the requested information constitutes a breach of the directors' fiduciary duties to shareholders.  3 Fletcher, *Cyclopedia of the Law of Corps* § 837.5 (explaining that a director's duties of loyalty, honesty, and good faith "encompass [the] duty to disclose information to those who have a right to know the facts."). *Id.*

### B.   Should FEL fail to exercise its Rights of Refusal regarding the stock at issue, the Shareholders would then have such rights.

---

[1] As a matter of general corporate law, this right of inspection is not solely limited to "books and records," but rather "includes the right to investigate all books, records, bylaws, papers, contracts, ledgers, journals, books of account, minutes or other instruments that bear on the corporation's condition or on whether it is being managed properly, or which impart information that will enable the inspecting shareholder to protect his interest in the corporation or perform his duties as a shareholder." 2 O'Neal & Thompson, § 7:35.

Pursuant to FEL's Articles of Incorporation, in the event that the directors do not exercise their rights of refusal, the stock "remaining unsold shall then be offered for sale by written notice to each of the other stockholders of the corporation." Exhibit "A", Art. IV. ¶ 4.  Shareholders would then have fifteen (15) days in which to exercise their respective rights of purchase. *Id.*  Essential for evaluation the worth of the stock is the financial stability of the company.

### III. CONCLUSION

As time is of the essence, it is imperative for the Fongs, before evaluating the purchase price of the offered stock, to be able to have access to the financial information of the company.  This right of financial information is inherent to the fiduciary duties of directors to its shareholders.  Having been informed by Defendant 1570 Alewa's request and subsequent denial of information, Defendants respectfully request that the this Court issue an order compelling FEL to produce such financial information as requested.

DATED:   Honolulu, Hawaii, February 23, 2007.

/s/ Stephanie E.W. Thompson
TERENCE J. O'TOOLE
STEPHANIE E.W. THOMPSON
Attorneys for Defendants
MARVIN ALLAN FONG, as Trustee for the Marvin Allan Fong Revocable Trust Agreement Dated 5/9/94 and for Nathan

Allan Fong, and SANDRA Y.Y. AU FONG, as Trustee of the Sandra Y.Y. Au Fong Revocable Trust Agreement Dated 5/9/94

---

*Kahala CCM Factors, LLM v. Hiram Leong Fong, et. al.,* Civil No. CV-02-00383 SOM-BMK; DEFENDANTS MARVIN ALLAN FONG, AS TRUSTEE FOR THE MARVIN ALLAN FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94 AND FOR NATHAN ALLAN FONG, AND SANDRA Y.Y. AU FONG, AS TRUSTEE OF THE SANDRA Y.Y. AU FONG REVOCABLE TRUST AGREEMENT DATED 5/9/94'S MEMORANDUM IN RESPONSE TO DEFENDANT 1570 ALEWA LIMITED PARTNERSHIP'S EMERGENCY MOTION TO COMPEL FINANCE ENTERPRISES LTD TO PRODUCE FINANCIAL INFORMATION TO ITS SHAREHOLDERS, FILED FEB. 23, 2007