MAY 29 '01  10:14AM F/E. EXE   IVE (808) 548-3367

## ATTACHMENT TO ARTICLES OF AMENDMENT
### OF
### FINANCE ENTERPRISES, LTD.

The Articles of Incorporation of Finance Enterprises, Ltd. are hereby amended by the addition of Article VIII thereto to read in its entirety as follows:

### ARTICLE VIII

The liability of directors of the corporation for monetary damages is hereby eliminated to the fullest extent permissible under Hawaii law, including, without limitation, Section 415-48.5 of the Hawaii Revised Statutes, as the same might be amended from time to time. Nothing herein shall affect or otherwise limit any other provisions limiting director liability set forth in these Articles of Incorporation or the Bylaws of the corporation.

MAY 29 '01  10:14AM F   EXECUTIVE (808) 548-3367

RECEIVED
BUSINESS REGISTRATION
DIVISION

SEP 22

DEPT. TO
REGULAT. AGENCIES
STATE OF HAWAII

ARTICLES OF INCORPORATION

OF

FINANCE ENTERPRISES, LTD.

KNOW ALL MEN BY THESE PRESENTS:

That we, the undersigned, all of whom are residents of
the State of Hawaii, desiring to become incorporated as a corpo-
ration under and in accordance with the laws of said State of
Hawaii and to obtain the benefits conferred by said laws upon
corporations, do hereby mutually agree upon and enter into the
following Articles of Incorporation, effective as of the signing
hereof, the terms whereof shall be equally obligatory upon the
parties hereto as well as upon all other persons who from time to
time may be stockholders of the corporation.

ARTICLE I

The name of the corporation shall be FINANCE ENTERPRISES,
LTD.

ARTICLE II

The place of the principal office of the corporation
shall be 195 South King Street, Honolulu, City and County of Honolulu,
State of Hawaii; there may be such subordinate or branch offices
in such place or places within and without said State as may
be deemed necessary or desirable by the Board of Directors to
transact the business of the corporation, such branch or subordinate
offices to be in the charge of such person or persons as may
be appointed by the Board of Directors.

ARTICLE III

1.  The nature of the business, or objects or purposes
to be transacted, promoted, or carried on are:

(a)  To purchase, own, and hold the stock of other

EXHIBIT "A"

corporations, and to do every act and thing covered generally by the denomination "holding corporation," and especially to direct the operations of other corporations through the ownership of stock therein;

(b)  To purchase, subscribe for, acquire, own, hold, sell, exchange, assign, transfer, create security interests in, pledge, or otherwise dispose of shares or voting trust certificates for shares of the capital stock, or any bonds, notes, securities, or evidences of indebtedness created by any other corporation or corporations organized under the laws of this state or any other state or district or country, nation, or government and also bonds or evidences of indebtedness of the United States or of any state, district, territory, dependency or country or subdivision or municipality thereof; to issue in exchange therefor shares of the capital stock, bonds, notes, or other obligations of the corporation and while the owner thereof to exercise all the rights, powers, and privileges of ownership including the right to vote on any shares of stock or voting trust certificates so owned; to promote, lend money to, and guarantee the dividends, stocks, bonds, notes, evidences of indebtedness, contracts, or other obligations of, and otherwise aid in any manner which shall be lawful, any corporation or association of which any bonds, stocks, voting trust certificates, or other securities or evidences of indebtedness shall be held by or for this corporation, or in which, or in the welfare of which, this corporation shall have any interest, and to do any acts and things permitted by law and designed to protect, preserve, improve, or enhance the value of any such bonds, stocks, or other securities or evidences of indebtedness or the property of this corporation;

(c)  To organize, promote, sell, license, lease, and

distribute franchises of any business which it is authorized to engage in;

(d)  To purchase, take, receive, lease or otherwise acquire, own, hold, use, improve, sell, convey, mortgage, pledge, lease, exchange, transfer and otherwise dispose of lands, real estate, real property, chattels real, and estate, interests, rights and equities of all kinds in lands;

(e)  To negotiate and consummate or otherwise acquire, for itself or for others, contracts and agreements for the purpose of purchasing, acquiring, owning, using, improving, selling, conveying, mortgaging, pledging, leasing, exchanging and trans- ferring real property, buildings and improvements and any interests therein, and to sell, convey, exchange, transfer or otherwise dispose of such contracts and agreements;

(f)  To build, purchase, take, receive, lease or other- wise acquire, own, hold, use, maintain, alter, repair and improve, sell, convey, mortgage, pledge, lease, exchange, transfer and other- wise dispose of buildings, structures, works, and improvements of all kinds; to plan, establish, furnish, decorate, equip, improve, maintain, lease, sublease, sell, convey, exchange and transfer space, stores, workshops, factories, warehouses, offices, rooms, suites and apartments; and to manufacture, purchase, or otherwise acquire, own, use, install, maintain, repair, operate, sell, mortgage, pledge, lease or otherwise dispose of fixtures, improve- ments and furnishings of all kinds and any articles, materials, machinery, equipment and property used for or in connection with any business or property of the corporation;.

(g)  To engage in the business of managing, supervising and operating real property, buildings and structures; to negotiate and consummate, for itself or for others, leases and other

-3-

contracts with respect to such property; to enter into contracts, either as principal or as agent, for the furnishing, maintenance, repair or improvement of any property managed, supervised or operated by the corporation: to furnish management, financial, auditing and other services; to purchase or otherwise acquire, own, use, improve, maintain, operate, sell, lease or otherwise dispose of any articles, materials, machinery and equipment used for or in connection with any business of the corporation; and to engage in and conduct, any business or activity incident, necessary, advisable or advantageous to the ownership of property, buildings and structures managed, supervised or operated by the corporation;

(h)  To purchase, or otherwise acquire or invest in, own, mortgage, pledge, sell, assign, transfer, or otherwise dispose of, in whole or in part, oil, gas, and mineral leases; oil, gas and mineral concessions, rights or interests granted or created by any government or any subdivision thereof; oil, gas and mineral rights; any interest of any type in any of the foregoing, including expressly interests known as oil payments, gas payments and production payments; fee lands; mineral interests in lands; mining claims; applications or options to acquire oil, gas or mineral leases, concessions or rights; royalty interest; over-riding royalty interest; net profits interests and any other interest in lands or any rights or interests created by contract or otherwise which entitle the owner or owners thereof to participate in any way in, or obtain any advantage from, the production or sale of oil, gas or other minerals;

(i)  To enter into, maintain, operate or carry on in any or all of its branches the business of exploring for, producing,

-4-

developing, mining, processing, refining, treating, handling,
marketing or dealing in, petroleum, oil, natural gas, asphalt,
bituminous rock and any and all other mineral and hydrocarbon
substances, and any and all products or by-products which may
be derived from such substances, or any of them;

(j)  To manufacture, purchase or otherwise acquire,
invest in, own, mortgage, pledge, sell, assign and transfer or
otherwise dispose of, machinery, equipment, appliances, building
materials, goods, wares and merchandise and personal property of
every class and description;

(k)  To engage in any commercial, industrial, and agri-
cultural enterprise calculated or designed to be profitable to
this corporation in conformity with the laws of the State of Hawaii;

(l)  To generally engage in, do, and perform any enter-
prise act or vocation that a natural person might or could do or
perform;

(m)  To build and construct buildings and other structures
to be used in connection with its purposes, as well as for homes,
hotels, apartments, stores, cafes, bars, places of public enter-
tainment and amusement and other purposes and to rent, lease,
sell, or otherwise dispose of the same;

(n)  To acquire, and pay for in cash, stock or bonds of
the corporation or otherwise, the good will, rights, assets and
property and to undertake or assume the whole or any part of the
obligations or liabilities, of any person, firm, association,
corporation or partnership;

(o)  To acquire, hold, use, sell, assign, lease, grant
licenses in respect of, mortgage or otherwise dispose of letters
patent of the United States or any foreign country, patent rights,
licenses and privileges, inventions, improvements and processes,

copyrights, trademarks and trade names, relating to or useful in connection with any business of this corporation;

(p)  To acquire by purchase, subscription or otherwise, and to receive, hold, own, guarantee, sell, assign, exchange, transfer, mortgage, pledge or otherwise dispose of or deal in or with any of the shares of capital stock, or any voting trust certificates in respect of shares of capital stock, or any script, warrants, rights, bonds, debentures, notes, trust receipts, obligations, evidences of indebtedness or interest or any other securities or choses in action, issued or created by any corporation, joint stock companies, syndicates, associations, firms, trusts or person, public or private, or by the government of the United States of America, or by any foreign government, or by any state, territory, province, municipality or other political subdivision or by any governmental agency, and as owner thereof to possess and exercise all the rights, powers and privileges of ownership, including the right to execute consents and vote thereon, and to do any and all acts and things necessary or advisable for the preservation, protection, improvement and enhancement in value thereof;

(q)  To act as financial, commercial, or general agent or representative of any corporation, association, firm, syndicate, individual, or others, and as such to develop, improve, and extend the property, trade, and business interest thereof, and to aid any lawful enterprise in connection therewith, and in connection with acting as such, or as agent or broker for any principal, to give any other aid or assistance;

(r)  To engage in and carry on the business of importers, exporters, commission merchants, brokers, jobbers, factors, agents, manufacturers, processors, dealing in or with any and all kinds and classes of materials, merchandise, supplies and commodities;

-6-

(s)  To undertake and carry on any business, investment, transaction, venture or enterprise which may be lawfully undertaken or carried on by a corporation and any business whatsoever which may seem to the corporation convenient or suitable to be undertaken whereby directly or indirectly to promote any of its general purposes or interests or render more valuable or profitable any of its property, rights, interests, or enterprises; and, for any of the purposes mentioned in these Articles, to acquire by purchase, lease or otherwise, the property, rights, franchises, assets, business and good will of any person, firm, association, or corporation engaged in or authorized to conduct any business or undertaking which may be carried on by this corporation or possessed of any property suitable or useful for any of its purposes, and carry on the same, and undertake all or any part of the obligations and liabilities in connection therewith, on such terms and conditions and for such consideration as may be agreed upon, and to pay for the same either all or partly in cash, stocks, bonds, debentures, or other forms of assets or securities, either of this corporation or otherwise; and to effect any such acquisition or carry on any business authorized by these Articles of Incorporation either by directly engaging therein, or exercising and enjoying the rights and advantages incident thereto;

(t)  To enter into, make and perform contracts of every kind and description with any person, firm, association, corporation, municipality, county, state, body politic or governmental or colony or dependency thereof;

(u)  To borrow or raise moneys for any of the purposes of the corporation and, from time to time, without limit as to amount, to draw, make, accept, enforce, execute and issue promissory notes, drafts, bills of exchange, warrants, bonds, debentures

MAY 29 '01  10:16AM F/E EXB   IVE (808) 548-3367                        P.10

and other negotiable or nonnegotiable instruments and evidences
of indebtedness, and to secure the payment of any thereof and of
the interest thereon by mortgage upon or pledge, conveyance or
assignment in trust of the whole or any part of the property of
the corporation, whether at the time owned or thereafter acquired,
or by assignment of the proceeds, applicable to the corporation's
interest, in any and all oil, gas and other hydrocarbons or minerals
produced from any properties in which the corporation may own any
interest, or by assignment of any moneys, owing or to be owing to
the corporation, or otherwise and to sell, pledge or otherwise
dispose of such bonds or other obligations of the corporation for
its corporate purposes;

    (v)  To buy, sell, or otherwise deal in notes, open ac-
counts, and other similar evidences of debt, or to loan money and
take notes, open accounts and other similar evidences of debt as
collateral security therefor;

    (w)  To purchase, hold, sell and transfer the shares of
its own capital stock; provided, it shall not use its fund or
property for the purchase of its own shares of capital stock when
such use would cause any impairment of its capital except as other-
wise permitted by law, and provided, further, that shares of its
own capital stock belonging to it shall not be voted upon directly
or indirectly;

    (x)  To have one or more offices, to carry on all or any
of its operations and business and, without restriction or limit
as to amount, to purchase or otherwise acquire, hold, own, mortgage,
sell, convey or otherwise dispose of real and personal property of
every class and description in any of the states, districts or
territories of the United States, and in any and all foreign
countries, subject to the laws of such state, district, territory

MAY 29 '01  10:16AM F/E EXECUTIVE (808) 548-3367

or country;

(y)  In general, to carry on any other business in
connection with the foregoing, and to have and exercise all the
powers conferred by the laws of the State of Hawaii upon corpo-
rations, and to do any or all of the things hereinbefore set forth
to the same extent as natural persons might or could do.

2.  And in furtherance of said purposes or objects, the
corporation shall also have the following powers, that is to say:

(a)  To sue and be sued in any court; to make and use a
common seal and to alter the same at its pleasure; to hold, purchase,
and convey such property as the purposes of the corporation shall
require without limit as to amount, and to mortgage the same to
secure any debt of the corporation; to appoint such subordinate
officers or agent as the business of the corporation shall require;
to make and adopt and from time to time amend or repeal Bylaws not
inconsistent with any existing law for the management of its proper-
ties, the election and removal of its officers, the regulation of
its affairs and the transfer of its stock and for all other purposes
permitted by law;

(b)  To borrow money without regard to amount or other-
wise incur indebtedness with or without security and to secure
any indebtedness by deed of trust, mortgage, pledge, hypothecation
or other lien upon all or any part of the real or personal property
of the corporation and to execute bonds, promissory notes, bills
of exchange, debentures or other obligations or evidences of
indebtedness of all kinds, whether secured or unsecured, and to
owe debts in an amount which may at any time be in excess of its
capital stock;

(c)  To aid in any manner any corporation of which any
of the bonds or other securities or evidences of indebtedness or

-9-

stock are held by this corporation, and to do any acts or things to preserve, protect, improve or enhance the value of any such bonds or other securities or evidences of indebtedness or stock, including specifically the rights and power to enter into and take the management of any business enterprise of any kind or nature, and, while so managing any such business, to do the acts and things incidental or necessary thereto;

(d)  To promote, assist, subscribe or contribute to any association, organization, society, company, institution or object, charitable or otherwise, calculated to benefit the corporation or any person in its employ or having dealings with the corporation, or deemed to be for the common or public welfare;

(e)  To become a party to and effect a merger or consolidation with another corporation or other corporations, and to enter into agreements and relationships not in contravention of law with any persons, firms or corporations;

(f)  To become surety for or guarantee any dividends, bonds, stocks, contracts, debts or other obligations or undertakings of any other person, firm or corporation, and to convey, transfer or assign by way of pledge or mortgage all or any of the corporation's property or rights, both present and future, to secure the debts or obligations, present or future, of such persons, firms or corporations, and on such terms and conditions as the corporation may determine;

(g)  To reduce its capital or capital stock in accordance with the provisions of law;

(h)  To do all or any of the above things in any part of the world, directly or indirectly, and as principal, agent, factor, contractor or otherwise, and by or through trustees, agents or otherwise, and either alone, in conjunction or partnership with others, or by joint adventure or any other lawful business organization.

3. The enumeration herein of the objects and purposes of this corporation shall be construed as powers as well as objects and purposes and shall be liberally construed both as to purposes and powers and shall not be deemed to exclude by inference any powers, objects or purposes which this corporation is empowered to exercise, whether expressly by force of the laws of the State of Hawaii now or hereafter in effect, or impliedly by the reasonable construction of said law, and the objects and purposes specified in each of the foregoing classes of these Articles shall be regarded as independent objects and purposes.

ARTICLE IV

1. The amount of the capital stock of the corporation shall be ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00) comprised of ONE HUNDRED TWENTY (120) shares of common stock of the par value of TEN DOLLARS ($10.00) per share, with the privilege of subsequent increase or extension of the capital stock to an amount not exceeding TEN MILLION DOLLARS ($10,000,000.00).

2. The corporation shall have power from time to time to create additional class or classes of stock with such preferences, voting powers, restrictions and qualifications thereof as shall be fixed in the resolution authorizing the issue thereof in accordance with law.

3. The holders of the common stock shall be entitled to one vote for each share of common stock held at all meetings of the stockholders of the corporation.

4. No stock or subscription right to stock in the corporation shall be transferred to any person without first offering the stock for sale by written notice to the corporation at the same price and on the same terms as would govern upon a transfer to such other person. If the offer for sale is refused

-11-

in whole or in part by the corporation, or if the corporation
shall fail for a period of fifteen (15) days after receipt of
the written offer to accept same by compliance with the terms
set forth therein, the stock remaining unsold shall then be
offered for sale by written notice to each of the other stock-
holders of the corporation in proportion to the number of shares
of common stock held by each of them respectively at the same
price and on the same terms as would govern upon a transfer to the
other person. The right to transfer stock or subscription rights
to stock to such other person shall not exist until all existing
stockholders refuse the offer made as provided above or until they
fail for a period of fifteen (15) days after receipt of the written
offer to accept same by compliance with the terms set forth therein.
The written notice shall set forth the price and terms and shall be
sent by certified mail to the corporation at its principal office
and to each shareholder at the address listed on the corporation
book. The foregoing provisions shall not apply in the event there
shall be a sole shareholder of the corporation. Notwithstanding
the provisions hereinabove contained, a holder of common stock or
subscription rights to stock shall have the right and power to
transfer such stock or subscription rights to or for the benefit
of his brothers, sisters, spouse, ancestors, lineal descendants,
or next of kin without first offering the stock or subscription
rights for sale to the corporation or to the other stockholders
of the corporation as hereinabove set forth.

    5. In the case of any authorization to increase the
capital stock of the corporation of any class, except where such
authorization be for the purpose of a stock dividend, or for the
purpose of furnishing shares provided for in any conversion
privilege that may hereafter be given, the new shares of stock

authorized shall, unless otherwise provided by the stockholders'
vote authorizing their issue, be offered for subscription to the
holders of record of all shares of the common stock outstanding
(on such date as shall be determined by the Board of Directors)
in proportion to the number of shares of common stock held by
them respectively, subject to such regulation and adjustment as
the Board of Directors may from time to time determine with a
view to avoid the issuance of fractional shares. If the stock-
holders' vote authorizing the issue of new shares shall so provide,
or if the shares be offered for subscription to the stockholders
as aforesaid and at the expiration of any subscription rights any
new shares authorized have not been subscribed for, then and in
either event the authorized and unissued shares may be issued and
sold from time to time for such price, and to such persons and on
such terms as the Board of Directors may determine.

### ARTICLE V

1. The officers of the corporation shall be a President,
one or more Vice Presidents as may be prescribed by the Bylaws, a
Secretary, and a Treasurer, who shall all be elected or appointed
by the Board of Directors. There may also be such Assistant
Secretaries and Assistant Treasurers as may be deemed desirable.
The officers need not be stockholders, except as may otherwise
be provided by the Bylaws of the corporation. There may also be
such other subordinate officers and agents as the business of the
corporation may require, who shall be elected or appointed as the
Bylaws may prescribe. The same person may hold at the same time
two or more offices.

2. There shall be a Board of Directors of not less than
five (5) members nor more than fifteen (15) members, who need not
be stockholders, except as may otherwise be provided by the
Bylaws; provided, however, the Board of Directors shall initially

-13-

be comprised of three (3) Directors who shall serve until the first meeting of the stockholders. The Directors shall be elected or appointed by vote of the stockholders entitled to vote, and any vacancies at any time occurring shall be filled by the stockholders or the Directors in such manner and for such terms as the Bylaws may prescribe.

3. The persons who are the first officers and directors of the corporation and who shall serve until the first meeting of the directors are as follows:

| Name | Office | Address |
|------|--------|---------|
| RUSSELL L. CHING | President, Secretary, Treasurer/Director | 190 S. King St. Suite 2300 Honolulu, HI |
| JEFFREY C. WILK | Director | 190 S. King St. Suite 2300 Honolulu, HI |
| DORENE M. TAKENAKA | Director | 190 S. King St. Suite 2300 Honolulu, HI |

4. All the powers and authority of the corporation shall be vested in and may be exercised by the Board of Directors except as otherwise provided by law, these Articles of Incorporation or the Bylaws of the corporation; and in furtherance and not in limitation of said general powers, the Board of Directors shall have power and is expressly authorized: To acquire and dispose of property; to elect a Board Chairman and other officers of the Board; to elect or appoint all officers of the corporation and to appoint a General Manager, Branch Managers, and such other managers, officers, or agents of the corporation as in its judgment the business thereof may require, and to confer upon and to delegate to them by power of attorney or otherwise such power and authority as it

shall determine; to fix the salaries or compensation of any or all
of its officers, agents and employees and in its discretion require
security of any of them for the faithful performance of any of
their duties; to declare dividends in accordance with law when
it shall deem it expedient; to make rules and regulations not
inconsistent with law or these Articles of Incorporation or Bylaws
for the transaction of business; to instruct the officers or agents
of the corporation with respect to, and to authorize the voting of,
stock of other corporations owned or held by this corporation;
to incur such indebtedness as may be deemed necessary, which
indebtedness may exceed the amount of the corporation's capital
stock; to invest any funds of the corporation in such securities
or other property as it may seem proper; to remove or suspend any
officer and generally to do any and every lawful act necessary
or proper to carry into effect the powers, purposes and objects
of the corporation; to authorize and cause to be executed mortgages
and liens upon the real and personal property of the corporation;
to set apart out of any funds of the corporation available for
dividends a reserve or reserves for any proper purposes and to
abolish any such reserve in the manner in which it was created;
by resolution or resolutions passed by a majority of the whole
Board to designate one or more committees, each committee to
consist of two or more of the directors of the corporation, which,
to the extent provided in said resolution or resolutions or in
the Bylaws of the corporation, shall have and may exercise the
powers of the Board of Directors in the management of the busi-
ness and affairs of the corporation, and may have power to au-
thorize the seal of the corporation to be affixed to all papers
which may require it.  Such committee or committees shall have
such name or names as may be stated in the Bylaws of the corpo-

ration or as may be determined from time to time by resolution
adopted by the Board of Directors.

    5.  The corporation shall indemnify each person who
serves or has served as a director, officer or agent of the corpo-
ration, and each person, who, at the request of the corporation
serves as a director or officer of another corporation in which
the corporation owns shares of capital stock or of which it is a
creditor, and the legal representatives of each such person
against all liabilities, expenses, counsel fees and costs incurred
by such person, or the estate of such person in connection with
or arising out of any action, suit, proceeding or claim to which
such person is made a party by reason of being, or having been,
such director or officer, provided, however, that in no case shall
the corporation indemnify any such person, or the legal represen-
tatives of any such person, with respect to any matters as to which
such person shall be finally adjudged in any such action, suit or
proceeding to be liable for gross negligence or wilful misconduct in
the performance of his or her duties; and provided, further,
that in the event of a settlement, indemnification shall be only
in connection with such matters covered by the settlement as to
which the corporation is advised by counsel that such person
was not guilty of gross negligence or wilful misconduct in the
performance of his duties. The foregoing right of indemnification
shall not be exclusive of any other rights to which any such
person may be entitled under law, by agreement, vote of the stockhol-
ders or otherwise.

    6.  No director of the corporation shall be liable to
any person on account of any action undertaken by him as such
director in reliance in good faith upon the existence of any fact

-16-

or circumstances reported or certified to the Board of Directors by any officer of the corporation or by any independent auditor. engineer or consultant retained or employed as such by the Board of Directors.

7. In the absence of fraud, no contract or other transaction between the corporation and any other corporation shall be affected or invalidated by the fact that any one or more of the directors of this corporation is or are interested in or is or are a director or directors or officer or officers of such other corporation, and no contract or other transaction between the corporation and any other person, firm or other business organization shall be affected or invalidated by the fact that any one or more directors of this corporation is a party to, or are parties to, or interested in, such contract or transaction; and any director of this corporation who is also a director or officer or party or who is so interested in any such contract or transaction may be counted in determining the existence of a quorum at any meeting of the Board of Directors of this corporation which shall authorize or approve any such contract or transaction or act and may vote thereat to authorize or approve any such contract or transaction or act with like force and effect as if he were not such director or officer or party of such other corporation, partnership, firm or other business organization or not so interested; provided, that in each such case the nature and extent of the interest of such director or directors in such contract or other transaction and/or the fact that such director or directors is or are a director or directors or officer or officers of such other corporation, firm, or other business organization are disclosed at the meeting of the Board of Directors at which such contract or other transaction is authorized.

ARTICLE VI

The corporation shall have perpetual existence under its corporate name and shall have all the powers herein enumerated or implied herefrom, and the powers now or which may hereafter be provided by law for incorporated companies.

ARTICLE VII

The corporation reserves the right to amend, alter, change or repeal any provision contained in these Articles of Incorporation, such action to be by the affirmative vote of the holders of not less than two-thirds (2/3) of the shares of the common stock issued and outstanding and having voting power, subject to the rights conferred upon all stockholders as prescribed by law, and all rights conferred upon stockholders herein are granted subject thereto.

IN WITNESS WHEREOF, the parties to these Articles of Incorporation have hereunto set their hands on this the 22nd day of _September_, 1976.

_____
RUSSELL L. CHING

_____
JEFFERY C. WILK

_____
DORENE H. TAKENAKA

-18-

MAY 29 '01  10:19AM F/E EXE  TIVE (808) 548-3367

STATE OF HAWAII                    )
                                   )  SS:
CITY AND COUNTY OF HONOLULU        )

On this 22nd day of September, 1976, before
me personally appeared RUSSELL L. CHING, JEFFREY C. WILK, and
DORENE M. TAKENAKA, to me known to be the persons described
in and who executed the foregoing instrument and acknowledged
that they executed the same as their free act and deed.

Ailine S Kakimoto
Notary Public, First Judicial Circuit
State of Hawaii
My Commission Expires: June 1, 1977

-19-

## AFFIDAVIT OF OFFICERS

STATE OF HAWAII ............................ )
.................................................................. ) SS:
CITY AND COUNTY OF HONOLULU ... )

RUSSELL L. CHING, being first duly sworn, each for himself, on oath depose and say:

That RUSSELL L. CHING is the President, Secretary, and Treasurer of FINANCE ENTERPRISES, LTD: that the Articles of Incorporation of said FINANCE ENTERPRISES, LTD. have been adopted, executed and authorized by the incorporators of said corporation; and that the same are ordered to be filed in the Office of the Director of Regulatory Agencies of the State of Hawaii;

That the amount of the authorized capital stock of said corporation is ONE THOUSAND TWO HUNDRED DOLLARS ($1,200.00). divided into ONE HUNDRED TWENTY (120) shares of common stock of the par value of TEN DOLLARS ($10.00) per share: that not less than seventy-five percent (75%) of the authorized capital stock of the corporation has been subscribed; and that not less than ten percent (10%) of the aggregate authorized capital stock of the corporation has been paid in cash;

That hereunder are the names of the subscribers for shares of common stock, the number of shares subscribed for by each of them, the price for the shares of common stock subscribed for by each of them and the amount of capital paid in by each of them:

| Name of Subscriber | Shares Subscribed | Subscription Price | Amount of Capital Paid In Cash |
|---|---|---|---|
| RUSSELL L. CHING | 120 | $10.00 | $1,200.00 |