IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>　　　　Defendants. | ) CIVIL NO. CV-02-00383 HG-BMK<br>) (Contract)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) MOTION<br>) |

## MEMORANDUM IN SUPPORT OF MOTION

Alewa Limited Partnership ("Alewa") respectfully submits this Emergency Motion to Compel Finance Enterprises Ltd. to Produce Financial and Valuation Information to Shareholders:

1. **Background**: By Order Granting in Part and Denying in Part Plaintiff Kahala CCM Factors, LLC's Motion for an Order Approving Report of Commissioner and Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction, Filed December 13, 2006, entered February 22, 2007 (the "Confirmation Order") [Docket No. 214], the Court confirmed the sale of five (5) lots of Finance Enterprises Limited ("FEL") stock.

Movant understand that FEL has given notice that it is exercising its asserted "right of refusal" as to Lots 1, 4 and 5 described in the Confirmation Order. The sale of those Lots was confirmed at $1,055.25 per share.

As to Lots 2 and 3, however, FEL has not given notice of any exercise of refusal rights. Lot 2 was sold at $1,822.44 per share [Confirmation Order, at ¶2] and Lot 3 was sold at $1,438.00 per share [Id., at ¶4].

As provided in the Confirmation Order (and not seriously disputed by any party), if FEL does not exercise its claimed "right of refusal" within 15 days, then the other stockholders of FEL have a "right of refusal" (also limited to 15 days).

Thus, the stockholders (including Alewa) are now faced with an extremely imminent and major investment decision, whether to exercise "rights of refusal" to purchase proportionate interests in Lot 2 and Lot 3 at exercise prices of over $1800 per share and $1400 per share.

2. **All Stockholders, Not Just Insiders, Need Access to Financial and Valuation Information.** In order to make an informed decision, Alewa (and other stockholders) need to have access to current financial and valuation information on FEL. At the present time, only the stockholders who happen to be management insiders have access to this crucial information.

It is fundamentally and grossly unfair for only the "insiders" to have access to this information. Even if there were not pressing time constraints, this information should be shared even-handedly with all shareholders.

By letter of February 15, 2007, Alewa requested that this information be provided by February 22, 2007. (Letter of Steve Jones to Russell Lau dated February 15, 2007, attached as Exhibit "A" hereto). FEL has not provided the information. Declaration of Stephen A. Jones.

Alewa has likewise asked the *Auditor* of the Company to provide current financials [correspondence attached hereto as Exhibit "B"]. The Auditor now claims that his office does not have such information [correspondence collectively attached hereto as Exhibit "C"].

In short, faced with a major investment decision regarding FEL stock, the stockholders (not merely the insider management clique) need to have the current financials and most recent "valuation" reports, so that they can make informed decisions. If this information is not made available immediately and even-handedly, the stockholders will be irreparably prejudiced and harmed.

There is plainly no harm to the company in providing the financials and the "valuation" reports to stockholders. The stockholders (not just those who happen to be management insiders) are entitled to the information in any case. Young v.

Williams, 28 Hawaii 68, 77 (Haw. 1924) ("[A] stockholder has the right at reasonable times to inspect the books of the corporation").

For the information to be meaningful in the current circumstances, it must be provided immediately. Stockholders must not only make investment decisions, they must prepare to make financial arrangements. It is patently unfair for only insiders to have access to the information, and places the non-management stockholders at a tremendous disadvantage.

3. **Request for Expedited Hearing and Assistance Pursuant to ¶11 of Confirmation Order.** Paragraph 11 of the Court's Confirmation Order [Docket No. 214] contemplates expedited assistance by the Court with respect to issues concerning the "rights of refusal" ("Any such matter may be presented to this court for clarification will be heard on an expedited basis in an attempt to prevent any delay in the closing dates set forth above".)

For the reasons set forth above, Alewa respectfully requests the Court's expedited assistance to order FEL to provide to Alewa and other stockholders, the

current financials for FEL and any valuation reports, appraisals or opinions which the company has regarding the value of FEL shares or the company itself.

DATED:   Honolulu, Hawaii, February 23, 2007.

_____
STEPHEN A. JONES
MICHAEL A. LILLY
JILL D. RAZNOV
Appearing Attorneys for Defendant
1570 ALEWA LIMITED PARTNERSHIP