LAW OFFICES OF REUBEN S.F. WONG

REUBEN S.F. WONG #638-0
DELWYN H.W. WONG #7170-0
COLETTE L. HONDA #7597-0
Suite 1006, Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 531-3526
Facsimile: (808) 531-3522

Attorneys for Defendant
 FINANCE ENTERPRISES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, | CIVIL NO. CV-02-00383 SOM BMK (Contract) |
| Plaintiff, | |
| vs. | DEFENDANT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT NVC LIMITED PARTNERSHIP'S MOTION FOR TEMPORARY RESTRAINING ORDER FILED ON FEBRUARY 22, 2007; EXHIBITS "A" – "D"; DECLARATION OF SAM K. YEE; DECLARATION OF REUBEN S.F. WONG; CERTIFICATE OF SERVICE |
| HIRAM L. FONG, ALSO KNOWN AS HIRAM L. FONG, SR., ET AL., | |
| Defendants. | |
| | DATE: February 23, 2007 |
| | TIME: 3:00 p.m. |
| | JUDGE: Susan Oki Mollway |

**ORIGINAL**

DEFENDANT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT NVC LIMITED PARTNERSHIP'S MOTION FOR TEMPORARY RESTRAINING ORDER FILED ON FEBRUARY 22, 2007

The Motion for Temporary Restraining Order (the "Motion for TRO") filed herein by Defendant NVC Limited Partnership ("NVC") should be denied for the following reasons:

1. <u>Motion For TRO Is by Court Ruling</u>. The relief sought since the United States District Court (the "Federal Court") and the United States Bankruptcy Court (the "Bankruptcy Court") have already ruled that NVC's efforts to impede Finance Enterprises from exercising its right of first refusal were based on nothing more than "bald assertions". <u>See</u> the last paragraph on page 6 of the Inclinations dated February 1, 2007 issued by Judge Mollway of the Federal Court, attached hereto as Exhibit "A", wherein Judge Mollway rejects the unsubstantiated allegations made by NVC and another shareholder, 1570 Alewa Limited Partnership. Judge Mollway's Inclinations are not cited as authority but merely to show that the Judge considered the matters therein referred to. Finance Enterprises submits that NVC's claims, having been rejected by both the Federal Court and the Bankruptcy Court, are barred by prior rulings of the Court.

2. <u>TRO is Improper Remedy vs Motion To Reconsider/Amend</u>.

In connection with the Court's ruling which directed the Commissioner to send written notice to Finance Enterprises to allow it to exercise

2

its right of first refusal, NVC Limited Partnership by filing a Motion For a Temporary Restraining Order IS in effect asking this Court to "restrain" this Court's own order. Clearly there is no rule of law that allows this type of action. One can only conclude that this Motion as well as other Motions filed in the State Courts and Federal Court (whatever they are and which have not been served on Finance Enterprises) are filed by Movant to harass Finance Enterprises. (See Exhibit "C" in Reuben S.F. Wong's letter wherein he refers to Judith Pavey's office talking about "all" State Courts and Federal Court's Motions). Contrast a Motion for TRO with other appropriate motions under Rules 59 and 60 of the Federal Rules of Procedure dealing with motions to "amend" or "reconsider" prior Courts' rulings. While it is obvious that the Movant can't possibly meet the tests for relief under those rules, surely the rules do not allow a Motion for TRO to restrain the Courts' prior rulings.

3. <u>The Rooker-Feldman Doctrine Precludes a Losing Party to Appeal to U.S. District Court.</u> Even if assuming arguendo, that the State Court had jurisdiction to hear Movant's Motion for a TRO, nevertheless where the party loses in the State Court, the losing party may not seek relief in the Federal Court. Under the concepts of the Rooker-Feldman doctrine, the proper relief to a losing party is to pursue reversal or modification in an appellate State proceeding, because the Federal Courts are empowered to exercise original, not appellate jurisdiction. The

Movant herein as a losing party, by asking for a TRO herein is in effect asking this Federal Court to act as an appellate Court to review, as in an appellate review of, the State Court's decision. The Rooker-Feldman is more fully described in <u>Exxon Mobil Corporation vs. Sandi Basic Industries Corporation</u> 544 US. 280, 125 S. Ct. 1517 (2005).

    4.    <u>Reversible Forum Shopping</u>. NVC has already attempted to circumvent Judge Mollway's authority by filing a substantially identical Motion for TRO in a case which was heard in the Circuit Court of the First Circuit ("State Court" entitled NVC Limited Partnership vs. Finance Enterprises, Ltd., S.P. No. 07-1-0047. <u>See</u> NVC's Motion for Temporary Restraining Order, attached hereto as Exhibit "B". A hearing on NVC's Motion for TRO was held on February 22, 2007 before Judge Eden Elizabeth Hifo. NVC was joined in its effort to forum shop the same issues already rejected by the Federal Court and the Bankruptcy Court, by Defendants 1570 Alewa Limited Partnership and Defendants Marvin Allen Fong and Sandra Y.Y. Au Fong, (in their respective capacities as trustees for certain trusts). NVC and the other movants all represented to the State Court that the <u>State Court</u> was the correct forum to decide whether Finance Enterprise, Ltd. should be barred from exercising its right of first refusal, notwithstanding that Judge Mollway gave all parties at the February 6, 2007 hearing the opportunity to challenge the Federal Court's exercise of jurisdiction, and not one party raised any

objections. In any event, after reviewing the parties' respective memoranda and filings, and after hearing arguments presented by the parties' respective counsel, Judge Hifo, just one day before, <u>denied</u> the Motion for TRO filed in the State Court.

In light of the outcome of the State Court hearing, counsel for Finance Enterprises sent a letter to NVC's counsel, requesting that she withdraw the instant Motion for TRO. <u>See</u> letter from Reuben S.F. Wong dated February 23, 2007, attached hereto as Exhibit "C". However, as of the time of this filing, counsel for NVC has either not responded or refused to comply.

It was brazen enough that NVC (and the other shareholders) sought to circumvent Judge Mollway's authority by raising substantially the same issues already considered and rejected by the Federal Court. (the claims raised by NVC and the other shareholders were likewise rejected by Judge Faris of the Bankruptcy Court). Now, NVC raisies the <u>very same issues</u> (once again) in Federal Court. This crosses the line between advocacy and frivolous conduct. Apparently, it was not enough that Judge Mollway characterized NVC's claims as "bald assertions", and that Judge Hifo of the State Court ruled likewise - - evidently, NVC's legal strategy is to harass Finance Enterprises with a barrage of Motions, some of which whatever they may be have not yet been served on Finance Enterprises.

5.      <u>No Evidence of Irreparable Harm</u>.  NVC's attempt to show irreparable harm is unpersuasive and based on misrepresentations to this Court.  For example, NVC alleges that the prospect of Finance Enterprises exercising its right of first refusal could "chill" the proposed sale to a third party buyer called TFC Holding "such that TFC withdraws from the transaction".  This statement is patently false.  At a confirmation hearing which took place on February 6, 2007 before the Federal Court and the Bankruptcy Court, TFC Holding was the winning bidder as to 3,915 shares of Finance Enterprises stock.  Another party, called Kahala CCM Factors, LLC, was the winning bidder as to an additional 871 shares of Finance Enterprises stock.  Both parties bid with full knowledge that Finance Enterprises possesses a right of first refusal as to such shares.  Evidently, the prospect of Finance Enterprises exercising its right of first refusal had absolutely zero "chilling" effect upon the winning bidders.  Moreover, neither TFC Holding nor Kahala CCM Factors, LLC has a right to "withdraw" from the transaction, as NVC claims, since the parties' respective winning bids are referenced in the proposed Orders submitted by the respective movants in the Federal Court and Bankruptcy Court actions.

NVC has obviously not been dissuaded from continuing its campaign of "bald assertions" against Finance Enterprises, despite being duly chastised by the Federal Court.  NVC's allegation that TFC Holding could potentially "withdraw"

from the transaction because of Finance Enterprises' purported effort to "undermine" the pending sale is so glaringly false, that this Court should require NVC and/or its counsel to explain why its/her statement should not be characterized as a misrepresentation and/or a fraud upon the Court.

Moreover, NVC has utterly failed to show why or where money damages are not adequate to address the claims raised in NVC's Motion for TRO. For example, NVC claims to be solely interested in facilitating an alleged sale to TFC Holding. If Finance Enterprises has "undermined" the proposed sale as NVC alleges, then NVC must produce evidence to prove that money damages are inadequate.

6.   <u>No Prima Facie Showing</u>.  Aside from failing to show irreparable harm, NVC fails to make even a prima facie showing of meeting the other elements of the four part test adopted in the case cited by NVC in its Memorandum, namely, <u>Hawaii Public Employment Relations Bd. v. UPW, Local 646 AFSCME, AFL-CIO</u>, 66 Hawaii 461 (1983). For example, under the above-cited case, NVC provides absolutely no evidence that it is likely to prevail on the merits. On the contrary, it would appear that NVC is taking the position that the right of first refusal contained in Finance Enterprises' Articles of Incorporation <u>inherently</u> "undermines" NVC's desire to sell its shares to TFC Holding. Yet, rights of first refusal are well-established in law, and the right of first refusal in question has already been recognized as being valid by the Federal Court and the

Bankruptcy Court. - - and two State Court judges agree (Judge Hifo referenced above, and Judge Marks referenced below. In short, NVC has not adequately shown that it will likely prevail on the merits.

7.  <u>Irreparable Harm to Finance Enterprises</u>. Finance Enterprises will be extremely prejudiced by the issuance of a temporary restraining order, particularly as to its right to exercise its right of first refusal as to certain shares, for which notices have been sent to the respective Commissioner and Trustees in the respective cases. In a separate but related action filed in the Circuit Court of the First Court as <u>Finance Enterprises, Ltd. v. Joel N. Pahk, et al</u>, Civil No. 07-1-0201-02 (VSM), Judge Victoria S. Marks ruled that Finance Enterprises was itself entitled to a temporary restraining order against certain parties which had attempted to deprive Finance Enterprises of its right of first refusal. In so ruling, Judge Marks found that Finance Enterprises "will be irreparably and immediately harmed if its right of first refusal is deemed to have expired. . ." <u>See</u> paragraph 2 of Order Granting Plaintiff Finance Enterprises, Ltd.'s Motion For Temporary Restraining Order issued by Judge Victoria S. Marks, entered on February 21, 2007, and attached hereto as Exhibit "D".

8.  <u>Moot</u>. Finance Enterprises has already exercised its right of first refusal as to some of the subject shares. <u>See</u> Letters by Finance Enterprises dated February 21, 2007 to: (1) Commissioner Jay Suemori, whereby Finance

Enterprises exercised its right of first refusal as to 1,092 shares, in accordance with procedures established by the Federal Court; (2) Trustee Sandra Loomis (c/o Susan Tius, Esq., attorney for said Trustee), whereby Finance Enterprises exercised its right of first refusal as to an additional 275 shares, in accordance with procedures established by the Bankruptcy Court; and (3) Trustee Kotoshirodo (c/o Jerrold Guben, Esq., attorney for said Trustee), whereby Finance Enterprises exercised its right of first refusal as to an additional 2,548 shares, in accordance with procedures established by the Bankruptcy Court – which three letters are collectively attached to the Declaration of Sam K. Yee. In fact by a Supplemental Memorandum filed herein by Trustee Kotoshirodo through attorney Jerrold Guben, the Trustee stated it is prepared to closing the purchase of the shares set forth in its letter to Finance Enterprises.

Based on the foregoing, Finance Enterprises respectfully requests that NVC's Motion for TRO be denied, and that NVC and/or its counsel be sanctioned

for the misrepresentations contained in its Motion for TRO for harassment and for filing a frivolous Motion.

DATED: Honolulu, Hawaii, _____FEB 2 3 2007_____

                                       Respectively submitted,

                                       _____
                                       REUBEN S.F. WONG
                                       DELWYN H.W. WONG
                                       COLETTE L. HONDA
                                       Attorneys for Plaintiff
                                        Finance Enterprises, Ltd.