McCORRISTON MILLER MUKAI MacKINNON LLP

ROBERT G. KLEIN          #1192-0
CHRISTOPHER J. COLE      #5781-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: 529-7300
Facsimile No.: 524-8293
E-mail: klein@m4law.com/cole@m4law.com

Attorneys for Plaintiff
Kahala CCM Factors, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM L. FONG, ALSO KNOWN AS<br>HIRAM L. FONG, SR., et al.<br><br>Defendants. | CIVIL NO. CV-02-00383 SOM/BMK<br>(CONTRACT)<br><br>PLAINTIFF KAHALA CCM<br>FACTORS, LLC'S<br>MEMORANDUM IN<br>OPPOSITION TO DEFENDANT<br>FINANCE ENTERPRISES, LTD.'S<br>MOTION TO COMPEL<br>COMPLIANCE WITH THIS<br>COURT'S ORDER DATED<br>FEBRUARY 22, 2007, FILED<br>MARCH 15, 2007;<br>DECLARATION OF STEWART<br>PRESSMAN; EXHIBIT "1";<br>CERTIFICATE OF SERVICE<br><br>DATE:  March 16, 2007<br>TIME:  2:15 p.m.<br>JUDGE: Susan Oki Mollway |

PLAINTIFF KAHALA CCM FACTORS, LLC'S
MEMORANDUM IN OPPOSITION TO DEFENDANT FINANCE
ENTERPRISES, LTD.'S MOTION TO COMPEL COMPLIANCE WITH THIS
COURT'S ORDER DATED FEBRUARY 22, 2007, FILED MARCH 15, 2007

Plaintiff Kahala CCM Factors, LLC ("Plaintiff") opposes the subject motion by Defendant Finance Enterprises, Ltd. ("Defendant FE") to compel compliance with this Court's prior order confirming the auction sale of collateral. The instant motion is frivolous. Defendant FE asks the Court to sanction Plaintiff and hold it in contempt of court for "obstructing" the execution of the court's order, "interfering" with Commissioner Jay Suemori, and "frustrating" the conveyance, but Defendant FE never *bothered to pick up the phone* to confirm the Plaintiff's position. The motion is premature for the same reasons. Plaintiff proposed a reasonable closing procedure, but Defendant FE rushed off to court without even bothering to meet and confer. See Declaration of Stewart Pressman, attached.

Defendant FE unreasonably asked Plaintiff's counsel to commit legal malpractice by relinquishing Plaintiff's possessory security interest over the collateral before the secured debt has been paid. Plaintiff proposed a way to avoid that problem by having Commissioner Jay Suemori act as Plaintiff's bailee in a three-party closing until all undisputed disbursements in satisfaction of the debt have been made. Id.

Defendant FE also improperly tried to leverage a voting proxy from Plaintiff out of the closing process. Now, Defendant FE frivolously argues that Plaintiff is

"[a]ttempting to *usurp* [its] voting rights under the shares being acquired under its right of first refusal[.]" Defendant FE's counsel should have known better: once Defendant FE acquires the shares, they become by operation of law authorized but *unissued* shares of stock that have no voting rights associated with them. Haw. Rev. Stat. §§ 414-73 (issued shares are outstanding until reacquired), 414-142(a) (only outstanding shares can vote), 414-102(a) (when a corporation reacquires its own shares, they become authorized but unissued shares).

Not only do any such retired shares of stock have no voting rights, but Defendant FE's articles of incorporation themselves provide that "shares of its own capital stock belonging to it shall not be voted upon *directly or indirectly*." See Exhibit 1 to Pressman declaration, Articles of Incorporation, at p. 8 (article III, section 1(w)) (emphasis added). Plaintiff respectfully requests that the court adopt the Plaintiff's proposal for a three-way closing designed to bring this matter to a swift conclusion without prejudicing anybody's rights or interests, including Plaintiff's security interest in the proceeds of the sale of the shares. That proposal is described in the attached declaration of Stewart Pressman.

Defendant FE's frivolous motion has "vexatiously multiplied" the proceedings in this case. 28 U.S.C. § 1927. Defendant FE's motion, and associated ex parte motion rushing the court to hear it on short notice, is not well founded in fact or in law, and its attorney did not come close to meeting the

requirements of Rule 11 in his investigation, if any, as to the basis for filing the instant motion. Accordingly, Plaintiff requests that the court sanction Defendant FE appropriately, including an award of costs and fees.

DATED: Honolulu, Hawaii, __MAR 1 6 2007_____.

_____
ROBERT G. KLEIN
CHRISTOPHER J. COLE

Attorneys for Plaintiff
Kahala CCM Factors, LLC