# TABLE OF CONTENTS

I. INTRODUCTION..................................................................................1

II. APPLICABLE LAW.............................................................................2

    A. A Court Can Sanction A Party And/Or Its Counsel Under Three Principles: FRCP Rule 11, 28 USC § 1927, And The Court's Inherent Powers..........................................................................................2

    B. The Standard For Sanctions Under The Court's Inherent Powers............3

    C. The Standard For Sanctions Under 28 USC § 1927..............................7

III. ARGUMENT.......................................................................................8

    A. NVC's Duplicate Motions for Temporary Restraining Orders Evidence Bad Faith And/Or Recklessness...........................................8

        1. NVC Seeks To Overturn This Court's Order Dated February 22, 2007 By Filing A TRO In State Court......................10

        2. NVC Files A Second motion for TRO, Seeking To Reverse Its Failure In State Court and Once Again Overturn This Court's Order To Confirm...........................................................11

    B. NVC Abuses The Discover Rules In Order To Harass, Intimidate, And Prejudice Finance Enterprises...................................................12

    C. NVC Should Be Sanctioned For Abuse Of Process.............................17

IV. CONCLUSION..................................................................................18

# TABLE OF AUTHORITIES

**FEDERAL COURT CASES**

B.K.B. v. Maui Police Dep't., 276 F.3d 1091 (9th Cir. 2002)..............................4, 5, 6, 7, 8

Chambers v. NASCO, Inc., 501 U.S. 32 (1991).......................................................3, 7

Fink v. Gomez, 239 F.3d 989 (9th Cir. 2001).........................................................3, 4, 5

In re Itel Sec. Litig. v. Itel, 791 F.2d 672 (9th Cir. 1986)...............................................5

Pourny v. Maui Police Dept., County of Maui, 127 F.Supp. 2d 1129 (D.Haw. 2000)............17

Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)..................................................3

**STATE COURT CASES**

Bogan v. Kreski, 546 So.2d 1132 (Fla.App. 1989)....................................................13

Chung v. McCabe Hamilton & Renny Co., Ltd., 109 Haw. 520, 529 (2006)..................17

Hogan v. Beckel, 783 S.W.2d 307 (Tex.App. 1989)..................................................13

Nienstedt v. Wetzel, 651 P.2d 876 (Az. App. 1982)...................................................18

Sanders v. Point After, Inc., 2 Haw.App. 65, 626 P.2d 193 (App. 1981)......................13

Thornton v. Rhoden, 245 Cal.App.2d 80, 53 Cal. Reprt. 706 (Cal. App. 1966)..............17

**RULES OF CIVIL PROCEDURE**

Fed.R.Civ.P. Rule 11................................................................................................2

Fed.R.Civ.P. Rule 60..............................................................................................10

Haw.R.Civ.P. Rule 30(b)(1)............................................................................13, 14, 15

**STATUTES**

28 USC § 1927.......................................................................1, 2, 6, 7, 8, 11, 12

## TABLE OF AUTHORITIES (cont.)

**OTHER AUTHORITIES**

Federal Rules of Evidence Rule 412..................................................................................6

1 AmJur Abuse of Process § 12.....................................................................................17

Restatement (Second) of Torts § 682 (1977)................................................................17