IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAHALA CCM FACTORS, LLC, | ) | CIVIL NO. CV-02-00383 SOM/BMK |
| | ) | (CONTRACT) |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT NVC |
| vs. | ) | LIMITED PARTNERSHIP'S MOTION |
| | ) | FOR TEMPORARY RESTRAINING |
| HIRAM L. FONG, ALSO KNOWN AS | ) | ORDER |
| HIRAM L. FONG, SR., et al. | ) | |
| | ) | HEARING: February 23, 2007 |
| Defendants. | ) | TIME:    3:00 p.m. |
| | ) | JUDGE:   Susan Oki Mollway |

ORDER DENYING DEFENDANT NVC LIMITED PARTNERSHIP'S
MOTION FOR TEMPORARY RESTRAINING ORDER

I.   INTRODUCTION.

NVC Limited Partnership ("NVC") filed a motion for temporary restraining order, seeking to enjoin Finance Enterprises, Ltd. ("FE"), from exercising its right of first refusal to purchase shares of FE, including funding the purchase of such an exercise. The motion is denied, as NVC fails to demonstrate that, in the absence of injunctive relief, it will suffer irreparable harm.

EXHIBIT "B"

II.     Standard for Injunctive Relief.

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Haw. County Green Party v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw. 1997). To obtain either, a party must demonstrate:

> (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Alternatively, a court may grant a preliminary injunction [or a temporary restraining order] if a plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable harm or that serious questions are raised and the balance of hardships tips sharply in his favor.

Earth Island Institute v. U.S. Forest Serv., 442 F.3d 1147, 1158 (9th Cir. 2006). To get injunctive relief, the required degree of irreparable harm increases as the probability of success decreases. Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994). When "the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Alaska v. Native Vill. of Venitie, 856 F.2d 1384, 1389 (9th Cir. 1988) (quoting Aguirre v. Chula Vista Sanitary Serv., 542 F.2d 779 (9th Cir. 1976)). If the plaintiff shows no chance of success on the merits, the injunction should not issue.

E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006). Under any formulation, the moving party must demonstrate a "significant threat of irreparable injury." Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

III.   ANALYSIS.

On December 13, 2006, Kahala CCM Factors, LLC. ("Kahala CCM"), filed a Motion for an Order of the Court Approving Report of Commissioner and Confirming the Sale of Collateral (1,963 Shares of Stock in Finance Enterprises, Ltd.) at Public Auction. In this court's February 22, 2007, order granting the motion in part and denying it in part, this court set forth the procedure for FE to exercise its right of first refusal as set forth in FE's articles of incorporation. This order was issued after the court conducted a joint hearing with Bankruptcy Judge Robert J. Faris on February 6, 2007. At that hearing, at least 14 attorneys made appearances.

On February 22, 2007, NVC filed the present motion for temporary restraining order, seeking to enjoin FE from exercising its right of first refusal to purchase shares of FE, including funding the purchase of such an exercise. Later that day, this court issued a scheduling order, asking that any opposition to the motion be filed by noon today and setting a hearing on the motion for 3 p.m. today. Given the litigious history of this

case, as demonstrated by the number of appearances at the February 6, 2007, hearing, and given NVC's failure to demonstrate irreparable harm on the current motion, the court decides the matter without a hearing pursuant to Local Rule 7.4 in an effort to save the parties time and money.

To the extent NVC's motion seeks to enjoin FE from exercising its right of first refusal, it appears that such a request is moot. On page two of the motion, NVC states that "FE's management has already decided to exercise FE's right of first refusal and provided formal notice of that fact at least with respect to certain blocks of stock yesterday, Wednesday, February 21, 2007."

Even if NVC's motion with respect to the actual exercise of the rights of first refusal is not moot, to the extent NVC seeks to prevent FE from actually purchasing its shares, NVC fails to demonstrate any irreparable harm. The motion NVC filed argues that a restraining order is necessary because a sale of FE's stock to FE, in NVC's opinion, will diminish the value of NVC's stock in FE. If NVC is harmed by the sale of shares to FE under FE's right of first refusal, NVC's damage is only monetary. Accordingly, NVC suffers no irreparable injury for which a temporary restraining order should issue. See Rent-A-Center, Inc. v. Canyon Tel. & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury

alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). NVC's motion for temporary restraining order is therefore denied.

It is the court's understanding from NVC's motion that it had filed a substantively identical motion for a restraining order in state court. According to NVC's motion, that state-court motion was heard by Judge Eden Elizabeth Hifo yesterday in Special Proceeding No. 07-1-0047 (EEH). The court takes judicial notice of Judge Hifo's denial of the substantively identical state-court motion for a temporary restraining order. The court questions the appropriateness of NVC's filing of a substantively identical motion before state and federal courts. However, because this matter is being decided on an expedited basis, the court declines to determine whether the state-court denial of the motion should affect the present motion before this court.

IV.    CONCLUSION

Because NVC fails to demonstrate any irreparable injury, its motion is denied. Should NVC have a different record upon which it would like a restraining order to issue, NVC may file another motion for temporary restraining order.

DATED:  Honolulu, Hawaii, February 23, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

---

Kahala CCM Factors, LLC v. Hiram L. Fong, also known as Hiram L. Fong, Sr., et al.; Civil No. CV-02-00383 SOM/BMK; ORDER DENYING DEFENDANT NVC LIMITED PARTNERSHIP'S MOTION FOR TEMPORARY RESTRAINING ORDER