
JUDITH ANN PAVEY  2173
Suite 907, Century Square
1188 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808)528-5200
Fax:          (808)531-5316
Email:       paveyaallc@aol.com

Attorney for Defendant
NVC LIMITED PARTNERSHIP,
A Hawaii limited partnership

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 3 2007

at  1  o'clock and 40 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HIRAM LEONG FONG, ALSO KNOWN AS HIRAM L. FONG, SR., et al.,<br><br>Defendants. | CIVIL NO. CV-02-00383 SOM BMK<br>(Contract)<br><br>DEFENDANT NVC LIMITED PARTNERSHIP'S MEMORANDUM IN OPPOSITION TO DEFENDANT FINANCE ENTERPRISES, LTD.'S MOTION FOR SANCTIONS FILED ON MARCH 23, 2007; EXHIBITS "A" TO "I"; DECLARATION OF JUDITH ANN PAVEY; CERTIFICATE OF SERVICE<br><br>DATE:  May 3, 2007<br>TIME:   2:00 p.m.<br>JUDGE: Magistrate Barry M. Kurren |

DEFENDANT NVC LMITED PARTNERSHIP'S MEMORANDUM IN
OPPOSITION TO DEFENDANT FINANCE ENTERPRISES, LTD.'S
MOTION FOR SANCTIONS FILED ON MARCH 23, 2007

I.   **INTRODUCTION**

Defendant Finance Enterprises, Ltd. (hereinafter "FE") is not entitled to sanctions against either Defendant NVC Limited Partnership (hereinafter "NVC") or its counsel and, as the facts set forth below prove, it is FE and its counsel that should be chastised.  FE claims that



NVC has: (1) repeatedly violated the Rules of Civil Procedure; (2) engaged in duplicative and unnecessary litigation; and (3) that such conduct constituted abuse of the legal process to "harass management into buying NVC's stake in" FE.  FE's Memorandum, p.1.  All three arguments are false and without factual basis.  Furthermore,  FE's complaints about alleged violations of the Rules of Civil Procedure  (consistently mischaracterized and misrepresented by FE, as the Court will see below) have nothing to do with this case or this Court and are, therefore, outside of this Court's jurisdiction.

  II. <u>**THIS COURT NEVER RULED ON THE LEGITIMACY OF FE'S ACTUAL EXERCISE OF THE RIGHT OF FIRST REFUSAL**</u>.

  This Court was presented with FE stock sales in foreclosure and bankruptcy confirmation motions.  On February 6, 2007 a joint hearing was held to confirm those sales.  The legitimacy of any EXERCISE by FE of its right of first refusal was NOT addressed by this Court, nor was it even ripe for decision at that point.

  While an objection to FE's right to exercise a right of first refusal was raised by shareholders at that hearing, it was in anticipation of a future argument by FE that shareholders had waived their right to object by not putting the objection on the record when it was being discussed, in the event it decided to exercise that right.  NVC and other shareholders did not attempt to obstruct or delay the confirmations of the sales before this Court at that time by requesting an evidentiary hearing on that matter because it was not ripe for decision.  The Court itself so noted in its comments from the bench, because no one knew at that time whether or not FE was going to attempt to exercise its right.

  "The other issues may or may not become problems…but just in case they don't become problems, no sense my making some advisory ruling." Exhibit "A", p.42.

The specific issue of the appropriateness of any exercise of the right by FE was raised by Terence O'Toole and addressed by the Court as follows:

"MR. O'TOOLE: Once this issue of the first right of refusal comes out, there is the shareholder issue about did they perceive what the corporation may or may not do through management as to be proper. So we just wanted to be sure that nobody came up at a later time and said we've waived those rights. And we're not asking for an advisory opinion.

DISTRICT JUDGE MOLLWAY: I think it's fair to say that everybody is reserving all kinds of rights and arguments which may or may not be presented..." Exhibit "A", pp.46-47.

It is, therefore, duplicitous and unethical for FE to make the false statement at p.10 of its Memorandum that "the issue of whether Finance Enterprises was entitled to exercise its right of first refusal had already been decided by this Court". Significantly, there was NO such order by this Court nor does FE even pretend to cite to such an order. The footnote cite to FE's false statement is not even related to its claim! FE and its counsel should be sanctioned for such deplorable misrepresentation.

In addressing the shareholders' objections this Court referred to them at page 6 of its inclinations as "bald assertions".[1] While the shareholders' objection was simply that, an objection, the record speaks for itself and the characterization is not germane to this discussion except to say that such comments in the Court's inclinations clearly did not constitute an order as

---

[1] FE attorney Reuben Wong has blatantly violated the instruction on the front page of the inclinations that states it "MAY NOT BE CITED AS AUTHORITY FOR ANY PROPOSITION" (emphasis added) by actually arguing the inclinations as a basis for res judicata! See Exhibit "B", a memorandum filed by Mr. Wong on behalf of FE in State Court, at pp.2-3, where he quoted the inclination and attached the inclination as an exhibit! Mr. Wong repeatedly referred to that language and mischaracterized it in hearings and conferences in State Court. His conduct was in contempt of this Court and the Court should sanction him for that.

3

to the legitimacy of any future exercise by FE of the right of first refusal. The existence of the right of first refusal was never in issue nor was it ever challenged by the shareholders. The issue raised by the shareholders was whether an improperly constituted board of directors could exercise the right. That issue is presently being litigated in the State court in <u>The NVC Limited Partnership, etc., et al. v. Russell Lau, et al.</u>, Civil No. 07-1-0528-03 (VDM), Circuit Court of the First Circuit, State of Hawaii.

### III. DEPENDENT/RELATED MOTIONS TO THE TRO MOTION FILED IN STATE COURT WERE APPROPRIATELY FILED IN FEDERAL COURT BECAUSE THE STATE COURT'S DECISION COULD DIRECTLY AND IMMEDIATELY IMPACT THE FEDERAL COURT PROCEEDINGS. THE FILINGS WERE NOT DUPLICATIVE.

The interpretation of FE's bylaws and articles of incorporation that create its right of first refusal is a question of State law and more appropriately decided in Hawaii State Court. The same is true for corporate governance issues regarding Hawaii corporations such as FE. By the time FE gave notice of its intent to exercise its right of first refusal this Court had confirmed the stock sales. NVC and other shareholders were before Judge Hifo in Hawaii State Circuit Court on a Special Proceeding seeking a court-ordered shareholders meeting to elect new directors. <u>NVC Limited Partnership v. Finance Enterprises</u>, S.P. No. 07-1-0047 (EEH), Circuit Court of the First Circuit, State of Hawaii. The Special Proceeding was filed on February 8, 2007 and FE sent its notice of its intent to exercise the right of first refusal presumably on the date of the notice which was February 21, 2007. Exhibit "C". NVC was subsequently indirectly informed of FE's election to exercise its first refusal right.

NVC had been forced to file the Special Proceeding to obtain a court ordered election of directors because: (1) FE management had failed to hold such an election for nearly two (2) years in violation of both Hawaii law and FE's own by laws; and (2) FE management

4

had sabotaged a special meeting called by FE and held by some of the shareholders to elect new directors on January 26, 2007 (Exhibit "D") by encouraging other shareholders to boycott the meeting so there would be no quorum. See Exhibit "E". For the first time in the over 50 year history of FE and its precursor companies, as a result of that interference by management, there was no quorum at that properly called and held meeting so new directors could not be elected. Exhibit "F", pp.28-29.

NVC's position, along with other shareholders, was that the board was not legitimate because it was sitting in violation of Hawaii law and FE's own by-laws and that, therefore, any decision it made was arguably void. That was one of NVC's arguments in the summary application before Judge Hifo. NVC intended to prove by testimony that the Board was controlled by management and erroneously believed its duty was to management, not the company and its shareholders. (Exhibit "G", p.39) The illegally constituted FE board was making an unusually high number of extremely important and costly decisions in secret that NVC believes are damaging it and the company.

The Application for summary relief was filed on February 8, 2007. It was set for hearing on March 7, 2007 and at a status conference before Judge Hifo an evidentiary hearing was scheduled for March 6, 2007. Obviously, the typical discovery time frames could not apply and, in fact, when FE counsel Reuben Wong complained about the short time frame for discovery and obstructed the scheduling of depositions, Judge Hifo stepped in and ordered not only four (4) of the depositions noticed by NVC, but also ordered the remaining FE witnesses NVC wanted to depose to appear IN PERSON to testify at the March 6 hearing and to bring the subpoenaed documents. That order included director James Wright, Russell Lau and others.

Exhibit "H". This arrangement was actually preferable to NVC because it would avoid obstructive tactics by Mr. Wong in the depositions.

The four (4) depositions were conducted but before the evidentiary hearing could take place FE STIPULATED TO A COURT ORDER GIVING NVC THE RELIEF IT WAS REQUESTING AND MORE. Exhibit "I". [2]

In any event, after the Special Proceeding was filed, NVC discovered that FE had given notice of its intent to exercise rights of refusal that involved spending nearly $3 million in corporate cash to purchase company stock for no legitimate business purpose. Keep in mind that the NVC and the rest of the "dissident" shareholder group together own approximately 36% of FE (their combined investment estimated to be worth over $20 million) and had not received one penny in dividends for 10 years. That decision to exercise was made by the very FE board that NVC argued in the Special Proceeding before Judge Hifo was illegally constituted. It was, therefore, clearly appropriate to bring the TRO motion in Judge Hifo's court. Because the stocks for which the right of first refusal was being exercised were still subject to this Court's jurisdiction, it was correct for NVC to put this Court on notice of the possibility that its order regarding the stock would be impacted, that it would also have to issue a restraining order, and that the pending sales should go through rather than be subject to FE's right of first refusal. NVC clearly stated in its related/dependent TRO motions in Federal Court that the issue was set for hearing before Judge Hifo and that NVC viewed the Federal Court TRO motions as dependent upon the ruling by Judge Hifo. "Defendant NVC submits the issue presented herein is a matter of State law. It is scheduled for hearing by Judge Eden Elizabeth Hifo, Circuit Court

---

[2] The Court can see that FE's whining herein about the conduct of discovery in that state court case was not only already addressed by Judge Hifo but actually ruled on in favor of NVC and AGAINST FE in the Special Proceeding!

Judge, on an application for emergency temporary restraining order today, February 22, 2007 at 2:30 p.m. in S.P. No. 07-1-0047 (EEH)." NVC Motion for TRO herein, p.4. Contrary to FE's claim that NVC filed identical motions in various courts for forum shopping purposes, NVC's unequivocal position was that it was Judge Hifo's call and it made that clear in its Federal Court motion (a fact that may have been overlooked by this Court when it stated in its order that the motions were "substantively identical"). Order Denying Defendant NVC Limited Partnership's Motion for Temporary Restraining Order, Judge Susan Oki Mollway, February 23, 2007.

As soon as Judge Hifo denied the TRO, undersigned informed this Court by phone of the ruling.[3] Within only a few hours of that phone call, this Court's Order Denying the Motion was received. No hearing was held. As the record plainly shows, there was no forum shopping nor "duplicative" litigation for any purpose at all, let alone some nefarious purpose conjured up by FE counsel.

### IV.   FE AND ITS COUNSEL SHOULD BE SANCTIONED.

It is noteworthy that in its instant Motion and Memorandum FE fails to cite to any support in the record for its claims. The only reasonable inference from its motion is that FE filed it for the primary purpose of harassing NVC and to impose burdensome costs and fees upon them in retaliation for NVC's raising questions regarding the legitimacy of FE's clandestine actions that have yet to be disclosed to the shareholders and their newly elected directors. A Motion with no support, based upon demonstrated false claims, is the kind of motion that justifies sanctions and FE and Mr. Wong deserve such punitive action by the Court.

---

[3] Judge Hifo believed our damages would be monetary and, therefore, not "irreparable". NVC disagrees with that assessment and has since, along with other shareholders, filed what will hopefully be the determinative lawsuit against FE and those individuals specifically responsible for certain wrongful acts and has requested several equitable remedies as well as monetary damages. The NVC Limited Partnership, etc., et al. v. Russell Lau, et al., Civil No. 07-1-0528-03(VSM), Circuit Court of the First Circuit, State of Hawaii.

## V.   CONCLUSION

NVC and undersigned hereby submit that FE's Motion be denied, that sanctions be issued against FE and Mr. Reuben Wong for contemptuously violating this very Court's procedural rules regarding the use of its inclinations and for filing this frivolous and unsupported motion and that NVC be awarded its fees and costs incurred in having to defend FE's malicious Motion.

DATED: Honolulu, Hawaii, APR 1 3 2007.

                                                                   JUDITH ANN PAVEY
                                                                   Attorney for Defendant
                                                                   NVC LIMITED PARTNERSHIP,
                                                                   A Hawaii limited partnership