```
                                                                    1


     1           IN THE UNITED STATES DISTRICT AND BANKRUPTCY COURTS

     2                       FOR THE DISTRICT OF HAWAII

     3
          KAHALA CCM FACTORS, LLC,      )
     4                                  )   CV 02-00383 SOM-BMK
                                        )
                  Plaintiff,            )   Honolulu, Hawaii
     5       vs.                        )   February 6, 2007
                                        )   10:30 A.M.
     6    HIRAM FONG, etc., et al.,     )
                                        )   Plaintiff's Motion for an
     7            Defendants.           )   Order of the Court Approving
                                        )   Report of Commissioner and
     8                                  )   Confirming Sale of the
                                        )   Collateral at Public Auction
     9    _____)
                                        )
    10    IN RE:                        )   CASE NO. 03-00674
                                        )
    11    HIRAM LEONG AND ELLYN LO FONG )   Motion to Authorize Sale of
                                        )   Assets and Proposed Bidding
    12                                  )   Instructions (Trustee Ronald
                                        )   Kotoshirodo)
    13    _____)
                                        )
    14    IN RE:                        )   CASE NO. 05-04104
                                        )
    15    RODNEY LEONG AND PATSY NAKANO )   Motion to Approve Sale
          FONG                          )   Pursuant to Stock Purchase
    16                                  )   Agreement (Trustee Sandra
                                        )   Loomis)
    17    _____)

    18

    19                      TRANSCRIPT OF PROCEEDINGS
                      BEFORE THE HONORABLE SUSAN OKI MOLLWAY
    20                     UNITED STATES DISTRICT JUDGE
                      BEFORE THE HONORABLE ROBERT J. FARIS
    21                    UNITED STATES BANKRUPTCY JUDGE

    22    APPEARANCES:

    23    For Kahala CCM Factors,       ROBERT G. KLEIN
          LLC:                          CHRISTOPHER J. COLE
    24                                  McCorriston Miller Mukai
                                        MacKinnon LLP
    25                                  500 Ala Moana Blvd.
                                        Honolulu, HI 96813
```



EXHIBIT "A"

1  Mr. Guben's concern is that, if the corporation decides to
2  exercise only a portion of it, we would then at the -- within
3  the 15-day period notify the shareholders ourselves as to that
4  portion that is available to the shareholders.  Would that be
5  acceptable -- I think reasonable?
6           DISTRICT JUDGE MOLLWAY:  I think that will work.  So
7  there may be problems that I haven't and Judge Faris hasn't
8  responded to, but just in case there aren't we're not going to
9  imagine what the problem is and answer.
10          But can we talk about how to do this shareholder
11 right.  And I gave you folks a little hypothetical here because
12 it wasn't clear to me what it was, and I thought it might help
13 the commissioner out in knowing what to offer if we talked
14 about how we calculate the maximum that a shareholder
15 exercising a right of first refusal could purchase.  And I
16 don't know if anybody's come prepared to address this, but I
17 sure hope so.  And I also had invited people to either make an
18 offer of proof or give me a declaration as to the intent of the
19 parties who were originally involved when this right of first
20 refusal provision was adopted.
21          MR. REUBEN WONG:  If the court pleases, I have
22 prepared for filing with the court a declaration of Daniel B.T.
23 Chun, who was one of the early founders of the corporation.
24 And, hopefully, the declaration would be helpful to the court.
25 I have given copies to counsel at the table here.

```
 1   he caused the incorporation of Finance Enterprises and has
 2   personal knowledge of the shareholder's intent in 1976.
 3           MR. JONES:  Well, I guess, Your Honor, what I would
 4   say is, if we're going to veer off into the intent issues, we
 5   would like an opportunity to do a little bit of discovery.  I
 6   don't think for this -- we don't have a problem with this
 7   particular issue, but there are some other issues in which we
 8   do have a serious concern.  And, if the court is going to
 9   accept this type of evidence, I think that we should have an
10   opportunity to develop some proper evidence as well on those
11   other issues.  I only point that out -- we don't object on this
12   particular application, though.
13           DISTRICT JUDGE MOLLWAY:  Okay.  I'm kind of follow
14   the procedure we followed before.  The other issues may or may
15   not become problems.  If they do, we can take them up when they
16   become problems.  But just in case they don't become problems
17   no sense my making some advisory ruling.  So --
18           MR. JONES:  Thank you.
19           DISTRICT JUDGE MOLLWAY:  But on this issue -- okay.
20   So then I think that helps the commissioner to understand what
21   he will have to offer if, in fact, any shares are not
22   exercised -- subject to an exercise of first refusal rights by
23   Finance Enterprises.
24           BANKRUPTCY JUDGE FARIS:  And the trustees as well.
25           MR. KLEIN:  Judge, we now have about 871 shares that
```

1  would be subject to the right of first refusal, and we just
2  want to make sure that, however it's divided between company
3  and shareholders, that our price term and our -- the number of
4  shares is met exactly on all fours because that is our offer.
5  Our offer is to purchase these shares on those terms.  And we
6  don't want to be in a situation where the company takes half
7  the shares, the shareholders take half of the half, and we call
8  that a day because our offer isn't -- it is a whole offer.  We
9  don't care how it's divided, but it's a whole offer.
10          DISTRICT JUDGE MOLLWAY:  Again let me suggest that
11 this may or may not become a problem.  In case it doesn't
12 become a problem --
13          MR. KLEIN:  Right.
14          DISTRICT JUDGE MOLLWAY:  -- I would say let's wait.
15 I mean I think the likelihood is that it's not going to be a
16 problem is what I'm expecting.
17          MR. KLEIN:  I just want to be on record as saying our
18 offer is to purchase 871 shares at this price, and anything
19 less than that does not conform with our offer so cannot be a
20 right of first refusal, cannot be a valid exercise of that
21 right.
22          DISTRICT JUDGE MOLLWAY:  Okay.  I don't know why we
23 have to address this at the moment, though, because it may not
24 turn out to be a problem.  It may.  Then I'll have to deal with
25 it.

1          BANKRUPTCY JUDGE FARIS:  Why would we expect problems
2     in this case?
3          DISTRICT JUDGE MOLLWAY:  I don't know.  It's totally
4     outrageous of me to even think that might happen.
5          MR. REUBEN WONG:  Just one note, if the court
6     pleases.  And I agree with the court's position this may not be
7     a problem, but for counsel to say that my offer was for the
8     whole, he recognizes that the articles indicate that could
9     conceivably his offer would be such that he would be able to
10    buy only a portion thereof, and what he's suggesting, as I
11    understand, is that he might want to withdraw his offer.
12         DISTRICT JUDGE MOLLWAY:  That is what he's
13    suggesting, but I'm not now --
14         MR. REUBEN WONG:  Allowing a ruling on it.
15         DISTRICT JUDGE MOLLWAY:  That's right.  That's
16    right.
17         MR. SMITH:  We agree with Judge Klein's position, but
18    we're happy to wait until it comes up.
19         MS. TIUS:  Your Honor, I must say that I'm very
20    concerned about it.  This has been very litigious.  It's very
21    difficult for the trustees to know how to proceed.
22              It is not at all out of the question that there would
23    be exercises for one share to delay this process again.  Our
24    bankruptcy estate at $10,500 a month is being eroded by delay.
25    It's not as much a problem on the side of the unencumbered

```
 1    shares.  But those, including the lender's position that they
 2    are incurring further expense on this, we're really not asking
 3    for an advisory ruling; I think we're asking what do we tell
 4    shareholders when we give them their notice:  You have a right
 5    of first refusal.  You have a right of refusal -- first refusal
 6    to buy 275 shares, not you have a right of first refusal to buy
 7    some of 275 shares.  I really think it's an important issue to
 8    address at this stage.
 9              BANKRUPTCY JUDGE FARIS:  Well, the counter-argument
10    would be that the notice you'd give them would be precisely
11    what the articles say.  And if there's an ambiguity there and
12    that becomes a problem, then we would take that up then.  If it
13    doesn't become a problem, then we are looking at an arguably
14    hypothetical situation.
15              You know, I wouldn't be surprised either if something
16    strange happens, but it's maybe so strange that I don't want to
17    even guess what the strangeness is.
18              DISTRICT JUDGE MOLLWAY:  I think that the
19    commissioner and the trustees should follow the language that
20    exists in the documents.  And to the extent that a problem
21    develops, then we'll address it when the problem develops.  But
22    it may well be that no problem develops, which is my big hope.
23              So I think that's all we can do today.  I did in my
24    inclination suggest that the attorneys fee issue would be
25    reserved because I need more documentation.  According to our
```

1    local rule attorneys fee requests have to follow certain
2    procedures. And I don't have the data that our rule requires,
3    but, you know, that may be resolved later. It looks like you
4    have time given this process anyway, but you might want to
5    submit your attorneys fee request at the earliest possible
6    moment because then, depending when the closing is, we might be
7    able to wrap everything up all at once, which I think would be
8    the best for everybody.
9            MR. KLEIN: Thank you, Your Honor. That's good
10   advice. We'll do that.
11           MR. O'TOOLE: Judge, may I --
12           DISTRICT JUDGE MOLLWAY: You haven't been heard from
13   yet, and you might as well.
14           MR. O'TOOLE: And I was hoping I wouldn't have to be.
15   But there are several of us in the courtroom who represent
16   shareholder interests. I'm Terry O'Toole, and I've got Marvin
17   and Sandra Fong as trustees.
18           And we're not trying to predict problems either, but
19   we did simply want to reserve our rights. Once this issue of
20   the first right of refusal comes out, there is the shareholder
21   issue about did they perceive what the corporation may or may
22   not do through management as to be proper. So we just wanted
23   to be sure that nobody came up at a later time and said we've
24   waived those rights. And we're not asking for an advisory
25   opinion.

```
 1          DISTRICT JUDGE MOLLWAY:  Okay.  I think it's fair to
 2   say that everybody is reserving all kinds of rights and
 3   arguments which may or may not be presented to -- I hope you
 4   present them to Judge Faris to resolve them.
 5          BANKRUPTCY JUDGE FARIS:  I'm planning a vacation
 6   soon.
 7          DISTRICT JUDGE MOLLWAY:  I'm kind of fearful that
 8   some of them may end up on my plate, but in any event we're --
 9   okay.  I'm sure you've put the other attorneys on notice --
10   you've definitely put us on notice -- that we might have to see
11   you all again.
12          MR. O'TOOLE:  Thank you.
13          MR. GUBEN:  Just one last point, Judge.  Somewhat
14   mundane.  Miss Tius and I would like to have attorneys, if not
15   waiving signature, rather than circulate everything we will
16   e-mail or hand-deliver or fax the proposed form of order and
17   give them 48 hours or 24 hours to find any objections.  But
18   rather than circulate -- and this is going to be a rather
19   extensive order.  We'll circulate it by fax, e-mail, or
20   otherwise to all counsel who made an appearance, and we'll then
21   lodge it with the court, and they'll have 48 hours in which to
22   object to the form of the order.
23          BANKRUPTCY JUDGE FARIS:  Any objection to that in the
24   bankruptcy cases?
25          Okay.  That's fine.
```