9559
LAW OFFICES OF REUBEN S.F. WONG

REUBEN S.F. WONG          #638-0
DELWYN H.W. WONG          #7170-0
COLETTE L. HONDA          #7597-0
Suite 1006, Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 531-3526
Facsimile:  (808) 531-3522

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2007 FEB 22  PM 1:16

T. WONG
CLERK

Attorneys for Plaintiff
FINANCE ENTERPRISES, LTD.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NVC LIMITED PARTNERSHIP, a Hawaii limited partnership<br><br>    Applicant,<br><br>vs.<br><br>FINANCE ENTERPRISES, LTD., a Hawaii corporation<br><br>    Respondent | S.P. NO. 07-1-0047 EEH<br>(Other Civil Action)<br><br>RESPONDENT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN OPPOSITION TO APPLICANT'S MOTION FOR TEMPORARY RESTRAINING ORDER FILED ON FEBRUARY 22, 2007; EXHIBITS "A" – "C"; DECLARATION OF SAM K. YEE; DECLARATION OF REUBEN S.F. WONG; CERTIFICATE OF SERVICE<br><br>DATE:  February 22, 2007<br>TIME:  2:30 p.m.<br>JUDGE: Eden Elizabeth Hifo |

RESPONDENT FINANCE ENTERPRISES, LTD.'S MEMORANDUM IN OPPOSITION TO APPLICANT'S MOTION FOR TEMPORARY RESTRAINING ORDER

The Motion for Temporary Restraining Order (the "Motion for TRO") filed herein by Applicant NVC Limited Partnership ("NVC") should be denied for the following reasons:


EXHIBIT "B"

1. <u>Court Lacks Jurisdiction</u>. This Court lacks jurisdiction to issue a temporary restraining order, since the issues raised by NVC's Motion for TRO (including its claim that Finance Enterprises should be barred from exercising its right of first refusal) have been or are being heard by the United States District Court (the "Federal Court") and the United States Bankruptcy Court (the "Bankruptcy Court") in the cases cited at page 2 of NVC's Motion for TRO.

Moreover, NVC has utterly failed to show how the granting of a temporary restraining order bears any relation to the relief prayed for in its original complaint, which sought to fix the time, place, and quorum requirements for a <u>special shareholders' meeting</u>. See NVC's Application filed herein on February 8, 2007 at page 3. In fact, none of the allegations in NVC's Application had anything to do with Finance Enterprises' right of first refusal, and the shares being sold in the Federal Court and Bankruptcy court actions. In short, NVC's Motion for TRO is being raised in the wrong forum, and this Court therefore lacks subject matter jurisdiction.

2. <u>Res Judicata</u>. The relief sought by NVC is barred by the doctrine of res judicata, since the Federal Court and the Bankruptcy Court have already ruled that NVC's efforts to impede Finance Enterprises from exercising its right of first refusal were based on nothing more than "bald assertions". See the last paragraph on page 6 of the Inclinations dated February 1, 2007 issued by Judge Mollway of the Federal Court, attached hereto as Exhibit "A", wherein Judge Mollway rejects the unsubstantiated allegations made by NVC and another shareholder, 1570 Alewa Limited Partnership. Copies of the NVC's pleading and that of 1570 Alewa Limited Partnership in the Federal Court case, which contained the "bald assertions" summarily rejected by Judge Mollway

are collectively attached hereto as Exhibit "B". Finance Enterprises submits that NVC's claims, having been rejected by both the Federal Court and the Bankruptcy Court, are barred by the doctrine of res judicata and/or collateral estoppel.

In view of the Inclination cited above, this Motion for TRO is little more than an attempt to circumvent the authority of the Federal Court and the Bankruptcy Court. This is nothing but a classic case of forum shopping – and a poorly disguised one at that – considering that Applicant itself identifies the cases now being heard in the Federal Court and the Bankruptcy Court at page 2 of its own Motion for TRO.

3. <u>No Evidence of Irreparable Harm</u>. NVC's attempt to show irreparable harm is unpersuasive and based on misrepresentations to this Court. For example, NVC alleges that the prospect of Finance Enterprises exercising its right of first refusal could "chill" the proposed sale to a third party buyer called TFC Holding "such that TFC withdraws from the transaction". This statement is patently false. At a confirmation hearing which took place on February 6, 2007 before the Federal Court and the Bankruptcy Court, TFC Holding was the winning bidder as to 3,915 shares of Finance Enterprises stock. Another party, called Kahala CCM Factors, LLC, was the winning bidder as to an additional 871 shares of Finance Enterprises stock. Both parties bid with full knowledge that Finance Enterprises possesses a right of first refusal as to such shares. Evidently, the prospect of Finance Enterprises exercising its right of first refusal had absolutely zero "chilling" effect upon the winning bidders. Moreover, neither TFC Holding nor Kahala CCM Factors, LLC has a right to "withdraw" from the transaction, as NVC claims, since the parties' respective winning bids are referenced in the proposed

Orders submitted by the respective movants in the Federal Court and Bankruptcy Court actions.

NVC has obviously not been dissuaded from continuing its campaign of "bald assertions" against Finance Enterprises, despite being duly chastised by the Federal Court. NVC's allegation that TFC Holding could potentially "withdraw" from the transaction because of Finance Enterprises' purported effort to "undermine" the pending sale is so glaringly false, that this Court should require NVC and/or its counsel to explain why its/her statement should not be characterized as a misrepresentation and/or a fraud upon the Court.

Moreover, NVC has utterly failed to show why or where money damages are not adequate to address the claims raised in NVC's Motion for TRO. For example, NVC claims to be solely interested in facilitating an alleged sale to TFC Holding. If Finance Enterprises has "undermined" the proposed sale as NVC alleges, then NVC must produce evidence to prove that money damages are inadequate.

4. <u>No Prima Facie Showing</u>. Aside from failing to show irreparable harm, NVC fails to make even a prima facie showing of meeting the other elements of the four part test adopted in the case cited by NVC in its Memorandum, namely, <u>Hawaii Public Employment Relations Bd. v. UPW, Local 646 AFSCME, AFL-CIO</u>, 66 Hawaii 461 (1983). For example, under the above-cited case, NVC provides absolutely no evidence that it is likely to prevail on the merits. On the contrary, it would appear that NVC is taking the position that the right of first refusal contained in Finance Enterprises' Articles of Incorporation <u>inherently</u> "undermines" NVC's desire to sell its shares to TFC Holding. Yet, rights of first refusal are well-establish in law, and the right of first refusal in

4

question has already been recognized as being valid by the Federal Court and the Bankruptcy Court. In short, NVC has not adequately shown that it will likely prevail on the merits.

5. <u>Irreparable Harm to Finance Enterprises</u>. Finance Enterprises will be extremely prejudiced by the issuance of a temporary restraining order, particularly as to its right to exercise its right of first refusal as to certain shares, for which notices have been sent to the respective Commissioner and Trustees in the respective cases. In a separate but related action filed in the Circuit Court of the First Court as <u>Finance Enterprises, Ltd. v. Joel N. Pahk, et al</u>, Civil No. 07-1-0201-02 (VSM), Judge Victoria S. Marks ruled that Finance Enterprises was itself entitled to a temporary restraining order against certain parties which had attempted to deprive Finance Enterprises of its right of first refusal. In so ruling, Judge Marks found that Finance Enterprises "will be irreparably and immediately harmed if its right of first refusal is deemed to have expired. . ." <u>See</u> paragraph 2 of Order Granting Plaintiff Finance Enterprises, Ltd.'s Motion For Temporary Restraining Order issued by Judge Victoria S. Marks, entered on February 21, 2007, and attached hereto as Exhibit "C".

6. <u>Moot</u>. Finance Enterprises has already exercised its right of first refusal as to some of the subject shares. <u>See</u> Letters by Finance Enterprises dated February 21, 2007 to: (1) Commissioner Jay Suemori, whereby Finance Enterprises exercised its right of first refusal as to 1,092 shares, in accordance with procedures established by the Federal Court; (2) Trustee Sandra Loomis (c/o Susan Tius, Esq., attorney for said Trustee), whereby Finance Enterprises exercised its right of first refusal as to an additional 275 shares, in accordance with procedures established by the Bankruptcy

Court; and (3) Trustee Kotoshirodo (c/o Jerrold Guben, Esq., attorney for said Trustee), whereby Finance Enterprises exercised its right of first refusal as to an additional 2,548 shares, in accordance with procedures established by the Bankruptcy Court – which three letters are collectively attached to the Declaration of Sam K. Yee.

Based on the foregoing, Finance Enterprises respectfully requests that NVC's Motion for TRO be denied, and that NVC and/or its counsel be sanctioned for the misrepresentations contained in its Motion for TRO.

DATED: Honolulu, Hawaii, _____ FEB 2 2 2007 _____

Respectively submitted,

_____
REUBEN S.F. WONG
DELWYN H.W. WONG
COLETTE L. HONDA
Attorneys for Plaintiff
Finance Enterprises, Ltd.

6