JUDITH ANN PAVEY 2173
Suite 907, Century Square
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone:   (808) 528-5200
Fax:         (808) 531-5316
Email:       paveyaallc@aol.com
Stipulated order 03-03-07
Attorney for Applicant
NVC LIMITED PARTNERSHIP

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
MAR  6 2007 ,20___
_3_ _52_ o'clock _A_ M.
B. Tamulla
Clerk, Fifth Division

COPY

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NVC LIMITED PARTNERSHIP, a Hawaii limited partnership,<br><br>Applicant,<br><br>vs.<br><br>FINANCE ENTERPRISES, LTD., a Hawaii corporation<br><br>Respondent | S.P. NO. 07-1-0047 (EEH)<br>(Other Civil Action)<br><br>STIPULATED ORDER REGARDING SHAREHOLDER MEETING TO ELECT DIRECTORS OF FINANCE ENTERPRISES LIMITED; EXHIBITS A-C<br><br>HEARING:<br>DATE: March 6, 2007<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Eden Elizabeth Hifo |

STIPULATED ORDER REGARDING SHAREHOLDER MEETING TO
ELECT DIRECTORS OF FINANCE ENTERPRISES, LTD.

The undersigned parties stipulate as follows:

1. A special meeting of the shareholders of Finance Enterprises, Ltd. ("FE") will be held on Saturday, March 24, 2007, to elect directors. The meeting will be held at FE's offices, at 9:00 a.m.

2. The holders of those shares which are present (either in person or by proxy) at the meeting, will constitute a quorum for this meeting.



EXHIBIT "I"

3. A notice of the meeting and the above quorum provision in the form attached as Exhibit "A", will be sent by mail (as set forth in Section 4 of FE's Bylaws) to all stockholders of FE who were stockholders of record on February 23, 2007.

4. FE will no later than March 8, 2007 provide the documents and information identified in Exhibit "B" to the undersigned attorney (or another licensed attorney) for each of the applicant and joining parties identified below, subject to the confidentiality agreement attached as Exhibit "C".

5. FE agrees that no further actions regarding the proposed reorganization"/"consolidation"/"spin-off"/"conversion" of FE will be taken by its current Board of Directors, pending the election of directors as set forth above. No FE Board meeting or continued meeting is set for the period from March 6th to March 24th, 2007; however, this shall not bar any emergency Board action which may become necessary during this period, but in that event FE shall give the undersigned parties as much advance notice as possible of any such emergency action so that they may seek timely relief in this Court if appropriate; and this Court shall award attorney's fees and costs to the prevailing party in the event such relief is sought.

6. The Court shall retain limited jurisdiction only for the purpose of enforcing the terms of this Stipulated Order if necessary. Upon satisfaction of this Stipulated Order, a stipulation to dismiss this proceeding with prejudice shall be filed.

DATED: Honolulu, Hawai'i, March 6, 2007.

_____
REUBEN S.F. WONG, ESQ.
Attorney for Respondent
Finance Enterprises Limited

_____
JUDITH ANN PAVEY, ESQ.
Attorney for Applicant
NVC Limited Partnership


_____
TERENCE J. O'TOOLE, ESQ.
Attorney for Intervenors/Joining Parties
Marvin and Sandra Fong


_____
STEPHEN A. JONES, ESQ.
Attorney for Joining Party
1570 Alewa Limited Partnership


APPROVED AND SO ORDERED:

_____
Judge of the Above-Entitled Court

## NOTICE OF SHAREHOLDER MEETING
## TO ELECT DIRECTORS
## TO BE HELD MARCH 24, 2007 AT 9:00 a.m.

Notice is hereby given that a meeting of the Shareholders of Finance Enterprises, Ltd. (the "Company") will be held in the Finance Factors Center's 10th Floor Conference Room at 1164 Bishop Street, Honolulu, Hawaii on Saturday, March 24, 2007 at 9:00 a.m.

This meeting is called pursuant to the Stipulated Order entered March 6, 2007 in S.P. No. 07-1-0047 in the First Circuit Court of the State of Hawaii.

The purpose of the meeting is to elect Directors of the Company.

**SPECIAL NOTE RE QUORUM:** At this particular meeting, the holders of shares present (in person or by proxy) shall constitute a quorum for the purpose of this meeting.

_____
Daniel B. T. Lau
Secretary of Finance Enterprises Ltd.

March ___, 2007.

**EXHIBIT " A "**

# Exhibit "B"

## Documents to be Provided
## Under Stipulated Order In S.P. No. 07-1-0047 (EHH)

1. Draft of updated valuation as of January 31, 2007, by Duff and Phelps.

2. Fairness Opinion dated February 21, 2007 from Duff and Phelps.

3. E-mail from Sheryl Cefali of Duff and Phelps dated February 21, 2007.

4. A cash flow analysis dated as of 2/6/07. This analysis does not include Finance Factors and Finance Insurance and is not be construed as an income statement.

5. Unaudited consolidated balance sheet and consolidated income statement for Finance Enterprises as of and for the nine months ended 9/30/06.

6. Minutes of Board of Directors' meetings and Board Committee meetings for the period 1/1/06 to the present as follows:

    a. As to all minutes provided, any material which is attorney-client privileged will be redacted.

    b. *Approved minutes* will be provided for those meetings with approved minutes. *Draft minutes* will be provided for those meetings for which approved minutes are not yet available. *Meeting agendas* will be provided for any meetings for which neither approved minutes nor draft minutes are available.

EXHIBIT " B "

# CONFIDENTIALITY AGREEMENT

The undersigned, a Shareholder of Finance Enterprises, Ltd. (the "Company"), has requested copies of certain sensitive, confidential or proprietary information and material relating to the Company and/or its affiliates which is listed in Exhibit "B" to the Stipulated Order entered in S.P. No. 07-1-0047 (EHH) on or about March 6, 2007 (the "Confidential Material"). The Company agrees to provide copies of the Confidential Material to the Shareholder under, and the Shareholder agrees that he will receive and hold the Confidential Material in confidence in accordance with, the following terms and conditions:

1. The Confidential Material will be used solely for proper and legitimate information purposes by the undersigned as a Shareholder of the Company. Neither FE nor the Shareholder shall disclose the Confidential Material to any news media whatsoever.

2. Unless required by law pursuant to subpoena or other process, the Confidential Material will not be disclosed, shown or provided to any person without the prior written consent of the Company, which consent shall not unreasonably be withheld if such disclosure is necessary for the Shareholder to properly evaluate the Confidential Material or for another proper and legitimate shareholder purpose or the prospective recipient is a director, officer, stockholder or partner of the Shareholder provided that the prospective recipient of the Confidential Material shall first have signed and delivered to the Company an "Authorized Recipient's Confidentiality Agreement" in the form attached hereto. The Shareholder may disclose the information to his CPA, attorney or financial advisor without written consent of the Company, provided that any such CPA, attorney or financial advisor shall have first signed the "Authorized Recipient's Confidentiality Agreement" in the form attached hereto.

3. The Confidential Material shall be kept and maintained by the undersigned in a secure manner and location so as to reasonably ensure that no other person shall have access to or obtain copies of such Confidential Material. Shareholder shall be responsible for assuring that the Authorized Recipients of the Confidential Material keep and maintain such material in accordance with the Authorized Recipient's Confidentiality Agreement.

4. If the undersigned is served with a subpoena or other process demanding production of the Confidential Material, the undersigned will promptly notify the Company of such subpoena or process and cooperate with the Company if the Company, at its expense, wishes to oppose such production in whole or in part.

5. In the event of any breach or threatened breach of this Confidentiality Agreement, the Company shall be entitled to an immediate return of all Confidential Material in the possession of Shareholder and the Authorized Recipients and to seek injunctive relief in additional to any and all other available remedies, including damages for such breach, and Shareholder shall in all respects be responsible for any breach of the Authorized Recipient's Confidentiality Agreement by any Authorized Recipient.

6. This Confidentiality Agreement shall be interpreted in accordance with the laws of the State of Hawaii.

Dated: _____

Finance Enterprises, Inc.

By _____
Its

_____
Name of Shareholder



EXHIBIT "C"

## AUTHORIZED RECIPIENT'S CONFIDENTIALITY AGREEMENT

The undersigned will be receiving and/or reviewing the Confidential Material referred to in the attached Confidentiality Agreement signed by _____ (the "Shareholder") in order to advise or consult with the Shareholder about such material. The undersigned has read the Confidentiality Agreement and agrees to abide by and be bound by the terms and provisions thereof to the same extent as the Shareholder.

**Name**                                           **Signature**

_____                          _____


_____                          _____