9641
LAW OFFICES OF REUBEN S.F. WONG

REUBEN S.F. WONG            #638-0
DELWYN H.W. WONG            #7170-0
COLETTE L. HONDA            #7597-0
Suite 1006, Finance Factors Center
1164 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 531-3526
Facsimile:  (808) 531-3522

Attorneys for Defendant
  FINANCE ENTERPRISES, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAHALA CCM FACTORS, LLC, | CIVIL NO. CV-02-00383 SOM BMK |
|  | (Contract) |
| Plaintiff, |  |
|  | DEFENDANT FINANCE |
| vs. | ENTERPRISES, LTD.'S REPLY |
|  | MEMORANDUM TO DEFENDANT |
| HIRAM L. FONG, ALSO KNOWN | NVC LIMITED PARTNERSHIP'S |
| AS HIRAM L. FONG, SR., ET AL., | MEMORANDUM IN OPPOSITION TO |
|  | DEFENDANT FINANCE |
| Defendants. | ENTERPRISES, LTD.'S MOTION FOR |
|  | SANCTIONS FILED ON MARCH 23, |
|  | 2007; EXHIBIT "A"; DECLARATION |
|  | OF REUBEN S.F. WONG; |
|  | CERTIFICATE OF SERVICE |
|  |  |
|  | DATE:   May 3, 2007 |
|  | TIME:   2:00 p.m. |
|  | JUDGE:  Magistrate Barry M. Kurren |

1

DEFENDANT FINANCE ENTERPRISES, LTD.'S REPLY
MEMORANDUM TO DEFENDANT NVC LIMITED PARTNERSHIP'S
MEMORANDUM IN OPPOSITION TO DEFENDANT FINANCE
ENTERPRISES, LTD.'S
<u>MOTION FOR SANCTIONS FILED ON MARCH 23, 2007</u>

I.  <u>INTRODUCTION</u>.

At issue in this matter is whether NVC Limited Partnership ("NVC") and/or its attorney should be sanctioned for re-litigating the same issue three (3) times and attempting to circumvent this Court's original ruling via state court. The facts in the case are as follows:

At the confirmation hearing held before Judge Mollway on February 6, 2007, this Court confirmed the sale of several lots of shares in Finance Enterprises, Ltd. ("Finance Enterprises"), subject to a right of first refusal in favor of Finance Enterprises that is expressly contained in the company's Articles of Incorporation. Prior to the confirmation hearing, on January 24, 2007, attorney Judith Ann Pavey filed a pleading herein on behalf of NVC seeking to prevent Finance Enterprises from exercising such right. This Court summarily rejected NVC's request.

Notwithstanding this Court's ruling, on February 22, 2007, NVC and its counsel filed a motion for temporary restraining order in a completely unrelated state court proceeding, seeking once again to prevent Finance Enterprises from exercising its right of first refusal. The state court similarly

denied NVC's request. Undeterred, on February 22, 2007, NVC filed a substantially identical motion for temporary restraining order back in <u>this</u> Court. On February 23, 2007 - - <u>for the third time</u> - - NVC's request was denied.

These are the undisputed facts. In the aggregate, they evidence a reckless and unrelenting campaign of harassment against Finance Enterprises, and an arrogant attempt to improperly manipulate and abuse the judicial process.

II.   <u>DISCUSSION</u>.

NVC's recently filed Memorandum In Opposition only reinforces the case for sanctions against it and/or its counsel. Incredibly, NVC continues to defy this Court by insisting, without basis: (1) that the Court had not recognized Finance Enterprises' right of first refusal at the confirmation hearing; (2) that this Court did not have jurisdiction to make such a ruling; and (3) that NVC's repeated motions for temporary restraining order were not duplicative.

The first argument is blatantly false: this Court very clearly did in fact recognize that Finance Enterprises possessed a valid right of first refusal. To suggest otherwise is simply revisionist history. The transcript of the hearing shows that much of the discussion was devoted to ironing out the procedures

3

that would govern <u>how</u> and <u>when</u> Finance Enterprises' right of first refusal would be triggered and exercised.  <u>See</u> the Transcript of Proceedings of Plaintiff Kahala CCM Factors, LLC's Motion for an Order of the Court Approving Report of Commissioner and Confirming Sale of the collateral at Public Auction (Civ. No. 02-00383 SOM-BMK); Trustee Ronald Kotoshirodo's Motion to Authorize Sale of Assets and Proposed Bidding Instructions (Case No. 03-00674); and Trustee Sandra Loomis' Motion to Approve Sale Pursuant to Stock Purchase Agreement (Case No. 05-04104), held on February 6, 2007 (the "Transcript"), relevant portions of which are attached hereto as Exhibit "A".

For example, there are numerous instances where this Court states that Finance Enterprises shall have 15 days to exercise its right of first refusal. <u>See</u> Exhibit "A", page 25 at line 14; page 29 at line 19; page 30 at line 11; page 36 at line 14; and page 38 at line 2.  Then, at page 32, starting at line 14, this Court determined that Finance Enterprises and/or its shareholders shall have 30 days to close after exercising their right of first refusal.  At page 29, lines 16-18, this Court instructed Commissioner Suemori to send a letter triggering Finance Enterprises' right of first refusal.  The Court indicated that the trigger letter should be "sent out by tomorrow" (i.e. February 7, 2007).  Later on, at page 32, line 11, this Court even designated

4

Mr. Russell Lau[1] of Finance Enterprises as the addressee to whom the trigger letter should be sent.

All of these specific procedures are set forth in the Court's *Order Granting In Part And Denying In Part Plaintiff Kahala CCM Factors, LLC'S Motion For An Order Approving Report Of Commissioner And Confirming The Sale Of Collateral (1,963 Shares Of Stock In Finance Enterprises, Ltd.) At Public Auction, Filed December 13, 2006*, dated February 22, 2007.  Obviously, if the Court did not recognize Finance Enterprises' right of first refusal, as NVC claims, then the Court would not have entertained such a thorough discussion of right of first refusal procedures in the first place.

NVC does not even attempt to address this inherent contradiction on the merits.  Instead, it attempts to sidestep the issue by arguing that NVC had not waived its rights at the confirmation hearing.  This 'no waiver' argument is absurd.  A party cannot be excused for inappropriate behavior simply because it had not waived its rights - - as though this somehow sanitizes subsequent transgression. Moreover, (although it really makes no difference one way or the other), NVC did not even make the 'no waiver' argument at the confirmation hearing.  The transcript cited by NVC refers to

---

[1] Russell Lau's name was misspelled in the Transcript as "Russell Au".

5

statements made by Terence O'Toole, who represented Marvin and Sandra Fong at the confirmation hearing. NVC, on the other hand, was represented by Pavey, who reacted to O'Toole's comments with apparent indifference.

While the 'no waiver' argument has no basis in the law, it is even further removed from the facts. The whole discussion about 'waiver' is a "red-herring" ploy by NVC to distract this Court. The real issue is whether NVC's filing of a motion for temporary restraining order in state court was proper, given that NVC had <u>already</u> sought and <u>already</u> <u>presented</u> its argument to this Court to prevent Finance Enterprises from exercising its right of first refusal in <u>this Court</u>. This Court considered NVC's argument, but ultimately rejected it as being nothing more than "bald assertions".

To this day, NVC defiantly insists that this Court did not rule on whether Finance Enterprises could exercise its right of first refusal. Perhaps this defiance explains why NVC and its counsel felt compelled to make the exact same argument <u>three</u> times and before <u>two</u> different courts. Their contempt for the judicial process is such that they apparently will file for the same relief any number of times and before any court, until they get the "right" result. This pattern of harassment will not stop until NVC and/or its counsel have been sanctioned. Even now, another lawsuit has recently been filed against Finance Enterprises' on other corporate issues by attorney

6

Judith Ann Pavey on behalf of NVC, in State Court <u>The NVC Limited Partnership v. Russell Lau, et al.</u>, Civ. No. 07-1-000528-03 (VSM).

This Federal Court foreclosure action has dragged on well beyond the typical foreclosure case, in part because NVC continues to re-litigate issues that have already been decided. For example, NVC now argues that this Court had no jurisdiction to rule on Finance Enterprises' right of first refusal because the issue was a question of state law. Yet, in its Inclinations issued on February 1, 2007, and again at the confirmation hearing itself, this Court explicitly invited the parties to raise objections regarding the Court's jurisdiction. Neither NVC, nor any other party, came forward with any objections to the Court's jurisdiction. It was only <u>after</u> the confirmation hearing took place that NVC and its counsel filed a motion for temporary restraining order in <u>state court</u>, arguing that <u>this</u> <u>Court</u> should not have ruled on the validity of Finance Enterprises' right of first refusal. One could hardly imagine a more blatant example of going 'behind the back' to defy this Court's authority. Then, incredibly, after its state court motion was denied, NVC had the audacity to compound its transgression by filing a substantially identical motion once again in <u>this</u> <u>Court</u>, seeking this time around, to go 'behind the back' of the <u>state</u> <u>court</u>.

NVC has <u>no explanation</u> as to why it failed to raise its concerns

7

regarding jurisdiction before <u>this</u> <u>Court</u>, but did so just a few days later in <u>state</u> <u>court</u>. It simply states that the issue is more appropriately decided in Hawaii State Court, as though that answers that. Nor does NVC have any explanation as to how its three (3) separate motions for temporary restraining orders filed on substantially the same basis can be characterized as anything but duplicative. The pleadings in this case plainly show that the motion filed herein by NVC as Document 215 is essentially the same motion that was filed by NVC in state court. (<u>See</u> copy of NVC's State Court Motion, attached as Exhibit "B" of Finance Enterprises' Opposition to NVC's Motion For Temporary Restraining Order, filed herein as Document 223). Furthermore, this Court itself has already noted that the motions were "substantially identical". (<u>See</u> Order Denying Defendant NVC Limited Partnership's Motion For Temporary Restraining Order dated February 23, 2007, filed herein as Document 217). NVC asserts that the motions are not duplicative, but brings forth no evidence to support its claim. Instead, the second part of NVC's opposition at pages 4-7 and the exhibits referenced therein provide nothing but irrelevant filler-material concerning the state court action through which NVC attempted to circumvent this Court. Perhaps NVC feels that its only defense is to change the subject.

III.   <u>CONCLUSION</u>.

NVC and its counsel have misused discovery procedures and other rules of civil procedure and otherwise engaged in questionable litigation tactics to harass, inconvenience, and prejudice Finance Enterprises in the rightful exercise of its management powers and in derogation of Finance Enterprises' right of first refusal to Finance Enterprises' <u>own shares</u>.

For the foregoing reasons and upon the memoranda filed herein, and the records, files in the underlying case and such other and further argument as may be adduced at the hearing on this motion, Defendant Finance Enterprises respectfully requests that this Court grant its Motion for Sanctions and order the relief requested and such other relief as this Court may deem appropriate.

DATED: Honolulu, Hawaii, April 20, 2007.

<u>/s/ Reuben S.F. Wong</u>
REUBEN S.F. WONG
DELWYN H.W. WONG
COLETTE L. HONDA
Attorneys for Defendant
 Finance Enterprises, Ltd.