```
                                                                     1

  1            IN THE UNITED STATES DISTRICT AND BANKRUPTCY COURTS

  2                         FOR THE DISTRICT OF HAWAII

  3
       KAHALA CCM FACTORS, LLC,     )   CV 02-00383 SOM-BMK
  4                                 )
                 Plaintiff,         )   Honolulu, Hawaii
  5       vs.                       )   February 6, 2007
                                    )   10:30 A.M.
  6    HIRAM FONG, etc., et al.,    )
                                    )   Plaintiff's Motion for an
  7              Defendants.        )   Order of the Court Approving
                                    )   Report of Commissioner and
  8                                 )   Confirming Sale of the
                                    )   Collateral at Public Auction
  9    _____  )
                                    )
 10    IN RE:                       )   CASE NO. 03-00674
                                    )
 11    HIRAM LEONG AND ELLYN LO FONG)
                                    )   Motion to Authorize Sale of
 12                                 )   Assets and Proposed Bidding
                                    )   Instructions (Trustee Ronald
 13                                 )   Kotoshirodo)
       _____  )
 14                                 )
       IN RE:                       )   CASE NO. 05-04104
 15                                 )
       RODNEY LEONG AND PATSY NAKANO)
 16    FONG                         )   Motion to Approve Sale
                                    )   Pursuant to Stock Purchase
                                    )   Agreement (Trustee Sandra
 17                                 )   Loomis)
       _____  )
 18

 19                        TRANSCRIPT OF PROCEEDINGS
                    BEFORE THE HONORABLE SUSAN OKI MOLLWAY
 20                     UNITED STATES DISTRICT JUDGE
                    BEFORE THE HONORABLE ROBERT J. FARIS
 21                     UNITED STATES BANKRUPTCY JUDGE

 22    APPEARANCES:

 23    For Kahala CCM Factors,   ROBERT G. KLEIN
       LLC:                      CHRISTOPHER J. COLE
 24                              McCorriston Miller Mukai
                                 MacKinnon LLP
 25                              500 Ala Moana Blvd.
                                 Honolulu, HI 96813
```



```
 1   APPEARANCES (Continued):

 2   For Kahala CCM Factors,        JAMES A. WAGNER
     LLC:                           NEIL J. VERBRUGGE
 3                                  Wagner Choi & Evers
                                    Topa Financial Ctr.
 4                                  Fort St. Twr.
                                    745 Fort St., Ste. 1900
 5                                  Honolulu, HI 96813

 6   For Finance Enterprises,       REUBEN S. F. WONG
     Ltd.:                          DELWYN H. W. WONG
 7                                  COLETTE L. HONDA
                                    Finance Factors Center
 8                                  1164 Bishop St., Ste. 1005
                                    Honolulu, HI 96813
 9
     For Chapter 7 Trustee          JERROLD K. GUBEN
10   Ronald K. Kotoshirodo:         Reinwald O'Connor & Playdon LLP
                                    733 Bishop St., 24th Fl.
11                                  Honolulu, HI 96813

12   For Chapter 7 Trustee          SUSAN TIUS
     Sandra Loomis:                 Rush Moore LLP
13                                  Pacific Guardian Ctr.
                                    Mauka Twr.
14                                  737 Bishop St., Ste. 2400
                                    Honolulu, HI 96813
15
     For TFC Holding:               LEX R. SMITH
16                                  Kobayashi Sugita & Goda
                                    First Hawaiian Ctr.
17                                  999 Bishop St., Ste. 2600
                                    Honolulu, HI 96813
18
     For 1570 Alewa Limited         STEPHEN A. JONES
19   Partnership:                   Ning Lilly & Jones
                                    Ocean View Center
20                                  707 Richards St., Ste. 700
                                    Honolulu, HI 96813
21
     For NVC Limited                JUDITH ANN PAVEY
22   Partnership:                   Pavey Hoke & Watson LLC
                                    Century Square
23                                  1188 Bishop St., Ste. 907
                                    Honolulu, HI 96813
24

25
```

```
 1   APPEARANCES (Continued):

 2   For Marvin Allan Fong           TERENCE J. O'TOOLE
     and Sandra Y.Y. Au Fong:        Starn O'Toole Marcus & Fisher
 3                                   Pacific Guardian Ctr.
                                     Makai Twr.
 4                                   733 Bishop St., Ste. 1900
                                     Honolulu, HI 96813
 5
     The Commissioner:               JAY T. SUEMORI
 6                                   Dandar Suemori
                                     Davies Pacific Ctr.
 7                                   841 Bishop St., Ste. 801
                                     Honolulu, HI 96813
 8
     For Hiram Leong and             HARRISON P. CHUNG
 9   Ellyn Lo Fong, Rodney           P. O. Box 26058
     Leong and Patsy Nakano          Honolulu, HI 96825
10   Fong:

11   Official Court Reporter:        Debra Kekuna Chun, RPR, CRR
                                     United States District Court
12                                   300 Ala Moana Blvd. Ste. C285
                                     Honolulu, HI 96850
13                                   (808) 534-0667

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).
```

1            In a normal foreclosure case like, you know, we have
2    in real estate --
3            DISTRICT JUDGE MOLLWAY:  It's usually 30 days.
4            MR. REUBEN WONG:  -- the successful bidder has at
5    least 30 days to arrange financing.  Because we're not talking
6    about -- while we might talk about a thousand shares, it sounds
7    little.  When you talk four, 5,000 shares, we're talking about
8    five, $6 million.
9            So we submit to the court that the closing date
10   should be a date such as, let's see, 15, 30, 60 days after
11   receipt of the letter from the commissioner triggering the
12   right of first refusal.  Thank you.
13           DISTRICT JUDGE MOLLWAY:  I'm probably not going to go
14   that far.  We know we have these 15-day periods.  Now, I mean I
15   don't know if people want to agree you can shorten that time.
16   That would help.  I think March 15 is really, though, pretty
17   aggressive, and I'm thinking more at the earliest the end of
18   March is probably what I'm thinking of.
19           So our commissioner, I'm thinking, should send out
20   letters tomorrow, you know, to start the 15 days for Finance
21   Enterprises and then the next day to start the 15 days for the
22   shareholders.  And that will take us, you know, to the first
23   week of March, and maybe everything can be done by the end of
24   March.
25           MR. REUBEN WONG:  End of March is fine, Your Honor.

```
 1            DISTRICT JUDGE MOLLWAY:  Does that make sense?
 2            BANKRUPTCY JUDGE FARIS:  Sounds reasonable to me.
 3            DISTRICT JUDGE MOLLWAY:  So, anyway, if you think in
 4   that general ballpark area -- you know, before you folks go out
 5   to bid the first thing that I raised in my inclination was an
 6   invitation -- and this is in my civil foreclosure case -- to
 7   anyone who thinks that I've lost jurisdiction.  I think I've
 8   retained it, but, if anybody has any doubt about it -- I mean I
 9   know you can't agree or waive jurisdiction, but, if you have a
10   concern, raise it now because I'd like to address it, given
11   that we no longer have completely diverse parties and I'm
12   here -- I started out with diversity jurisdiction as the ground
13   on which I took hold of this case.
14            Okay.  Hearing nothing, then go to it.
15            And also I did ask for some documents that I want to
16   make sure I do get with information that the commissioner's
17   going to need.
18            MS. TIUS:  Your Honors, if I may, Judge Faris has
19   just disapproved the stock purchase agreement with the Rodney
20   and Patsy Fong estate and that with the Senior Fong's estate.
21   We have nothing at this point, other than the commissioner
22   going forward in the foreclosure side, and so there will not --
23   barring a discussion among counsel, I guess, outside the
24   presence of the court -- there will not be any sale by the
25   trustee of the Rodney and Patsy Fong estate of the unencumbered
```

```
 1   heard on the issue of price?
 2              MR. GUBEN:  Not on the issue of price, Your Honor,
 3   but we do have some procedural matters, but I think we've
 4   vetted all this outside and I think these are the --
 5              DISTRICT JUDGE MOLLWAY:  Okay.  Then I'm going to go
 6   ahead and confirm in the civil foreclosure case the sale at the
 7   prices that have just been announced by the commissioner in the
 8   civil foreclosure case on the three lots to the bidders named
 9   by the commissioner.  And I'll let Judge Faris rule on the
10   others.
11              BANKRUPTCY JUDGE FARIS:  Okay.  I'll approve the
12   sales in the two bankruptcy cases in the amounts and the prices
13   and to the bidders indicated.
14              DISTRICT JUDGE MOLLWAY:  Okay.  Then let's turn to
15   now what happens.
16              I would ask if the commissioner could send out -- for
17   Finance Enterprises to exercise its rights I would ask if
18   notice could be sent out by tomorrow to Finance Enterprises,
19   and then the response would be due 15 days thereafter.  Is it
20   15 days from receipt?  Is that what it is?  If you send it via
21   certified mail, yeah, 15 days after receipt of the offer.  So
22   if you could prepare and send a written offer to Finance
23   Enterprises -- wait.  Hold on.
24              My law clerk is thinking maybe you made -- Miss Tius
25   might have made an arithmetic error.  The 275 shares at a
```

```
1    thousand fifty-five dollars and twenty five cents per share, I
2    think the total price might not have computed that way.  You
3    want to try again?
4            MR. SMITH:  We'll go with the per share price, Judge.
5            DISTRICT JUDGE MOLLWAY:  Okay.  $290,193.75.
6            MS. TIUS:  Yes, that's correct, Your Honor.  I'm
7    sorry.  I made that mistake based on the $1100 per share price.
8    My apologies.
9            DISTRICT JUDGE MOLLWAY:  Okay.  So that's the one
10   that's being approved.
11           Okay.  So then 15 days after Finance Enterprises'
12   receipt of the offer to exercise its right of first refusal is
13   its deadline to respond.  And then, if there are shares
14   remaining unsold after Finance Enterprises exercises its
15   rights, I would ask that the commissioner within 24 hours of
16   that deadline having passed and learning that there are shares
17   remaining to be sold then notify the shareholders, and then
18   their 15 days would start to run.
19           MR. GUBEN:  Your Honor, just to expedite all this may
20   we have the court designate Mr. Samuel Yee, a vice president
21   and general counsel of Finance Enterprises, as the addressee
22   for all of the certified mail so we know directly who will
23   be --
24           DISTRICT JUDGE MOLLWAY:  Is there anyone having an
25   objection to that?
```

1  else be named?
2          MR. JONES:  I'm sure they can.  I'm sure there are
3  other people.
4          DISTRICT JUDGE MOLLWAY:  Oh, we have somebody
5  named.
6          MR. REUBEN WONG:  I have there Mr. Russell Au,
7  president, to be the recipient of the certified mail, if the
8  court pleases.
9          MR. JONES:  That's fine.
10         DISTRICT JUDGE MOLLWAY:  Then that's who we'll
11 send -- we'll designate:  that Russell Au.
12         BANKRUPTCY JUDGE FARIS:  And that will all go for the
13 bankruptcy trustees as well, the same procedures.
14         DISTRICT JUDGE MOLLWAY:  And then I know that you
15 folks are concerned about a closing date.  Some of these things
16 are going to turn on whether rights are exercised or not.  I
17 suppose, I mean, is there a problem with going 30 days after
18 whatever the final exercise of a right is?
19         MR. REUBEN WONG:  No problem, Your Honor.
20         DISTRICT JUDGE MOLLWAY:  Okay.  Then closing to
21 occur --
22         BANKRUPTCY JUDGE FARIS:  So whenever somebody timely
23 exercises they have 30 days from that date to close their
24 purchase under the right of first refusal.
25         DISTRICT JUDGE MOLLWAY:  And that may end up to be

```
 1    suppose it's the earliest of April 15th or 30 days after you
 2    know the result of whether someone has exercised and someone
 3    has indeed exercised and they have 30 days to close, or 11 days
 4    after you have received notice that no one is exercising any
 5    right.  The earliest of those.  Have I missed any option?
 6              MR. SMITH:  That's fine, Your Honor.
 7              DISTRICT JUDGE MOLLWAY:  Okay.
 8              MR. KLEIN:  Judge, if I could.  On the deadlines for,
 9    for example, Finance Enterprises to respond that they would not
10    exercise their right of first refusal or that they were going
11    to, you know, I think we would appreciate, and I think everyone
12    here would, a specific calendar date.
13              DISTRICT JUDGE MOLLWAY:  Okay.  But the reason I'm
14    hesitating is that the documents provide for 15 days after
15    receipt.
16              MR. KLEIN:  Right.  So I mean, if we use your rules,
17    sending out certified mail or mail, we could add three days for
18    mail plus -- we could set a date.
19              DISTRICT JUDGE MOLLWAY:  But it might be soon.  I
20    mean, if the certified mail comes back and it shows that they
21    got it the next day, then you can shorten the time a little
22    bit.  So he's going to get a certified receipt, the
23    commissioner is, so he can give you the date certain once he
24    gets that receipt back.
25              MR. KLEIN:  And then with respect to the actual
```

1  that?

2           DISTRICT JUDGE MOLLWAY: It says 15 days from
3  receipt; so that's why I'm not --

4           MR. KLEIN: If the shareholder doesn't sign the green
5  card, what do we do? I mean I think that's why we need to
6  assume that within three days a shareholder has received the
7  mail, whether they sign the card or not. Because, if they
8  don't sign the card, they frustrate this process. We won't
9  know whether they refused or they didn't. That's all I'm
10 saying.

11          DISTRICT JUDGE MOLLWAY: You know, when you send --
12 there are different kinds of mail you can send. I mean you can
13 get mail that's tracked and that requires the recipient to
14 sign. Can't you also track the mail without that signature?
15 Can you get one -- a receipt without --

16          MR. GUBEN: Return receipt.

17          TRUSTEE LOOMIS: Or even a delivery confirmation.

18          THE COURT: Can't you get something like that? I
19 think you can.

20          BANKRUPTCY JUDGE FARIS: Maybe the thing to do would
21 be to deal with this if and when there's a problem. I mean I
22 think we could make ourselves available for a further hearing,
23 if that's necessary. I don't think there's going to be a
24 problem when it comes to giving notice to Finance Enterprises.
25 If there's a problem in giving notice to the shareholders,