PAVEY HOKE & WATSON, LLC

JUDITH ANN PAVEY  2173
Suite 907, Century Square
1188 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808)528-5200

STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

TERENCE J. O'TOOLE    1209-0
TREVOR A. BROWN       6539-0
Suite 1900, Pacific Guardian Center
Makai Tower, 733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 537-6100

Attorneys for Plaintiffs NVC LIMITED
PARTNERSHIP, MARVIN ALLAN FONG,
Individually and as Trustee of the Marvin Fong Trust
dated May 9, 1994 and for Nathan Allan Fong, and
SANDRA Y.Y. AU FONG, Individually and as Trustee
of the Sandra Fong Trust dated May 9, 1994

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE NVC LIMITED PARTNERSHIP, a Hawai`i limited partnership; MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong; and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>RUSSELL LAU; DANIEL LAU; JEFFREY LAU; PATRICK CHUN; PATSY CHUN; SAM YEE; DEL ASSOCIATES, a Hawai`i limited partnership; SAI INVESTMENT COMPANY, a Hawai`i limited partnership; FINANCE ENTERPRISES, LTD., a Hawai`i corporation; JOHN DOES 1-20, DOE PARTNERSHIPS 1-20, and DOE | CIVIL NO. 07-1-0528-03 (VSM)<br>(Other Civil Complaint)<br><br>**PLAINTIFFS THE NVC LIMITED PARTNERSHIP, MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994 MOTION FOR ORDER: (1) SETTING ASIDE DEFENDANTS' ELECTION OF FINANCE ENTERPRISES, LTD.'S ("FE") SUBSIDIARIES' DIRECTORS ON 3/7/07; AND (2) DIRECTING DEFENDANTS TO RECONVENE A SPECIAL MEETING TO ELECT DIRECTORS TO SUBSIDIARIES; DECLARATION OF MARVIN ALLAN FONG; EXHIBIT "1"; DECLARATION OF TERENCE J. O'TOOLE; EXHIBITS** |

**EXHIBIT** "J"

63841

CORPORATIONS 1-20,

                Defendants.

"A" – "O"; NOTICE OF HEARING
MOTION AND CERTIFICATE OF
SERVICE

**HEARING:**
DATE:   _____
TIME:   _____
JUDGE:  The Honorable Victoria S. Marks

**No Trial Date**

### PLAINTIFFS THE NVC LIMITED PARTNERSHIP, MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994 MOTION FOR ORDER: (1) SETTING ASIDE DEFENDANTS' ELECTION OF FINANCE ENTERPRISES, LTD.'S ("FE") SUBSIDIARIES' DIRECTORS ON 3/7/07; AND (2) DIRECTING DEFENDANTS TO RECONVENE A SPECIAL MEETING TO ELECT DIRECTORS TO SUBSIDIARIES

Plaintiffs THE NVC LIMITED PARTNERSHIP, MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994, by and through their undersigned counsel, respectfully request that this Court enter an order: (1) setting aside the election of directors to Finance Enterprises, Ltd.'s ("FE") Subsidiaries that took place on March 7, 2007, and further setting aside Defendants' appointment of representatives to vote for directors of FE's Subsidiaries' shareholder meeting, which took place on February 7, 2007; and (2) directing Defendants to reconvene a special meeting for the purpose of electing directors to FE's wholly-owned Subsidiaries.

This motion is brought pursuant to Rule 7 of the Hawai`i Rules of Civil Procedure and is supported by the accompanying memorandum of law, the attached declarations and exhibits, and the records and files in this case and in the case entitled NVC Limited Partnership v. Finance Enterprises, Ltd., S.P. No. 07-1-0047 (EEH), in the Circuit Court of the First Circuit, State of Hawai`i.

*Because this Motion also involves issues in the NVC Limited Partnership Special Proceeding before Judge Hifo referenced in the above paragraph, and specifically involves the violation of Judge Hifo's March 6, 2007 Order in that matter, Plaintiffs have also filed this Motion in that action, and Plaintiffs are concurrently filing a motion to consolidate the two actions for purposes of this Motion — so that the judges in each action can best determine which judge or judges should hear the Motion.*

DATED:  Honolulu, Hawaii, April 27, 2007.

TERENCE J. O'TOOLE
TREVOR A. BROWN
JUDITH A. PAVEY

Attorneys for Plaintiffs
NVC LIMITED PARTNERSHIP, MARVIN
ALLAN FONG, Individually and as Trustee of the
Marvin Fong Trust dated May 9, 1994 and for
Nathan Allan Fong, and SANDRA Y.Y. AU
FONG, Individually and as Trustee of the Sandra
Fong Trust dated May 9, 1994

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE NVC LIMITED PARTNERSHIP, a Hawai`i limited partnership; MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong; and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994, | CIVIL NO. 07-1-0528-03 (VSM) (Other Civil Complaint) **MEMORANDUM IN SUPPORT OF MOTION** |

Plaintiffs,

vs.

RUSSELL LAU; DANIEL LAU; JEFFREY LAU; PATRICK CHUN; PATSY CHUN; SAM YEE; DEL ASSOCIATES, a Hawai`i limited partnership; SAI INVESTMENT COMPANY, a Hawai`i limited partnership; FINANCE ENTERPRISES, LTD., a Hawai`i corporation; JOHN DOES 1-20, DOE PARTNERSHIPS 1-20, and DOE CORPORATIONS 1-20,

Defendants.

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

#### A.    **This Motion Involves Both S.P. No. 07-1-0047 (EEH) and Civil No. 07-1-0528-03 (VSM)**

The instant Motion for Order: (1) Setting Aside Defendants' Election of Finance Enterprises, Ltd.'s ("FE") Subsidiaries' Directors on 3/7/07; and (2) Directing Defendants to Reconvene a Special Meeting to Elect Directors to Subsidiaries (the "Motion") involves overlapping issues in two actions involving the claims of Plaintiffs THE NVC LIMITED PARTNERSHIP ("NVC"), MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG,

Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994 (collectively "Plaintiffs"), as minority shareholders of FE:   (1) NVC Limited Partnership v. Finance Enterprises, Ltd., S.P. No. 07-1-0047 (EEH), Circuit Court of the First Circuit, State of Hawai'i (the "Special Proceeding"); and (2) NVC Limited Partnership, et al. v. Russell Lau, et al., Civil No. 07-1-0528-03 (VSM), Circuit Court of the First Circuit, State of Hawai'i (the "Direct Action").   The two actions have common questions of law and fact related to Plaintiffs' rights and interests as minority shareholders in FE and its nine wholly-owned Subsidiaries. Accordingly, Plaintiffs are concurrently with this Motion, filing a motion to consolidate the two actions for the purpose of having this Motion heard to allow the judge in each action to determine how best to proceed and, to consolidate both actions, for all purposes, if the Court in each action deems it appropriate.

In the instant Motion, Plaintiffs seek to set aside the Defendants' election of directors to FE's Subsidiaries on March 7, 2007, which flagrantly violates the spirit and intent of an Order issued on March 6, 2007, by Judge Hifo in the Special Proceeding.  That Order was intended to preserve the status quo until the court-ordered FE shareholders' special meeting took place on March 24, 2007, at which time FE's shareholders would elect new FE directors; and those new FE directors would then have taken appropriate action to cause the election of directors for FE's Subsidiaries.  Defendants and their counsel committed a fraud on the Court and on Plaintiffs when they signed the Order on March 6, 2007, and at the same time represented to the Court that no material action would be taken by FE before the March 24, 2007 FE shareholders' meeting and elections.  As more fully set forth below, Defendants and their counsel knew on March 6, 2007, that on March 7, 2007, FE's pre-appointed representatives would vote proxies to elect directors for all of FE's Subsidiaries.

As also more fully set forth below, Defendants committed a fraud on the Court and the Plaintiffs and violated Judge Hifo's Order by intentionally concealing the minutes of a February 7, 2007 Board meeting that described how Defendants hatched the plan to pre-emptively elect directors for FE's Subsidiaries. Judge Hifo's Order required the production of such minutes. Defendants belatedly produced a highly redacted set of FE minutes which did not include the February 7, 2007 minutes.

The Defendants' election of FE's Subsidiaries' directors is also a claim in the Direct Action, since that action raises broader claims related to Defendants' wrongful conduct, as FE's majority shareholders, directors, and/or officers, toward Plaintiffs as minority shareholders in FE.

**B.    Summary of Issues Presented in Motion**

Plaintiffs seek relief to set aside wrongful conduct on the part of the Defendants. Specifically, on February 7, 2007, Defendants wrongfully, and as part of an ongoing pattern of conduct to prejudice Plaintiffs' rights, appointed two of the defendants, ███████████████, as representatives to vote proxies for the selection of directors to FE's wholly-owned Subsidiaries: Finance Factors, Limited; Finance Realty, Ltd.; Finance Insurance, Ltd.; Finance Securities, Inc.; Hawaiian Factors, Limited; Kalani Holdings, Ltd.; Maunahale Development Corporation; Waipio Terrace, Ltd.; and Waipono, Inc. (collectively "FE Subsidiaries"). Defendants took this action knowing full well that: (1) Plaintiffs and other FE shareholders had demanded that Defendants schedule a long overdue annual meeting of FE for the purpose of electing new FE directors; (2) Plaintiffs and other FE shareholders had called a special meeting of shareholders for this very purpose on January 26, 2007 – a meeting that Defendants frustrated; and (3) the Honorable Judge Eden Elizabeth Hifo in the Special Proceeding had signed an Order

on March 6, 2007, preserving the status quo and ordering an FE shareholder meeting on March 24, 2007. The new FE Board of Directors ("FE Board") elected on March 24, 2007, would have – and should have – been able thereafter to elect directors to the FE Subsidiaries before March 14, 2007. By launching a preemptive strike to elect directors to the FE Subsidiaries, Defendants not only violated Judge Hifo's order, but they committed a fraud on the Court and on Plaintiffs. Indeed, Plaintiffs did not learn of this deceit until on or about April 11, 2007, at a FE Board meeting, where Defendants distributed copies of the FE Board meeting minutes for approval. (Decl. Fong ¶ 8.) Judge Hifo had previously ordered production of such minutes, but it was only after Plaintiff Marvin Fong was successfully elected to the FE Board on March 24, 2007, that he was able to receive them.

Accordingly, Plaintiffs seek an order: (1) setting aside the election of directors to FE's Subsidiaries that took place on March 7, 2007, and further setting aside Defendants' appointment of representatives to vote for directors of FE's Subsidiaries' shareholder meeting, which took place on February 7, 2007; and (2) directing Defendants to reconvene a special meeting for the purpose of electing directors to FE's wholly-owned Subsidiaries.

## II.    FACTUAL STATEMENT

Plaintiffs, minority shareholders who collectively own almost 20% of FE's outstanding shares, have filed two actions against Defendants, which include certain individuals and entities who are in control of FE as majority shareholders, directors, and/or officers: (1) NVC Limited Partnership v. Finance Enterprises, Ltd., S.P. No. 07-1-0047 (EEH), Circuit Court of the First Circuit, State of Hawai'i (the "Special Proceeding");[1] and (2) NVC Limited

---

[1] Plaintiffs respectfully request that this Court take judicial notice of the records and files in the case entitled NVC Limited Partnership v. Finance Enterprises, Ltd., S.P. No. 07-1-0047 (EEH), in the Circuit Court of the First Circuit, State of Hawai'i, pursuant to Rule 201 of the Hawai'i

Partnership, *et al.* v. Russell Lau, *et al.*, Civil No. 07-1-0528-03 (VSM), Circuit Court of the

First Circuit, State of Hawai`i (the "Direct Action").

A.    **Defendants Refused To Allow an Election of FE Directors, Forcing Plaintiffs to Obtain a Court Order**

Over the past two years and up to March 24, 2007, Defendants failed and refused

to allow a meeting of FE shareholders to elect new directors. The last FE annual meeting was

held on June 7, 2006, but the meeting was continued or adjourned without election of new

directors. (Decl. of Marvin Allan Fong ("Decl. Fong") ¶ 3.) Despite repeated demands by

Plaintiffs and other shareholders, Defendants subsequently refused to hold a shareholder meeting

to elect new directors (id. ¶ 4), thereby entrenching themselves with respect to control over the

corporation, depriving Plaintiffs of meaningful and effective representation on the FE Board, and

keeping Plaintiffs in the dark about Defendants' plans and conduct of FE's business. As more

fully alleged in the Complaint filed in the Direct Action, Defendants have also engaged in a

pattern of conduct to undermine Plaintiffs' ability to sell their shares in FE.[2]

When Defendants summarily refused to provide information about FE's

operations, certain minority shareholders noticed a special meeting of shareholders for January

26, 2007, for the purpose of electing new directors. (Decl. Merie-Ellen Fong Gushi ¶ 3, Ex.

"A.") Defendants sabotaged this meeting by preventing a quorum from being present, and as a

result, no election of directors took place on January 26, 2007. (Id. ¶ 4; Decl. Fong ¶ 6.)

Because of the lack of quorum on January 26, 2007, the shareholders present at that meeting

---

Rules of Evidence. HAW. R. EVID. 201. NVC initiated the Special Proceeding, and the Marvin
Allan Fong and Sandra Y.Y. Au Fong intervened. FE is the only named respondent.

[2] The collective value of the FE shares owned by the Fongs is over $2 million, but Plaintiffs
have not received a single penny in dividends for the past ten years. (Decl. Fong ¶ 5.)

voted to continue the meeting to February 12, 2007; such meeting was then continued again to March 14, 2007.  (Decl. Fong ¶ 6.)

**B.    Plaintiffs Filed the Special Proceeding, In Part, To Obtain a Court Order Directing Defendants to Convene a FE Shareholder Meeting**

Following the frustration of the January 26, 2007 shareholder meeting and in order to protect its interest in FE, NVC filed an Application for Order Directing Shareholder Meeting to Elect Directors on February 8, 2007 ("Application"), initiating the Special Proceeding.  (Decl. of Terence J. O'Toole ("Decl. O'Toole") ¶ 3.)  The Fongs filed a motion to intervene on February 28, 2007.  (Id. ¶ 4.)

On March 6, 2007, following extensive settlement meetings and negotiations between the parties with the Court in the Special Proceeding, the parties to the Special Proceeding appeared before Judge Hifo to place a Stipulated Order Regarding Shareholder Meeting to Elect Directors of Finance Enterprises Limited ("Order") on the record.  (Order, Ex. "B.")  The Order provided in part that "[a] special meeting of the shareholders of [FE] will be held on Saturday, March 24, 2007, to elect new directors" and that "[t]he holders of those shares which are present (either in person or by proxy) at the meeting, will constitute a quorum for this meeting."  (Id. ¶¶ 1-2.)  The Order also required FE to produce by March 8, 2007, specified documents and information, including "Minutes of Board of Directors' meetings and Board Committee meetings for the period 1/1/06 to the present[.]"  (Id. ¶ 4, attached Ex. "B.")  Additionally, the Order contained language intended to maintain the status quo:

> 5.    FE agrees that no further actions regarding the proposed reorganization"/"consolidation"/"spin-off"/"conversion" of FE will be taken by its current Board of Directors, pending the election of directors as set forth above.  <u>No FE Board meeting or continued meeting is set for the period from March 6th to March 24th, 2007; however, this shall not bar any emergency Board action which may become necessary during this period, but in that event FE shall give the undersigned parties as much advance notice</u>

6

as possible of any such emergency action so that they may seek
timely relief in this Court if appropriate; and this Court shall award
attorney's fees and costs to the prevailing party in the event such
relief is sought.

Id. ¶ 5 (emphasis added).

On March 24, 2007, as required by the Order, a special meeting of FE
shareholders was held, and Plaintiffs and other minority shareholders were able to elect five
directors to the FE Board.[3]  (Decl. Fong ¶ 7.)

### C. In Violation of the Order Defendants Elected Directors to FE's Subsidiaries Prior to the 3/24/07 Shareholder Meeting

Despite Judge Hifo's Order that FE produce specified documents by March 8,
2007, Plaintiffs received only incomplete and highly redacted documents on March 9, 2007,
excluding minutes from the February 7, 2007 FE Board meeting.[4]  (Decl. O'Toole ¶ 15.)  It was
not until approximately April 11, 2007, that Marvin Fong received the unredacted minutes of the
FE Board meeting on February 7, 2007.  (Decl. Fong ¶ 8.)  Upon review of the minutes of the FE
Board meetings, Plaintiffs were shocked to learn for the first time that, on February 7, 2007,

---

[3] In addition to Defendants' refusal to hold a shareholder meeting to elect directors, Plaintiffs
sought to protect their rights and interests against other wrongful conduct of Defendants,
including depriving minority shareholders of access to information about their company and, it is
feared, to hide corporate wrongdoing, mismanagement, misappropriation, and overreaching;
"locking" Plaintiffs and other minority shareholders into ownership of FE shares while depriving
them of any material economic benefit from such shares; and enriching themselves at the
expense of Plaintiff and other minority shareholders.  (See generally Compl. filed 3/21/07.)
Accordingly, on March 21, 2007, Plaintiffs filed a Complaint in the instant action, asserting
claims of: (1) squeeze-out and oppression of minority shareholders; (2) breach of corporate
fiduciary duties; (3) breach of fiduciary duties in close corporation; (4) participation in breach of
fiduciary duties, and aiding and abetting breach of fiduciary duty; (5) tortuous interference with
fiduciary duty; (6) conspiracy; (7) disclosure of corporate information; (8) declaratory relief and
injunction; (9) removal of directors (pursuant to Hawai`i Revised Statutes § 414-199; and (10) no
indemnification. (Id.)

[4] Plaintiffs were forced to make repeated demands to obtain a complete production of
documents that sufficiently complied with the Order. (Letter from J. Pavey to R. Wong dated
3/16/07, Ex. "C"; letter from J. Pavey to R. Wong dated 3/16/07, Ex. "D"; letter from S. Oishi to
R. Wong, dated 3/16/07, Ex. "E"; letter from S. Oishi to R. Wong, dated 3/29/07, Ex. "F.")

Defendants had appointed two of the defendants as representatives to vote proxies for directors to FE Subsidiaries, and at the March 7, 2007 annual meeting of FE Subsidiaries, Defendants elected directors to FE's Subsidiaries, including:  Finance Factors, Limited; Finance Realty, Ltd.; Finance Insurance, Ltd.; Finance Securities, Inc.; Hawaiian Factors, Limited; Kalani Holdings, Ltd.; Maunahale Development Corporation; Waipio Terrace, Ltd.; and Waipono, Inc.  (FE Board Minutes for 2/7/07 at 8, Ex. "1.")

Specifically, the February 7, 2007 FE Board meeting minutes state:



Id.  Defendants ███████████████████ were authorized to vote as follows (middle column):

| Wholly-Owned Subsidiary | Directors To Be Elected March 7, 2007[5] | FE Directors/Officers Who Are Officers of Subsidiary |
|---|---|---|
| (1) Finance Factors, Limited | ███████████████ | Defendants:  Patrick Chun, Patsy Chun, Daniel Lau, Jeffrey Lau, Russell Lau, Sam Yee |

---

[5]  The directors whose names are underlined served as directors of the FE Board at the time of the March 7, 2007, election of directors to FE Subsidiaries.

| Wholly-Owned Subsidiary | Directors To Be Elected March 7, 2007[5] | FE Directors/Officers Who Are Officers of Subsidiary |
|---|---|---|
| (2) Finance Realty, Ltd. | | Defendants: <u>Patrick Chun</u>; <u>Patsy Chun</u>; <u>Daniel Lau</u>; <u>Jeffrey Lau</u>; <u>Russell Lau</u> |
| (3) Finance Insurance, Ltd. | | Defendants: <u>Daniel Lau</u>, <u>Russell Lau</u> |
| (4) Finance Securities, Inc. | | Defendants: <u>Patrick Chun</u>, <u>Daniel Lau</u> |
| (5) Hawaiian Factors, Limited | | Defendants: <u>Daniel Lau</u>, <u>Jeffrey Lau</u>, <u>Russell Lau</u> |
| (6) Kalani Holdings, Ltd. | | Defendants: <u>Patrick Chun</u>, <u>Daniel Lau</u> |
| (7) Maunahale Development Corporation | | Defendants: <u>Patrick Chun</u>, <u>Daniel Lau</u> |
| (8) Waipio Terrace, Ltd. | | Defendants: <u>Patrick Chun</u>, <u>Daniel Lau</u> |
| (9) Waipono, Inc. | | Defendants: <u>Patrick Chun</u>, <u>Daniel Lau</u>, <u>Russell Lau</u> |

<u>Id.</u>; DCCA Business Information for each subsidiary, Exs. "G" – "O."



(FE Board Minutes for 2/7/07 at 8, Ex. "1.") Defendants Patrick Chun, Patsy Chun, Daniel Lau, Jeffrey Lau, Russell Lau, and Sam Yee, are also officers of the FE Subsidiaries, as shown above.

Significantly, the minutes of the February 7, 2007 board meeting show that

(<u>Id.</u> at 9.)

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████    (Id. at 8.)

## D.    Defendants Committed a Fraud on the Court

At no time during the March 6, 2007, hearing before Judge Hifo did Defendants or their counsel ever inform Plaintiffs or (to the best of Plaintiffs' understanding) the Court that a shareholder meeting of FE's Subsidiaries was scheduled the next day, March 7, to elect new directors for all FE Subsidiaries. (Decl. O'Toole ¶ 7.) Even at the court-ordered March 24, 2007 FE shareholder meeting, Defendants did not disclose that the Subsidiaries' directors had already been elected. (Decl. Fong ¶ 9.) In fact, Defendants never voluntarily disclosed this material fact to Plaintiffs. (Decl. O'Toole ¶ 8.) It was only by virtue of Marvin Fong's and NVC representatives' election to the FE Board on March 24, 2007 (Decl. Fong ¶ 7), that Plaintiffs discovered this information when minutes were distributed at the FE Board meeting on or about April 11, 2007.

As set forth below, Defendants' actions were wrongful, and this Court should enter an order: (1) setting aside the election of directors to FE's Subsidiaries on March 7, 2007, including setting aside Defendants' appointment of representatives to vote for directors at the FE Subsidiaries' shareholder meeting; and (2) directing Defendants to reconvene a special meeting for the purpose of electing directors to FE's wholly-owned Subsidiaries.

## III.    ARGUMENT

### A.    Defendants' Actions in Electing Directors to FE's Subsidiaries Were Improper and Should Be Set Aside

#### 1.    Defendants' actions violated the spirit and intent of the Order

Defendants' actions constituted a violation of Judge Hifo's Order.  In flagrant disregard of the spirit and intent of the Order, FE failed to inform the Court that FE had, on February 7, 2007, appointed proxies to vote for directors at the shareholder meeting for FE's wholly-owned Subsidiaries, scheduled for March 7, 2007.

The Order states that a special meeting of the shareholders will take place on March 24, 2007.  Importantly, the Order was intended to maintain the status quo and prevent further oppression of the minority shareholders until the March 24 meeting could take place, and accordingly, it plainly stated that "no further actions regarding the proposed reorganization'/'consolidation'/'spin-off'/'conversion' of FE will be taken by its current Board of Directors, pending the election of directors" and that no FE Board meeting or continued meeting would occur before March 24, 2007.  (Order ¶ 5, Ex. "B.")  Additionally, in the event of emergency FE Board action, the Order required as much advance notice as possible so that the parties could seek relief from the Court.  (Id.)

Defendants' election of subsidiary directors was clearly material.  Upon a cursory look at the FE directors and those elected to the Subsidiaries' boards of directors, it is immediately apparent that, through their election of directors, Defendants sought to retain pervasive control at the subsidiary level.  Defendants chose eleven of FE's thirteen directors to be directors of its Subsidiaries.  (FE Board Minutes for 2/7/07 at 7-9, Ex. "1.")  Subsidiary Finance Factors, Limited has ten of thirteen directors selected from the FE Board.  Furthermore, the other eight Subsidiaries – Finance Realty, Ltd., Finance Insurance, Ltd., Finance Securities,

Inc., Hawaiian Factors, Limited, Kalani Holdings, Ltd., Maunahale Development Corporation, Waipio Terrace, Ltd., and Waipono, Inc. – are composed entirely of directors from the old FE Board. Perhaps most telling is that Defendants ███████████████████████ were elected as directors to all nine Subsidiaries, and Defendants ████████████████ were additionally elected directors for ████████████████████████████████

Additionally, Defendants Patrick Chun, Patsy Chun, Daniel Lau, Jeffrey Lau, Russell Lau, and Sam Yee, are also officers of all nine Subsidiaries.

At the March 6, 2007, hearing before Judge Hifo in the Special Proceeding, Defendants had the opportunity to inform the Court that the Subsidiaries' directors had already been selected and would be elected at the annual meeting of the Subsidiaries the very next day, but they and their counsel concealed this material information from the Court. Defendants committed a fraud on the Court by withholding this material information.[6] This Court should not countenance such fraud, nor should it reward the Defendants by permitting the improperly elected subsidiary directors to enjoy continued management and control.

As if this was not enough, to further compound the fraud, Defendants violated Judge Hifo's order by intentionally concealing and not producing the February 7, 2007 set of Board Minutes. Defendants' production set of documents which Defendants produced on March 9, 2007 notably omitted these documents.

---

[6] According to its own records, FE's attorney, Reuben Wong, Esq., attended the February 7, 2007, meeting of the FE Board. Mr. Wong's subsequent failure to disclose this information to the Court may violate Rule 3.3 of the Hawai'i Rules of Professional Conduct, which states:

    (a)    A lawyer shall not knowingly:

        . . .

        (2)    fail to disclose a material fact to the tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client[.]

HAW. R. PROF. CONDUCT 3.3.

### 2.    Defendants breached their fiduciary duties to minority shareholders

Defendants' appointment of representatives to elect directors for FE Subsidiaries, and the actual election of directors to the Subsidiaries – prior to the March 24, 2007 special meeting to elect FE directors – constitutes a breach of their fiduciary duties. It is well-established that directors in a corporation owe a fiduciary duty of good faith not only to the corporation, but also to the shareholders. 3 Fletcher, CYCLOPEDIA OF THE LAW OF CORPS. § 837.50; see id. § 848; see also HAW. REV. STAT. § 414-221 (providing a statutory standard of conduct for actions and decisions by directors of a corporation).[7] As explained by Fletcher, "[a] director cannot manipulate the affairs of the corporation primarily with the design of securing the control of the corporation to one particular group of shareholders, or of excluding another group from the exercise of its corporate rights." 3 FLETCHER, CYCLOPEDIA OF THE LAW OF CORPS. § 837.50. The majority shareholders, through their control of the FE Board, likewise violated their fiduciary duties. Courts in other jurisdictions have recognized that controlling shareholders cannot act in a way that denies minority shareholders their rights and privileges.[8]

---

[7] Although no Hawai`i case specifically speaks to the duty owed by a director to a shareholder as separate from the corporation, see, e.g., Hawaiian Int'l Fins., Inc. v. Pablo, 53 Haw. 149, 152, 488 P.2d 1172, 1175 (1971) (reiterating that the "relation of directors to the corporations they represent is a fiduciary one" (citing Lum v. Kwong, 39 Haw. 532, 538 (1952); Bolte v. Bellina, 15 Haw. 151, 153 (1903)); see also Haw. Rev. Stat. § 414-221 (providing a statutory standard of conduct for actions and decisions by directors of a corporation), the United States District Court for the District of Hawai`i held in 1983 that under federal common law, directors of a corporation stand in a fiduciary relationship to not only the corporation but also its shareholders, and so allowed a direct action (not a derivative action) against the directors. First Hawaiian Bank v. Alexander, 558 F. Supp. 1128, 1133 (D. Haw. 1983) (citing 3 FLETCHER, §§ 838, 848). Moreover, the Fletcher treatise relied on by the Alexander court specifically and expressly discusses the duties that directors of a corporation owe to its shareholders, which include the duties of care, loyalty, good faith and disclosure. See 3 FLETCHER, §§ 837.50, 837.70, 838, 848; 3A FLETCHER § 1032.

[8] The court in Viener v. Jacobs, 834 A.2d 546 (Pa. Super. 2003) recognized that a minority shareholder's rights must be preserved and stated:

Majority shareholders "have a fiduciary responsibility to the minority and to the corporation to use their ability to control the corporation in a fair, just, and equitable manner." Jones v. H.F. Ahmanson & Co., 460 P.2d 464, 471 (Cal. 1969).

The Defendants' appointment of representatives to elect directors to FE's Subsidiaries and the election of directors to the Subsidiaries deprived Plaintiffs of their right to participate in selection of directors to the Subsidiaries and resulted in Defendants placing themselves in virtually all the director positions. As noted above, ███████████████

███████████████████████████████████████████

███████ The Defendants' conduct constitutes a breach of their fiduciary duties as directors and/or as majority shareholders.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court enter an order: (1) setting aside the election of directors to FE's Subsidiaries that took place on March 7, 2007, and further setting aside Defendants' appointment of representatives to vote for directors of FE's Subsidiaries' shareholder meeting, which took place on February 7,

---

It is axiomatic that majority shareholders have a duty not to use their power in such a way to exclude minority shareholders from their proper share of benefits accruing from the enterprise. The aforementioned principle does not mean that majority shareholders may never act in their own interest, but when they do act in their own interest, it must also be in the best interest of all shareholders and the corporation."

Id. at 556 (quotes and internal citations omitted). See also Jones v. H.F. Ahmanson & Co., 460 P.2d 464, 474 (Cal. 1969) (imposing upon controlling shareholders a "comprehensive rule of good faith an inherent fairness to the minority in any transaction where control of the corporation is material"); Singer v. Magnavox Co., 380 A.2d 969, 979-80 (Del. 1977) (stating that "those who control the corporate machinery owe a fiduciary duty to the minority in the exercise thereof over corporate powers and property, and the use of such power to perpetuate control is a violation of that duty," even though ultimately finding no merit in the minority shareholders' claims in the case that a particular merger (authorized under Delaware law) violated this fiduciary duty).

2007; and (2) directing Defendants to reconvene a special meeting for the purpose of electing directors to FE's wholly-owned Subsidiaries.

DATED:  Honolulu, Hawaii, April 27, 2007.

TERENCE J. O'TOOLE
TREVOR A. BROWN
JUDITH A. PAVEY

Attorneys for Plaintiffs NVC LIMITED PARTNERSHIP, MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

THE NVC LIMITED PARTNERSHIP, a
Hawai`i limited partnership; MARVIN
ALLAN FONG, Individually and as Trustee
of the Marvin Fong Trust dated May 9, 1994
and for Nathan Allan Fong; and SANDRA
Y.Y. AU FONG, Individually and as Trustee
of the Sandra Fong Trust dated May 9, 1994,

　　　　　　　　　Plaintiffs,

　　　vs.

RUSSELL LAU; DANIEL LAU; JEFFREY
LAU; PATRICK CHUN; PATSY CHUN;
SAM YEE; DEL ASSOCIATES, a Hawai`i
limited partnership; SAI INVESTMENT
COMPANY, a Hawai`i limited partnership;
FINANCE ENTERPRISES, LTD., a Hawai`i
corporation; JOHN DOES 1-20, DOE
PARTNERSHIPS 1-20, and DOE
CORPORATIONS 1-20,

　　　　　　　　　Defendants.

CIVIL NO. 07-1-0528-03 (VSM)
(Other Civil Complaint)

**DECLARATION OF MARVIN ALLAN
FONG; EXHIBIT "1"**

## DECLARATION OF MARVIN ALLAN FONG

1.　　I make this Declaration based on my personal knowledge and am competent to testify regarding these matters.

2.　　I am a stockholder in Finance Enterprises, Ltd. ("FE") in my capacities as trustee of the Marvin Fong Trust dated May 9, 1994, and as trustee for Nathan Allan Fong. I am a plaintiff in this matter and am also an intervenor in the matter entitled NVC Limited Partnership v. Finance Enterprises, Ltd., S.P. No. 07-1-0047 (EEH), Circuit Court of the First Circuit, State of Hawai`i. I am also a director of FE, elected on March 24, 2007.

3.    On June 7, 2006, FE held an annual meeting, but the meeting was continued or adjourned without election of new directors.

4.    Despite repeated demands, there was no FE shareholder meeting to elect new directors.

5.    The collective value of the FE shares owned by my family is over $2 million, but I have not received a single penny in dividends for the past ten years.

6.    On January 26, 2007, I attended the special meeting of FE shareholders. Because of the lack of quorum on January 26, 2007, the shareholders present at that meeting voted to continue the meeting to February 12, 2007; such meeting was then continued again to March 14, 2007.

7.    On March 24, 2007, a special meeting of FE shareholders was held, and I and other minority shareholders were able to elect directors to the FE Board of Directors, including myself and representatives of NVC.

8.    It was not until approximately April 11, 2007, that I received from the Defendants unredacted minutes of FE's Board of Directors' meeting on February 7, 2007. I received the minutes on or about April 11, 2007, at a FE Board of Directors meeting, where Defendants distributed copies of the FE Board meeting minutes for approval.

9.    Even at the court-ordered March 24, 2007 FE shareholder meeting, Defendants did not disclose that the subsidiaries' directors had already been elected.

10.    Attached hereto as Exhibit "1" is a true and correct copy of Draft Minutes of the Meeting of the Board of Directors of Finance Enterprises, Ltd. for February 7, 2007, that I received on or about April 11, 2007, at a FE Board meeting.

I, MARVIN ALLAN FONG, do declare under penalty of law that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, April 26, 2007.

MARVIN ALLAN FONG

# Exhibit "1"
# Filed Under Seal

Pursuant to

Order Granting Plaintiffs the NVC Limited Partnership, Marvin Allan Fong, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and Sandra Y. Y. Au Fong, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994 Ex Parte Motion to Seal Minutes of Finance Enterprises, Ltd.'s Board of Directors Meeting and Portions of Briefing

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| THE NVC LIMITED PARTNERSHIP, a Hawai`i limited partnership; MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong; and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994, | CIVIL NO. 07-1-0528-03 (VSM) (Other Civil Complaint) **DECLARATION OF TERENCE J. O'TOOLE; EXHIBITS "A" – "O"** |
| Plaintiffs, | |
| vs. | |
| RUSSELL LAU; DANIEL LAU; JEFFREY LAU; PATRICK CHUN; PATSY CHUN; SAM YEE; DEL ASSOCIATES, a Hawai`i limited partnership; SAI INVESTMENT COMPANY, a Hawai`i limited partnership; FINANCE ENTERPRISES, LTD., a Hawai`i corporation; JOHN DOES 1-20, DOE PARTNERSHIPS 1-20, and DOE CORPORATIONS 1-20, | |
| Defendants. | |

## DECLARATION OF TERENCE J. O'TOOLE

I, TERENCE J. O'TOOLE, declare that:

1.     I am an attorney licensed to practice law in the State of Hawai`i and am a director with the law firm of Starn O'Toole Marcus & Fisher ("SOMF"), co-counsel for Plaintiffs NVC LIMITED PARTNERSHIP, MARVIN ALLAN FONG, Individually and as Trustee of the Marvin Fong Trust dated May 9, 1994 and for Nathan Allan Fong, and SANDRA Y.Y. AU FONG, Individually and as Trustee of the Sandra Fong Trust dated May 9, 1994 (collectively "Plaintiffs").

63841

2.    I have personal knowledge of the matters set forth herein except and unless stated to upon information and belief, and am competent to testify about matters contained in this Declaration.

3.    On February 8, 2007, NVC filed an Application for Order Directing Shareholder Meeting to Elect Directors on February 8, 2007 ("Application"), initiating the case entitled <u>NVC Limited Partnership v. Finance Enterprises, Ltd.,</u> S.P. No. 07-1-0047 (EEH), Circuit Court of the First Circuit, State of Hawai`i (the "Special Proceeding").

4.    In the Special Proceeding, Plaintiffs Marvin and Sandra Fong, in their individual and trustee capacities, filed a motion to intervene on February 28, 2007, which the Court granted.

5.    On March 6, 2007, I attended the hearing before the Honorable Eden Elizabeth Hifo in the Special Proceeding regarding the Stipulated Order Regarding Shareholder Meeting to Elect Directors of Finance Enterprises Limited.  I appeared at the hearing as counsel for the Fongs as Intervenors in that proceeding.

6.    The attorney for Respondent Finance Enterprises, Ltd. ("FE"), Reuben S.F. Wong, Esq., also appeared at the hearing.

7.    At no time during the March 6, 2007 hearing before Judge Hifo did Mr. Wong ever inform Plaintiffs or the Court that a shareholder meeting of FE's Subsidiaries was scheduled the next day, March 7, 2007, to elect new directors for all FE Subsidiaries.

8.    To the best of my knowledge, Defendants never voluntarily disclosed to Plaintiffs that a shareholder meeting of FE's Subsidiaries would be held on March 7, 2007, to elect directors.

9.    Attached hereto as Exhibit "A" is a true and correct copy of the Declaration of Merie-Ellen Fong Gushi, submitted to the Court in the Special Proceeding as part of Applicants/Petitioners NVC and Intervenors Marvin Allan Fong and Sandra Y.Y. Au Fong's Evidentiary Hearing Brief.

10.    Attached hereto as Exhibit "B" is a true and correct copy of the Stipulated Order Regarding Shareholder Meeting to Elect Directors of Finance Enterprises Limited; Exhibits A-C, filed March 6, 2007, in the Special Proceeding ("Order").

11.    Attached hereto as Exhibit "C" is a true and correct copy of a letter from Judith A. Pavey, Esq., to Reuben S.F. Wong, Esq., dated March 16, 2007, that was carbon-copied to me. Exhibit "C" is kept in the normal course of business conducted by SOMF.

12.    Attached hereto as Exhibit "D" is a true and correct copy of a letter from Judith A. Pavey, Esq., to Reuben S.F. Wong, Esq., dated March 16, 2007, that was carbon-copied to me. Exhibit "D" is kept in the normal course of business conducted by SOMF.

13.    Attached hereto as Exhibit "E" is a true and correct copy of a letter from Stanton K. Oishi, Esq., to Reuben S.F. Wong, Esq., dated March 16, 2007. On March 16, 2007, Mr. Oishi was an associate attorney with SOMF. Exhibit "E" is kept in the normal course of business conducted by SOMF.

14.    Attached hereto as Exhibit "F" is a true and correct copy of a letter from Stanton K. Oishi, Esq., to Reuben S.F. Wong, Esq., dated March 29, 2007. On March 29, 2007, Mr. Oishi was an associate attorney with SOMF. Exhibit "F" is kept in the normal course of business conducted by SOMF.

15.    Judge Hifo's order also required Defendants to produce FE Board Minutes. On or about March 9, 2007, Mr. Reuben Wong produced a highly redacted set of FE

Board Minutes.  Mr. Wong's document production did not include any minutes of a February 7, 2007 FE Board Meeting.

16.    Attached hereto as Exhibit "G" is a true and correct copy of the business information of Finance Factors, Limited that my office obtained from the website of the State of Hawaii, Department of Commerce and Consumer Affairs ("Hawaii DCCA"), on April 24, 2007.

17.    Attached hereto as Exhibit "H" is a true and correct copy of the business information of Finance Realty, Ltd. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

18.    Attached hereto as Exhibit "I" is a true and correct copy of the business information of Finance Insurance, Ltd. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

19.    Attached hereto as Exhibit "J" is a true and correct copy of the business information of Finance Securities, Inc. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

20.    Attached hereto as Exhibit "K" is a true and correct copy of the business information of Hawaiian Factors, Limited that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

21.    Attached hereto as Exhibit "L" is a true and correct copy of the business information of Kalani Holdings, Ltd. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

22.    Attached hereto as Exhibit "M" is a true and correct copy of the business information of Maunahale Development Corporation that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

23.     Attached hereto as Exhibit "N" is a true and correct copy of the business information of Waipio Terrace, Ltd. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

24.     Attached hereto as Exhibit "O" is a true and correct copy of the business information of Waipono, Inc. that my office obtained from the website of the Hawaii DCCA on April 24, 2007.

I, TERENCE J. O'TOOLE, do declare under penalty of law that the foregoing is true and correct.

DATED:  Honolulu, Hawai`i, April 27, 2007.

TERENCE J. O'TOOLE

A

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| NVC LIMITED PARTNERSHIP, a Hawaii limited partnership, | S.P. NO. 07-1-0047 (EEH) (Other Civil Action) |
| Applicant, | DECLARATION OF MERIE-ELLEN FONG GUSHI |
| vs. | |
| FINANCE ENTERPRISES, LTD., a Hawaii corporation, | |
| Respondent. | |

62528 v2
3/5/2007 2:00 PM

### Declaration of Merie-Ellen Fong Gushi

1. I make this Declaration on my personal knowledge and am competent to testify regarding these matters.

2. I am a stockholder in Finance Enterprises Ltd. ("FEL").

3. On or about Saturday January 13, 2006, I received a notice of a shareholders' meeting for FEL shareholders, to elect directors (among other things), scheduled for January 26, 2006.

4. On January 16, 2006, I received a telephone call from Patrick Chun. He said that if nobody showed up for the meeting and they didn't have a quorum, they could not elect a new board.

5. Later in the day on January 16, 2006, Patrick Chun called me back and left a message, and I called him back. He asked me whether I had spoken to anyone after I had spoken to him, and I told him that I had spoken to Didi Leong (she had called me).

_____
Merie-Ellen Fong Gushi

B

JUDITH ANN PAVEY   2173
Suite 907, Century Square
1188 Bishop Street
Honolulu, Hawaii 96813
Telephone:    (808) 528-5200
Fax:             (808) 531-5316
Email:         paveyaallc@aol.com
Stipulated order 03-03-07
Attorney for Applicant
NVC LIMITED PARTNERSHIP

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
MAR   6 2007 , 20
8  52  o'clock  A  M.
B. Parrilla
Clerk, Fifth Division

COPY

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

NVC LIMITED PARTNERSHIP, a Hawaii
limited partnership

    Applicant,

vs.

FINANCE ENTERPRISES, LTD., a Hawaii
corporation

    Respondent

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

S.P. NO. 07-1-0047 (EEH)
(Other Civil Action)

STIPULATED ORDER
REGARDING SHAREHOLDER
MEETING TO ELECT DIRECTORS
OF FINANCE ENTERPRISES
LIMITED; EXHIBITS A-C

HEARING;
DATE:  March 6, 2007
TIME:  9:00 a.m.
JUDGE: Hon. Eden Elizabeth Hifo

## STIPULATED ORDER REGARDING SHAREHOLDER MEETING TO ELECT DIRECTORS OF FINANCE ENTERPRISES, LTD.

The undersigned parties stipulate as follows:

1.  A special meeting of the shareholders of Finance Enterprises, Ltd. ("FE") will be held on Saturday, March 24, 2007, to elect directors.  The meeting will be held at FE's offices, at 9:00 a.m.

2.  The holders of those shares which are present (either in person or by proxy) at the meeting, will constitute a quorum for this meeting.

Exhibit "B"

3. A notice of the meeting and the above quorum provision in the form attached as Exhibit "A", will be sent by mail (as set forth in Section 4 of FE's Bylaws) to all stockholders of FE who were stockholders of record on February 23, 2007.

4. FE will no later than March 8, 2007 provide the documents and information identified in Exhibit "B" to the undersigned attorney (or another licensed attorney) for each of the applicant and joining parties identified below, subject to the confidentiality agreement attached as Exhibit "C".

5. FE agrees that no further actions regarding the proposed "reorganization"/"consolidation"/"spin-off"/"conversion" of FE will be taken by its current Board of Directors, pending the election of directors as set forth above. No FE Board meeting or continued meeting is set for the period from March 6th to March 24th, 2007; however, this shall not bar any emergency Board action which may become necessary during this period, but in that event FE shall give the undersigned parties as much advance notice as possible of any such emergency action so that they may seek timely relief in this Court if appropriate; and this Court shall award attorney's fees and costs to the prevailing party in the event such relief is sought.

6. The Court shall retain limited jurisdiction only for the purpose of enforcing the terms of this Stipulated Order if necessary. Upon satisfaction of this Stipulated Order, a stipulation to dismiss this proceeding with prejudice shall be filed.

DATED: Honolulu, Hawai`i, March 6, 2007.

REUBEN S.F. WONG, ESQ.
Attorney for Respondent
Finance Enterprises Limited

JUDITH ANN PAVEY, ESQ.
Attorney for Applicant
NVC Limited Partnership


TERENCE J. O'TOOLE, ESQ.
Attorney for Intervenors/Joining Parties
Marvin and Sandra Fong


STEPHEN A. JONES, ESQ.
Attorney for Joining Party
1570 Alewa Limited Partnership


APPROVED AND SO ORDERED:

Judge of the Above-Entitled Court

## NOTICE OF SHAREHOLDER MEETING
## TO ELECT DIRECTORS
## TO BE HELD MARCH 24, 2007 AT 9:00 a.m.

Notice is hereby given that a meeting of the Shareholders of Finance Enterprises, Ltd. (the "Company") will be held in the Finance Factors Center's 10th Floor Conference Room at 1164 Bishop Street, Honolulu, Hawaii on Saturday, March 24, 2007 at 9:00 a.m.

This meeting is called pursuant to the Stipulated Order entered March 6, 2007 in S.P. No. 07-1-0047 in the First Circuit Court of the State of Hawaii.

The purpose of the meeting is to elect Directors of the Company.

SPECIAL NOTE RE QUORUM:  At this particular meeting, the holders of shares present (in person or by proxy) shall constitute a quorum for the purpose of this meeting.

_____
Daniel B. T. Lau
Secretary of Finance Enterprises Ltd.

March ___, 2007.

# EXHIBIT " A "

# Exhibit "B"

## Documents to be Provided
## Under Stipulated Order In S.P. No. 07-1-0047 (EHH)

1. Draft of updated valuation as of January 31, 2007, by Duff and Phelps.

2. Fairness Opinion dated February 21, 2007 from Duff and Phelps.

3. E-mail from Sheryl Cefali of Duff and Phelps dated February 21, 2007.

4. A cash flow analysis dated as of 2/6/07. This analysis does not include Finance Factors and Finance Insurance and is not be construed as an income statement.

5. Unaudited consolidated balance sheet and consolidated income statement for Finance Enterprises as of and for the nine months ended 9/30/06.

6. Minutes of Board of Directors' meetings and Board Committee meetings for the period 1/1/06 to the present as follows:

   a. As to all minutes provided, any material which is attorney-client privileged will be redacted.

   b. *Approved minutes* will be provided for those meetings with approved minutes. *Draft minutes* will be provided for those meetings for which approved minutes are not yet available. *Meeting agendas* will be provided for any meetings for which neither approved minutes nor draft minutes are available.

# EXHIBIT " B "

## CONFIDENTIALITY AGREEMENT

The undersigned, a Shareholder of Finance Enterprises, Ltd. (the "Company"), has requested copies of certain sensitive, confidential or proprietary information and material relating to the Company and/or its affiliates which is listed in Exhibit "B" to the Stipulated Order entered in S.P. No. 07-1-0047 (EHH) on or about March 6, 2007 (the "Confidential Material"). The Company agrees to provide copies of the Confidential Material to the Shareholder under, and the Shareholder agrees that he will receive and hold the Confidential Material in confidence in accordance with, the following terms and conditions:

1. The Confidential Material will be used solely for proper and legitimate information purposes by the undersigned as a Shareholder of the Company. Neither FE nor the Shareholder shall disclose the Confidential Material to any news media whatsoever.

2. Unless required by law pursuant to subpoena or other process, the Confidential Material will not be disclosed, shown or provided to any person without the prior written consent of the Company, which consent shall not unreasonably be withheld if such disclosure is necessary for the Shareholder to properly evaluate the Confidential Material or for another proper and legitimate shareholder purpose or the prospective recipient is a director, officer, stockholder or partner of the Shareholder provided that the prospective recipient of the Confidential Material shall first have signed and delivered to the Company an "Authorized Recipient's Confidentiality Agreement" in the form attached hereto. The Shareholder may disclose the information to his CPA, attorney or financial advisor without written consent of the Company, provided that any such CPA, attorney or financial advisor shall have first signed the "Authorized Recipient's Confidentiality Agreement" in the form attached hereto.

3. The Confidential Material shall be kept and maintained by the undersigned in a secure manner and location so as to reasonably ensure that no other person shall have access to or obtain copies of such Confidential Material. Shareholder shall be responsible for assuring that the Authorized Recipients of the Confidential Material keep and maintain such material in accordance with the Authorized Recipient's Confidentiality Agreement.

4. If the undersigned is served with a subpoena or other process demanding production of the Confidential Material, the undersigned will promptly notify the Company of such subpoena or process and cooperate with the Company if the Company, at its expense, wishes to oppose such production in whole or in part.

5. In the event of any breach or threatened breach of this Confidentiality Agreement, the Company shall be entitled to an immediate return of all Confidential Material in the possession of Shareholder and the Authorized Recipients and to seek injunctive relief in additional to any and all other available remedies, including damages for such breach, and Shareholder shall in all respects be responsible for any breach of the Authorized Recipient's Confidentiality Agreement by any Authorized Recipient.

6. This Confidentiality Agreement shall be interpreted in accordance with the laws of the State of Hawaii.

Dated: _____

Finance Enterprises, Inc.

By _____
Its _____

_____
Name of Shareholder

# EXHIBIT " C "

## AUTHORIZED RECIPIENT'S CONFIDENTIALITY AGREEMENT

The undersigned will be receiving and/or reviewing the Confidential Material referred to in the attached Confidentiality Agreement signed by _____

_____ (the "Shareholder") in order to advise or consult with the Shareholder about such material. The undersigned has read the Confidentiality Agreement and agrees to abide by and be bound by the terms and provisions thereof to the same extent as the Shareholder.


Name                                                    Signature


_____          _____


_____          _____